Jim J. Valcarce, Esq.
COOKE, ROOSA & VALCARCE, LLC
P. O. Box 409
Bethel, Alaska 99559
Phone: (907) 543-2744
Fax: (907) 543-2746
Email: jim@bushlawyers.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>GEICO GENERAL INSURANCE COMPANY )<br>)<br>Defendants. )<br>_____) | Case No.: 4:06-cv-0004 (RRB) |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

This case involves an automobile collision, which occurred on May 3, 2004 in Bethel, Alaska. [GEICO's Notice of Removal, Para. 2]. The complaint, filed February 14, 2006, alleged UM/UIM benefits against defendant GEICO. [GEICO's Notice of Removal, Para 2]. Thereafter, the uninsured driver, Valerie Joe, was added as a party by GEICO and the plaintiffs on May 31, 2005. [GEICO's Notice of Removal, Para. 4] Defendant Joe is a local defendant – a citizen of Alaska. [GEICO's Notice of Removal, Para. 3]. Plaintiffs'

claims against Ms. Joe for negligence/damages and GEICO for UM/UIM benefits are set for trial on March 28, 2006. [GEICO's Notice of Removal, Para. 7].

For the reasons set forth herein, GEICO's notice of removal erroneously asserts that removal is proper in this case because the State Court bifurcated the bad faith claims against GEICO, which would not necessarily involve the local defendant, and thus it can remove these claims. GEICO's also erroneously asserts that its removal was timely. For the reasons set forth herein, Ms. Joe remains a local defendant in this action that defeats diversity jurisdiction, and removal was untimely.

**(THERE IS A PRESUMPTION AGAINST DIVERSITY JURISDICTION AND GEICO HAS THE BURDEN TO SHOW ALL PLAINTIFFS ARE DIVERSE FROM ALL DEFENDANTS)**

The section that governs removal, 28 U.S.C. §1441(b), permits removal of state court actions only where the action is between citizens of different states. A case falls within such diversity jurisdiction only if diversity of citizenship among all the parties is complete. Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990). "Removal of a case from state to federal court is a question of federal subject matter jurisdiction which is reviewed *de novo*." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 (9th Cir. 1988). The party seeking removal has the burden of establishing federal jurisdiction. Id. at 1195; Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996). In addition, section 1441 is strictly construed against removal. Id. In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the

independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability. Somlyo v. J. Lu-Rob Ents., Inc., 932 F.2d 1043, 1045-46 (2d Cir 1991) (citations omitted). There is a presumption against diversity jurisdiction and the party seeking to establish that jurisdiction bears the burden of pleading citizenship of every party to the action. M-K Engineering Co., Inc. v. Alaska Power Authority, 662 F.Supp. 303, 304 (D. Alaska 1986); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 (9th Cir. 1983); Cameron v. Hodges, 127 U.S. 322 (1888) If the diversity jurisdiction is properly challenged, the opposing party also bears the burden of proof, McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936); Welsh v. American Surety Co. of New York, 186 F.2d 16, 17 (5th Cir. 1951).

"Diversity jurisdiction under 28 U.S.C. Sec. 1332 requires complete diversity-- every plaintiff must be diverse from every defendant." Tapscott, 77 F.3d at 1359. The general rule is that "where removal is premised on diversity jurisdiction, ... complete diversity must exist both at the time the action is commenced *and* at the time of removal." Pepsico, Inc. v. Wendy's Int'l, Inc., 118 FRD 38, 40 (SDNY 1987).

**(1. LOCAL DEFENDANT JOE DEFEATS DIVERSITY JURISDICTION)**

As set forth above, Ms. Joe is a properly-joined party in this litigation. She was brought into this case originally by GEICO for subrogation claims, and then added by the plaintiffs as a party. She remains a valid party in this litigation. Although some of the claims against GEICO have been ordered to be adjudicated in a separate trial, there

remains a local defendant, Ms. Joe.  Because GEICO cannot show complete diversity, this matter must be remanded.

Bifurcation of the bad faith claims, pursuant to Alaska Rule of Civil Procedure 42(b), does not mean that Ms. Joe has been eliminated as a party for purposes of diversity jurisdiction.  Rule 42(b) allows the Court to only order separate trials; bifurcation did not dismiss the local defendant Joe from this state case. The language "parties in interest" of 28 U.S.C. 1441(b) must be strictly interpreted against GEICO's removal. Other federal courts that have interpreted similar arguments have required dismissal of the local defendant before allowing removal. "A party *whose presence would destroy diversity* must be formally dropped as a matter of record to permit removal. It is insufficient, for example, that service of process simply has not been made on a nondiverse party; the case may not be removed until that party actually has been dismissed." Chappell v. SCA Services, Inc., 540 F.Supp. 1087 (C.D.Ill. 1982).

Even if some claims against GEICO were ordered to be adjudicated in a separate trial, there remains a local defendant, the uninsured driver, in this case. Remand to state court must be granted.

(2.  **THE NOTICE OF REMOVAL IS UNTIMELY**)

28 U.S.C. 1446(b) provides that a case may not be removed to Federal court if it has been pending more than one year in state court. GEICO claims that for purposes of such section, a case commences upon service [GEICO's Notice of Removal, Para. 10].  That statement is wrong.  A case is commenced upon filing of the lawsuit, which GEICO

concedes was filed on February 14, 2006 [GEICO's Notice of Removal, Para 1]. GEICO removed more than a year later, on or about February 15, 2006.

Federal Civil Rule 3 states, "[a] civil action is commenced by filing a complaint with the court." Similarly, Alaska Civil Rule 3(a) states "a civil action is commenced by filing a complaint with the Court." Other federal courts, interpreting similar language, have held that a case thus commenced for the one-year rule of Section 1446(b) by the filing of the complaint, not the date of service. Bush v. Cheaptickets, Inc., 425 F.3d 683, 686-87 (9th Cir 2005); Perez v. General Packer, Inc., 790 F. Supp 1464 (CD Cal 1992); Coman v. International Playtex, Inc., 713 F. Supp 1324 (N.D. Cal 1989).

GEICO's notice is untimely, and remand must be granted.

(3. **CONCLUSION—AWARD OF COSTS**)

For all the reasons set forth above and the Court should grant the motion to remand this matter to the state court. The District Court is authorized to award costs when it finds a lack of jurisdiction and remands a case. 28 U.S.C. 1447(c). Martin v. Franklin Capital Corp., 126 S.Ct. 704, 710 (U.S., 2005). Because there are so many reasons to support that the Court does not have jurisdiction, and the reasons are obvious, similar to Martin, the Court should award costs against the defendant and remand this matter accordingly to State Court.

                              COOKE, ROOSA & VALCARCE
                              Attorneys for Plaintiff

Dated: February 21, 2006      s/Jim Valcarce
                                         P.O. Box 409
                                         Bethel, AK 99559
                                         Phone: (907) 543-2744
                                         Fax:  (907) 543-2746
                                         E-mail:  jim@bushlawyers.com
                                         ABA No. 9505011

Certificate of Serivice

I hereby certify that on February 21, 2006, a copy of foregoing Motion To Remand To State Court and Memorandum In Support Of Motion To Remand was served electronically on Blake H. Call.

s/Jim Valcarce