Blake H. Call
Call, Hanson and Kell, P.C.
250 H Street
Anchorage, AK 99501

bhc@chklaw.net
Phone:      258-8864
Fax:        258-8865

Attorneys for GEICO General Insurance Company

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JACK CHARLES &
BERNADETTE CHARLES,

       Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.

Case No. A06_____ Civil

## NOTICE OF REMOVAL OF
## BIFURCATED CLAIMS AGAINST DEFENDANT GEICO

Defendant/removing party GEICO CASUALTY COMPANY ("GEICO"),

through its attorneys Call, Hanson and Kell, P.C. pursuant to 28 U.S.C.

1332, 1441 (b), and 1446, hereby files its Notice of Removal of the above-entitled action.

1.      On February 14, 2005, plaintiffs, Alaska residents, filed a complaint in the above-entitled action against GEICO, a Delaware corporation, in the Superior Court for the State of Alaska, Fourth Judicial District, case number 4BE-05-55 Civil.  A summons was issued on February 23, 2005.  Plaintiffs served GEICO on February 28, 2005.

2.      Plaintiffs sought uninsured motorist benefits as a consequence of a May 3, 2004 accident, alleging bodily injury claims "greater than $50,000 but less than $75,000" for each claimant, thereby avoiding removal to federal court.

3.      GEICO answered the complaint and filed a Third-Party subrogation claim against Valerie Joe, the uninsured driver ("Joe"). Joe is a resident of Alaska.

4.      On July 11, 2005, Plaintiffs amended their complaint to include personal injury claims against Joe and added claims against GEICO for negligence, breach of contract, bad faith, fraud, conspiracy and punitive damages.  Plaintiffs seek compensatory awards greater than $100,000 for each plaintiff and an award of punitive damages against defendant GEICO.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

5.     On August 5, 2005, Defendant Joe counterclaimed for personal injuries against plaintiff Jack Charles.

6.     On October 6, 2005, Joe settled GEICO's subrogation claim and her counterclaim for damages against plaintiff Jack Charles.

7.     On January 30, 2006, plaintiffs voluntarily requested and defendants agreed that all direct claims against GEICO would be bifurcated from the personal injury and uninsured motorist benefit claims. The State Court entered an oral order that the claims would be bifurcated. Trial on the personal injury claims will commence in Bethel, Alaska on March 28, 2006. A separate jury will be impaneled to hear plaintiffs' claims against GEICO. No trial date has been set on the remaining claims against GEICO for negligent offer of insurance, breach of contract, bad faith, fraud, conspiracy and punitive damages. See log notes of January 30, 2006.

8.     On October 13, 2005, GEICO filed a motion for partial summary judgment on all direct claims against GEICO.  Resolution of that motion is pending in the state court. Plaintiff has requested additional time for discovery and proposes that new discovery deadlines be established after the trial against Joe for liability and damages.

9.     Pursuant to 28 U.S.C. 1332(a)(1), Federal District Courts "have original jurisdiction of all civil actions where the matter in controversy

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

NOTICE OF REMOVAL OF BIFURCATED CLAIMS AGAINST DEFENDANT GEICO
Charles v. GEICO, Case No. _____
Page 3

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

10.    Pursuant to 28 U.S.C. 1441(b), in a case not originally removable from state court, a defendant who receives a pleading, motion or order or other paper from which it may first be ascertained that the case has become removable may remove the case to federal court within 30 days but no more than one year after commencement of the action. *See also Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). An action is commenced upon formal service of a Complaint. *See, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct 1322, 143 L.Ed. 448 (1999).

11.    For the purposes of determining diversity "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C.1332 (c) (1); *see also Fifty Assoc. v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). Individuals are deemed to be citizens of the state of their domicile. *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986).

12.    Plaintiffs are residents of the State of Alaska and are therefore deemed to be citizens of Alaska. Defendant GEICO is a corporation organized and existing under the laws of the State of Maryland with its

NOTICE OF REMOVAL OF BIFURCATED CLAIMS AGAINST DEFENDANT GEICO
Charles v. GEICO, Case No. _____
Page 4

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

principal place of business in the State of Maryland, and is therefore deemed to be a citizen of Delaware. The amount in controversy in the action against GEICO, exclusive of costs and interest, exceeds $75,000.

13.    Plaintiffs' personal injury against Joe and uninsured motorist claim against GEICO is separate and independent from their direct claims against GEICO. Joe is not a necessary or a proper party to plaintiffs' claims for negligent offer of insurance, breach of contract, bad faith, fraud, conspiracy and punitive damages. Complete diversity exists between the plaintiffs and defendant GEICO in the bifurcated action.

14.    Electronic copies of relevant process, pleadings and orders in the State Court are filed herewith pursuant to 28 U.S.C. 1446(a) and Local Rule 5.3.

WHEREFORE, defendant/removing party GEICO respectfully requests that this action be removed from the Superior Court for the State of Alaska to the United States District Court for the District of Alaska.

A DVD+RW disc is also attached with a copy of this brief.

DATED at Anchorage, Alaska, this 15th day of February, 2006.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant GEICO

By:    _Susan D. Meck_
       Blake H. Call
       ABA No. 8911051

NOTICE OF REMOVAL OF BIFURCATED CLAIMS AGAINST DEFENDANT GEICO
Charles v. GEICO, Case No. _____
Page 5

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

I hereby certify that a true and
correct copy of the foregoing was
mailed this 15th day of February,
2006 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK  99559-0409

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

NOTICE OF REMOVAL OF BIFURCATED CLAIMS AGAINST DEFENDANT GEICO
Charles v. GEICO, Case No. _____
Page 6