LAW OFFICES OF

# COOKE, ROOSA, & VALCARCE, LLC
### A LIMITED LIABILITY CORPORATION

ANCHORAGE

CHRISTOPHER R. COOKE
KENNETH S. ROOSA

BETHEL

JIM VALCARCE
HEATHER SIA
CHESTER GILMORE

900 3ᴿᴰ Avenue / P. O. Box 409
BETHEL, ALASKA 99559
TELEPHONE:  (907) 543-2744
TELEFAX:  (907) 543-2746
E-MAIL: info@bushlawyers.com

ANCHORAGE OFFICE

3700 Jewel Lake Road
Anchorage, Alaska 99502
phone: (907)276-2744
Telefax: (907) 276-2746

# FACSIMILE COVER SHEET

The following document, including cover sheet, contains ____6____ pages.

**Date:**      **05/23/05**

**TO:**       Blake H. Call                 **Fax No. :**  (907)258-8865

**RE:**       Charles

**FROM:**   **Chester Gilmore**

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMITTAL IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE AND IS INTENDED ONLY FOR THE USE OF THE RECIPIENT NAMED ABOVE. IF THE READER OF THIS INFORMATION IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERY TO THIS INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT THIS IS NOT A WAIVER OF PRIVILEGE AND ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS INFORMATION IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL INFORMATION TO THE SENDER, BY U.S. MAIL, AT THE ABOVE ADDRESS.

Original: Mailed ____      Not Mailed ____

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

1          FOURTH JUDICIAL DISTRICT AT BETHEL

2    JACK CHARLES and BERNADETTE CHARLES,    )
                                             )
3                          Plaintiffs,       )
                                             )
4    vs.                                     )
                                             )
5                                            )
     GEICO GENERAL INSURANCE COMPANY,        )
6                                            )
7                          Defendant         )
     _____)
8                                            )
9    GEICO CASUALTY COMPANY,                 )
                                             )
10        Third Party Plaintiff,             )
                                             )
11   vs.                                     )
                                             )
12   VALERIE JOE,                            )
                                             )
13        Third Party Defendant.             )
14   _____)

15   Case No. 4BE-04-271 CI

16

17          **NON-OPPOSED MOTION FOR EXTENSION OF TIME**
            **FOR OPPOSITION TO MOTION TO REMAND**

18

19          Plaintiffs by and through counsel, the law firm of Cooke, Roosa, & Valcarce,

20   LLC hereby move the court for an extension of time in which to file their opposition

21   to defendant GEICO General Insurance Company's Motion to Remand.  Plaintiff's

22   opposition was due on May 25, 2005. The parties have agreed to a ten-day

23   extension so that plaintiff's opposition is due on June 6, 2005, since June 5, 2005 is a

24   Sunday.  Mr. Call, attorney for defendant Geico, agreed on May 23, 2005, that he

25   would not oppose this Motion.

26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

DATED this _23_ day of May, 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE, LLC
Attorneys for defendant

Chester Gilmore
ABA 0405015

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES,    )
                                        )
                          Plaintiffs,   )
                                        )
vs.                                     )
                                        )
GEICO GENERAL INSURANCE COMPANY,        )
                                        )
                          Defendant     )
_____)
                                        )
GEICO CASUALTY COMPANY,                 )
                                        )
        Third Party Plaintiff,          )
                                        )
vs.                                     )
                                        )
VALERIE JOE,                            )
                                        )
        Third Party Defendant.          )
_____)

Case No. 4BE-04-271 CI

## ORDER

The Court, having reviewed the Non-opposed Motion for Extension of Time, hereby orders that the plaintiff's opposition to defendant's Motion to Remand is due on June 6, 2005.

Motion is GRANTED.

DATED this _____day of May, 2005 at Bethel, Alaska

                            _____
                            Judge Devaney

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 408
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| GEICO GENERAL INSURANCE COMPANY, | ) ) ) |
| Defendant | ) ) |

| | |
|---|---|
| GEICO CASUALTY COMPANY, | ) ) |
| Third Party Plaintiff, | ) ) |
| vs. | ) ) |
| VALERIE JOE, | ) ) |
| T    Third Party Defendant, | ) ) |

Case No. 4BE-05-55 CI

## CERTIFICATE OF SERVICE

LINDA MOCKTA, certifies that she is an authorized agent of Cooke, Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on the date stated herein she filed the following documents in the above-named court and faxed and mailed copies thereof to the person listed below:

Documents:    NON-OPPOSED MOTION FOR EXTENSION OF TIME FO ROPPOSITION TO MOTION TO REMAND
PROPOSED ORDER

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Person Served:

Blake H. Call
CALL, HANSON & KELL P.C.
250 H Street
Anchorage, Alaska 99501-2112

Dated this 23rd day of May 2005, at Bethel, Alaska

LINDA MOCKTA

COMPLAINT                                                                   Page 2

COOKE. ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Noted _CV_
Date Served 5/12 - mail
Response Due 5/25/05

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

1101.527
FILE

JACK CHARLES &
BERNADETTE CHARLES,

          Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

          Defendant.          Case No. 4BE-05-55 Civil

## MOTION TO REMAND TO
## DISTRICT COURT

      Defendant GEICO General Insurance Company ("GEICO"), through

counsel Call, Hanson & Kell, P.C., hereby moves this court for an order

remanding this case to the District Court, for the reason that the amount in

controversy does not meet the minimal jurisdictional requirement for

bringing an action in the Superior Court. This motion is supported by the

accompanying memorandum.

      DATED at Anchorage, Alaska, this 12th day of May, 2005.

          CALL, HANSON & KELL, P.C.
          Attorneys for GEICO

          By: _____
             Barry J. Kell
             ABA No. 8611120

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Motion to Remand to District Court
Page 1

5/12

I hereby certify that a true and correct
copy of the foregoing was ☐ faxed ☐
hand delivered and/or ☒ mailed this
12th day of May 2005 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK  99559-0409

By: *Michelle N. Sel*

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Motion to Remand to District Court
Page 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

        Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.           Case No. 4BE-05-55 Civil

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

## MEMORANDUM IN SUPPORT OF
## MOTION TO REMAND TO DISTRICT COURT

      Defendant GEICO General Insurance Company ("GEICO") requests an order from this court remanding this case to the District Court. The insurance contract under which plaintiffs have brought their claims against GEICO allows a maximum recovery by plaintiffs of $50,000 each, exclusive of costs, interest, and attorney's fees. The maximum amount plaintiffs might recover in this case thus is $100,000, exclusive of costs, interest, and attorney's fees. Therefore, plaintiffs' claims against GEICO are within the jurisdictional limit of the District Court, and remand is required.

      Plaintiffs claim to have been injured in an automobile accident in Bethel on or about May 3, 2004. Complaint ¶ 5. Plaintiffs have alleged that the other driver was at fault for the accident and was uninsured at the time

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Memorandum in Support of Defendant GEICO's
  Motion to Remand to District Court
Page 1

of the accident. Id.  Plaintiffs brought claims for uninsured motorist ("UM")

benefits under their GEICO auto policy.  Id. at ¶ 6.  Plaintiffs and GEICO

have been unable to resolve plaintiffs' UM claims.  Id.  As a result, plaintiffs

have brought this action against GEICO, seeking a judicial determination of

the amount to which they may be entitled under the UM coverage of their

GEICO policy.

At the time of the accident giving rise to their Complaint, plaintiffs'

UM coverage under their GEICO policy was subject to limits of liability of

$50,000 per person and $100,000 per accident.  See GEICO policy attached

hereto as Exhibit A, p. 3.  Under the UM coverage, "Limits of Liability" is

defined in relevant part as follows:

> Regardless of the number of **insured autos** or **trailers** to which
> this policy applies:
>
> 1.    The limit of liability for Uninsured and Underinsured
>       Motorist coverage shown in the declarations as
>       applicable to "each person" is the limit of our liability for
>       all damages, including those for care or loss of services,
>       due to **bodily injury** to one person as the result of one
>       accident.
>
> 2.    The limit of liability for Uninsured and Underinsured
>       Motorist coverage shown in the declarations as
>       applicable to "each accident" is, subject to the above
>       provision respecting each person, the total limit of our
>       liability for all damages, including damages for care and
>       loss of services, because of **bodily injury** to two or more
>       persons as the result of one accident.

Exhibit A, p. 14.

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Memorandum in Support of Defendant GEICO's
   Motion to Remand to District Court
Page 2

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Under that language, plaintiffs in this case may recover against GEICO no more than $50,000 each, or a total of $100,000 exclusive of costs, interest, and attorney's fees.

