IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES & BERNADETTE CHARLES,    )
            Plaintiff,            )
    vs.                    )
                      )
GEICO GENERAL INSURANCE COMPANY,     )
            Defendant.         )

**Case No. 4BE-05-55 CI**

RECEIVED

JUN - 8 2005

Call, Hanson & Kell, P.C.

## CIVIL PRETRIAL ORDER

1. **DATES.**

| | |
|---|---|
| Trial: During the week of: | 03/28/06 |
| Motions Seeking to Add Parties: | 09/01/05 |
| Motions Seeking to Amend Pleadings: | 09/01/05 |
| Dispositive Motions: | 11/25/05 |
| Disclosure of Use and Opinions of Experts: | See Paragraphs 3(a)and(c) |
| Settlement Conference Request: | 11/21/05 |
| Expert Witness Lists: | 01/17/06 |
| Preliminary Witness Lists: | 08/02/05 |
| Final Witness Lists: | 06/06/06 |
| Depositions Taken Through: | 11/26/05 |
| Close of Discovery: | 01/26/06 |
| Discovery Motions: | 02/02/06 |
| Trial Evidentiary Motions: | 02/10/06 |
| Exhibits: | 02/24/06 |
| Pretrial Memoranda: | 03/09/06 |
| Deposition Designations: | 02/27/06 |
| Counter Designations and Objections to Depositions: | 03/06/06 |
| Objections to Counter Designations and Reply to Objections to Depositions: | 03/13/06 |
| Pretrial Conference: | 03/09/06 |
| | at 9:00 a.m. |
| Special Deadlines/Provisions: | See Paragraph 20 |

2. **TRIAL**. This matter is set for court trial as set forth in paragraph 1. Trial is estimated to take __6__ days.

3.    **EXPERT WITNESSES**,

a.    Disclosure. On 09/01/05, plaintiff shall file and serve a notice disclosing whether experts will be called and, if so, the fields of expertise of such experts. On 09/08/05, defendant shall file and serve a notice disclosing whether experts will be called and, if so, the fields of expertise of such experts. On 09/15/05, plaintiff may file and serve a supplement of its designation of expert witness use.

b.    Expert Witness Lists. On the date set forth in paragraph 1, counsel shall file and serve a list containing the names, addresses, telephone numbers, and areas of expertise of all witnesses who will be called to give testimony or present evidence under Evidence Rules 702, 703, or 705.

c.    On 01/03/06, counsel shall serve full disclosure of expert testimony as defined and provided for under Civil Rule 26(a)(2)(B).

d.    No depositions may be taken to perpetuate the testimony of any expert unless the party calling that expert and seeking to perpetuate the expert's testimony has first made the expert available to the adverse party and the expert has been deposed for discovery purposes.

e.    Counsel must disclose timely any information coming to counsel's knowledge regarding changes in any expert's address or telephone number.

4.    **OTHER WITNESS LISTS**,

a.    Preliminary Witness Lists. On or before the date set forth in paragraph 1, each party must file and serve a preliminary witness list. This list must contain the names, the mailing and physical addresses, and telephone numbers of all witnesses, including rebuttal witnesses, and expert witnesses whom the party intends to call at trial.

b.    Final Witness Lists. On or before the date set forth in paragraph 1, counsel shall file and serve a Witness List showing the names, current mailing and physical addresses, and telephone numbers of all witnesses other than expert witnesses which the parties actually intend to call at the trial. Counsel must disclose timely any information known to counsel regarding changes in address or telephone number.

c.    Witness Lists At Trial.

(1)    Plaintiff: No later than the Thursday before the week trial is scheduled to begin, plaintiff's counsel shall serve and file a witness list stating the precise order in which the party intends to call each witness during trial and whether the witness' testimony will be in person or by deposition.

(2)    Defendant: On the day plaintiff's last witness is called to the witness stand, defense counsel shall serve and file a witness list stating the precise order in which the party intends to call each witness during trial and whether the witness' testimony will be in person or by deposition.

(3)    Opposing counsel must be given at least 24 hours notice of any change in the sequence of witnesses so listed.

