IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| 1  JACK CHARLES and BERNADETTE CHARLES, | ) |
| 2                               Plaintiffs, | ) |
| 3  vs. | ) |
| 4  GEICO GENERAL INSURANCE COMPANY, | ) |
| 5                               Defendant | ) |
| 6 | ) |

RECEIVED

JUN ~ 9 2005

Call, Hanson & Kell, P.C.

| | |
|---|---|
| 7  GEICO CASUALTY COMPANY, | ) |
| 8        Third Party Plaintiff, | ) |
| 9  vs. | ) |
| 10 | ) |
| 11  VALERIE JOE, | ) |
| 12        Third Party Defendant. | ) |
| 13 | ) |

Case No. 4BE-04-271 CI

## OPPOSITION TO MOTION TO REMAND AND
## MOTION TO AMEND COMPLAINT

COMES NOW, plaintiffs, Jack Charles and Bernadette Charles, by and through Chester Gilmore of the firm of Cooke, Roosa, & Valcarce, and move the court to allow them to amend their complaint against defendant Geico General Insurance Company. Plaintiffs also oppose Geico's motion to remand. Even if GEICO is correct and the policy-limit for each plaintiff is $50,000.00, the plaintiffs' amendment of the complaint will make remand unnecessary and inappropriate. The accompanying memorandum of law supports this opposition and motion.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Noted BHC
Date Served 6/9/05
Response Due 6/14/05

6/14

DATED this __6__ day of June, 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

Chester Gilmore
ABA No. 0405015

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Cooke, Roosa
& Valcarce, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

OPPOSITION TO MOTION TO REMAND AND MOTION TO AMEND COMPLAINT

Case No. 4BE-05-55 Civil

2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

1  JACK CHARLES and BERNADETTE CHARLES,        )
                                                )
2                              Plaintiffs,       )
                                                )
3  vs.                                          )
                                                )
4  GEICO GENERAL INSURANCE COMPANY,             )
                                                )
5                                               )
                               Defendant        )
6  _____ )
                                                )
7  GEICO CASUALTY COMPANY,                      )
                                                )
8                                               )
       Third Party Plaintiff,                   )
9                                               )
10 vs.                                          )
                                                )
11 VALERIE JOE,                                 )
                                                )
12                                              )
       Third Party Defendant.                   )
13 _____ )

14 Case No. 4BE-04-271 CI

15 **MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO REMAND
   AND MOTION TO AMEND COMPLAINT**
16

17      Plaintiffs move to amend their Complaint pursuant to Civil Rule 15(a),

18 which provides that a party may amend by leave of court, "and leave shall be

19 freely granted." This amendment alleges additional claims of negligence and

20 bad faith against GEICO; negligence against Valerie Joe; and alleges further

21 damages stemming from such torts. The amendment renders moot the

22

23 defendant's motion to remand.  Lodged herewith is plaintiffs' proposed First

24 Amended Complaint for Damages.

25

26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

OPPOSITION TO MOTION TO REMAND AND MOTION TO AMEND COMPLAINT                    3

Case No. 4BE-05-55 Civil

Alaska law incorporates a liberal standard for amending pleadings. According to Alaska Rule of Civil Procedure 15(a), a party may amend its pleading by leave of the court, "and leave shall be freely given when justice so requires."   In Estate of Thompson v. Mercedes-Benz, Inc., the Alaska Supreme Court stated that leave to amend should be "liberally granted."[1]  In that case, the court held that the trial court should have granted the appellant leave to amend its complaint before trial; according to the court: "any other result would be in conflict with the liberal interpretation this court has given the civil rules in the past."[2]

Here, justice requires that the court grant the plaintiffs leave to amend, and no injustice will result from such leave.  This litigation is at its earliest stage; the pretrial scheduling conference was recently held on May 24, 2005.[3]  The pre-trial scheduling order has not even been issued, but will set a deadline to amend the complaint many months in the future.   Thus, this is not an instance where amending the complaint will cause either delay of the trial, or unduly burden the defendant's preparations.

