IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
)
         Plaintiffs, )
)
vs. )
)
GEICO GENERAL INSURANCE COMPANY, and )
VALERIE JOE )
)
         Defendants. )
_____)
)
GEICO CASUALTY COMPANY, )
)
    Third Party Plaintiff, )
)
vs. )
)
VALERIE JOE, )
)
    Third Party Defendant. )
_____)

Case No. 4BE-04-271 CI

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiffs, by and through the law firm of Cooke, Roosa & Valcarce, and for their action against the defendants, allege as follows:

1. That plaintiffs are residents of Bethel in the Fourth Judicial District, State of Alaska and the acts and omissions alleged herein occurred in Bethel, Alaska.

2. That defendant GEICO GENERAL INSURANCE CO. (hereinafter GEICO or GEICO INSURANCE CO.) is an insurance company licensed and

authorized by the Division of Insurance to do business in the State of Alaska, and its principal place of business is in Alaska. Its registered agent for personal service is Nancy C. Pierce, Regional Vice President, One GEICO West 14111 Danielson Street, Poway, CA 92064-6886. Service of process, pursuant to A.S. 21.09.180 and A.S. 21.09.190, is on the Director of the Division of Insurance, P. O. Box 110805, Juneau, Alaska 99811-0805.

3. That defendant VALERIE JOE is a resident of Bethel in the Fourth Judicial District, State of Alaska.

### (CLAIMS AGAINST GEICO INSURANCE CO.)

4. On or about April, 2004, plaintiffs paid more than $500.00 for automobile insurance, policy number 4006-81-40-67 from defendant GEICO, and specifically uninsured/underinsured motorist coverage. That after such purchase, defendant issued to plaintiffs an Alaska Family Automobile Insurance Policy, which obligated defendant to pay for damages to plaintiffs in the event they were injured by a driver who did not have insurance to cover the losses, referred to as an "uninsured motorist," under the policy. Plaintiffs performed their promise to pay the policy premiums owed to GEICO.

5. That prior to purchasing such insurance GEICO INSURANCE CO., its employees and agents, had a duty to provide coverage options and ensure that plaintiffs selected appropriate limits for living in an area with a high number of uninsured motorists.

First Amended Complaint　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

6. Prior to purchasing said insurance, plaintiffs reasonably relied on GEICO INSURANCE, its employees and agents, to provide them with competent advice on coverage options. Plaintiffs reasonably relied on the purported insurance knowledge and expertise agents of GEICO, in selecting coverage of UM/UIM insurance. Plaintiffs reasonably relied on GEICO's actions, inactions, conduct, communications, information, recommendations, and selection of insurance including UM/UIM insurance and limits.

7. On information or belief, plaintiffs were negligently offered UIM/UM coverage, and the amount of purported UIM/UM coverage was unreasonable under the circumstances, to which GEICO knew. Plaintiffs would have obtained much higher UM/UIM limits if such limits had been properly disclosed. Defendant GEICO is liable for damages as more fully set out herein.

8. That GEICO owed the plaintiffs a duty of good faith and fair dealing in relation to any UM/UIM claims by the plaintiffs that were covered by the insurance policy including but not limited to providing: fair and prompt information and assistance in presenting a claim, responsive communications, fair and prompt investigation, fair and prompt evaluation, and fair and prompt compensation.

9. That after plaintiffs purchased said insurance from defendant GEICO, on or about May 3, 2004, an auto accident occurred between defendant VALERIE JOE and the plaintiffs. That such accident occurred at the three-way

First Amended Complaint                                                                                             Page 3

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

intersection of Third Avenue, Willow Street, and Chief Eddie Hoffman Highway (known locally as "Watson's Corner") in Bethel, Alaska.

10. That said incident was caused by the negligence of defendant VALERIE JOE, who did not have insurance to cover the losses, which resulted in plaintiffs being uninsured motorists pursuant to the GEICO Policy.

