1101.027

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

        Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.

Case No. 4BE-05-55 Civil

GEICO CASUALTY COMPANY,

        Third Party Plaintiff,

vs.

VALERIE JOE,

        Third Party Defendant.

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

### REPLY TO OPPOSITION TO MOTION TO REMAND TO DISTRICT COURT AND OPPOSITION TO MOTION TO AMEND

    Defendant hereby replies to plaintiff's opposition to motion to remand and opposes plaintiff's motion to amend.

**1. Reply to Opposition to Motion to Remand.**

    Plaintiffs seem to agree that the most they can recover from defendant under the current case is the amount of the insurance protection available, or $50,000 per person. As such plaintiffs' opposition to the motion to

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Reply to Opposition to Motion to Remand to District Court and Opposition to Motion to Amend
Page 1

remand is nothing more than their acknowledgement that they filed this suit in an improper jurisdiction and the case should be remanded to district court at this time.

### 2. Opposition to Motion to Amend.

Plaintiffs cite to the standard practice in Alaska that motions to amend are freely granted when the interests of justice are served. However, a simple review of plaintiffs' motion to amend show that rather than serving the interests of justice, the plaintiffs' motion does nothing but thwart the interests of justice.

Plaintiffs wish to turn a dispute as to liability and damages for a minor fender-bender accident into a bad faith suit. Plaintiffs' proposed amended complaint places the cart far before the horse. As shown in third-party defendant, Joe's, answer, she denies that she was at fault in this accident. The accident took place at a three way intersection and neither party was cited for any violation of law. Instead, there is a dispute as to liability. If the jury believes Ms. Joe, the plaintiffs' will loose the suit and any claim that they were not properly advised to obtain additional insurance protection would be a moot issue. Allowing investigation and discovery into these types of issues would greatly expand the scope of this trial for no reason other than to increase the costs to the defense. The interests of justice are clearly not served by a fishing expedition into GEICO's evaluation

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

practice. Attached as Exhibit A are plaintiffs' first set of discovery requests

to GEICO. A quick perusal of the discovery requests shows that plaintiffs

do not want the jury in this case to decide the issue contained in the

contract: "were Jack and Bernadette Charles injured as the result of the

negligence of an uninsured driver and, if so, in what amount." Instead, they

wish to have a bad faith suit when there is absolutely no evidence of bad

faith on GEICO's part. The contract allows the parties to resolve their

disagreement as to liability and value by a jury trial and that is supposed to

be what is happening here. Instead, plaintiffs' show a penchant for

gamesmanship (pleading entitlement to $74,999 in damages to avoid

removal to federal court and then when they see a lack of diversity,

amending to claim damages substantially higher). Amendment to allow a

bad faith suit at this time will result in protracted litigation and briefing on

issues irrelevant to the issue at hand: Who was at fault in this accident and

what are the Charles' damage?

The complaint, on its face, fails and is likely subject to a motion for

judgment on the pleadings. In <u>Peter v. Schumacher</u>, 22 P.3d 481 (Alaska

2001), the court specifically adopted the general rule that an agent has no

obligation to provide any advise to the potential customer as to the level of

insurance protection appropriate because "Ordinarily, then, an insurance

agent fulfills her duty to the insured by providing requested coverage, and

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

has no duty to advise a client to obtain different or additional coverage." Id. at 486.

There are numerous policy and practical reasons to show that plaintiffs' proposed amendment would be contrary to the interest of justice.

> This court has previously held that an insurance agent owes a duty to the insured to exercise reasonable care, skill, and diligence in procuring insurance. Insurance agents have a well-established common-law duty "to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so." Because the prospective insured typically knows the extent of her personal assets and her ability to pay better than the insurance agent, however, it is generally the responsibility of the insured to advise the agent of the insurance that she actually wants, including policy limits. Ordinarily, then, an insurance agent fulfills her duty to the insured by providing requested coverage, and has no duty to advise a client to obtain different or additional coverage.

> The Court of Appeals of New York recently summarized some of the policy reasons underlying the rule that insurance agents have no duty to advise customers to obtain additional coverage:

> Insurance agents or brokers are not personal financial counselors and risk managers, approaching guarantor status.... Insureds are in a better position to know their personal assets and abilities to protect themselves more so than general insurance agents or brokers, unless the latter are informed and asked to advise and act.... Furthermore, permitting insureds to add such parties to the liability chain might well open flood gates to even more complicated and undesirable litigation.

*CALL, HANSON & KELL, P.C.*
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

>   An additional but related reason is that imposing a duty to advise "could afford insureds the opportunity to insure after the loss by merely asserting they would have bought the additional coverage had it been offered." > (FN9)  This would amount to retroactive insurance, a concept "that turns the entire theory of insurance on its ear."

