IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
                      Plaintiffs, )
vs. )
GEICO GENERAL INSURANCE COMPANY, )
                      Defendant )
_____ )
  )
GEICO CASUALTY COMPANY, )
                      Third Party Plaintiff, )
vs. )
VALERIE JOE, )
                      Third Party Defendant. )
_____ )  Case No. 4BE-04-271 CI

RECEIVED
JUN 2 4 2005
Call, Hanson & Kell, P.C.

### REPLY TO OPPOSITION TO MOTION TO AMEND

Defendant GEICO challenges plaintiffs Jack and Bernadette Charles' timely motion to amend the complaint by a series of alleged factual assertions and speculations as to the motivation of the plaintiffs and counsel. Respectfully, the arguments and issues raised by the defendant are wholly irrelevant to the question before the court: whether the plaintiffs' timely motion for amendment should be granted under the liberal standard of Alaska's Civil Rules. See Estate of Thompson, 514 P.2d 1269, 1271-72 (Alaska 1973).

GEICO does not argue that the amendment is untimely, nor does it oppose it on the applicable law by explaining why leave to amend should not be freely granted as proscribed by the Rule. Alaska R. Civ. P. 15(a). Despite the defendant's argument, plaintiffs' motion to amend should be granted for three reasons. First, because GEICO's speculation about the motives of counsel and evidence of settlement negotiations are

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

irrelevant. Second, because GEICO's allegations of fact, are not only made without reference to any evidence, but are also irrelevant. And finally, because, as briefed earlier by the plaintiffs, leave to amend shall be freely granted under Alaska Law.

1.  GEICO's Speculation as the Motives of the Plaintiffs' Attorney are Irrelevant

Much of GEICO's opposition is an attempt to discredit what it colorfully refers to as plaintiffs' counsel's "gamesmanship."[1] The evidence that GEICO presents in support of this contention includes plaintiffs' requests for discovery and an offer of settlement. Both are irrelevant to the decision before the court: whether leave to amend should be granted.

GEICO obviously is upset because it does not want to pay the plaintiffs money, but GEICO's ill-feelings cannot be the basis to deny an amendment. Otherwise, no amendments would ever be granted. Under the Civil Rules, requests for discovery may be of "any matter, not privileged which is relevant to the subject matter involved in the pending matter." Alaska R. Civ. P. 26(b). The sole exception is privileged information. Id. But GEICO claims no privilege, rather it simply asserts that plaintiffs "wish to have a bad faith suit when there is absolutely no evidence of bad faith on GEICO's part."[2] It is unclear whether GEICO is objecting to the amendment claiming bad faith or the relevancy of the discovery requests. Regardless, both issues are irrelevant to the motion before the court. GEICO may deny the amended complaint's allegations, and may freely do so in its answer, in the meantime whether it personally feels there is a basis to plaintiffs' amendment is not the issue.

Similarly, whatever point GEICO intends to make by pointing to plaintiffs' settlement offers is clearly irrelevant. Evidence of offers of compromise are inadmissible

---

[1] Defendant GEICO's Reply to Opposition to Motion to Remand to District Court and Opposition to Motion to Amend, at 2,3,5, 6.
[2] Id. at 3.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

under Alaska Rule of Evidence 408 and cannot be used to show the invalidity of a claim. A well established judicial policy protects the confidentiality of settlement negotiations in an effort to encourage the resolution of claims short of trial. GEICO abuses this privilege, and should be sanctioned for attempting to persuade the court by introducing such settlement offers. Otherwise, future negotiations will be stifled.

So be it, the question remains: does this letter have any bearing on whether leave to amend should be freely granted? The answer is of course not. GEICO's allegations that the plaintiffs are manipulating the settlement process are unfounded and moot to the limited question of whether the amended complaint, filed in early in a case before even a scheduling order has been issued, should be accepted. According to Rule 15(a), amendments shall be freely granted if timely; GEICO's speculations about the plaintiffs' litigation strategy have no bearing on this court's decision whether to allow the amendment.

