IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT BETHEL

| | | |
|---|---|---|
| JACK CHARLES & BERNADETTE CHARLES, | ) ) ) | RECEIVED<br>JUL 1 8 2005 |
| Plaintiffs, | ) ) | Call, Hanson & Kell, P.C. |
| v. | ) ) | Case No. 4BE-05-55 CI |
| GEICO GENERAL, INSURANCE CO. | ) ) ) | |
| Defendant. | ) ) | |

## ORDER ON MOTIONS TO REMAND TO DISTRICT COURT AND AMEND THE COMPLAINT

Jack and Bernadette Charles (Plaintiffs) were involved in an auto accident with an uninsured motorist on May 3, 2005. Prior to the accident Plaintiffs had purchased an insurance policy from Geico General Insurance Co. (Defendant) that included uninsured motorist coverage. Plaintiffs sought the policy limit of $100,000, but were finally awarded $5,500 (for Jack) and $6,300 (for Bernadette). On February 15, 2005, Plaintiffs filed a complaint alleging Defendant had breached the insurance contract by failing to provide them with full compensation.

Defendant filed a motion to remand the case to district court on May 16, 2005. In the motion Defendant argues that under AS 22.15.030(1) the case should be heard in district court because under the policy Plaintiffs are entitled to a maximum of $50,000 each. On June 9, 2005, Plaintiffs filed a motion to amend the complaint and an opposition to the motion for remand. The amended complaint adds numerous new claims alleging

bad faith, negligence, and statutory violation. Defendant opposed the motion to amend the complaint on June 16, 2005, arguing amendment was not in the interest of justice.

Rule 15(a) governs amendments to pleadings. It states that when amendment is not allowed as a matter of course a party may amend only with leave of the court or consent of the adverse party, and leave shall be freely given when justice requires.[1] Leave to amend should not be hard to obtain, and should be given when a plaintiff has demonstrated a valid reason for amending the pleading.[2] In one recent case the Alaska Supreme Court reversed the superior court's denial of leave to amend, stating:

> In the absence of a motion filed on the eve of trial, "[l]eave to amend is liberally granted in Alaska," and…should freely be given unless "it would [result] in an injustice." A "pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)...." [T]he rule's declaration that leave to amend "shall be freely given when justice so requires" is a "mandate" that "is to be heeded." [I]f there is no "apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'"[3]

The court went on to note that "prejudice to the opposing party is the predominate factor in determining whether or not to grant leave to amend," and held that delay alone is an insufficient basis on which to deny a motion to amend.[4]

In the present case Defendant argues Plaintiffs' motive for seeking leave to amend is to harass Defendant, increase its expenses, and move the case to superior court. Much

---

[1] Civil Rule 15(a).
[2] *Ruckle v. Anchorage School Dist.*, 85 P.3d 1030, 1038-39 (Alaska 2004) (citing *Estate of Thompson v. Mercedes Benz, Inc.*, 514 P.2d 1269, 1271 (Alaska 1973) (the court should allow an amendment when it will not cause injustice).
[3] *Miller v. Safeway, Inc.*, 102 P.3d 282, 293-94 (Alaska 2004).
[4] *Id.* at 294.

of Defendant's argument, however, rests on the alleged frivolousness of Plaintiffs' new claims. Defendant's argument that Plaintiffs' new claims are baseless is better suited to a motion for summary judgment. Moreover, the court cannot deny leave to amend to add new claims based on Defendant's opinion of Plaintiffs' motives for adding the new claims—i.e., speculation is insufficient to establish apparent or declared dilatory motive.

At trial the parties will dispute who was at fault in the accident and how much damages Plaintiffs' suffered. Liability and damages are necessary to determining whether Defendant incorrectly valued Plaintiffs' damages. Plaintiffs' validly seek to also argue that Defendant's undervaluing of their damages was negligent, a statutory violation, or in bad faith. The court finds no prejudice from these new claims being brought now rather than four months ago when the complaint was filed. Plaintiff's request for leave to amend is **GRANTED**. Because the amended complaint alleges damages exceeding the jurisdiction of the district court, the motion to remand to district court is **DENIED**.

**IT IS SO ORDERED.**

Dated at Bethel, Alaska this 11th day of July, 2005.

                                          Honorable Leonard R. Devaney
                                          Superior Court Judge

I certify that on 7/13/05
copies of this form were sent to: — Cooke, Roosa & Valcarce

Clerk: J. Nelson         — Call, Hanson & Kell, P.C.