Under AS 22.15.030(1), "the district court has jurisdiction of civil cases . . . as follows:  (1) for the recovery of money or damages when the amount claimed exclusive of costs, interest, and attorney's fees does not exceed $100,000 for each defendant . . . ."  A case that is within the jurisdiction of the District Court cannot be filed in the Superior Court.  AS 22.10.020(a).  The only claims plaintiffs have against GEICO are for the amount of UM benefits to which they may be entitled under the insurance contract.  That contract clearly limits plaintiffs' recovery to $50,000 each, exclusive of costs, interest, and attorney's fees.  Accordingly, the combined value of plaintiffs' claims against GEICO does not exceed $100,000, and so their case falls within the jurisdiction of the District Court, not the Superior Court.  The Superior Court thus lacks jurisdiction, and the case must be remanded to the District Court.

DATED at Anchorage, Alaska this the 12th day of May, 2005.

CALL, HANSON & KELL, P.C.,
Attorneys for GEICO

By: _____
     Barry J. Kell
     Alaska Bar No. 8611120

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Memorandum in Support of Defendant GEICO's
  Motion to Remand to District Court
Page 3

**CERTIFICATE OF SERVICE**

I certify that on this the 12th day of May 2005, a true and correct copy of the foregoing document, and attachments if any, were served upon the following counsel of record by mail:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK  99559-0409

By: *Michelle V. Neil*

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\pleadings\Motion to Remand to DC.doc

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Memorandum in Support of Defendant GEICO's
  Motion to Remand to District Court
Page 4

# A F F I D A V I T

I, Mary Arevalo, Claims Coverage Underwriter of GEICO Casualty Company, a

corporation organized and existing under the laws of the state of Maryland, do hereby

certify that the attached Policy Declaration sheet, amendments, endorsements, and policy

contract was recreated based on records retained in our computer data files and are

particular to this policy:  4006-81-40-67 issued to Jack Charles for Renewal effective

04/08/04, processed on 02/21/04 and in effect on 05/03/04.


Mary Arevalo
Claims Coverage Underwriter

Exhibit _A_
Page _1_ of _21_ Pages

# GEICO

| FAMILY AUTOMOBILE RENEWAL POLICY DECLARATIONS |
| --- |

GEICO CASUALTY COMPANY            **THIS IS A RECREATED DOCUMENT**
ONE GEICO PLAZA, WASHINGTON, D.C.  20047-0001            Please keep for your records
                                                                      Page 1
Telephone: 1-800-841-3000    Fax: 1-800-437-8837

POLICY PERIOD FROM 04-08-04 TO: 10-08-04 12:01AM LOCAL TIME AT THE ADDRESS OF THE NAMED
INSURED.

| POLICY NUMBER: 4006-81-40-67 |
| --- |

                    DATE PROCESSED: 02-21-04        CONTRACT TYPE: A30AK


Jamed Insured and Address
   JACK CHARLES
   PO BOX 722
   BETHEL AK 99559-0722


CONTRACT AMENDMENTS:    ALL VEHICLES - A30AK, CC1148, CC200
UNIT ENDORSEMENTS:


RECREATED DOCUMENT
U-31-DP                                                                    (1)

Exhibit _A_
Page _2_ of _21_ Pages

GEICO CASUALTY COMPANY

POLICY NUMBER: 4006-81-40-67          DATE PROCESSED: 02-21-04

PAGE 2

              VEHICLE                    RATED LOCATION

1   92 CHEV  1G1JC5444N7140050           BETHEL AK 99559

| COVERAGES Coverage applies where premium or 0.00 is shown for vehicle | LIMITS OR DEDUCTIBLES | PREMIUMS | | |
|---|---|---|---|---|
| | | VEH 1 | VEH 2 | VEH 3 |
| BODILY INJURY LIABILITY EACH PERSON/EACH OCCURENCE | $50,000 / 100,000 | 253.70 | | |
| PROPERTY DAMAGE LIABILITY | $25,000 | 243.40 | | |
| MEDICAL PAYMENTS | $5,000 | 47.70 | | |
| UNINSURED & UNDERINSURED MOTORIST EACH PERSON/EACH OCCURRENCE | $50,000 / 100,000 | 67.70 | | |
| UNINSURED MOTORIST PROPERTY DAMAGE | $25,000 | 29.50 | | |

| SIX MONTH PREMIUM PER VEHICLE | $642.00 |
|---|---|

LIENHOLDER VEHICLE 1          LIENHOLDER VEHICLE 2          LIENHOLDER VEHICLE 3

RECREATED DOCUMENT
U-31-DP

Exhibit___A____
Page__3__of_21_ Pages

# GEICO

ONE GEICO PLAZA
Washington, D. C. 20076-0001
Telephone: 1-800-841-3000

---

# Alaska
# Family
# Automobile
# Insurance
# Policy

---

- • Government Employees Insurance Company
- • GEICO Casualty Company
- • GEICO General Insurance Company
- • GEICO Indemnity Company

Exhibit _A_
Page _4_ of _21_ Pages

A-30AK (6-99)

POLICY INDEX

Page

**SECTION I**

**Liability Coverages**
**Your Protection Against Claims From Others**

Definitions.................................................3
Losses We Will Pay For You ........................3
Additional Payments We Will Make Under The
   Liability Coverages....................................3
     Legal Expenses And Court Costs
     Bail And Appeal Bonds
     First Aid Expenses
Exclusions: When Section I Does Not Apply ...........4
Persons Insured:  Who Is Covered ...............4
Financial Responsibility Laws....................5
Out Of State Insurance ..............................5
Limits Of Liability ....................................5
Other Insurance .......................................5
Conditions ...............................................5
     Notice
     Two Or More Autos
     Assistance And Cooperation Of The Insured
     Action Against Us
     Subrogation

**SECTION II**

**Automobile Medical Payments Coverage**
**Protection For You And Your Passengers For Medical**
**Expenses**

Definitions  .............................................6
Payments We Will Make ...........................6
Exclusions: When Section II Does Not Apply ...........6
Limit Of Liability.....................................6
Other Insurance .......................................6
Conditions ...............................................6
     Notice
     Two Or More Autos
     Action Against Us
     Medical Reports - Proof And Payment Of Claims
     Subrogation

**SECTION III**

**Physical Damage Coverages**
**Your Protection For Loss Of Or Damage To Your Car**

Definitions...............................................7
Losses We Will Pay ...................................7
     Comprehensive Coverage ........................7
     Collision Coverage .................................8
Additional Payments We Will Make Under The
   Physical Damage Coverages ....................8
   Car Rental If Your Car Is Stolen
Exclusions:  When The Physical Damage
   Coverages Do Not Apply ........................8
Limit Of Liability.....................................8
Other Insurance .......................................9

Page

Conditions................................................9
     Notice
     Two Or More Autos
     Assistance And Cooperation Of The Insured
     Action Against Us
     Insured's Duties In Event Of Loss
     Appraisal
     Payment Of Loss
     No Benefit To Bailee
     Subrogation

**SECTION IV**

**Uninsured Motorists Coverage and Underinsured Motorists Coverage**
**Your Protection For Injuries Caused By Uninsured, Underinsured And Hit And Run Motorists**

Definitions ...............................................10
Losses We Will Pay ...................................11
Exclusions:  When Section IV Does Not Apply .......11
Limits Of Liability ...................................11
Other Insurance .......................................12
Subrogation..............................................12
Conditions................................................12
     Notice
     Assistance And Cooperation Of The Insured
     Proof Of Claim - Medical Reports - Proof of Loss
     Payment Of Loss
     Arbitration

**SECTION V**

**General Conditions**
**The Following Apply To All Coverages In This Policy**

Territory  ................................................13
Premium...................................................13
Changes....................................................13
Assignment ..............................................14
Policy Period............................................14
Cancellation By The Insured.....................14
Cancellation By Us ...................................14
Cancellation By Us Is Limited...................14
Renewal....................................................14
Other Insurance .......................................14
Dividend Provision...................................14
Declarations.............................................15
Fraud And Misrepresentation ...................15
Examination Under Oath...........................15
Disposal of Vehicle...................................15
Terms Of Policy Conformed To Statutes ..................15

**SECTION VI**

**Amendments And Endorsements**

Special Endorsement
     United States Government Employees .............15



Exhibit _A_

Page _5_ of _21_ Pages

A-30AK (6-99)

Whenever, "he," "his," "him," "himself" appears in this policy, you may read "she," "her," "hers," or "herself."