5.    **DISCOVERY.** All discovery shall be completed by the date set forth in paragraph 1. This means that any interrogatories or requests for production or admission must be served sufficiently ahead of this date so that responses are due on or before the date discovery closes. Requests that do not allow response by this date are deemed untimely and no response need be given.

6.    **EXHIBITS.** Exhibits will be handled pursuant to Administrative Bulletin No. 9, Civil Rule 43.1, and as follows:

a.    Parties shall exchange exhibits on or before the date set forth in paragraph 1. Any documentary exhibits not previously produced shall be copied for opposing counsel and any non-documentary exhibits (photos, charts, etc.) shall be available for inspection.

b.    All exhibits and original exhibit lists shall be brought to court the day of trial. If parties intend to submit any of the exhibits on the following list, photographs of the exhibit shall also be submitted to the court.

- Live ammunition
- Firearms
- Drugs and/or alcoholic beverages
- Perishable, flammable or hazardous (including bio-hazardous exhibits such as human blood, secretions or bone fragments)
- Money, jewelry and other valuable items
- Items which are unwieldy due to bulk and/or weight

At the end of the trial any physical exhibits, on the above list, will immediately be returned to the party and the photographs of the exhibits will remain in evidence.

c.    Exhibits must be clearly legible or they will not be submitted at trial.

d.    Exhibits not submitted as herein ordered will not be admitted at trial except by order for good cause shown.

7.    **ADDITION OF PARTIES/AMENDMENTS TO PLEADINGS.** On or before the dates set forth in paragraph 1, motions seeking to add parties or amend pleadings must be filed.

8.    **PRETRIAL MEMORANDA.** On or before the date set forth in paragraph 1, counsel for each party shall file and serve a pretrial memorandum covering the following matters:

a.    <u>Trial Brief.</u> This shall contain the following:

(1)    A short, plain and candid statement of each contested issue of fact which remains to be litigated.

(2)    A short, plain and candid statement of each contested issue of law which remains to be litigated.

(3)    A short, plain and candid statement of the facts of the case.

(4)    A legal brief supporting the party's position as to each contested issue of law stated in paragraph (2) above, and each question of law or evidence which the party should reasonably anticipate may arise during the course of the trial. Pertinent, persuasive or controlling authority shall be cited. In presenting matters of law to the court, counsel shall disclose controlling legal authority which is known to counsel to be directly adverse to the position of counsel's client.

    b.    <u>Objections to Documents and Exhibits.</u>

(1)    Each objections to any document or exhibit shall identify the document or exhibit by number, and shall be set forth separately and specifically, with a clear statement of the objection.

(2)    Following the objection there shall be listed a citation of authorities in support of the objection.

(3)    Documents and exhibits to which no objection is made shall be admitted at trial.

    c.    <u>Stipulations.</u>  Counsel shall specify those relevant facts admitted in pleadings, requests for admissions or other records on file for which no proof need be offered at trial. Prior to the commencement of trial, counsel shall enter into a written stipulation of facts so disclosed in this manner.

9.    **<u>JURY INSTRUCTIONS</u>**. 03/03/06

    a.    <u>Order Requiring Both Hard Copy and Electronic Submission of Jury Instructions.</u> To more easily facilitate the court's review and modification of any proposed jury instructions, the parties are ordered to submit, by the date stated above, both a hard copy and an electronic copy of all jury instructions. The court requests parties submit their proposed instructions in Microsoft Word format (the default MS Word file extension is .doc but another acceptable format is .rtf) on either CD-ROM or 3.5-inch floppy disk. For ease of use, each jury instruction should be a clearly labeled separate file on the electronic medium.

10.    **<u>OBJECTIONS TO INSTRUCTIONS</u>**. 03/09/06

11.    **MOTIONS.**

a.    <u>Dispositive Motions.</u> Counsel shall file any dispositive motion such as motions to dismiss, for partial summary judgment, for summary judgment, or motions under Rule 12, on or before the date set forth in paragraph 1.

b.    <u>Other Motions.</u> Counsel shall file any motion relating to discovery matters on or before the date set forth in paragraph 1. Counsel shall file trial evidentiary motions, including motions <u>in limine</u> and motions for protective orders, on or before the date set forth in paragraph 1.

c.    <u>Procedure.</u> The provisions of Civil Rule 77 shall apply to any such motions.

d.    <u>No Extension of Time in Final Period.</u> No motion or stipulation to continue any dates on which motions are due shall be considered. Where motions are not filed until the deadline for that type of motion, no extension of time will be granted for opposition or reply absent extraordinary circumstances.