Concerning defendant GEICO's motion to remand, this amended complaint renders the motion moot.  GEICO argues for remand to the district court solely because the terms of the plaintiffs' insurance contract with GEICO provide for up to $50,000.00 per/person uninsured motorist (UM) benefits.[4]  As set forth in the amended complaint, plaintiffs believe coverage is significantly higher, but even if GICO were correct, remand is unnecessary, because plaintiffs'

---

[1] 514 P.2d 1269, 1271-72 (Alaska 1973).
[2] Id.
[3] Notice of Trial Date Setting Conference, notice of the court, issued 4/21/05.
[4] Defendant's Motion to Remand to District Court, at 2-3.

OPPOSITION TO MOTION TO REMAND AND MOTION TO AMEND COMPLAINT                4

Case No. 4BE-05-55 Civil

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

amendment to the complaint alleges more than $100,000 in damages against

both Joe and GEICO, which exceeds the jurisdictional limit of the district court.[5]

1

2

3

4

5

6

7

GEICO's motion to remand is essentially a motion to dismiss on the face of

the pleadings for lack of subject matter jurisdiction.[6]  Under Civil Rule 12(b), the trial

court must consider the facts set forth in the amended complaint as being true.[7]

Thus, the court cannot remand as the court must accept plaintiffs' allegations that

they have incurred more than $100,000 in damages as being true.    In

consequence, GEICO's motion to remand must be denied.

8

9

For the foregoing reasons, the court should allow the plaintiffs' to amend

their complaint, and deny GEICO's motion to remand.

10

11

12

DATED this ___6___ day of June, 2005, at Bethel, Alaska.

13

14

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

15

16

17

Chester Gilmore
ABA No. 0405015

18

19

20

21

22

23

24

25

26

---

[5] See AS 22.15.030(a)(1).
[6] See Alaska Rules of Civil Procedure 12(b)1.
[7] See <u>Shooshanian v. Wagner</u>, 672 P.2d 455, 461 (Alaska 1983).
<u>OPPOSITION TO MOTION TO REMAND AND MOTION TO AMEND COMPLAINT</u>

Case No. 4BE-05-55 Civil

5

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES,    )
                                         )
                          Plaintiffs,    )
                                         )
vs.                                      )
                                         )
GEICO GENERAL INSURANCE COMPANY, and    )
VALERIE JOE                              )
                                         )
                          Defendants.    )
_____)
                                         )
GEICO CASUALTY COMPANY,                  )
                                         )
        Third Party Plaintiff,           )
                                         )
vs.                                      )
                                         )
VALERIE JOE,                             )
                                         )
        Third Party Defendant.           )
_____)

Case No. 4BE-04-271 CI

### FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiffs, by and through the law firm of Cooke, Roosa & Valcarce, and for

their action against the defendants, allege as follows:

1. That plaintiffs are residents of Bethel in the Fourth Judicial District,

State of Alaska and the acts and omissions alleged herein occurred in Bethel,

Alaska.

2. That defendant GEICO GENERAL INSURANCE CO. (hereinafter

GEICO or GEICO INSURANCE CO.) is an insurance company licensed and

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

authorized by the Division of Insurance to do business in the State of Alaska, and its principal place of business is in Alaska. Its registered agent for personal service is Nancy C. Pierce, Regional Vice President, One GEICO West 14111 Danielson Street, Poway, CA 92064-6886. Service of process, pursuant to A.S. 21.09.180 and A.S. 21.09.190, is on the Director of the Division of Insurance, P. O. Box 110805, Juneau, Alaska 99811-0805.

3. That defendant VALERIE JOE is a resident of Bethel in the Fourth Judicial District, State of Alaska.

### (CLAIMS AGAINST GEICO INSURANCE CO.)

4. On or about April, 2004, plaintiffs paid more than $500.00 for automobile insurance, policy number 4006-81-40-67 from defendant GEICO, and specifically uninsured/underinsured motorist coverage. That after such purchase, defendant issued to plaintiffs an Alaska Family Automobile Insurance Policy, which obligated defendant to pay for damages to plaintiffs in the event they were injured by a driver who did not have insurance to cover the losses, referred to as an "uninsured motorist," under the policy. Plaintiffs performed their promise to pay the policy premiums owed to GEICO.

5. That prior to purchasing such insurance GEICO INSURANCE CO., its employees and agents, had a duty to provide coverage options and ensure that plaintiffs selected appropriate limits for living in an area with a high number of uninsured motorists.