11. After numerous demands by plaintiffs to resolve their claims in exchange for payment of the $100,000 policy limits, on or about February 26, 2005, GEICO claims examiner Rebecca Caldwell offered $5,500 to Jack Charles and $6,300 for Bernadette Charles, which was/is inadequate compensation for the plaintiffs' compensatory damages. That defendant GEICO owes plaintiffs adequate and full compensation for their compensatory losses, and GEICO's refusal to provide such to the plaintiffs violates the contract and is a breach of GEICO's policy and in bad faith.

12. On information or belief, the GEICO policy was offered and sold in violation of AS 21.89.020 (c)-(c)(2). Plaintiffs was negligently, recklessly and fraudulently deprived of their right under AS 21.89.020(c)-(c)(2) to receive offers of higher limits of UM/UIM coverage equal to and greater than the liability limit of the policy. If plaintiffs had been afforded the opportunity to know the UM/UIM limits prices and if they had been afforded the right to exercise their legal right to select such limits of UM/UIM coverage, plaintiffs would have selected limits greater. GEICO is liable in tort for the uninsured losses and

First Amended Complaint                                                                 Page 4

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

other legal damages of plaintiff related to the violation of AS 21.89.020 as set forth in Peter v. Schumacher, 22 P.3d 482 (Ak. 2001).

13. On information or belief, the GEICO policy issued to plaintiffs was also the result of a fraudulent practices, and a scheme and conspiracy by GEICO Insurance to only offer and disclose low UM/UIM limits, conceal UM/UIM limits and prices available and required to be offered, issue low UM/UIM coverage limits and thus deprive plaintiffs and many others of their legal rights under AS 21.89.020 to receive offers of limits of UM/UIM coverage as set forth in that statute and to purchase such UM/UIM limits.

14. Plaintiffs reasonably relied on and were misled and deceived by GEICO insurance. The negligent and/or reckless and/or misleading, deceptive and fraudulent conduct, actions and inactions, and scheme and conspiracy misled and deceived plaintiffs into obtaining low UM/UIM coverage and as a result, plaintiffs were damaged as more fully set out herein.

15. That defendant GEICO violated the covenant of good faith and fair dealing and acted in bad faith toward the plaintiffs. Evidence of this bad faith includes violations of the Alaska Unfair Claims Practices and Acts statutes and regulations at AS 21.36.125 and 3 AAC 26.010 et seq. Its acts of bad faith include but are not limited to: its unreasonable delay in paying property damage, its failure to properly investigate, its failure to promptly evaluate, its action forcing the insured to litigate, and its failure to off its full UM limits in

First Amended Complaint                                              Page 5

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

accordance with its policy and in accordance with Alaska law on UM limits.

16. The defendant GEICO's actions, scheme and conspiracy were in conscious disregard of insurance industry practices and standards, Alaska law, and were reckless and in conscious disregard of the rights of the plaintiffs and other Alaskan insured's so as to subject GEICO to an award of punitive damages to be determined by the jury after consideration of factors under Alaska law. These should include but are not limited to: defendants' breaches of duties and insurance industry practices, defendants' breaches of Alaska laws and regulations, defendants' scheme and conspiracy directed at plaintiff and similarly situated insured's, the need to confirm Alaska laws and fair insurance practices, the need to discourage defendants and similarly placed insurers and agents, and the respective wealth of the defendants.

### (CLAIMS AGAINST VALERIE JOE)

17. Plaintiffs reassert the allegations set forth above, and allege that VALERIE JOE's negligence caused the collision and thus damaged the plaintiffs.

WHEREFORE, plaintiffs request the following relief from this Court:

I.  For a determination of damages by a jury and judgment for past and future economic and non-economic damages against defendants in an amount to be determined at trial but in any event greater than $100,000 for each plaintiff.

II. For an award of punitive damages against defendant GEICO.

First Amended Complaint                                                                     Page 6

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

III.    For costs, interest and attorney's fees in bringing this action; and

IV.    For such other relief as the court considers appropriate.

DATED this \_\_31\_\_ day of May, 2005, at Bethel, Alaska.

> COOKE, ROOSA & VALCARCE
> Attorney for Plaintiffs
>
> _____
> Jim J. Valcarce
> ABA No. 9505011

First Amended Complaint             Page 7

COOKE, ROOSA & VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744