Id. at 485-486.

Allowing amendment at this time would reward plaintiffs' obvious gamesmanship, would encourage wasteful litigation and allow the plaintiffs' blatant attempt to "turn the entire theory of insurance protection on its ear." Plaintiffs' right to maintain a bad faith action is not prohibited by permitting and assuring that this dispute is heard on its merits.  Even loosing at the trial in this matter would not prevent plaintiffs' from suing for bad faith. However, the question of who is in bad faith in this litigation is something that should be decided after the conclusion of the question of whether plaintiffs' are even entitled to any recovery.  See Hillman v. Nationwide, 855 P.2d 1321, 1324-1325 (Alaska 1993) (insurance company may not be found to have breached the covenant of good faith and fair dealing if they have a reasonable basis to deny a claim); State Farm v. Weiford, 831 P.2d 1264 (Alaska 1992) (decision to arbitrate a dispute where case presents a clear liability picture might be bad faith under certain circumstances but not outrageous).  Applying the Hillman standard in this case shows that the interests of justice are not served by allowing amendment at this time.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Contrary to plaintiffs' comments in their request to this court that "this is not an instance where amending the complaint will cause either delay of the trial, or unduly burden the defendant's preparation" nothing could be further from the truth. Attached as Exhibit B is a demand and arguably threatening letter from plaintiff's counsel suggesting that if GEICO does not merely accept his opinion that liability is clear and the damages are high, he will transform the case into something it is not and confuse and torture the issues into something they are not. To quote Mr. Valcarce "The recent discovery requests to learn more about GEICO's claim handling and policies are particularly relevant and helpful to a Bethel jury to <u>evaluating liability/damages</u> and thus, I recommend you answer."

The Charles' need to answer this simple question to the court: How is GEICO's opinion as to liability or damages relevant or admissible is this case? <u>See</u> <u>Langdon v. Champion</u>, 752 P.2d 999, 1007 n. 14 (Alaska 1988) (opinion of adjuster as to liability or damages is neither admissible or designed to lead to the discovery of admissible evidence and therefore irrelevant). What does a trial into GEICO's "claim handling and policies" add - other than allowing the Charles' to try and turn this case into an attack against their insurance company rather than a search for the true value of their claim against Ms. Joe.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

GEICO merely steps into the shoes of Ms. Joe; GEICO was not involved in an accident and it is Ms. Joe who states that the accident was not her fault and the police who apparently were unable to determine which of these two drivers was accurate. The Bethel jury should make that decision and do so without Jim Valcarce's blatant attempt at diversion.

The Charles' strategy and threats are clear in their communication: they wish the increase the costs of this litigation exponentially solely to force their insurer to pay for a claim of disputed value. The interests of justice would be strongly disserved by allowing amendment and this court should exercise its discretion and deny the request for leave to amend.

The motion to amend should be denied.

DATED at Anchorage, Alaska, this ___ day of June, 2005.

CALL, HANSON & KELL, P.C.
Attorneys for GEICO

By: _____
Blake H. Call
ABA No. 8911051

I hereby certify that a true and correct copy of the foregoing was ☐ faxed ☐ hand delivered and/or ☒ mailed this 14th day of June 2005 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK  99559-040

Valerie Joe
P.O. Box 1623
Bethel, AK  99559

By: _____

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Reply to Opposition to Motion to Remand to District Court and Opposition to Motion to Amend
Page 8

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, | Case No. 4BE-05-55 Civ |
| Plaintiffs, | |
| vs. | |
| GEICO GENERAL INSURANCE COMPANY, | |
| Defendant. | Case No. 4BE-05-55 Civil |
| GEICO CASUALTY COMPANY, | |
| Third Party Plaintiff, | |
| vs. | |
| VALERIE JOE, | |
| Third Party Defendant. | |

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST
SET OF INTERROGATORIES**

Defendant GEICO Insurance Company, by and through counsel of

record, Call, Hanson and Kell, P.C., responds as follows to plaintiffs' first set

of discovery as follows:

**INTERROGATORY NO. 1:**  Please identify all records in your

possession regarding the plaintiffs, and regarding GEICO Policy Number

4006-81-40-67, and/or claim number 022455697 0101 01, including all

Exhibit 4
Page 1 of 2 Pages

emails; claims files; adjuster notes; billings records; correspondence;

policies.

### ANSWER:

See defendant's disclosure for a copy of the claims file prior to retention of

counsel. Pertinent portion of the file have been redacted consistent with Alaska Law

as the mental impressions of the adjuster.