2.   GEICO's Factual Allegations and Legal Arguments are Irrelevant

To borrow a phrase, GEICO also places "the cart before the horse" in an attempt to argue the merits of the case before the complaint has been amended. It insists that bad faith allegations are without foundation and that the amended complaint, on its face, is "likely subject to a motion to dismiss." Yet GEICO cannot move to dismiss an amendment before it has been filed, rather its arguments should be directed at the sole question of whether leave to amend should be *granted*. Unfortunately, GEICO appears to have no counterarguments to plaintiffs' request to amend, and attempts to use threats of dismissal at some future date in their place.

Of course, GEICO may move to dismiss on the pleadings once leave to amend is granted. See Alaska R. Civ. Pro. 12(b). However, it is not obvious that it has any factual evidence against the allegations of plaintiffs' pleadings. In its Opposition it tries to

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

assure the court that the allegations in plaintiffs' amendment are false – simply by swearing "there is absolutely no evidence of bad faith on GEICO's part."[3] Leaving aside whether such denials are proper in an answer rather than in an opposition to a motion to amend, the rule in Alaska is that the allegations on the face of the complaint must be considered as true by the court in deciding issues such as jurisdiction, motions to dismiss on the pleadings, and whether to grant leave to amend. Alaska R. Civ. P. 12; Shooshanian v. Wagner, 672 P.2d 455, 461 (Alaska 1983).

GEICO's legal arguments that it has no duty to act in good faith are similarly ill-timed. GEICO's is free to file a motion to dismiss, or to contest the issues at summary judgment, <u>once the amendment has been accepted by the court</u>. GEICO claims that amendments alleging bad faith cannot be brought in Alaska since they are precluded by case law.[4] Of course an actual examination of the cases cited reveals that bad faith suits are permissible under law and the allegations of plaintiffs' amendment clearly state a claim upon which relief may be granted. For example, in Peter v. Schumacher, a case relied on heavily by GEICO, the Alaska Supreme Court held there *is* a common law duty to recommend higher UM/UIM limits given a special relationship between the agent and insured, and that AS 21.89.020(c) and (e) are both enforceable in a private right of action against an insurance company. 22 P.3d 481, 485 (Alaska 2001). Somewhat disingenuously, GEICO quotes a passage from that decision and then fails to explain the numerous exceptions to its "general rule." Id. at 486 (recognizing duty to advise when a special relationship exists between insured and agent; when agent voluntarily assumes the responsibility to advise; when agent fails to respond to a request for information; and when request for coverage is ambiguous). Of course it is these

---

[3] Id. at 3.
[4] Id. at 3.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

exceptions, and the recognized statutory duty, that form the basis for plaintiffs' amended complaint, indeed, the allegations of the plaintiffs' amendment closely track the common law duties described in Peter.

3.   Leave to Amend is Freely Granted Under Alaska Law

Under Civil Rule 15(a), a party may amend its pleadings by leave of court, and such leave shall be freely granted. By denying – without basis – that the complaint is false, by wrongfully speculating as to counsel's motivation, by introducing irrelevant, and inadmissible evidence of settlement negotiations, and by misleadingly redacted case law, GEICO still failed to answer this clear rule that governs the issue before the court. Accordingly, the court should grant leave to amend the plaintiffs' complaint.