## AGREEMENT

We, the Company named in the declarations attached to this policy, make this agreement with you, the policyholder. Relying on the information you have furnished and the declarations attached to this policy and if you pay your premium when due, we will do the following:

## SECTION I

Liability Coverages
Your Protection Against Claims From Others
Bodily Injury Liability
Property Damage Liability

## DEFINITIONS

The words italicized in Section I of this policy are defined below.

**1.** *"Auto business"* means the business of selling, repairing, servicing, storing, transporting or parking of autos.

**2.** *"Bodily injury"* means bodily injury to a person, including resulting sickness, disease or death.

**3.** *"Farm auto"* means a truck type vehicle with a load capacity of 2000 pounds or less, not used for commercial purposes other than farming.

**4.** *"Insured"* means a person or organization described under PERSONS INSURED.

**5.** *"Non-owned auto"* means an automobile or *trailer* not owned by or furnished for the regular use of either *you* or a *relative*, other than a *temporary substitute auto*. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

**6.** *"Owned auto"* means:

    (a) a vehicle described in this policy for which a premium charge is shown for these coverages;

    (b) a *trailer* owned by *you*;

    (c) *a private passenger, farm or utility auto*, ownership of which *you* acquire during the policy period or for which *you* enter into a lease during the policy period for a term of six months or more, if

        (i) it replaces an *owned auto* as defined in (a) above; or

        (ii) we insure all *private passenger, farm* and *utility autos* owned or leased by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later;

    (d) a *temporary substitute auto*.

**7.** *"Private passenger auto"* means a four-wheel private passenger, station wagon or jeep-type auto.

**8.** *"Relative"* means a person related to *you* who resides in *your* household.

**9.** *"Temporary substitute auto"* means an automobile or *trailer*, not owned by *you*, temporarily used with the permission of the owner. This vehicle must be used as a substitute for the *owned auto* or *trailer* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

**10.** *"Trailer"* means a trailer designed to be towed by a *private passenger auto*, if not being used for business or commercial purposes with a vehicle other than a *private passenger, farm* or *utility auto*.

**11.** *"Utility auto"* means a vehicle, other than a *farm auto*, with a load capacity of 2000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

**12.** *"War"* means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion or revolution.

**13.** *"You"* means the policyholder named in the declarations and his or her spouse if a resident of the same household.

## LOSSES WE WILL PAY FOR YOU UNDER SECTION I

Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:

**1.** *bodily injury*, sustained by a person, and;

**2.** damage to or destruction of property, arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

## ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

**1.** All investigative and legal costs incurred by us.

**2.** All court costs charged to an *insured* in a covered lawsuit, except that attorney fee payments shall not exceed the amount that could be awarded in accordance with the percentage schedule for contested cases as specified in Alaska Rule of Civil Procedure 82(b)(1) in a case in which a judgment equal to the liability policy limit or limits applicable to the loss is rendered.

If a judgment is rendered against *you* in excess of *your* liability policy limits, *you* will be responsible for attorney fees awarded in accordance with Alaska Rule of Civil Procedure 82(b)(1) which exceed that which would be

allowable under the schedule for contested cases if the judgment rendered was within *your* policy limit.

3.  All interest on that amount of a judgment which is within our limit of liability accruing after the entry of judgment until we have paid, offered or deposited in court that part of the judgment not exceeding the limit of our liability.

4.  Premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments; but the face amount of these bonds may not exceed the applicable limit of our liability.

5.  Premiums for bail bonds paid by an *insured* due to traffic law violations arising out of the use of an insured auto; not to exceed $250 per bail bond.

6.  Costs incurred by any *insured* for first aid to others at the time of an accident involving an insured auto.

7.  Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.

8.  All reasonable costs incurred by an *insured* at our request.

## EXCLUSIONS

### When Section I Does Not Apply

We will not defend any suit for damage if one or more of the exclusions listed below applies.

1.  Section I does not apply to any vehicle used to carry passengers or goods for hire. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2.  *Bodily injury* or property damage caused intentionally by or at the direction of an *insured* is not covered.

3.  We do not cover *bodily injury* or property damage that is insured under a nuclear liability policy.

4.  *Bodily injury* or property damage arising from the operation of farm machinery is not covered.

5.  *Bodily injury* to an employee of an *insured* arising out of and in the course of employment by an *insured* is not covered.

However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' or workmen's compensation law.

6.  We do not cover *bodily injury* to a fellow employee of an *insured* if the fellow employee's *bodily injury* arises from the use of an auto while in the course of employment and if workers' compensation or other similar coverage is available. We will defend *you* if suit is brought by a fellow employee against *you* alleging use, ownership or maintenance of an auto by *you*.

7.  We do not cover an *owned auto* while used by a person (other than *you* or a *relative*) when he is employed or otherwise engaged in the *auto business*.

8.  A *non-owned auto* while maintained or used by any person is not covered while such person is employed or otherwise engaged in (1) any *auto business* if the accident arises out of that business; (2) any other business or occupation of any *insured* if the accident arises out of that business or occupation, except a *private passenger auto* used by *you* or *your* chauffeur or domestic servant while engaged in such other business.

9.  We do not cover damage to:

    (a)  property owned, operated or transported by an *insured*; or
    (b)  property rented to or in charge of an *insured* other than a residence, private garage or motor vehicle rented by the *insured*.

10.  We do not cover an auto acquired by *you* during the policy term, if *you* have purchased other liability insurance for it.

11.  We do not cover:

    (a)  the United States of America or any of its agencies;
    (b)  any person, including *you*, if protection is afforded under the provisions of the Federal Tort Claims Act.

12.  We do not cover *bodily injury* or property damage that results from the operation of a *non-owned auto* or *temporary substitute auto* that is designed for use principally off public roads that is not registered for use on public roads.

13.  We do not cover punitive or exemplary damages awarded due to a loss where the *insured* was legally intoxicated or under the influence of illegal narcotics at the time of loss.

## PERSONS INSURED

### Who Is Covered

Section I applies to the following as *insureds* with regard to an *owned auto*:

1.  *you* and *your relatives*;

2.  any other person using the auto with *your* permission. The actual use must be within the scope of that permission;

3.  any other person or organization for his or its liability because of acts or omissions of an *insured* under 1. or 2. above.

Section I applies to the following with regard to a *non-owned auto:*

1. (a) *you;*
   (b) *your relatives* when using a *private passenger, farm* or *utility auto* or *trailer.*

Such use by *you* or *your relatives* must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission;

2. a person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an *insured* under 1. above.

The limits of liability stated in the declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.

### FINANCIAL RESPONSIBILITY LAWS

When this policy is certified as proof of financial responsibility for the future under the provisions of a motor vehicle financial responsibility law, this liability insurance will comply with the provisions of that law. The *insured* agrees to reimburse us for payments made by us which we would not have had to make except for this agreement.

### OUT OF STATE INSURANCE

When the policy applies to the operation of a motor vehicle outside of *your* state, we agree to increase *your* coverages to the extent required of out-of-state motorists by local law. This additional coverage will be reduced to the extent that *you* are protected by another insurance policy. No person can be paid more than once for any item of loss.

### LIMITS OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

1. The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one person as the result of one occurrence.

2. The limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of any one occurrence.

3. The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons or organizations, including the loss of use of the property as the result of any one occurrence.

### OTHER INSURANCE

If the *insured* has other insurance against a loss covered by Section I of this policy, we will not owe more than our pro-rata share of the total coverage available.

This policy is excess over any other valid and collectible insurance that applies to a *temporary substitute* or *non-owned auto.* If, however, the *temporary substitute* or *non-owned auto* is a rented motor vehicle, this policy provides primary coverage only if the operator of the *temporary substitute* or *non-owned auto* did not purchase insurance coverage from the person or organization from whom the vehicle was rented.

### CONDITIONS

The following conditions apply to Section I:

1. NOTICE

As soon as possible after an occurrence, written notice must be given us or our authorized agent stating:

   (a) the identity of the insured;
   (b) the time, place and details of the occurrence;
   (c) the names and addresses of the injured, and of any witnesses; and
   (d) the names of the owners and the description and location of any damaged property.

If a claim or suit is brought against an *insured*, he must promptly send us each demand, notice, summons or other process received.

2. TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

3. ASSISTANCE AND COOPERATION OF THE INSURED

The *insured* will cooperate and assist us, if requested:

   (a) in the investigation of the occurrence;
   (b) in making settlements;
   (c) in the conduct of suits;
   (d) in enforcing any right of contribution or indemnity against any legally responsible person or organization because of *bodily injury* or property damage;
   (e) at trials and hearings;
   (f) in securing and giving evidence; and
   (g) by obtaining the attendance of witnesses.

Only at his own cost will the *insured* make a payment, assume any obligation or incur any cost other than for first aid to others.

4. ACTION AGAINST US

No suit will lie against us:

   (a) unless the *insured* has fully complied with all the policy's terms and conditions, and



Exhibit A
Page 5 of 21 Pages

A-30AK(6-99)   Page 5 of 16

(b) until the amount of the *insured's* obligation to pay has been finally determined, either:

    (i) by a final judgment against the *insured* after actual trial; or

    (ii) by written agreement of the *insured*, the claimant and us.

A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

No person or organization, including the *insured*, has a right under this policy to make us a defendant in an action to determine the *insured's* liability.

Bankruptcy or insolvency of the *insured* or his estate will not relieve us of our obligations.

5.  SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The insured will help us to enforce these rights. The *insured* will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

SECTION II

Auto Medical Payments

Protection For You And Your Passengers For Medical Expenses

DEFINITIONS

The definitions of terms shown under Section I apply to this Coverage. In addition, under this Coverage, *occupying* means in or upon or entering into or alighting from.

PAYMENTS WE WILL MAKE

Under this Coverage, we will pay all reasonable expenses actually incurred by an *insured* within one year from the date of accident for necessary medical, surgical, x-ray, dental services, prosthetic devices, ambulance, hospital, professional nursing and funeral services. The one year limit does not apply to funeral services.

This Coverage applies to:

1.  *you* and each *relative* who sustains *bodily injury* caused by accident:

    (a) while *occupying* the *owned auto*; or

    (b) while *occupying* a *non-owned auto* if *you* or *your relative* reasonably believe *you* have the owner's permission to use the auto and the use is within the scope of that permission; or

    (c) when struck as a pedestrian by an auto or *trailer*.

2.  any other person who sustains *bodily injury* caused by accident while *occupying* the *owned auto* while being used by *you*, a resident of *your* household, or other persons with *your* permission.

EXCLUSIONS

When Section II Does Not Apply

1.  There is no coverage for *bodily injury* sustained by any occupant of an *owned auto* used to carry passengers or goods for hire. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2.  There is no coverage for an *insured* while *occupying* a vehicle located for use as a residence or premises.

3.  *You* and *your relatives* are not covered for *bodily injury* sustained while *occupying* or when struck by:

    (a) a farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads; or

    (b) a vehicle operated on rails or crawler-treads.

4.  There is no coverage for persons employed in the *auto business*, if the accident arises out of that business and if benefits are required to be provided under a workers' compensation law.

5.  There is no coverage for *bodily injury* sustained due to *war*.

6.  The United States of America or any of its agencies are not covered as an *insured*, a third party beneficiary, or otherwise.

LIMIT OF LIABILITY

The limit of liability for medical payments stated in the declarations as applying to "each person" is the limit we will pay for all costs incurred by or on behalf of each person who sustains *bodily injury* in one accident. This applies regardless of the number of persons insured or the number of autos or *trailers* to which this policy applies.

OTHER INSURANCE

If the *insured* has other medical payments insurance against a loss covered by Section II of this policy, we will not owe more than our pro rata share of the total coverage available.

Any insurance we provide to a person who sustains *bodily injury* while *occupying* a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

CONDITIONS

The following conditions apply to this Coverage:

1.  NOTICE

As soon as possible after an accident, written notice must be given us or our authorized agent stating:

    (a) the identity of the *insured*;

    (b) the time, place and details of the accident; and

(c) the names and addresses of the injured, and of any witnesses.

## 2. TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

## 3. ACTION AGAINST US

Suit will not lie against us unless the *insured* has fully complied with all the policy terms.

## 4. MEDICAL REPORTS - PROOF AND PAYMENT OF CLAIMS

As soon as possible, the injured person or his representative will furnish us with written proof of claim, under oath if required. After each request from us, he will give us written authority to obtain medical reports and copies of records.

The injured person will submit to an examination by doctors chosen by us and at our expense as we may reasonably require.

We may pay either the injured person, the doctor or other persons or organizations rendering medical services. These payments are made without regard to fault or legal liability of the *insured*.

## 5. SUBROGATION

When we make a payment under this coverage, we will be subrogated (to the extent of payment made by us) to the rights of recovery the injured person or anyone receiving the payments may have against any person or organization. Such person will do whatever is necessary to secure our rights and will do nothing to prejudice them.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

## SECTION III

**Physical Damage Coverages**

**Your Protection For Loss Or Damage To Your Car**

### DEFINITIONS

The definitions of the terms *"auto business"*, *"farm auto"*, *"private passenger auto"*, *"relative"*, *"temporary substitute auto"*, *"utility auto"*, *"you"* and *"war"* under Section I apply to Section III also. Under this Section, the following special definitions apply:

**1.** *"Actual cash value"* is the replacement cost of the auto or property less *depreciation* or *betterment*.

**2.** *"Betterment"* is improvement of the auto or property to a value greater than its pre-loss condition.

**3.** *"Collision"* means *loss* caused by upset of the covered auto or its collision with another object, including an attached vehicle.

**4.** *"Depreciation"* means a decrease or loss in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness or other causes.

**5.** *"Insured"* means:

(a) regarding the *owned auto*:

(i) *you* and *your relatives;*
(ii) a person or organization maintaining, using or having custody of the auto with *your* permission, if his use is within the scope of that permission.

(b) regarding a *non-owned auto*; *you* and *your relatives*, using the auto, if the actual operation or use is with the permission or reasonably believed to be with the permission of the owner and within the scope of that permission.

**6.** *"Loss"* means direct and accidental loss of or damage to:

(a) the auto, including its equipment; or
(b) other insured property.

**7.** *"Non-owned auto"* means a *private passenger*, *farm* or *utility auto* or *trailer* not owned by or furnished for the regular use of either *you* or *your relatives*, except a *temporary substitute auto. You* or *your relative* must be using the auto or trailer within the scope of permission given by its owner. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

**8.** *"Owned auto"* means:

(a) any vehicle described in this policy for which a specific premium charge indicates there is coverage;

(b) a *private passenger*, *farm* or *utility auto* or a *trailer*, ownership of which is acquired by *you* during the policy period or for which *you* enter into a lease during the policy period for a term of six months or more; if

(i) it replaces an *owned auto* as described in (a) above, or
(ii) we insure all *private passenger, farm, utility autos* and *trailers* owned or leased by *you* on the date of such acquisition and *you* request us to add it to the policy within 30 days afterward;

(c) a *temporary substitute auto.*

**9.** *"Trailer"* means a trailer designed for use with a *private passenger auto* and not used as a home, office, store, display or passenger trailer.

## LOSSES WE WILL PAY FOR YOU

**Comprehensive (Excluding *Collision*)**

**1.** We will pay for each *loss*, less the applicable deductible, caused other than by *collision*, to the *owned* or

*non-owned auto.* This includes breakage of glass and *loss* caused by:

(a) missiles;
(b) falling objects;
(c) fire;
(d) lightning;
(e) theft;
(f) larceny;
(g) explosion;
(h) earthquake;
(i) colliding with a bird or animal;
(j) windstorm;
(k) hail;
(l) water;
(m) flood;
(n) malicious mischief;
(o) vandalism;
(p) riot; or
(q) civil commotion.

No deductible will apply to *loss* caused by fire, lightning, smoke, smudge, or damage sustained while the vehicle is being transported on any conveyance.

At the option of the *insured*, breakage of glass caused by *collision* may be paid under the Collision Coverage, if included in the policy.

2.   We will pay, up to $200 per occurrence, less any deductible shown in the declarations, for *loss* to personal effects due to:

(a) fire;
(b) lightning;
(c) flood;
(d) theft of the entire automobile;
(e) falling objects;
(f) earthquake; or
(g) explosion.

The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto.*

No deductible will apply due to *loss* by fire or lightning.

3.   *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

### Collision

1.   We will pay for *collision loss* to the *owned* or *non-owned auto* for the amount of each *loss* less the applicable deductible.