12.    **SETTLEMENT CONFERENCE.** Any motion or stipulation for a settlement conference shall be filed on or before the date specified in paragraph 1.

Two weeks before the scheduled settlement conference, each party shall file in the settlement judge's chambers a settlement brief of not more than five (5) pages plus any documents the party wants to have reviewed. The settlement brief must include the following: (a) a short statement of the case; (b) three candid reasons why the party believes it should prevail; and (c) three candid reasons why the party believes it might not prevail. The settlement brief will not be served on or disclosed to the trial judge, unless the trial judge is the settlement judge, or any other party. Following the settlement conference, the settlement conference judge will destroy all settlement briefs received.

The parties, as well as the attorneys, must be present at the settlement conference. Waiver of this requirement or telephonic participation may only be granted by the settlement judge.

13.    **DEPOSITIONS.** Trial use of depositions shall be governed by Civil Rule 32. Designations of depositions of witnesses to be used at trial, objections to the use of the designated portion of the deposition, counter designations, replies to the objections, and objections to the counter designations shall be filed on or before the dates set forth in paragraph 1. Copies of the complete depositions to be used shall be filed in the trial judge's chambers on or before the date for reply.

14.    **PRETRIAL CONFERENCE.** A pretrial conference shall be held on the date and time set forth in paragraph 1, to consider all pending motions not previously disposed of, objec-

tions to documents and exhibits, and all other matters that may tend to expedite the trial of this case.

15. **SERVICE OF FILINGS**. Pretrial Memoranda, Objections and Reply to Objections to Depositions, Jury Instructions, Objections to Instructions and Exhibits must be served in a manner which will allow receipt by all counsel by the date of filing set forth in paragraph 1.

16. **TRIAL COUNSEL PRESENCE**, Pretrial Conferences and Settlement Conferences must be attended by the attorney who will actually be lead trial counsel.

17. **RESPONSIBILITY FOR COMPLIANCE**. It is the responsibility of each party to comply with the dates set forth in this pretrial order. A party shall not file any required document late. A document not filed on time shall be lodged with a motion to accept late filing with an accompanying memorandum supported by affidavits or other verifiable evidence. In the absence of such a motion, the document shall be treated as if not filed.

18. **FACSIMILE TRANSMISSIONS**. The court will not accept any facsimile transmission without **A PRIOR WRITTEN COURT ORDER** approving use of a facsimile transmission.

19. **SUPPLEMENTAL DISCLOSURE**. Supplementation of disclosures under Civil Rule 26(e) will be due every 30 days commencing the 25th day of the month following entry of this order, with the last supplement to be no later than 45 days before the close of discovery. This in no way relieves the parties of the additional duties imposed by Civil Rule 26(e)(1)(2).

20. **SPECIAL DEADLINES/PROVISIONS**.

a. Objections to or motions to modify any portion of this pretrial order must be filed no later than 07/05/05.

b. A copy of the following pre-trial pleadings must be delivered to chambers at the time of filing:

    (1)   Pretrial memoranda
    (2)   Deposition designations, counter designations, objections, and replies

IT IS HEREBY ORDERED that this order shall govern the conduct of pretrial and trial of this case and that it shall not be amended except by order of the court to prevent manifest injustice.

DATED at Bethel, Alaska this 3rd day of JUNE, 2005.

I certify that on 6/3/05
copies of this form were sent to
CLERK: __mm__
-VALCARCE -HANSON
-AUGSTMAN
(VIA FAX &
HARD COPY)

LEONARD R. DEVANEY
Superior Court Judge

Page 6
(Rev. 8/99)

ALASKA COURT SYTEM
PO BOX 130
BETHEL AK 99559-0130
907-543-1124
FAX 907-543-3343

# nile transmittal

| MIKE HANSON | Fax: | (907) 258-8865 |
|---|---|---|
| MONA JENSEN | Date: | 6/3/2005 |
| 4BE-05-55 CI | Pages: | 7 INCL COVER SHEET |

CC:

☐ Urgent  ☑ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

TO:  MIKE HANSON
RE:  4BE-05-55 CI  CHARLES V GEICO

HERE IS AN ORDER ON THE ABOVE-REFERENCED CASE.