First Amended Complaint                                                                 Page 2

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

6. Prior to purchasing said insurance, plaintiffs reasonably relied on GEICO INSURANCE, its employees and agents, to provide them with competent advice on coverage options. Plaintiffs reasonably relied on the purported insurance knowledge and expertise agents of GEICO, in selecting coverage of UM/UIM insurance. Plaintiffs reasonably relied on GEICO's actions, inactions, conduct, communications, information, recommendations, and selection of insurance including UM/UIM insurance and limits.

7. On information or belief, plaintiffs were negligently offered UIM/UM coverage, and the amount of purported UIM/UM coverage was unreasonable under the circumstances, to which GEICO knew. Plaintiffs would have obtained much higher UM/UIM limits if such limits had been properly disclosed. Defendant GEICO is liable for damages as more fully set out herein.

8. That GEICO owed the plaintiffs a duty of good faith and fair dealing in relation to any UM/UIM claims by the plaintiffs that were covered by the insurance policy including but not limited to providing: fair and prompt information and assistance in presenting a claim, responsive communications, fair and prompt investigation, fair and prompt evaluation, and fair and prompt compensation.

9. That after plaintiffs purchased said insurance from defendant GEICO, on or about May 3, 2004, an auto accident occurred between defendant VALERIE JOE and the plaintiffs. That such accident occurred at the three-way

First Amended Complaint                                                                 Page 3

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

intersection of Third Avenue, Willow Street, and Chief Eddie Hoffman Highway (known locally as "Watson's Corner") in Bethel, Alaska.

10.    That said incident was caused by the negligence of defendant VALERIE JOE, who did not have insurance to cover the losses, which resulted in plaintiffs being uninsured motorists pursuant to the GEICO Policy.

11.    After numerous demands by plaintiffs to resolve their claims in exchange for payment of the $100,000 policy limits, on or about February 26, 2005, GEICO claims examiner Rebecca Caldwell offered $5,500 to Jack Charles and $6,300 for Bernadette Charles, which was/is inadequate compensation for the plaintiffs' compensatory damages.   That defendant GEICO owes plaintiffs adequate and full compensation for their compensatory losses, and GEICO's refusal to provide such to the plaintiffs violates the contract and is a breach of GEICO's policy and in bad faith.

12.    On information or belief, the GEICO policy was offered and sold in violation of AS 21.89.020 (c)-(c)(2). Plaintiffs was negligently, recklessly and fraudulently deprived of their right under AS 21.89.020(c)-(c)(2) to receive offers of higher limits of UM/UIM coverage equal to and greater than the liability limit of the policy. If plaintiffs had been afforded the opportunity to know the UM/UIM limits prices and if they had been afforded the right to exercise their legal right to select such limits of UM/UIM coverage, plaintiffs would have selected limits greater. GEICO is liable in tort for the uninsured losses and

First Amended Complaint                                                              Page 4

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

other legal damages of plaintiff related to the violation of AS 21.89.020 as set forth in Peter v. Schumacher, 22 P.3d 482 (Ak. 2001).

13.   On information or belief, the GEICO policy issued to plaintiffs was also the result of a fraudulent practices, and a scheme and conspiracy by GEICO Insurance to only offer and disclose low UM/UIM limits, conceal UM/UIM limits and prices available and required to be offered, issue low UM/UIM coverage limits and thus deprive plaintiffs and many others of their legal rights under AS 21.89.020 to receive offers of limits of UM/UIM coverage as set forth in that statute and to purchase such UM/UIM limits.

14. Plaintiffs reasonably relied on and were misled and deceived by GEICO insurance. The negligent and/or reckless and/or misleading, deceptive and fraudulent conduct, actions and inactions, and scheme and conspiracy misled and deceived plaintiffs into obtaining low UM/UIM coverage and as a result, plaintiffs were damaged as more fully set out herein.

15. That defendant GEICO violated the covenant of good faith and fair dealing and acted in bad faith toward the plaintiffs.  Evidence of this bad faith includes violations of the Alaska Unfair Claims Practices and Acts statutes and regulations at AS 21.36.126 and 3 AAC 26.010 et seq.  Its acts of bad faith include but are not limited to: its unreasonable delay in paying property damage, its failure to properly investigate, its failure to promptly evaluate, its action forcing the insured to litigate, and its failure to off its full UM limits in

First Amended Complaint                                                      Page 5

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

accordance with its policy and in accordance with Alaska law on UM limits.