### INTERROGATORY NO. 2.: Please list each of the following:

a.     The names and addresses of those persons who have given to your, your

attorney, or any person, firm or corporation acting on your behalf, any statements,

reports, voice recordings, medical proof of claim forms, reports or memoranda, in any

way concerning the incidents described in plaintiff's complaint in your answer.

b.     The date of each such statement, report, voice recording, medical proof

of claim form, report or memorandum.

c.     The name, telephone number and address of the person, firm or

corporation who now has possession of same.

### ANSWER:

All statements and their authors and dates have been produced with disclosures

in this matter.

Exhibit  A
Page  2  of  8  Pages

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

**INTERROGATORY NO. 3.:**  Please list and describe all training documents, personnel manuals, and/or efforts taken to educate, notify and train agents for Defendant GEICO of adjusting and evaluating UIM/UM claims.

**ANSWER:**

Objection: irrelevant.  The jury in this matter will decide the question contained within the policy of insurance as to whether the plaintiff's were injured as a result of the negligence of an uninsured or underinsured motorist.  Ms. Joe has noted her failure to have insurance and is a party.  Her statement and her answer indicate that she does not believe she was at fault in the accident and therefore there is a jury question as to fault.  There are also debatable questions regarding the force of the collision and the extent of injury to the plaintiffs such that a reasonably debatable jury question exists on that front as well.  Recent correspondence from plaintiffs indicates a lack of good faith on their behalf in negotiations.  However, the mental impressions of the adjusters in this matter and the extent of their training is irrelevant and not designed to lead to the discovery of relevant nor admissible evidence.

**INTERROGATORY NO. 4.:**Please identify the person if any, including title and location, who searched for any deleted electronic entries, deleted computer entries, and/or deleted e-mails relating to Claim #022455697 0101 011, Jack Charles,

Exhibit A
Page 3 of 8 Pages

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Bernadette Charles, the claims of Jack Charles or Bernadette Charles, and/or relating to the policy number 4006-81-40-67.

**ANSWER:**

None, as the log notes are kept in their own electronic file and have been produced to the extent required by law.

**INTERROGATORY NO. 5.:**In chronological order, please list and describe all activities of defendant GEICO and/or all the employees and agents of each company in relation to the claims of Jack Charles or Bernadette Charles from the date of notice up to the date of suit in this matter. This includes but is not limited to all activities in relation to Claim # 022455697 0101 011.

**ANSWER:**

See claim file and log notes produced with disclosures in this matter for relevant and discoverable portions of the claims file.

**INTERROGATORY NO. 6.:** Please state the factual basis for each affirmative defense alleged, including the names/addresses or any witnesses that you believe support such defense(s).

**ANSWER:**

Exhibit A
Page 4 of 8 Pages

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, Page 4
Charles v. GEICO, Case No. 4BE-05-55 CI

(1)    –Accident potentially Mr. Charles fault. Per the statement of Joe,

she believes the accident was the fault of Mr. Charles.

(2)    Failure to use safety equipment: Per the statement of Ms. Joe,

plaintiff Mr. Charles failed to use his brakes or his turn signals in an

appropriate manner. Failure to wear seat belts remains a factual

issue subject to further discovery.

(3)    Mitigation of damages: Awaits further discovery.

(4)    Defendant withdraws its fourth affirmative defense after discussion

with Ms. Joe and her potential attorney indicating no other

potentially responsible individuals.


**INTERROGATORY NO. 7.:** Please state the factual basis of why you

believe the Defendant GEICO is not obligated to pay the plaintiffs money, and if you

disagree with such statement, please advise how much money you think each named

plaintiff should be compensated?

**ANSWER:**

Objection, work product, attorney client privilege, irrelevant, not designed to

lead to the discovery of relevant information. GEICO has made various offers in a

commercially reasonable manner based on its investigation and the dispute regarding

liability. It is plaintiffs' counsel who has failed to settle and who has failed to

Exhibit A

Page 5 of 8 Pages

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

articulate any reasonable basis for his demands and now threats to institute direct action for damages in excess of the policy limits.

**INTERROGATORY NO. 8.:**  Please identify the party representative for GEICO Insurance Company, who will appear and sit with defendant's counsel at trial in Bethel.

**ANSWER:**

No one other than Ms. Joe as the at-fault driver is currently scheduled to attend trial in this matter.  GEICO is a defendant only in terms of standing in the shoes of the allegedly at-fault uninsured driver, Ms. Joe.

**INTERROGATORY NO. 9.:**  Please state how much policy number 4006-81-40-67 cost to obtain such insurance coverage?

**ANSWER:**

Objection, irrelevant, vague, not designed to lead to the discovery of relevant information.  Additionally, this information is within the custody of plaintiffs in this matter.  See plaintiffs' own disclosure.