DATED this _____ day of June 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

_____
Chester Gilmore
ABA No. 0405015

CERTIFICATE OF SERVICE

I, LINDA MOCKTA, certify that I am employed by the law offices of Cooke, Roosa & Valcarce, and that on the _____ day of June 2005, I caused a true and correct copy of the foregoing document, to be served by first class mail on:

Blake Call
Call Hanson & Kell, PC
250 H Street
Anchorage, AK 99501-2112

_____
LINDA MOCKTA

COOKE, ROOSA & VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES and BERNADETTE CHARLES,<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant<br><br>GEICO CASUALTY COMPANY,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>VALERIE JOE,<br><br>Third Party Defendant. | RECEIVED<br>JUN 2 3 2005<br>Call, Hanson & Kell, P.C.<br><br><br><br><br><br><br><br><br><br><br><br>Case No. 4BE-04-271 CI |

### REPLY TO OPPOSITION TO MOTION TO AMEND

Defendant GEICO challenges plaintiffs Jack and Bernadette Charles' timely motion to amend the complaint by a series of alleged factual assertions and speculations as to the motivation of the plaintiffs and counsel. Respectfully, the arguments and issues raised by the defendant are wholly irrelevant to the question before the court: whether the plaintiffs' timely motion for amendment should be granted under the liberal standard of Alaska's Civil Rules. See Estate of Thompson, 514 P.2d 1269, 1271-72 (Alaska 1973).

GEICO does not argue that the amendment is untimely, nor does it oppose it on

the applicable law by explaining why leave to amend should not be freely granted as proscribed by the Rule. Alaska R. Civ. P. 15(a). Despite the defendant's argument, plaintiffs' motion to amend should be granted for three reasons. First, because GEICO's speculation about the motives of counsel and evidence of settlement negotiations are irrelevant. Second, because GEICO's allegations of fact, are not only made without reference to any evidence, but are also irrelevant. And finally, because, as briefed earlier by the plaintiffs, leave to amend shall be freely granted under Alaska Law.

1.   <u>GEICO's Speculation as the Motives of the Plaintiffs' Attorney are Irrelevant</u>

Much of GEICO's opposition is an attempt to discredit what it colorfully refers to as plaintiffs' counsel's "gamesmanship."[1] The evidence that GEICO presents in support of this contention includes plaintiffs' requests for discovery and an offer of settlement. Both are irrelevant to the decision before the court: whether leave to amend should be granted.

GEICO obviously is upset because it does not want to pay the plaintiffs money, but GEICO's ill-feelings cannot be the basis to deny an amendment. Otherwise, no amendments would ever be granted. Under the Civil Rules, requests for discovery may be of "any matter, not privileged which is relevant to the subject matter involved in the pending matter." Alaska R. Civ. P. 26(b). The sole exception is privileged information. Id. But GEICO claims no privilege, rather it simply asserts that plaintiffs "wish to have a bad faith suit when there is absolutely no evidence of bad faith on GEICO's part."[2] It is unclear whether GEICO is objecting to the amendment claiming bad faith or the

---
[1] Defendant GEICO's <u>Reply to Opposition to Motion to Remand to District Court and Opposition to Motion to Amend</u>, at 2,3,5, 6.
[2] Id. at 3.

relevancy of the discovery requests. Regardless, both issues are irrelevant to the motion before the court. GEICO may deny the amended complaint's allegations, and may freely do so in its answer, in the meantime whether it personally feels there is a basis to plaintiffs' amendment is not the issue.

Similarly, whatever point GEICO intends to make by pointing to plaintiffs' settlement offers is clearly irrelevant. Evidence of offers of compromise are inadmissible under Alaska Rule of Evidence 408 and cannot be used to show the invalidity of a claim. A well established judicial policy protects the confidentiality of settlement negotiations in an effort to encourage the resolution of claims short of trial. GEICO abuses this privilege, and should be sanctioned for attempting to persuade the court by introducing such settlement offers. Otherwise, future negotiations will be stifled.

So be it, the question remains: does this letter have any bearing on whether leave to amend should be freely granted? The answer is of course not. GEICO's allegations that the plaintiffs are manipulating the settlement process are unfounded and moot to the limited question of whether the amended complaint, filed in early in a case before even a scheduling order has been issued, should be accepted. According to Rule 15(a), amendments shall be freely granted if timely; GEICO's speculations about the plaintiffs' litigation strategy have no bearing on this court's decision whether to allow the amendment.