2.   We will pay up to $200 per occurrence, less the applicable deductible, for *loss* to personal effects due to a *collision*. The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto.*

3.   *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES

1.   We will reimburse the *insured* for transportation expenses incurred during the period beginning 48 hours after a theft of the entire auto covered by Comprehensive Coverage under this policy has been reported to us and the police. Reimbursement ends when the auto is returned to use or we pay for the *loss.*

Reimbursement will not exceed $20 per day nor $600 per *loss.*

2.   We will pay general average and salvage charges for which the *insured* becomes legally liable when the auto is being transported.

3.   We will pay for *loss* to any of the following equipment (including *loss* to accessories and antennas):

(a) car phone;
(b) citizen's band radio;
(c) two-way mobile radio;
(d) scanning monitor receiver; or
(e) device designed for the recording and/or reproduction of sound.

We will pay only if the equipment at the time of *loss*:

(a) is permanently installed in or upon an *owned auto*; and
(b) that auto is insured under the appropriate coverage.

### EXCLUSIONS

#### When The Physical Damage Coverages Do Not Apply

1.   An auto used to carry passengers or goods for hire is not covered. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2.   *Loss* due to *war* is not covered.

3.   We do not cover *loss* to a *non-owned auto* when used by the *insured* in the *auto business.*

4.   There is no coverage for *loss* caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft.

5.   Tires, when they alone are damaged by *collision*, are not covered.

6.   *Loss* due to radioactivity is not covered.

7.   *Loss* to any tape, wire, record disc or other medium for use with a device designed for the recording and/or reproduction of sound is not covered.

8.   We do not cover *loss* to any radar or laser detector.

9.   We do not cover *trailers* when used for business or commercial purposes with vehicles other than *private passenger, farm* or *utility autos.*

10.  We do not cover loss to an *owned auto* or *non-owned auto* that results from destruction or confiscation by governmental or civil authorities because *you*, a *relative* or anyone else engaged in illegal activities.

### LIMIT OF LIABILITY

The limit of our liability for *loss*:

1.   is the *actual cash value* of the property at the time of the *loss*;

2.   will not exceed the cost to repair or replace the property, or any of its parts, with other of like kind and quality and will not include compensation for any diminution

in the property's value that is claimed to result from the *loss*;

3. to personal effects arising out of one occurrence is $200;

4. to a *trailer* not owned by *you* is $500;

5. for custom options is limited to the *actual cash value* of equipment, furnishings or finishings (including paint) installed in or upon the vehicle only by the auto factory or an authorized auto dealer and included in the purchase price of the vehicle.

*Actual cash value* of property will be determined at the time of the *loss* and will include an adjustment for *depreciation/betterment* and for the physical condition of the property.

## OTHER INSURANCE

If the *insured* has other insurance against a *loss* covered by Section III, we will not owe more than our pro-rata share of the total coverage available.

This policy is excess over any other valid and collectible insurance that applies to a *temporary substitute* or *non-owned auto*. If, however, the *temporary substitute* or *non-owned auto* is a rented motor vehicle, this policy provides primary coverage only if the operator of the *temporary substitute* or *non-owned auto* did not purchase insurance coverage from the person or organization from whom the vehicle was rented.

## CONDITIONS

The following conditions apply only to the Physical Damage Coverages:

### 1. NOTICE

As soon as possible after a *loss*, written notice must be given us or our authorized agent stating:

(a) the identity of the *insured*;
(b) a description of the auto or *trailer*;
(c) the time, place and details of the *loss*; and
(d) the names and addresses of any witnesses.

In case of theft, the *insured* must promptly notify the police.

### 2. TWO OR MORE AUTOS

If this policy covers two or more autos or *trailers*, the limit of coverage and any deductibles apply separately to each.

### 3. ASSISTANCE AND COOPERATION OF THE *INSURED*

The *insured* will cooperate and assist us, if requested:

(a) in the investigation of the *loss*;
(b) in making settlements;
(c) in the conduct of suits;

(d) in enforcing any right of subrogation against any legally responsible person or organization;
(e) at trials and hearings;
(f) in securing and giving evidence; and
(g) by obtaining the attendance of witnesses.

### 4. ACTION AGAINST US

Suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and the amount of *loss* is determined.

### 5. *INSURED'S* DUTIES IN EVENT OF *LOSS*

In the event of *loss* the *insured* will:

(a) Protect the auto, whether or not the *loss* is covered by this policy. Further *loss* due to the *insured's* failure to protect the auto will not be covered. Reasonable expenses incurred for this protection will be paid by us.
(b) File with us, within 91 days after *loss*, his sworn proof of loss including all information we may reasonably require.
(c) At our request, the *insured* will exhibit the damaged property.

### 6. APPRAISAL

If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*. In that event, we and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the *actual cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*. We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

We will not waive our rights by any of our acts relating to appraisal.

### 7. PAYMENT OF *LOSS*

We may at our option:

(a) pay for the *loss*; or
(b) repair or replace the damaged or stolen property.

At any time before the *loss* is paid or the property replaced, we may return any stolen property to *you* or to the address shown in the declarations at our expense with payment for covered damage. We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us. We may settle claims for *loss* either with the *insured* or the owner of the property.

### 8. NO BENEFIT TO BAILEE

This insurance does not apply directly or indirectly to the benefit of a carrier or other bailee for hire liable for the *loss* of the auto.



Exhibit ___A___
Page __12__ of __21__ Pages

A-30AK(6-99)    Page 9 of 16

9.  SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after *loss* to prejudice these rights.

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

SECTION IV

Uninsured Motorists Coverage and Underinsured Motorists Coverage

Protection For *You* And *Your* Passengers For Injuries Caused By Uninsured, Underinsured And Hit-And-Run Motorists

DEFINITIONS

The definitions of terms for Section I apply to Section IV except for the following special definitions:

1.  *"Hit And Run Motor Vehicle"* means a motor vehicle causing *bodily injury* to an *insured* or property damage to an *insured auto*, through physical contact with him or with an auto he is *occupying* at the time of the accident and whose operator or owner cannot be identified, provided the *insured* or someone on his behalf:

(a)  reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;

(b)  files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person; and

(c)  makes available for inspection, at our request, the auto *occupied* by the *insured* at the time of the accident.

2.  *"Insured"* means:

(a)  *you*;

(b)  *your relatives* if residents of *your* household;

(c)  any other person while *occupying* an *insured auto*;

(d)  any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under (a), (b), and (c) above.

If there is more than one *insured*, our limits of liability will not be increased.

3.  *"Insured Auto"* is an auto:

(a)  described in the declarations and covered by the bodily injury and property damage liability coverage of this policy;

(b)  temporarily substituted for an *insured auto* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

(c)  operated by *you*.

But the term *"insured auto"* does not include:

(i)  an auto used to carry passengers or goods for hire except in a car pool;

(ii)  an auto being used without the owner's permission; or

(iii)  under subparagraphs (b) and (c) above, an auto owned by or furnished for the regular use of an *insured*.

4.  *"Occupying"* means in, upon, getting into or getting out of.

5.  *"State"* includes the District of Columbia, the territories and possessions of the United States and the Provinces of Canada.

6.  *"Uninsured Motor Vehicle"* means:

(a)  a motor vehicle which has no bodily injury and property damage liability bond, policy of insurance or cash or securities on file to cover *bodily injury*, at the time of the accident; or

(b)  a motor vehicle, including a farm-type tractor or equipment while it is being used on public roads, which has bodily injury and property damage liability insurance in effect at the time of the accident, but the insurer of the vehicle, the legally authorized self insured owner or operator of the vehicle, or the government entity that owns the vehicle legally denies coverage or becomes insolvent; or

(c)  a *hit and run motor vehicle* as defined.

The term *"uninsured motor vehicle"* does not include:

(a)  an *insured auto*;

(b)  a motor vehicle owned or operated by a legally authorized self insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law, except as shown in part (b) under the definition of *"uninsured motor vehicle"* above;

(c)  a motor vehicle owned by the United States of America, any other national government, a *state*, or a political sub-division of any such government or its agencies, except as shown in part (b) under the definition of *"uninsured motor vehicle"* above;

(d)  a land motor vehicle or *trailer* operated on rails or tracks or located for use as a residence or premises; and

(e)  a farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads, except as shown in part (b) under the definition of *"uninsured motor vehicle"* above.

7.    *"Underinsured motor vehicle"* means a motor vehicle licensed for highway use with respect to the ownership, operation, maintenance, or use for which there is a bodily injury or property damage insurance policy or bond applicable at the time of the accident and the amount of insurance or bond is less than the amount the *insured* is legally entitled to recover for *bodily injury* or property damage from the owner or operator of the *underinsured motor vehicle*.