THANK YOU!

MONA JENSEN, mjensen@courts.state.ak.us
JUD ADMIN ASST FOR JUDGE LEONARD D VANEY
907-543-1124 PHONE     907-543-3343 FAX

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES & BERNADETTE CHARLES,  )
                 **Plaintiff,**  )
    vs.  )
                               )
GEICO GENERAL INSURANCE COMPANY,  )
                 **Defendant.**  )

Case No. 4BE-05-55 CI

### CIVIL PRETRIAL ORDER

1.    **DATES.**

| | |
|---|---|
| Trial: During the week of: | 03/27/06 |
| Motions Seeking to Add Parties: | 09/01/05 |
| Motions Seeking to Amend Pleadings: | 09/01/05 |
| Dispositive Motions: | 11/25/05 |
| Disclosure of Use and Opinions of Experts: | See Paragraphs 3(a)and(c) |
| Settlement Conference Request: | 11/21/05 |
| Expert Witness Lists: | 01/17/06 |
| Preliminary Witness Lists: | 08/02/05 |
| Final Witness Lists: | 06/06/06 |
| Depositions Taken Through: | 11/26/05 |
| Close of Discovery: | 01/26/06 |
| Discovery Motions: | 02/02/06 |
| Trial Evidentiary Motions: | 02/10/06 |
| Exhibits: | 02/24/06 |
| Pretrial Memoranda: | 03/09/06 |
| Deposition Designations: | 02/27/06 |
| Counter Designations and Objections to Depositions: | 03/06/06 |
| Objections to Counter Designations and Reply to Objections to Depositions: | 03/13/06 |
| Pretrial Conference: | 03/09/06 at 9:00 a.m. |
| Special Deadlines/Provisions: | See Paragraph 20 |

2.    **TRIAL.** This matter is set for court trial as set forth in paragraph 1. Trial is estimated to take 6 days.

3.    **EXPERT WITNESSES**.

a.    <u>Disclosure</u>.  On <u>09/01/05</u>, plaintiff shall file and serve a notice disclosing whether experts will be called and, if so, the fields of expertise of such experts.  On <u>09/08/05</u>, defendant shall file and serve a notice disclosing whether experts will be called and, if so, the fields of expertise of such experts.  On <u>09/15/05</u>, plaintiff may file and serve a supplement of its designation of expert witness use.

b.    <u>Expert Witness Lists</u>.  On the date set forth in paragraph 1, counsel shall file and serve a list containing the names, addresses, telephone numbers, and areas of expertise of all witnesses who will be called to give testimony or present evidence under Evidence Rules 702, 703, or 705.

c.    On <u>01/03/06</u>, counsel shall serve full disclosure of expert testimony as defined and provided for under Civil Rule 26(a)(2)(B).

d.    No depositions may be taken to perpetuate the testimony of any expert unless the party calling that expert and seeking to perpetuate the expert's testimony has first made the expert available to the adverse party and the expert has been deposed for discovery purposes.

e.    Counsel must disclose timely any information coming to counsel's knowledge regarding changes in any expert's address or telephone number.

4.    **OTHER WITNESS LISTS**.

a.    <u>Preliminary Witness Lists</u>.  On or before the date set forth in paragraph 1, each party must file and serve a preliminary witness list.  This list must contain the names, the mailing and physical addresses, and telephone numbers of all witnesses, including rebuttal witnesses, and expert witnesses whom the party intends to call at trial.

b.    <u>Final Witness Lists</u>.  On or before the date set forth in paragraph 1, counsel shall file and serve a Witness List showing the names, current mailing and physical addresses, and telephone numbers of all witnesses other than expert witnesses which the parties actually intend to call at the trial.  Counsel must disclose timely any information known to counsel regarding changes in address or telephone number.

c.    <u>Witness Lists At Trial</u>.

(1)    <u>Plaintiff</u>:  No later than the Thursday before the week trial is scheduled to begin, plaintiff's counsel shall serve and file a witness list stating the precise order in which the party intends to call each witness during trial and whether the witness' testimony will be in person or by deposition.