16. The defendant GEICO's actions, scheme and conspiracy were in conscious disregard of insurance industry practices and standards, Alaska law, and were reckless and in conscious disregard of the rights of the plaintiffs and other Alaskan insured's so as to subject GEICO to an award of punitive damages to be determined by the jury after consideration of factors under Alaska law. These should include but are not limited to: defendants' breaches of duties and insurance industry practices, defendants' breaches of Alaska laws and regulations, defendants' scheme and conspiracy directed at plaintiff and similarly situated insured's, the need to confirm Alaska laws and fair insurance practices, the need to discourage defendants and similarly placed insurers and agents, and the respective wealth of the defendants.

### (CLAIMS AGAINST VALERIE JOE)

17. Plaintiffs reassert the allegations set forth above, and allege that VALERIE JOE's negligence caused the collision and thus damaged the plaintiffs.

WHEREFORE, plaintiffs request the following relief from this Court:

I.    For a determination of damages by a jury and judgment for past and future economic and non-economic damages against defendants in an amount to be determined at trial but in any event greater than $ 100,000 for each plaintiff.

II.    For an award of punitive damages against defendant GEICO.

First Amended Complaint                                                                 Page 6

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

III.    For costs, interest and attorney's fees in bringing this action; and

IV.    For such other relief as the court considers appropriate.

DATED this ___3___ day of May, 2005, at Bethel, Alaska.

                                        COOKE, ROOSA & VALCARCE
                                        Attorney for Plaintiffs


                                        _____
                                        Jim J. Valcarce
                                        ABA No. 9505011

First Amended Complaint                                                    Page 7

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES,     )
                                          )
                    Plaintiffs,           )
                                          )
vs.                                       )
                                          )
GEICO GENERAL INSURANCE COMPANY,          )
                                          )
                    Defendant             )
_____ )
                                          )
GEICO CASUALTY COMPANY,                   )
                                          )
        Third Party Plaintiff,            )
                                          )
vs.                                       )
                                          )
VALERIE JOE,                              )
                                          )
        Third Party Defendant.            )
_____ )

Case No. 4BE-04-271 CI

## ORDER REGARDING FIRST AMENDED COMPLAINT; & MOTION TO REMAND

THIS MATTER having come before the Court on plaintiffs' motion to

amend their complaint and GEICO's motion for remand, and any response thereto

having been heard and considered, the Court now enters the following order:

IT IS HEREBY ORDERED, that plaintiffs' motion to amend their complaint

is GRANTED and the First Amended Complaint for Damages lodged with the Court

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
500 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

shall be accepted by the Clerk for filing in this action.  Defendant's motion for

remand is DENIED.


DATED:_____, 2005. _____
                                    Superior Court Judge Devaney

OrderRe: First Amended Complaint                                    Page 2
4BE-03-86 Civil

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES &BERNADETTE CHARLES, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| GEICO GENERAL INSURACE COMPANY, ) | |
| ) | |
| Defendant, ) | |
| ———————————————————— ) | |
| ) | |
| GEICO CASUALTY COMPANY, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| VALERIE JOE, ) | |
| ) | |
| Third Party Defendant, ) | Case No. 4BE-04-271 CI |
| ———————————————————— ) | |

## CERTIFICATE OF SERVICE

LINDA MOCKTA, certifies that she is an authorized agent of Cooke, Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on the date stated herein she filed the following documents in the above-named court and faxed and mailed copies thereof to the person listed below:

Documents:          OPPOSITION TO MOTION TO REMAND AND MOTION
                    TO AMEND COMPLAINT
                    FIRST AMENDED COMPLAINT FOR DAMAGES
                    PROPOSED ORDER

Person Served:      Blake H. Call
                    CALL, HANSON & KELL P.C.
                    250 H Street
                    Anchorage, Alaska 99501-2112

Dated this 6th day of June 2005, at Bethel, Alaska

LINDA MOCKTA

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

LAW OFFICES OF

## COOKE, ROOSA, & VALCARCE, LLC
A LIMITED LIABILITY CORPORATION

ANCHORAGE

CHRISTOPHER R. COOKE
KENNETH S. ROOSA

BETHEL

JIM VALCARCE
HEATHER SIA
CHESTER GILMORE

900 3rd Avenue / P. O. Box 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744
TELEFAX: (907) 543-2746

E-MAIL: info@busblawyers.com

ANCHORAGE OFFICE

3700 Jewel Lake Road
Anchorage, Alaska 99502
: phone: (907)276-2744
Telefax: (907) 276-2746

# FACSIMILE COVER SHEET

The following document, including cover sheet, contains ____15____ pages.