**INTERROGATORY NO. 10.:**  Please identify the GEICO employee most familiar with the location and scope of all GEICO's documents that in any way

Exhibit __A__
Page __6__ of __8__ Pages

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, Page 6
Charles v. GEICO, Case No. 4BE-05-55 CI

concerns this lawsuit, these requests, and/or policy number 4006-81-40-67, and

provide his or her title.

**ANSWER:**

Lon Grothen, claims adjuster is most knowledgeable about this claim. As to

the policy itself, defendant objects to this vague question as irrelevant and not

designed to lead to the discovery of relevant information.

DATED at Anchorage, Alaska, this 31st day of May, 2005.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant

By:    _Blake Call_

Blake H. Call
ABA No. 8911051

Exhibit A
Page 7 of 8 Pages

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, Page 7
Charles v. GEICO, Case No. 4BE-05-55 CI

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

## VERIFICATION

STATE OF _____

County of _____          ss

_____, being first duly sworn upon oath, deposes and says that I have reviewed the answer to interrogatories, and that they are correct to the best of my knowledge and belief.

_____ **for**
**GEICO INSURANCE COMPANY**

SUBSCRIBED AND SWORN TO before me this ____ day of _____, 20052005.

_____
NOTARY PUBLIC in and for _____
My Commission Expires:_____

I hereby certify that a true and correct copy of the foregoing was ☐ faxed ☐ hand delivered and/or ☒ mailed this 3rd day of June 2005 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

_____
Mona Schultz

Exhibit A
Page 8 of 8 Pages

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, Page 8
Charles v. GEICO, Case No. 4BE-05-55 CI

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC

CHRISTOPHER R. COOKE, ESQ.
JIM J. VALCARCE, ESQ.
KENNETH S. ROOSA, ESQ.
CHESTER GILMORE, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559-0409
(907) 543-2744 OR 543-HELP
TOLL FREE (888) 610-2744
FAX (907) 543-2746

RECEIVED

MAY 1 8 2005

Call, Hanson & Kell, P.C.

ANCHORAGE OFFICE:
1227 WEST NINTH AVENUE
SUITE 300
ANCHORAGE, AK 99501
(907) 276-2744 OR 276-HELP
FAX (907) 278-0877

May 16, 2005

Blake Call, Esq.
CALL, HANSON & KELL, P.C.
250 H Street
Anchorage, Alaska 99501-2112

Re: Jack Charles & Bernadette Charles v. GEICO General Insurance Company

Dear Blake:

I've given more thought as to Valerie Joe's role in this matter and agree that she should remain as a necessary party. In fact, we intend to amend the complaint and add her as the local defendant. Of course, since jurisdiction is no longer a concern, I will be amending the complaint to assert damages in excess of $75,000 and add a variety of direct negligent and bad faith claims against GEICO and it's agents. The recent discovery request directed to learn more about GEICO's claim handling and policies are particularly relevant and helpful to a Bethel jury to evaluating liability/damages and thus, I recommend you answer. My prediction, with punitives, is for final judgment well above $2,000,000.

My client's have authorized me to resolve this matter in exchange for payment of the purported policy limits of $100,000 together with all supplemental payments for interest, costs and attorney fees. This offer expires May 20, 2005

Best Regards,
COOKE, ROOSA, & VACARCE

JJV:sr/01
B2879

Jim Valcarce
Attorney at Law

Exhibit ___B___
Page _1_ of _1_ Pages

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

<div style="float:left">CALL, HANSON & KELL, P.C.<br>250 H. Street<br>Anchorage, Alaska 99501-2112<br>Phone (907) 258-8864 • Fax (907) 258-8865</div>

JACK CHARLES &
BERNADETTE CHARLES,

       Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.

Case No. 4BE-05-55 Civil

GEICO CASUALTY COMPANY,

       Third Party Plaintiff,

vs.

VALERIE JOE,

       Third Party Defendant.

## REPLY TO OPPOSITION TO MOTION TO REMAND TO DISTRICT COURT AND OPPOSITION TO MOTION TO AMEND

Defendant hereby replies to plaintiff's opposition to motion to remand and opposes plaintiff's motion to amend.

### 1. Reply to Opposition to Motion to Remand.

Plaintiffs seem to agree that the most they can recover from defendant under the current case is the amount of the insurance protection available, or $50,000 per person. As such plaintiffs' opposition to the motion to

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Reply to Opposition to Motion to Remand to District Court and Opposition to Motion to Amend
Page 1

remand is nothing more than their acknowledgement that they filed this

suit in an improper jurisdiction and the case should be remanded to district

court at this time.