2. <u>GEICO's Factual Allegations and Legal Arguments are Irrelevant</u>

To borrow a phrase, GEICO also places "the cart before the horse" in an attempt to argue the merits of the case before the complaint has been amended. It insists that bad

faith allegations are without foundation and that the amended complaint, on its face, is "likely subject to a motion to dismiss." Yet GEICO cannot move to dismiss an amendment before it has been filed, rather its arguments should be directed at the sole question of whether leave to amend should be *granted*. Unfortunately, GEICO appears to have no counterarguments to plaintiffs' request to amend, and attempts to use threats of dismissal at some future date in their place.

Of course, GEICO may move to dismiss on the pleadings once leave to amend is granted. See Alaska R. Civ. Pro. 12(b). However, it is not obvious that it has any factual evidence against the allegations of plaintiffs' pleadings. In its Opposition it tries to assure the court that the allegations in plaintiffs' amendment are false – simply by swearing "there is absolutely no evidence of bad faith on GEICO's part."[3] Leaving aside whether such denials are proper in an answer rather than in an opposition to a motion to amend, the rule in Alaska is that the allegations on the face of the complaint must be considered as true by the court in deciding issues such as jurisdiction, motions to dismiss on the pleadings, and whether to grant leave to amend. Alaska R. Civ. P. 12; Shooshanian v. Wagner, 672 P.2d 455, 461 (Alaska 1983).

GEICO's legal arguments that it has no duty to act in good faith are similarly ill-timed. GEICO's is free to file a motion to dismiss, or to contest the issues at summary judgment, once the amendment has been accepted by the court. GEICO claims that amendments alleging bad faith cannot be brought in Alaska since they are precluded by case law.[4] Of course an actual examination of the cases cited reveals that bad faith suits

---

[3] Id. at 3.
[4] Id. at 3.

are permissible under law and the allegations of plaintiffs' amendment clearly state a claim upon which relief may be granted. For example, in Peter v. Schumacher, a case relied on heavily by GEICO, the Alaska Supreme Court held there *is* a common law duty to recommend higher UM/UIM limits given a special relationship between the agent and insured, and that AS 21.89.020(c) and (e) are both enforceable in a private right of action against an insurance company. 22 P.3d 481, 485 (Alaska 2001). Somewhat disingenuously, GEICO quotes a passage from that decision and then fails to explain the numerous exceptions to its "general rule." Id. at 486 (recognizing duty to advise when a special relationship exists between insured and agent; when agent voluntarily assumes the responsibility to advise; when agent fails to respond to a request for information; and when request for coverage is ambiguous). Of course it is these exceptions, and the recognized statutory duty, that form the basis for plaintiffs' amended complaint, indeed, the allegations of the plaintiffs' amendment closely track the common law duties described in Peter.

3.   Leave to Amend is Freely Granted Under Alaska Law

Under Civil Rule 15(a), a party may amend its pleadings by leave of court, and such leave shall be freely granted. By denying – without basis -- that the complaint is false, by wrongfully speculating as to counsel's motivation, by introducing irrelevant, and inadmissible evidence of settlement negotiations, and by misleadingly redacted case law, GEICO still failed to answer this clear rule that governs the issue before the court. Accordingly, the court should grant leave to amend the plaintiffs' complaint.

LAW OFFICES
COOKE ROOSA & VALCARCE, LLC
3700 JEWEL LAKE ROAD
ANCHORAGE, ALASKA 99502
(907) 276-2744

DATED this __22__ day of June, 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

_____
Chester Gilmore
ABA No. 0405015

CERTIFICATE OF SERVICE

I, Gayle Michaelson-Ranel, certify that I am employed by the law offices of Cooke, Roosa & Valcarce, and that on the ___23rd___ day of June, 2005, I caused a true and correct copy of the foregoing document, to be served by first class mail on:

Blake Call
Call Hanson & Kell, PC
250 H Street
Anchorage, AK 99501-2112

_____
Gayle Michaelson-Ranel