## LOSSES WE PAY

We will pay damages for *bodily injury*, caused by an accident, which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle*, an *underinsured motor vehicle*, or a *hit and run motor vehicle* arising out of the ownership, maintenance or use of that vehicle.

We will pay for property damages to an *insured auto*, caused by an accident, which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle*, *underinsured motor vehicle*, or a *hit and run motor vehicle* arising out of the ownership, maintenance or use of that vehicle.

This coverage will not apply to *bodily injury* of an *insured* or property damage of an *insured* until the limits of liability of all bodily injury and property damage liability bonds and policies that apply have been used up by payments, judgments, or settlements. Nor will this coverage apply if the *insured* has resolved a claim and impaired our right to recover our payment from any person or organization from whom the *insured* is legally entitled to recover.

## EXCLUSIONS

### When Section IV Does Not Apply

1.    This coverage does not apply to *bodily injury* or to property damage sustained by any *insured* while *occupying* or through being struck by an auto owned by *you* or a *relative* that is not an *insured auto*.

2.    This coverage shall not apply to the benefit of any workmen's compensation carrier, disability benefits carrier or any person qualified as a legally authorized self-insurer under any workmen's compensation or disability law or similar law.

3.    This coverage shall not apply to the benefit of any property insurer.

4.    This coverage does not apply to the first two hundred and fifty dollars of the total amount of all property damage as the result of any one accident.

5.    his coverage shall not apply to the loss of use to an *insured auto*.

6.    This coverage shall not apply to personal property located on or inside the *insured auto*.

7.    Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages.

## LIMITS OF LIABILITY

Regardless of the number of *insured autos* or *trailers* to which this policy applies:

1.    The limit of liability for Uninsured and Underinsured Motorist coverage shown in the declarations as applicable to "each person" is the limit of our liability for all damages, including those for care or loss of services, due to *bodily injury* to one person as the result of one accident.

2.    The limit of liability for Uninsured and Underinsured Motorist coverage shown in the declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of our liability for all damages, including damages for care and loss of services, because of *bodily injury* to two or more persons as the result of one accident.

3.    The limit of liability for Uninsured and Underinsured Motorist Property Damage coverage shown in the declarations as applicable to "each accident" is the total limit of our liability for all damages because of property damage to all property of one or more *insureds* as the result of any one accident. This limit is subject to the provisions of Exclusion 5.

4.    The maximum limit of liability of the insurance carrier under the Uninsured/Underinsured Motorist coverage required to be offered shall be the lesser of:

(a)    The difference between the amount of the *insured's* damages for *bodily injury* and property damage and the amount paid to the *insured* by or for a person who is or may be legally liable for the damages; and

(b)    The applicable limit of liability of the Uninsured and Underinsured Motorist coverage.

5.    When coverage is afforded to two or more autos, the limits of liability for Uninsured/Underinsured Motorist coverage shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.

When coverage is afforded for Uninsured or Underinsured Motorist coverage under more than one motor vehicle policy issued by the same insurer, the maximum amount payable is limited to the highest limit of any one coverage under the policy.

6.    Any amount payable under the Uninsured/Underinsured Motorist coverage shall be excess to any amount payable under automobile bodily injury, death or medical payments coverage, or as worker's compensation benefits and may not duplicate amounts paid or payable under valid and collectible automobile bodily injury, death, or medical payments coverage or as worker's compensation benefits.

Exhibit *A*
Page 14 of 21 Pages

7.  This coverage will not apply to *bodily injury* of an *insured* or property damage of an *insured* until the limits of liability of all bodily injury and property damage liability bonds and policies that apply have been used up by payments, judgments, or settlements.

8.  This section limits coverage for attorney fees under Alaska Rule of Civil Procedure 82. In any suit in Alaska in which a claim under this coverage is asserted, our obligation under the coverage to pay attorney's fees taxable as costs is limited as follows:

Alaska Rule of Civil Procedure 82 provides that an injured person may recover a portion of his attorney's fees from the person, party or entity legally responsible for his injury. The amount that may be collected is set forth in Alaska Rule of Civil Procedure 82. As a part of this coverage, attorney's fees that an *insured* may collect under Alaska Rule of Civil Procedure 82 are subject to the following limitation:

We will not pay that portion of any attorney's fee that is in excess of the fees calculated by applying the schedule for contested cases in Alaska Rule of Civil Procedure 82(b)(1) to the limit of liability of this coverage. This limitation means that potential attorney's fees that could be awarded against an uninsured or underinsured motorist may not be covered in full.

## OTHER INSURANCE

If an *insured* is entitled to Uninsured or Underinsured Motorist coverage under more than one coverage when two or more vehicles are insured under one policy, the maximum amount payable may not exceed the highest limit of any one coverage under the policy.

If a person as the named insured is entitled to Uninsured or Underinsured Motorist coverage under more than one motor vehicle policy issued by the same insurer, the maximum amount payable may be limited to the highest limit of any one coverage under the policies.

If an *insured* is entitled to Uninsured or Underinsured Motorist coverage under more than one policy providing motor vehicle liability coverage, payments will be made in the following order of priority, subject to the limit of liability of each applicable policy or coverage:

1.  A policy or coverage covering a motor vehicle *occupied* by the injured person or a policy or coverage covering a pedestrian as a named insured.

2.  A policy or coverage covering a motor vehicle *occupied* by the injured person as an *insured* other than as a named insured.

3.  A policy or coverage not covering a motor vehicle *occupied* by the injured person but covering the injured person as a named insured.

4.  A policy or coverage not covering a motor vehicle *occupied* by the injured person but covering the injured

person as an *insured* other than as a named insured.

5.  A policy or coverage covering, as excess, umbrella, or similar insurance, a motor vehicle *occupied* by the injured person or a policy or coverage covering, as excess, umbrella, or similar insurance, a pedestrian as a named insured.

6.  A policy or coverage not covering a motor vehicle *occupied* by the injured person but covering, as excess, umbrella, or similar insurance, the injured person as the named insured.

7.  A policy or coverage not covering a motor vehicle *occupied* by the injured person but covering, as excess, umbrella, or similar insurance, the injured person as an *insured* other than as a named insured.

## SUBROGATION

If we make payment under the policy and the *insured* had or has a right to recover damages from another, we shall be subrogated to that right. This means that we will have the right to seek recovery of any payment we make from any person, party or entity who may be held responsible. However our right to recover is secondary to the *insured's* right to be compensated fully for his damages.

The *insured* will do nothing to prejudice our rights to pursue subrogation, and will cooperate with us to enforce these rights.

## CONDITIONS

The following conditions apply only to the Uninsured Motorists coverage and Underinsured Motorists coverage:

1.  NOTICE

As soon as possible after an accident, notice must be given us or our authorized agent stating:

   (a) the identity of the *insured*;
   (b) the time, place and details of the accident;
   (c) the names and addresses of the injured, and of any witnesses.

If the *insured* or his legal representative files suit before we make a settlement under this coverage, he must immediately provide us with a copy of the pleadings.

2.  PROOF OF CLAIM - MEDICAL REPORTS - PROOF OF LOSS

As soon as possible, the *insured* or other person making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment and other facts which may affect the amount payable.

The *insured* and other persons making claim must submit to examination under oath by any person named by us, when and as often as we may reasonably require,

at which time the *insured* or other persons may have their attorney present. Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

The injured person will submit to examination by doctors chosen by us, at our expense, as we may reasonably require. At our request, the *insured* shall authorize us to obtain medical reports and copies of records. If he is incapacitated or dead, his legal representative shall provide the authorization.

In the event of a property damage loss, the *insured* shall protect the auto from further loss. Further loss due to failure to protect will not be covered. We will pay for reasonable expenses incurred for the protection of the auto.

The *insured* or other person making a property damage claim shall file a proof of loss with us as soon as practicable. The proof of loss shall be a sworn statement as to the interest of the *insured* and anyone else in the property, any encumbrances upon the property, actual cash value at the time of loss, amount, place, cause and time of loss, and description and amounts of all other insurance covering this property. Upon our request, the *insured* will show us the damaged property.

3. PAYMENT OF LOSS

Any amount due is payable:

(a) to the *insured*, or
(b) to his parent or guardian, if the *insured* is a minor, or
(c) to his surviving spouse, if the *insured* is deceased; otherwise
(d) to a person authorized by law to receive the payment, or to a person legally entitled to recover payment for the damages.