(2)    <u>Defendant</u>:  On the day plaintiff's last witness is called to the witness stand, defense counsel shall serve and file a witness list stating the precise order in which the party intends to call each witness during trial and whether the witness' testimony will be in person or by deposition.

(3)    Opposing counsel must be given at least 24 hours notice of any change in the sequence of witnesses so listed.

5.    **DISCOVERY.** All discovery shall be completed by the date set forth in paragraph 1. This means that any interrogatories or requests for production or admission must be served sufficiently ahead of this date so that responses are due on or before the date discovery closes. Requests that do not allow response by this date are deemed untimely and no response need be given.

6.    **EXHIBITS.** Exhibits will be handled pursuant to Administrative Bulletin No. 9, Civil Rule 43.1, and as follows:

a.    Parties shall exchange exhibits on or before the date set forth in paragraph 1. Any documentary exhibits not previously produced shall be copied for opposing counsel and any non-documentary exhibits (photos, charts, etc.) shall be available for inspection.

b.    All exhibits and original exhibit lists shall be brought to court the day of trial. If parties intend to submit any of the exhibits on the following list, photographs of the exhibit shall also be submitted to the court.

- Live ammunition
- Firearms
- Drugs and/or alcoholic beverages
- Perishable, flammable or hazardous (including bio-hazardous exhibits such as human blood, secretions or bone fragments)
- Money, jewelry and other valuable items
- Items which are unwieldy due to bulk and/or weight

At the end of the trial any physical exhibits, on the above list, will immediately be returned to the party and the photographs of the exhibits will remain in evidence.

c.    Exhibits must be clearly legible or they will not be submitted at trial.

d.    Exhibits not submitted as herein ordered will not be admitted at trial except by order for good cause shown.

7.    **ADDITION OF PARTIES/AMENDMENTS TO PLEADINGS.** On or before the dates set forth in paragraph 1, motions seeking to add parties or amend pleadings must be filed.

8.    **PRETRIAL MEMORANDA.** On or before the date set forth in paragraph 1, counsel for each party shall file and serve a pretrial memorandum covering the following matters:

a.    <u>Trial Brief.</u> This shall contain the following:

      (1)   A short, plain and candid statement of each contested issue of fact which remains to be litigated.

      (2)   A short, plain and candid statement of each contested issue of law which remains to be litigated.

      (3)   A short, plain and candid statement of the facts of the case.

      (4)   A legal brief supporting the party's position as to each contested issue of law stated in paragraph (2) above, and each question of law or evidence which the party should reasonably anticipate may arise during the course of the trial. Pertinent, persuasive or controlling authority shall be cited. In presenting matters of law to the court, counsel shall disclose controlling legal authority which is known to counsel to be directly adverse to the position of counsel's client.

      b.   Objections to Documents and Exhibits.

      (1)   Each objections to any document or exhibit shall identify the document or exhibit by number, and shall be set forth separately and specifically, with a clear statement of the objection.

      (2)   Following the objection there shall be listed a citation of authorities in support of the objection.

      (3)   Documents and exhibits to which no objection is made shall be admitted at trial.

      c.   Stipulations. Counsel shall specify those relevant facts admitted in pleadings, requests for admissions or other records on file for which no proof need be offered at trial. Prior to the commencement of trial, counsel shall enter into a written stipulation of facts so disclosed in this manner.

9.   **JURY INSTRUCTIONS.** 03/03/06

      a.   Order Requiring Both Hard Copy and Electronic Submission of Jury Instructions. To more easily facilitate the court's review and modification of any proposed jury instructions, the parties are ordered to submit, by the date stated above, both a hard copy and an electronic copy of all jury instructions. The court requests parties submit their proposed instructions in Microsoft Word format (the default MS Word file extension is .doc but another acceptable format is .rtf) on either CD-ROM or 3.5-inch floppy disk. For ease of use, each jury instruction should be a clearly labeled separate file on the electronic medium.