**Date:**      **06/06/05**

**TO:**      Blake H. Call                                    **Fax No. :**   (907)258-8865

**RE:**      Charles

**FROM:**      **Chester Gilmore**

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMITTAL IS CONFIDENTIAL, MAY BE SUBJECT TO THE
ATTORNEY-CLIENT PRIVILEGE AND IS INTENDED ONLY FOR THE USE OF THE RECIPIENT NAMED ABOVE. IF THE READER
OF THIS INFORMATION IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERY
TO THIS INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT THIS IS NOT A WAIVER OF
PRIVILEGE AND ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS INFORMATION IS STRICTLY PROHIBITED. IF
YOU HAVE RECEIVED THIS INFORMATION IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE AND
RETURN THE ORIGINAL INFORMATION TO THE SENDER, BY U.S. MAIL, AT THE ABOVE ADDRESS.

Original: Mailed ____        Not Mailed ____

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES,            )
                                                )
                                Plaintiffs,     )
                                                )
vs.                                             )
                                                )
GEICO GENERAL INSURANCE COMPANY,                )
                                                )
                                Defendant       )
_____)
                                                )
GEICO CASUALTY COMPANY,                          )
                                                )
        Third Party Plaintiff,                  )
                                                )
vs.                                             )
                                                )
VALERIE JOE,                                    )
                                                )
        Third Party Defendant.                  )
_____)

Case No. 4BE-04-271 CI

## OPPOSITION TO MOTION TO REMAND AND MOTION TO AMEND COMPLAINT

COMES NOW, plaintiffs, Jack Charles and Bernadette Charles, by and through Chester Gilmore of the firm of Cooke, Roosa, & Valcarce, and move the court to allow them to amend their complaint against defendant Geico General Insurance Company. Plaintiffs also oppose Geico's motion to remand. Even if GEICO is correct and the policy-limit for each plaintiff is $50,000.00, the plaintiffs' amendment of the complaint will make remand unnecessary and inappropriate. The accompanying memorandum of law supports this opposition and motion.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
300 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

DATED this __6__ day of June, 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

Chester Gilmore
ABA No. 0405015

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

OPPOSITION TO MOTION TO REMAND AND MOTION TO AMEND COMPLAINT

Case No. 4BE-05-55 Civil

2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
)
                    Plaintiffs, )
)
vs. )
)
GEICO GENERAL INSURANCE COMPANY, )
)
                    Defendant )
_____)
)
GEICO CASUALTY COMPANY, )
)
     Third Party Plaintiff, )
)
vs. )
)
VALERIE JOE, )
)
     Third Party Defendant. )
_____)

Case No. 4BE-04-271 CI

## MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO REMAND AND MOTION TO AMEND COMPLAINT

Plaintiffs move to amend their Complaint pursuant to Civil Rule 15(a), which provides that a party may amend by leave of court, "and leave shall be freely granted." This amendment alleges additional claims of negligence and bad faith against GEICO; negligence against Valerie Joe; and alleges further damages stemming from such torts. The amendment renders moot the defendant's motion to remand. Lodged herewith is plaintiffs' proposed First Amended Complaint for Damages.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

OPPOSITION TO MOTION TO REMAND AND MOTION TO AMEND COMPLAINT                    3
Case No. 4BE-05-55 Civil

Alaska law incorporates a liberal standard for amending pleadings. According to Alaska Rule of Civil Procedure 15(a), a party may amend its pleading by leave of the court, "and leave shall be freely given when justice so requires."   In Estate of Thompson v. Mercedes-Benz, Inc., the Alaska Supreme Court stated that leave to amend should be "liberally granted."[1]  In that case, the court held that the trial court should have granted the appellant leave to amend its complaint before trial; according to the court: "any other result would be in conflict with the liberal interpretation this court has given the civil rules in the past."[2]

Here, justice requires that the court grant the plaintiffs leave to amend, and no injustice will result from such leave.  This litigation is at its earliest stage; the pretrial scheduling conference was recently held on May 24, 2005.[3]  The pre-trial scheduling order has not even been issued, but will set a deadline to amend the complaint many months in the future.  Thus, this is not an instance where amending the complaint will cause either delay of the trial, or unduly burden the defendant's preparations.