### 2. Opposition to Motion to Amend.

Plaintiffs cite to the standard practice in Alaska that motions to

amend are freely granted when the interests of justice are served. However,

a simple review of plaintiffs' motion to amend show that rather than serving

the interests of justice, the plaintiffs' motion does nothing but thwart the

interests of justice.

Plaintiffs wish to turn a dispute as to liability and damages for a

minor fender-bender accident into a bad faith suit. Plaintiffs' proposed

amended complaint places the cart far before the horse. As shown in third-

party defendant, Joe's, answer, she denies that she was at fault in this

accident. The accident took place at a three way intersection and neither

party was cited for any violation of law. Instead, there is a dispute as to

liability. If the jury believes Ms. Joe, the plaintiffs' will loose the suit and

any claim that they were not properly advised to obtain additional insurance

protection would be a moot issue. Allowing investigation and discovery into

these types of issues would greatly expand the scope of this trial for no

reason other than to increase the costs to the defense. The interests of

justice are clearly not served by a fishing expedition into GEICO's evaluation

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Reply to Opposition to Motion to Remand to District Court and Opposition to Motion to Amend
Page 2

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

practice.  Attached as Exhibit A are plaintiffs' first set of discovery requests to GEICO.  A quick perusal of the discovery requests shows that plaintiffs do not want the jury in this case to decide the issue contained in the contract: "were Jack and Bernadette Charles injured as the result of the negligence of an uninsured driver and, if so, in what amount."  Instead, they wish to have a bad faith suit when there is absolutely no evidence of bad faith on GEICO's part.  The contract allows the parties to resolve their disagreement as to liability and value by a jury trial and that is supposed to be what is happening here.  Instead, plaintiffs' show a penchant for gamesmanship (pleading entitlement to $74,999 in damages to avoid removal to federal court and then when they see a lack of diversity, amending to claim damages substantially higher).  Amendment to allow a bad faith suit at this time will result in protracted litigation and briefing on issues irrelevant to the issue at hand:  Who was at fault in this accident and what are the Charles' damage?

The complaint, on its face, fails and is likely subject to a motion for judgment on the pleadings.  In <u>Peter v. Schumacher</u>, 22 P.3d 481 (Alaska 2001), the court specifically adopted the general rule that an agent has no obligation to provide any advise to the potential customer as to the level of insurance protection appropriate because  "Ordinarily, then, an insurance agent fulfills her duty to the insured by providing requested coverage, and

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

has no duty to advise a client to obtain different or additional coverage." Id. at 486.

There are numerous policy and practical reasons to show that plaintiffs' proposed amendment would be contrary to the interest of justice.

> This court has previously held that an insurance agent owes a duty to the insured to exercise reasonable care, skill, and diligence in procuring insurance. Insurance agents have a well-established common-law duty "to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so." Because the prospective insured typically knows the extent of her personal assets and her ability to pay better than the insurance agent, however, it is generally the responsibility of the insured to advise the agent of the insurance that she actually wants, including policy limits. Ordinarily, then, an insurance agent fulfills her duty to the insured by providing requested coverage, and has no duty to advise a client to obtain different or additional coverage.
>
> The Court of Appeals of New York recently summarized some of the policy reasons underlying the rule that insurance agents have no duty to advise customers to obtain additional coverage:
>
> > Insurance agents or brokers are not personal financial counselors and risk managers, approaching guarantor status.... Insureds are in a better position to know their personal assets and abilities to protect themselves more so than general insurance agents or brokers, unless the latter are informed and asked to advise and act.... Furthermore, permitting insureds to add such parties to the liability chain might well open flood gates to even more complicated and undesirable litigation.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

> An additional but related reason is that imposing a duty to advise "could afford insureds the opportunity to insure after the loss by merely asserting they would have bought the additional coverage had it been offered." > (FN9)  This would amount to retroactive insurance, a concept "that turns the entire theory of insurance on its ear."

Id. at 485-486.