We may, at our option, pay any amount due in accordance with (d) above.

4. ARBITRATION

Except as set forth in the last sentence of this paragraph, any dispute arising between any *insured* and us regarding:

(a) the extent to which the *insured* is legally entitled to recover against an owner or operator of an *uninsured motor vehicle* or *underinsured motor vehicle*(i.e., issues of liability); or
(b) the amount of damages sustained by the *insured*

may be arbitrated. However, neither the *insured* nor we will be required to arbitrate unless arbitration is expressly required by state law. Unless so required, binding arbitration will not be used to resolve disputes regarding policy interpretation, the existence of this coverage in a particular policy, or the application of this coverage to a particular claim or claimant.

We will be obligated to pay no more than the applicable policy limits for this coverage regardless of whether an arbitration results in an award in excess of the applicable policy limits for this coverage as defined in this policy.

Arbitration will not deprive any *insured* of the right to bring action against us to recover any sums due under the terms of the policy. Arbitration will not deprive the courts of this state of jurisdiction against us.

Unless otherwise required by state law, the method, manner and format of any arbitration process will be subject to agreement by *you* and us. All expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration shall be paid as determined by the neutral arbitrator. Each party may be represented by an attorney at an arbitration.

If a party makes a timely application to the court, an arbitration award may be modified, corrected or vacated as provided by Alaska law.

SECTION V

**General Conditions**

These conditions apply to all Coverages in this policy.

1. TERRITORY

This policy applies only to accidents, occurrences or losses during the policy period within the United States of America, its territories or possessions, or Canada or when the auto is being transported between ports thereof.

2. PREMIUM

When you dispose of, acquire ownership of, or replace a *private passenger*, *farm* or *utility auto*, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

3. CHANGES

The terms and provisions of this policy cannot be waived or changed, except by an endorsement issued to form a part of this policy.

We may revise this policy during its term to provide more coverage without an increase in premium. If we do so, *your* policy will automatically include the broader coverage when effective in *your* state.

The premium for each auto is based on the information we have in *your* file. *You* agree:

(a) that we may adjust *your* policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed.
(b) that *you* will cooperate with us in determining if this information is correct and complete.
(c) that *you* will notify us of any changes in this information.



Exhibit____A____
Page__16_of_21__Pages

Any calculation or recalculation of *your* premium or changes in *your* coverage will be based on the rules, rates and forms on file, if required, for our use in *your* state.

4.   ASSIGNMENT

*Your* rights and duties under this policy may not be assigned without our written consent.

If *you* die, this policy will cover *your* surviving spouse, if covered under the policy prior to *your* death. Until the expiration of the policy term, we will also cover:

(a)  the executor or administrator of *your* estate, but only while operating an *owned auto* and only while acting within the scope of his duties; and

(b)  any person having proper temporary custody of and operating the *owned auto*, as an *insured*, until the appointment and qualification of the executor or administrator of *your* estate.

5.   POLICY PERIOD

Unless otherwise cancelled, this policy will expire as shown in the declarations. But, it may be continued by our offer to renew and *your* acceptance prior to the expiration date. Each period will begin and expire at 12:01 A.M. local time at *your* address stated in the declarations.

6.   CANCELLATION BY THE *INSURED*

*You* may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective.

If this policy is cancelled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals.

7.   CANCELLATION BY US

We may cancel this policy by mailing to *you*, at the address shown in this policy, written notice stating when the cancellation will be effective.

We will mail this notice:

(a)  20 days in advance if the proposed cancellation is for non-payment of premium or any of its installments when due;

(b)  30 days in advance in all other cases.

EXCEPTION: 10 days in advance if cancellation is for suspension or revocation of a driver's license.

The mailing or delivery of the above notice will be sufficient proof of notice. The policy will cease to be in effect as of the date and hour stated in the notice.

If this policy is cancelled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals. Payment or tender of unearned premium is not a condition of cancellation.

8.   CANCELLATION BY US IS LIMITED

After this policy has been in effect for 60 days or, if the policy is a renewal policy, we will not cancel except for any of the following reasons:

(a)  *You* do not pay the initial premium on other than a renewal policy or any additional premiums for this policy or fail to pay any premium installment when due to us or our agent.

(b)  *Your* driver's license, or that of any customary operator has been under suspension or revocation during the policy period or, if a renewal policy, during the policy period or the 180 days immediately preceding its' effective date. This does not apply to a driver's license revocation under AS 28.15.183 or 28.15.185 for possession or consumption of alcohol in a situation where the person while under 21 years of age was not driving, and was in violation of AS 04.16.050 or a municipal ordinance with substantially similar elements.

(c)  You change your principal residence to a state where we do not issue new or renewal automobile insurance policies.

We have the right to modify the Comprehensive Coverage under Section III by including a deductible of not more than $100.

9.   RENEWAL

We will not refuse to renew this policy unless written notice of our refusal to renew is mailed to *you*, at the address shown in this policy, at least 20 days prior to the expiration date. The mailing or delivery of this notice by us will be sufficient proof of notice. This policy will expire without notice if any of the following conditions exist:

(a)  *You* do not pay any premium as we require to renew this policy.

(b)  *You* have informed us or our agent that *you* wish the policy to be cancelled or not renewed.

(c)  *You* do not accept our offer to renew or *you* refuse to provide us with renewal classification and rating information as we may require.

10.  OTHER INSURANCE

If other insurance is obtained on *your* insured auto to replace this insurance, any similar insurance afforded under this policy for that auto will terminate on the effective date of the other insurance.

11.  DIVIDEND PROVISION

*You* are entitled to share in a distribution of the surplus of the Company as determined by its Board of Directors from time to time.

## 12. DECLARATIONS

By accepting this policy, *you* agree that:

(a) the statements in *your* application and in the declarations are *your* agreements and representations;

(b) this policy is issued in reliance upon the truth of these representations; and

(c) this policy, along with the application and declaration sheet, embodies all agreements relating to this insurance. The terms of this policy cannot be changed orally.

## 13. FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance:

(a) at the time of application; or

(b) at any time during the policy period; or

(c) in connection with the presentation or settlement of a claim.

## 14. EXAMINATION UNDER OATH

The *insured* or any other person seeking coverage under this policy must submit to examination under oath by any person named by us when and as often as we may require. Any person submitting to examination under oath as required by this Condition is entitled to have his own counsel present during such examination.

## 15. DISPOSAL OF VEHICLE

If *you* relinquish possession of a leased vehicle or if you sell or relinquish ownership of an *owned auto*, any coverage provided by this policy for that vehicle will terminate on the date *you* do so.

## 16. TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of Alaska are amended to conform to those statutes.

## SECTION VI - AMENDMENTS AND ENDORSEMENTS

**1. SPECIAL ENDORSEMENT**
UNITED STATES GOVERNMENT EMPLOYEES

A. Under the Property Damage coverage of Section I, we provide coverage to United States Government employees, civilian or military, using

1. Motor vehicles owned or leased by the United States Government or any of its agencies, or

2. Rented motor vehicles used for United States Government business,

when such use is with the permission of the United States Government. Subject to the limits described in paragraph B. below, we will pay sums *you* are legally obligated to pay for damage to these vehicles.

B. The following limits apply to this Coverage:

1. A $100 deductible applies to each occurrence.

2. For vehicles described in A.1. above, our liability shall not exceed the lesser of the following:

a. the *actual cash value* of the property at the time of the occurrence; or

b. the cost to repair or replace the property, or any of its parts with other of like kind and quality; or

c. two months basic pay of the *insured*; or

d. the limit of Property Damage Liability coverage stated in the declarations.

3. For vehicles described in A.2. above, our liability shall not exceed the lesser of the following:

a. the *actual cash value* of the property at the time of the occurrence; or

b. the cost to repair or replace the property, or any of its parts with other of like kind and quality; or

c. the limit of Property Damage liability coverage stated in the declarations.

This insurance is excess over other valid and collectible insurance.