10.   **OBJECTIONS TO INSTRUCTIONS.** 03/09/06

Page 4
(Rev. 8/99)

11.  **MOTIONS**.

a.  Dispositive Motions.  Counsel shall file any dispositive motion such as motions to dismiss, for partial summary judgment, for summary judgment, or motions under Rule 12, on or before the date set forth in paragraph 1.

b.  Other Motions.  Counsel shall file any motion relating to discovery matters on or before the date set forth in paragraph 1.  Counsel shall file trial evidentiary motions, including motions in limine and motions for protective orders, on or before the date set forth in paragraph 1.

c.  Procedure.  The provisions of Civil Rule 77 shall apply to any such motions.

d.  No Extension of Time in Final Period. No motion or stipulation to continue any dates on which motions are due shall be considered.  Where motions are not filed until the deadline for that type of motion, no extension of time will be granted for opposition or reply absent extraordinary circumstances.

12.  **SETTLEMENT CONFERENCE**.  Any motion or stipulation for a settlement conference shall be filed on or before the date specified in paragraph 1.

Two weeks before the scheduled settlement conference, each party shall file in the settlement judge's chambers a settlement brief of not more than five (5) pages plus any documents the party wants to have reviewed.  The settlement brief must include the following: (a) a short statement of the case; (b) three candid reasons why the party believes it should prevail; and (c) three candid reasons why the party believes it might not prevail.  The settlement brief will not be served on or disclosed to the trial judge, unless the trial judge is the settlement judge, or any other party.  Following the settlement conference, the settlement conference judge will destroy all settlement briefs received.

The parties, as well as the attorneys, must be present at the settlement conference.  Waiver of this requirement or telephonic participation may only be granted by the settlement judge.

13.  **DEPOSITIONS**.  Trial use of depositions shall be governed by Civil Rule 32.  Designations of depositions of witnesses to be used at trial, objections to the use of the designated portion of the deposition, counter designations, replies to the objections, and objections to the counter designations shall be filed on or before the dates set forth in paragraph 1.  Copies of the complete depositions to be used shall be filed in the trial judge's chambers on or before the date for reply.

14.  **PRETRIAL CONFERENCE**.  A pretrial conference shall be held on the date and time set forth in paragraph 1, to consider all pending motions not previously disposed of, objec-

tions to documents and exhibits, and all other matters that may tend to expedite the trial of this case.

15.    **SERVICE OF FILINGS**. Pretrial Memoranda, Objections and Reply to Objections to Depositions, Jury Instructions, Objections to Instructions and Exhibits must be served in a manner which will allow receipt by all counsel by the date of filing set forth in paragraph 1.

16.    **TRIAL COUNSEL PRESENCE**.    Pretrial Conferences and Settlement Conferences must be attended by the attorney who will actually be lead trial counsel.

17.    **RESPONSIBILITY FOR COMPLIANCE**.  It is the responsibility of each party to comply with the dates set forth in this pretrial order. A party shall not file any required document late. A document not filed on time shall be lodged with a motion to accept late filing with an accompanying memorandum supported by affidavits or other verifiable evidence. In the absence of such a motion, the document shall be treated as if not filed.

18.    **FACSIMILE TRANSMISSIONS**. The court will not accept any facsimile transmission without **A PRIOR WRITTEN COURT ORDER** approving use of a facsimile transmission.

19.    **SUPPLEMENTAL DISCLOSURE**.  Supplementation of disclosures under Civil Rule 26(e) will be due every 30 days commencing the 25th day of the month following entry of this order, with the last supplement to be no later than 45 days before the close of discovery. This in no way relieves the parties of the additional duties imposed by Civil Rule 26(e)(1)(2).

20.    **SPECIAL DEADLINES/PROVISIONS**.

a.    Objections to or motions to modify any portion of this pretrial order must be filed no later than 07/05/05.

b.    A copy of the following pre-trial pleadings must be delivered to chambers at the time of filing:

(1)    Pretrial memoranda
(2)    Deposition designations, counter designations, objections, and replies

IT IS HEREBY ORDERED that this order shall govern the conduct of pretrial and trial of this case and that it shall not be amended except by order of the court to prevent manifest injustice.

DATED at Bethel, Alaska this 3rd day of JUNE, 2005.

LEONARD R. DEVANEY
Superior Court Judge

I certify that on 6/3/05
copies of this form were sent to
CLERK:
-VALCARCE
-HANSON
-ANGSTMAN
(VIA FAX &
HARD COPY)

Page 6
(Rev. 8/99)