Concerning defendant GEICO's motion to remand, this amended complaint renders the motion moot.  GEICO argues for remand to the district court solely because the terms of the plaintiffs' insurance contract with GEICO provide for up to $50,000.00 per/person uninsured motorist (UM) benefits.[4]  As set forth in the amended complaint, plaintiffs believe coverage is significantly higher, but even if GICO were correct, remand is unnecessary, because plaintiffs'

---

[1] 514 P.2d 1269, 1271-72 (Alaska 1973).
[2] Id.
[3] Notice of Trial Date Setting Conference, notice of the court, issued 4/21/05.
[4] Defendant's Motion to Remand to District Court, at 2-3.
OPPOSITION TO MOTION TO REMAND AND MOTION TO AMEND COMPLAINT                    4

Case No. 4BE-05-55 Civil

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
300 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

amendment to the complaint alleges more than $100,000 in damages against both Joe and GEICO, which exceeds the jurisdictional limit of the district court.[5]

GEICO's motion to remand is essentially a motion to dismiss on the face of the pleadings for lack of subject matter jurisdiction.[6] Under Civil Rule 12(b), the trial court must consider the facts set forth in the amended complaint as being true.[7] Thus, the court cannot remand as the court must accept plaintiffs' allegations that they have incurred more than $100,000 in damages as being true. In consequence, GEICO's motion to remand must be denied.

For the foregoing reasons, the court should allow the plaintiffs' to amend their complaint, and deny GEICO's motion to remand.

DATED this _6_ day of June, 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

Chester Gilmore
ABA No. 0405015

---

[5] See AS 22.15.030(a)(1).
[6] See Alaska Rules of Civil Procedure 12(b)1.
[7] See Shooshanian v. Wagner, 672 P.2d 455, 461 (Alaska 1983).
OPPOSITION TO MOTION TO REMAND AND MOTION TO AMEND COMPLAINT

Case No. 4BE-05-55 Civil

5

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
                                            )
                  Plaintiffs,         )
                                            )

vs.                                             )
                                            )

GEICO GENERAL INSURANCE COMPANY, and )
VALERIE JOE                                       )
                                            )
                  Defendants.       )
                                            )

_____)
                                            )

GEICO CASUALTY COMPANY,           )
                                            )
        Third Party Plaintiff,    )
                                            )

vs.                                           )
                                            )

VALERIE JOE,                        )
                                            )
        Third Party Defendant.    )

_____)

Case No. 4BE-04-271 CI

## FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiffs, by and through the law firm of Cooke, Roosa & Valcarce, and for their action against the defendants, allege as follows:

1. That plaintiffs are residents of Bethel in the Fourth Judicial District, State of Alaska and the acts and omissions alleged herein occurred in Bethel, Alaska.

2. That defendant GEICO GENERAL INSURANCE CO. (hereinafter GEICO or GEICO INSURANCE CO.) is an insurance company licensed and

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

authorized by the Division of Insurance to do business in the State of Alaska,

1   and its principal place of business is in Alaska.   Its registered agent for

2   personal service is Nancy C. Pierce, Regional Vice President, One GEICO West

3   14111 Danielson Street, Poway, CA 92064-6886.  Service of process, pursuant

4   to A.S. 21.09.180 and A.S. 21.09.190, is on the Director of the Division of

5   Insurance, P. O. Box 110805, Juneau, Alaska 99811-0805.

6

7       3. That defendant VALERIE JOE is a resident of Bethel in the Fourth

8   Judicial District, State of Alaska.

9                          **(CLAIMS AGAINST GEICO INSURANCE CO.)**

10

11      4. On or about April, 2004, plaintiffs paid more than $500.00 for

12  automobile insurance, policy number 4006-81-40-67 from defendant GEICO,

13  and specifically uninsured/underinsured motorist coverage. That after such

14  purchase, defendant issued to plaintiffs an Alaska Family Automobile Insurance

15  Policy, which obligated defendant to pay for damages to plaintiffs in the event

16  they were injured by a driver who did not have insurance to cover the losses,

17  referred to as an "uninsured motorist," under the policy.   Plaintiffs performed

18  their promise to pay the policy premiums owed to GEICO.