Allowing amendment at this time would reward plaintiffs' obvious gamesmanship, would encourage wasteful litigation and allow the plaintiffs' blatant attempt to "turn the entire theory of insurance protection on its ear." Plaintiffs' right to maintain a bad faith action is not prohibited by permitting and assuring that this dispute is heard on its merits.  Even loosing at the trial in this matter would not prevent plaintiffs' from suing for bad faith. However, the question of who is in bad faith in this litigation is something that should be decided after the conclusion of the question of whether plaintiffs' are even entitled to any recovery.  See Hillman v. Nationwide, 855 P.2d 1321, 1324-1325 (Alaska 1993) (insurance company may not be found to have breached the covenant of good faith and fair dealing if they have a reasonable basis to deny a claim); State Farm v. Weiford, 831 P.2d 1264 (Alaska 1992) (decision to arbitrate a dispute where case presents a clear liability picture might be bad faith under certain circumstances but not outrageous).  Applying the Hillman standard in this case shows that the interests of justice are not served by allowing amendment at this time.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Contrary to plaintiffs' comments in their request to this court that "this is not an instance where amending the complaint will cause either delay of the trial, or unduly burden the defendant's preparation" nothing could be further from the truth. Attached as Exhibit B is a demand and arguably threatening letter from plaintiff's counsel suggesting that if GEICO does not merely accept his opinion that liability is clear and the damages are high, he will transform the case into something it is not and confuse and torture the issues into something they are not. To quote Mr. Valcarce "The recent discovery requests to learn more about GEICO's claim handling and policies are particularly relevant and helpful to a Bethel jury to evaluating liability/damages and thus, I recommend you answer."

The Charles' need to answer this simple question to the court: How is GEICO's opinion as to liability or damages relevant or admissible is this case? See Langdon v. Champion, 752 P.2d 999, 1007 n. 14 (Alaska 1988) (opinion of adjuster as to liability or damages is neither admissible or designed to lead to the discovery of admissible evidence and therefore irrelevant). What does a trial into GEICO's "claim handling and policies" add - other than allowing the Charles' to try and turn this case into an attack against their insurance company rather than a search for the true value of their claim against Ms. Joe.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Reply to Opposition to Motion to Remand to District Court and Opposition to Motion to Amend
Page 6

GEICO merely steps into the shoes of Ms. Joe; GEICO was not involved in an accident and it is Ms. Joe who states that the accident was not her fault and the police who apparently were unable to determine which of these two drivers was accurate. The Bethel jury should make that decision and do so without Jim Valcarce's blatant attempt at diversion.

The Charles' strategy and threats are clear in their communication: they wish the increase the costs of this litigation exponentially solely to force their insurer to pay for a claim of disputed value. The interests of justice would be strongly disserved by allowing amendment and this court should exercise its discretion and deny the request for leave to amend.

The motion to amend should be denied.

DATED at Anchorage, Alaska, this 16th day of June, 2005.

CALL, HANSON & KELL, P.C.
Attorneys for GEICO

By: _____
Blake H. Call
ABA No. 8911051

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

I hereby certify that a true and correct
copy of the foregoing was ☐ faxed ☐
hand delivered and/or ☒ mailed this
14th day of June 2005 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK  99559-040

Valerie Joe
P.O. Box 1623
Bethel, AK  99559

By: _____

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Reply to Opposition to Motion to Remand to District Court and Opposition to Motion to
Amend
Page 8

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, | Case No. 4BE-05-55 Civ |
| Plaintiffs, | |
| vs. | |
| GEICO GENERAL INSURANCE COMPANY, | |
| Defendant. | Case No. 4BE-05-55 Civil |
| GEICO CASUALTY COMPANY, | |
| Third Party Plaintiff, | |
| vs. | |
| VALERIE JOE, | |
| Third Party Defendant. | |

## DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant GEICO Insurance Company, by and through counsel of record, Call, Hanson and Kell, P.C., responds as follows to plaintiffs' first set of discovery as follows:

**INTERROGATORY NO. 1.:** Please identify all records in your possession regarding the plaintiffs, and regarding GEICO Policy Number 4006-81-40-67, and/or claim number 022455697 0101 01, including all

Exhibit __4__
Page __1__ of __8__ Pages

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

emails; claims files; adjuster notes; billings records; correspondence;

policies.

**ANSWER:**

See defendant's disclosure for a copy of the claims file prior to retention of

counsel.  Pertinent portion of the file have been redacted consistent with Alaska Law

as the mental impressions of the adjuster.

**INTERROGATORY NO. 2.:**  Please list each of the following:

a.      The names and addresses of those persons who have given to your, your

attorney, or any person, firm or corporation acting on your behalf, any statements,

reports, voice recordings, medical proof of claim forms, reports or memoranda, in any

way concerning the incidents described in plaintiff's complaint in your answer.

b.      The date of each such statement, report, voice recording, medical proof

of claim form, report or memorandum.

c.      The name, telephone number and address of the person, firm or

corporation who now has possession of same.

**ANSWER:**

All statements and their authors and dates have been produced with disclosures

in this matter.