J. C. Stewart
Secretary

O. M. Nicely
President

GOVERNMENT EMPLOYEES INSURANCE COMPANY
GEICO CASUALTY COMPANY
GEICO GENERAL INSURANCE COMPANY
GEICO INDEMNITY COMPANY
HOME OFFICE - 5260 Western Avenue
Chevy Chase, Maryland 20815-3799

Exhibit A
Page 18 of 21 ages

A-30AK(6-99)    Page 15 of 16

## NOTICE

### THIS POLICY LIMITS COVERAGE FOR ATTORNEY FEES UNDER ALASKA RULE OF CIVIL PROCEDURE 82

In any suit in Alaska in which we have a right or duty to defend an insured in addition to the limits of liability, our obligation under the applicable coverage to pay attorney fees taxable as costs against the insured is limited as follows:

Alaska Rule of Civil Procedure 82 provides that if you are held liable, some or all of the attorney fees of the person making a claim against you must be paid by you. The amount that must be paid by you is determined by Alaska Rule of Civil Procedure 82. We provide coverage for attorney fees for which you are liable under Alaska Rule of Civil Procedure 82 subject to the following limitation:

> **We will not pay that portion of any attorney's fees that is in excess of the fees calculated by applying the schedule for contested cases in Alaska Rule of Civil Procedure 82(b)(1) to the limit of liability of the applicable coverage.**

*This limitation means the potential costs that may be awarded against you as attorney fees may not be covered in full. You will have to pay any attorney fees not covered directly.*

For example, the attorney fees provided by the schedule for contested cases in Alaska Rule of Civil Procedure 82(b)(1) are:

> 20% of the first $25,000 of a judgment;
> 10% of the amounts over $25,000 of a judgment.

Therefore, if a court awards a judgment against you in the amount of $125,000, in addition to that amount, you would be liable under Alaska Rule of Civil Procedure 82(b)(1) for attorney fees of $15,000, calculated as follows:

| | |
|---|---|
| 20% of $ 25,000 | $ 5,000 |
| 10% of $100,000 | $10,000 |
| Total Award  $125,000 | Total Attorney Fees $15,000 |

If the limit of liability of the applicable coverage is $100,000, we would pay $100,000 of the $125,000 award, and $12,500 for Alaska Rule of Civil Procedure 82(b)(1) attorney fees, calculated as follows:

| | |
|---|---|
| 20% of $ 25,000 | $ 5,000 |
| 10% of $ 75,000 | $ 7,500 |
| Total Limit of Liability $100,000 | Total Attorney Fees Covered $12,500 |

You would be liable to pay, directly and without our assistance, the remaining $25,000 in liability plus the remaining $2,500 for attorney fees under Alaska Rule of Civil Procedure 82 not covered by this policy.

# GEICO

Policy Number:

*Your* policy is amended as follows:

## SECTION I - LIABILITY COVERAGES

### LOSSES WE WILL PAY FOR *YOU* UNDER SECTION I

The first paragraph is replaced as follows:

Under Section I, we will pay damages, other than punitive and exemplary damages, which an *insured* becomes legally obligated to pay because of:

### EXCLUSIONS

The following exclusion is added:

14. We do not cover *bodily injury* or property damage caused by an auto driven in or preparing for any prearranged or organized racing, speed or demolition contest of any nature.

## SECTION II - AUTOMOBILE MEDICAL PAYMENTS COVERAGE

### EXCLUSIONS

The following exclusion is added:

7. We do not cover *bodily injury* caused by an auto driven in or preparing for any pre-arranged or organized racing, speed or demolition contest of any nature.

## SECTION III - PHYSICAL DAMAGE COVERAGES

### DEFINITIONS

The second paragraph (b) of Definition 5., *"Insured"* is replaced with:

(b)   regarding a *non-owned auto; you* and *your relatives*, using the auto, but only if the *non-owned auto* is a motor vehicle rented by the *insured*. There is no physical damage coverage for a *non-owned auto*, other than a rented motor vehicle.

### *LOSSES* WE WILL PAY

#### Comprehensive (Excluding *Collision*)

The first sentence of paragraph 1.is replaced with:

1.   We will pay for each *loss*, less the applicable deductible, caused other than by *collision*, to the *owned auto* or to a motor vehicle rented by the *insured*. There is

We affirm this amendment.

*[signature: JC Stewart]*

J. C. Stewart
Secretary

•     GEICO Casualty Company     •

CC1148 (6-99)

# Automobile Policy Amendment - Alaska

no Comprehensive coverage for a **non-owned auto**, other than a rented motor vehicle.
*Collision*

Paragraph 1. Is replaced with:

1.   We will pay for *collision loss* to the *owned auto* or to a motor vehicle rented by the *insured* for the amount of each *loss* less the applicable deductible. There is no Collision coverage for a *non-owned auto*, other than a rented motor vehicle.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES

Item 1., which provides reimbursement of transportation expenses, is deleted.

### EXCLUSIONS

Exclusion 3. is replaced with:

3.   There is no physical damage coverage for a *non-owned auto* except for a motor vehicle rented by the *insured*.

The following exclusion is added:

11. We do not cover any physical damage to an auto being driven in or preparing for any prearranged or organized racing, speed or demolition contest of any nature.

### LIMIT OF LIABILITY

Item 4. is deleted. There is no coverage for a *trailer* not owned by *you*.

## SECTION V - GENERAL CONDITIONS

Condition 6., CANCELLATION BY THE *INSURED*

The first paragraph of Condition 6. is replaced as follows:

*You* may cancel this policy by delivering or mailing to us a written notice stating when, after the notice, cancellation will be effective.

## SECTION VI - AMENDMENTS AND ENDORSEMENTS

The endorsement titled "SPECIAL ENDORSEMENT - UNITED STATES GOVERNMENT EMPLOYEES" is deleted.

*[signature: O. M. Nicely]*

O. M. Nicely
President

Exhibit ___A___
Page __20__ or __21__ ...ges

# GEICO

Policy Number:

*Your* policy is amended as follows:

**SECTION III - Physical Damage Coverages**

**LIMIT OF LIABILITY**

The following numbered paragraph is added:

**6.** for glass repair or replacement, not to exceed the prevailing competitive price. Although you have the right to choose any glass repair facility or location, the limit of liability for *loss* to window glass is the cost to:

(a) repair; or
(b) replace

We affirm this amendment.

# Automobile Policy Amendment

### Glass Repair/Replacement

such glass but will not exceed the prevailing competitive price. This is the price we can secure from a competent and conveniently located glass repair facility. At *your* request, we will identify a glass repair facility that will perform the repairs at the prevailing competitive price.

J. C. Stewart
Secretary

GEICO CASUALTY COMPANY

O. M. Nicely
President

Exhibit ___A___
Page __21__ of __21__ Pages

CC-200 (7-02)

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

          Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

          Defendant.

Case No. 4BE-05-55 Civil

**ORDER GRANTING GEICO'S
MOTION TO REMAND TO DISTRICT COURT**

THIS MATTER having come before the Court on defendant GEICO

General Insurance Company's Motion to Remand to District Court, the

Court considered GEICO's motion and any Opposition and Reply, and being

otherwise fully advised, it is hereby

ORDERED:

Defendant GEICO's motion is **GRANTED**.  Plaintiffs' claims in this

case do not exceed the amount of $100,000 exclusive of costs, interest, and

attorney's fees.  The District Court, rather than the Superior Court thus has

jurisdiction over this case pursuant to AS 22.15.030(1).

This court therefore orders that this case be remanded to the District

Court for the State of Alaska, Fourth Judicial District at Bethel, for all

further proceedings.

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Order re Motion to Remand to District Court
Page 1

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

DATED at Bethel, Alaska this the ___ day of _____, 2005.


_____
The Honorable Leonard R. Devaney
Superior Court Judge

**CERTIFICATE OF SERVICE**

I certify that on this the 12th day of May 2005, a true and correct copy of the foregoing document, and attachments if any, were served upon the following counsel of record by mail:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK  99559-0409

By: _____

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\pleadings\Motion to Remand to DC.doc

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Order re Motion to Remand to District Court
Page 2

LAW OFFICES OF

# CALL, HANSON & KELL, P.C.

250 H Street
Anchorage, Alaska  99501-2112
Telephone:  (907) 258-8864

# TRANSMITTAL COVERSHEET

Date:  May 12, 2005                     Our File No.  1101.027

| FROM: | TO: |
|---|---|
| Name:     Nickie Nelson | Name:     Clerk of Court |
| Company:  Call, Hanson & Kell, P.C. | Company:  Superior Court at Bethel<br>P.O. Box 130<br>Bethel, Alaska  99559-0130 |
| Phone:    (907) 258-8864 | In re:    Charles v. GEICO<br>Case No. 4BE-05-55 Ci. |
| Fax:      (907) 258-8865 | |

Special Instructions or Additional Message:

**Enclosed for filing, please find:**

**1.  Motion to Remand to District Court, Memorandum in Support of Motion, and proposed Order.**