19

20      5. That prior to purchasing such insurance GEICO INSURANCE CO.,

21  its employees and agents, had a duty to provide coverage options and ensure

22  that plaintiffs selected appropriate limits for living in an area with a high

23  number of uninsured motorists.

24

25  First Amended Complaint                                                    Page 2

26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
300 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

6. Prior to purchasing said insurance, plaintiffs reasonably relied on GEICO INSURANCE, its employees and agents, to provide them with competent advice on coverage options. Plaintiffs reasonably relied on the purported insurance knowledge and expertise agents of GEICO, in selecting coverage of UM/UIM insurance. Plaintiffs reasonably relied on GEICO's actions, inactions, conduct, communications, information, recommendations, and selection of insurance including UM/UIM insurance and limits.

7. On information or belief, plaintiffs were negligently offered UIM/UM coverage, and the amount of purported UIM/UM coverage was unreasonable under the circumstances, to which GEICO knew. Plaintiffs would have obtained much higher UM/UIM limits if such limits had been properly disclosed. Defendant GEICO is liable for damages as more fully set out herein.

8. That GEICO owed the plaintiffs a duty of good faith and fair dealing in relation to any UM/UIM claims by the plaintiffs that were covered by the insurance policy including but not limited to providing: fair and prompt information and assistance in presenting a claim, responsive communications, fair and prompt investigation, fair and prompt evaluation, and fair and prompt compensation.

9. That after plaintiffs purchased said insurance from defendant GEICO, on or about May 3, 2004, an auto accident occurred between defendant VALERIE JOE and the plaintiffs. That such accident occurred at the three-way

First Amended Complaint                                                    Page 3

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

intersection of Third Avenue, Willow Street, and Chief Eddie Hoffman Highway (known locally as "Watson's Corner") in Bethel, Alaska.

10.    That said incident was caused by the negligence of defendant VALERIE JOE, who did not have insurance to cover the losses, which resulted in plaintiffs being uninsured motorists pursuant to the GEICO Policy.

11.    After numerous demands by plaintiffs to resolve their claims in exchange for payment of the $100,000 policy limits, on or about February 26, 2005, GEICO claims examiner Rebecca Caldwell offered $5,500 to Jack Charles and $6,300 for Bernadette Charles, which was/is inadequate compensation for the plaintiffs' compensatory damages.    That defendant GEICO owes plaintiffs adequate and full compensation for their compensatory losses, and GEICO's refusal to provide such to the plaintiffs violates the contract and is a breach of GEICO's policy and in bad faith.

12.    On information or belief, the GEICO policy was offered and sold in violation of AS 21.89.020 (c)-(c)(2). Plaintiffs was negligently, recklessly and fraudulently deprived of their right under AS 21.89.020(c)-(c)(2) to receive offers of higher limits of UM/UIM coverage equal to and greater than the liability limit of the policy. If plaintiffs had been afforded the opportunity to know the UM/UIM limits prices and if they had been afforded the right to exercise their legal right to select such limits of UM/UIM coverage, plaintiffs would have selected limits greater. GEICO is liable in tort for the uninsured losses and

First Amended Complaint                                                                          Page 4

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

other legal damages of plaintiff related to the violation of AS 21.89.020 as set forth in Peter v. Schumacher, 22 P.3d 482 (Ak. 2001).

13. On information or belief, the GEICO policy issued to plaintiffs was also the result of a fraudulent practices, and a scheme and conspiracy by GEICO Insurance to only offer and disclose low UM/UIM limits, conceal UM/UIM limits and prices available and required to be offered, issue low UM/UIM coverage limits and thus deprive plaintiffs and many others of their legal rights under AS 21.89.020 to receive offers of limits of UM/UIM coverage as set forth in that statute and to purchase such UM/UIM limits.

14. Plaintiffs reasonably relied on and were misled and deceived by GEICO insurance. The negligent and/or reckless and/or misleading, deceptive and fraudulent conduct, actions and inactions, and scheme and conspiracy misled and deceived plaintiffs into obtaining low UM/UIM coverage and as a result, plaintiffs were damaged as more fully set out herein.