Exhibit ___A___
Page ___2___ of ___8___ Pages

*CALL, HANSON & KELL, P.C.*
*250 H. Street*
*Anchorage, Alaska 99501-2112*
*Phone (907) 258-8864 • Fax (907) 258-8865*

**INTERROGATORY NO. 3.:**  Please list and describe all training documents, personnel manuals, and/or efforts taken to educate, notify and train agents for Defendant GEICO of adjusting and evaluating UIM/UM claims.

**ANSWER:**

Objection: irrelevant.  The jury in this matter will decide the question contained within the policy of insurance as to whether the plaintiff's were injured as a result of the negligence of an uninsured or underinsured motorist.  Ms. Joe has noted her failure to have insurance and is a party.  Her statement and her answer indicate that she does not believe she was at fault in the accident and therefore there is a jury question as to fault.  There are also debatable questions regarding the force of the collision and the extent of injury to the plaintiffs such that a reasonably debatable jury question exists on that front as well.  Recent correspondence from plaintiffs indicates a lack of good faith on their behalf in negotiations.  However, the mental impressions of the adjusters in this matter and the extent of their training is irrelevant and not designed to lead to the discovery of relevant nor admissible evidence.

**INTERROGATORY NO. 4.:** Please identify the person if any, including title and location, who searched for any deleted electronic entries, deleted computer entries, and/or deleted e-mails relating to Claim #022455697 0101 011, Jack Charles,

Exhibit __A__
Page __3__ of __8__ Pages

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Bernadette Charles, the claims of Jack Charles or Bernadette Charles, and/or relating to the policy number 4006-81-40-67.

**ANSWER:**

None, as the log notes are kept in their own electronic file and have been produced to the extent required by law.

**INTERROGATORY NO. 5.:** In chronological order, please list and describe all activities of defendant GEICO and/or all the employees and agents of each company in relation to the claims of Jack Charles or Bernadette Charles from the date of notice up to the date of suit in this matter. This includes but is not limited to all activities in relation to Claim # 022455697 0101 011.

**ANSWER:**

<u>See</u> claim file and log notes produced with disclosures in this matter for relevant and discoverable portions of the claims file.

**INTERROGATORY NO. 6.:** Please state the factual basis for each affirmative defense alleged, including the names/addresses or any witnesses that you believe support such defense(s).

**ANSWER:**

Exhibit A
Page 4 of 8 Pages

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, Page 4
Charles v. GEICO, Case No. 4BE-05-55 CI

(1)     –Accident potentially Mr. Charles fault. Per the statement of Joe,
        she believes the accident was the fault of Mr. Charles.

(2)     Failure to use safety equipment: Per the statement of Ms. Joe,
        plaintiff Mr. Charles failed to use his brakes or his turn signals in an
        appropriate manner. Failure to wear seat belts remains a factual
        issue subject to further discovery.

(3)     Mitigation of damages: Awaits further discovery.

(4)     Defendant withdraws its fourth affirmative defense after discussion
        with Ms. Joe and her potential attorney indicating no other
        potentially responsible individuals.

**INTERROGATORY NO. 7:** Please state the factual basis of why you
believe the Defendant GEICO is not obligated to pay the plaintiffs money, and if you
disagree with such statement, please advise how much money you think each named
plaintiff should be compensated?

**ANSWER:**

Objection, work product, attorney client privilege, irrelevant, not designed to
lead to the discovery of relevant information. GEICO has made various offers in a
commercially reasonable manner based on its investigation and the dispute regarding
liability. It is plaintiffs' counsel who has failed to settle and who has failed to

Exhibit A
Page 5 of 8 Pages

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

articulate any reasonable basis for his demands and now threats to institute direct

action for damages in excess of the policy limits.

**INTERROGATORY NO. 8.:** Please identify the party representative for

GEICO Insurance Company, who will appear and sit with defendant's counsel at trial

in Bethel.

**ANSWER:**

No one other than Ms. Joe as the at-fault driver is currently scheduled to attend

trial in this matter. GEICO is a defendant only in terms of standing in the shoes of the

allegedly at-fault uninsured driver, Ms. Joe.

**INTERROGATORY NO. 9.:** Please state how much policy number 4006-

81-40-67 cost to obtain such insurance coverage?

**ANSWER:**

Objection, irrelevant, vague, not designed to lead to the discovery of relevant

information. Additionally, this information is within the custody of plaintiffs in this

matter. See plaintiffs' own disclosure.

**INTERROGATORY NO. 10.:** Please identify the GEICO employee most

familiar with the location and scope of all GEICO's documents that in any way

Exhibit A

Page 6 of 8 Pages

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

concerns this lawsuit, these requests, and/or policy number 4006-81-40-67, and

provide his or her title.