15. That defendant GEICO violated the covenant of good faith and fair dealing and acted in bad faith toward the plaintiffs. Evidence of this bad faith includes violations of the Alaska Unfair Claims Practices and Acts statutes and regulations at AS 21.36.126 and 3 AAC 26.010 et seq. Its acts of bad faith include but are not limited to: its unreasonable delay in paying property damage, its failure to properly investigate, its failure to promptly evaluate, its action forcing the insured to litigate, and its failure to off its full UM limits in

First Amended Complaint                                                      Page 5

COOKE. ROOSA
& VALCARCE. LLC
ATTORNEYS AT LAW
500 THIRD AVENUE
P. O. BOX 409
BETHEL. ALASKA 99559
(907) 543-2744

accordance with its policy and in accordance with Alaska law on UM limits.

16. The defendant GEICO's actions, scheme and conspiracy were in conscious disregard of insurance industry practices and standards, Alaska law, and were reckless and in conscious disregard of the rights of the plaintiffs and other Alaskan insured's so as to subject GEICO to an award of punitive damages to be determined by the jury after consideration of factors under Alaska law. These should include but are not limited to: defendants' breaches of duties and insurance industry practices, defendants' breaches of Alaska laws and regulations, defendants' scheme and conspiracy directed at plaintiff and similarly situated insured's, the need to confirm Alaska laws and fair insurance practices, the need to discourage defendants and similarly placed insurers and agents, and the respective wealth of the defendants.

### (CLAIMS AGAINST VALERIE JOE)

17. Plaintiffs reassert the allegations set forth above, and allege that VALERIE JOE's negligence caused the collision and thus damaged the plaintiffs.

WHEREFORE, plaintiffs request the following relief from this Court:

I.  For a determination of damages by a jury and judgment for past and future economic and non-economic damages against defendants in an amount to be determined at trial but in any event greater than $ 100,000 for each plaintiff.

II. For an award of punitive damages against defendant GEICO.

First Amended Complaint                                              Page 6

COOKE, ROOSA
a VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

III.   For costs, interest and attorney's fees in bringing this action; and

IV.    For such other relief as the court considers appropriate.

DATED this ___3___ day of May, 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorney for Plaintiffs


_____
Jim J. Valcarce
ABSA No. 9505011

First Amended Complaint                                                    Page 7

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
                                 )
                Plaintiffs, )
                                 )
vs. )
                                   )
GEICO GENERAL INSURANCE COMPANY, )
                                   )
                Defendant )
_____ )
                                   )
GEICO CASUALTY COMPANY, )
                                   )
       Third Party Plaintiff, )
                                   )
vs. )
                                   )
VALERIE JOE, )
                                   )
       Third Party Defendant. )
_____ )

Case No. 4BE-04-271 CI

### ORDER REGARDING FIRST AMENDED COMPLAINT; & MOTION TO REMAND

THIS MATTER having come before the Court on plaintiffs' motion to amend their complaint and GEICO's motion for remand, and any response thereto having been heard and considered, the Court now enters the following order:

IT IS HEREBY ORDERED, that plaintiffs' motion to amend their complaint is GRANTED and the First Amended Complaint for Damages lodged with the Court

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
300 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

shall be accepted by the Clerk for filing in this action.  Defendant's motion for remand is DENIED.

1

2

3

4          DATED:_____, 2005.  _____
                                          Superior Court Judge Devaney

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25          Order Re: First Amended Complaint                    Page 2
            4BE-03-86 Civil
26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, | ) |
| Plaintiff, | ) |
| vs. | ) |
| GEICO GENERAL INSURACE COMPANY, | ) |
| Defendant, | ) |
| | ) |
| GEICO CASUALTY COMPANY, | ) |
| Third Party Plaintiff, | ) |
| vs. | ) |
| VALERIE JOE, | ) |
| Third Party Defendant, | )    Case No. 4BE-04-271 CI |

## CERTIFICATE OF SERVICE

LINDA MOCKTA, certifies that she is an authorized agent of Cooke, Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on the date stated herein she filed the following documents in the above-named court and faxed and mailed copies thereof to the person listed below:

Documents:        OPPOSITION TO MOTION TO REMAND AND MOTION TO AMEND COMPLAINT
FIRST AMENDED COMPLAINT FOR DAMAGES
PROPOSED ORDER

Person Served:        Blake H. Call
CALL, HANSON & KELL P.C.
250 H Street
Anchorage, Alaska 99501-2112

Dated this 6th day of June 2005, at Bethel, Alaska

_____
LINDA MOCKTA

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744