**ANSWER:**

Lon Grothen, claims adjuster is most knowledgeable about this claim. As to

the policy itself, defendant objects to this vague question as irrelevant and not

designed to lead to the discovery of relevant information.


DATED at Anchorage, Alaska, this 31st day of May, 2005.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant


By: _____
Blake H. Call
ABA No. 8911051

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Exhibit A
Page 7 of 8 Pages

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, Page 7
Charles v. GEICO, Case No. 4BE-05-55 CI

**VERIFICATION**

STATE OF _____

County of _____  | ss

_____, being first duly sworn upon oath, deposes and says that I have reviewed the answer to interrogatories, and that they are correct to the best of my knowledge and belief.

_____ **for**
**GEICO INSURANCE COMPANY**

SUBSCRIBED AND SWORN TO before me this ____ day of _____, 20052005.

_____
NOTARY PUBLIC in and for _____
My Commission Expires:_____

I hereby certify that a true and correct copy of the foregoing was ☐ faxed ☐ hand delivered and/or ☒ mailed this 3rd day of June 2005 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

_____
Mona Schultz

Exhibit A
Page 8 of 8 Pages

*CALL, HANSON & KELL, P.C.*
*250 H. Street*
*Anchorage, Alaska 99501-2112*
*Phone (907) 258-8864 • Fax (907) 258-8865*

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, Page 8
Charles v. GEICO, Case No. 4BE-05-55 CI

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC

CHRISTOPHER R. COOKE, ESQ.
JIM J. VALCARCE, ESQ.
KENNETH S. ROOSA, ESQ.
CHESTER GILMORE, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559-0409
(907) 543-2744 OR 543-HELP
TOLL FREE (888) 610-2744
FAX (907) 543-2746

RECEIVED

MAY 1 8 2005

Call, Hanson & Kell, P.C.
ANCHORAGE OFFICE:
1227 WEST NINTH AVENUE
SUITE 300
ANCHORAGE, AK 99501
(907) 276-2744 OR 276-HELP
FAX (907) 278-0877

May 16, 2005

Blake Call, Esq.
CALL, HANSON & KELL, P.C.
250 H Street
Anchorage, Alaska 99501-2112

Re: Jack Charles & Bernadette Charles v. GEICO General Insurance Company

Dear Blake:

I've given more thought as to Valerie Joe's role in this matter and agree that she should remain as a necessary party. In fact, we intend to amend the complaint and add her as the local defendant. Of course, since jurisdiction is no longer a concern, I will be amending the complaint to assert damages in excess of $75,000 and add a variety of direct negligent and bad faith claims against GEICO and it's agents. The recent discovery request directed to learn more about GEICO's claim handling and policies are particularly relevant and helpful to a Bethel jury to evaluating liability/damages and thus, I recommend you answer. My prediction, with punitives, is for final judgment well above $2,000,000.

My client's have authorized me to resolve this matter in exchange for payment of the purported policy limits of $100,000 together with all supplemental payments for interest, costs and attorney fees. This offer expires May 20, 2005

Best Regards,
COOKE, ROOSA, & VACARCE

JJV:sr/01
B2879

Jim Valcarce
Attorney at Law

Exhibit ___B___
Page __1__ of __1__ Pages

LAW OFFICES OF

# CALL, HANSON & KELL, P.C.

250 H Street
Anchorage, Alaska 99501-2112
Telephone: (907) 258-8864

## FACSIMILE TRANSMITTAL

### WARNING:

The information contained in this telefax is intended for the named recipient
only, and may be privileged or confidential. If the reader of this telefax is
not the named recipient, they are hereby notified that they are prohibited from
distributing, disseminating, or photocopying this telefax without the express
consent of the named recipient or the named sender.

Date: June 17, 2005
Our File No. 1101.027

| FROM: | TO: |
|---|---|
| Name: Blake Call | Name: Jeremy |
| Company: Call, Hanson & Kell, P.C. | Company: Bethel Court |
| Phone: (907) 258-8864 | In re: Charles v. GEICO |
| Fax: (907) 258-8865 | Fax: 907-543-3343 |

Total Number of Pages (including this cover sheet): 18

Special Instructions or Additional Message:

**Reply to Opposition to Motion to Remand to District Court and Opposition to
Motion to Amend follows.**

TRANSMISSION VERIFICATION REPORT

```
                                      TIME  : 06/17/2005 09:34
                                      NAME  : CALL HANSON KELL LAW
                                      FAX   : 9072588865
                                      TEL   : 9072588864
```

```
         DATE,TIME            06/17  09:29
         FAX NO./NAME         190754333431101027
         DURATION             00:04:46
         PAGE(S)              18
         RESULT               OK
         MODE                 STANDARD
                              ECM
```