IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

RECEIVED
AUG 2 2 2005
calv
Call, Hanson & Kell, P.C.

JACK CHARLES and BERNADETTE CHARLES, )
)
        Plaintiffs, )
)
vs. )
)
GEICO GENERAL INSURANCE COMPANY, and )
VALERIE JOE )
)
        Defendants. )
_____)
)
GEICO CASUALTY COMPANY, )
)
        Third Party Plaintiff, )
)
vs. )
)
VALERIE JOE, )
)
        Third Party Defendant. )
_____)

Case No. 4BE-05-055 CI

## OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND DEADLINES

With approximately five months until the close of discovery, and seven months until trial, the defendant Geico General Insurance Company moved for a continuance of trial and deadlines, arguing that it needs more time for "additional discovery, experts, motion practice, and other related items." Defendant's Motion to Continue Trial Date and Deadlines, at 2. The defendant failed to detail exactly what information it needs, why it did not act earlier, and, most importantly, why it cannot act in the many months that remain before the

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

close of discovery and trial. For these reasons, the motion to continue must be denied.

The defendant's motion for continuance is based upon the following arguments: defendant needs additional time to respond to plaintiff's discovery requests, defendant will need expert witnesses with regard to bad faith, defendant will need additional jury instructions, and defendant will likely file additional pleadings. Such arguments do not support a continuance, however, because the court's pretrial scheduling order already anticipated amended pleadings by the parties, and set the schedule accordingly. The defendant's true reason for moving for a continuance appears to be to cause delays for plaintiff.

Most of the facts set forth in the defendant's motion have no relevance to the issue of whether to grant a continuance. The court has allowed amendments by the plaintiff to allege a claim of bad faith, and by the defendant to bring in Valerie Joe as a third party defendant. This was anticipated, however, in the court's pretrial scheduling order of June 3, 2005, which allowed ample time for discovery even with amended pleadings. The defendant has not articulated why additional discovery, experts, and motion practice are not possible in the ample time remaining, and why the needed information was not obtained earlier. The defendant's motion is instead a ploy to delay trial and prejudice the plaintiff.

OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND DEADLINES                        Page 2

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

## I. THE STANDARD OF LAW IS THAT THE DEFENDANT MUST SHOW A MANIFEST INJUSTICE WOULD RESULT IN ORDER TO MODIFY DEADLINES SET FORTH IN THE PRE-TRIAL SCHEDULING ORDER.

Approximately four months ago, at the June 3, 2005 scheduling hearing, the defendant agreed to be bound to the Court's Pre-Trial Order and trial date of March 2006, expert disclosure deadline of January 17, 2006, close of discovery on January 26, 2006, and a number of other deadlines. Now, in seeking to amend such Order, the defendant must prove a modification is necessary to "prevent a manifest injustice." The Civil Pre-Trial Order, issued on June 3, 2005, specifically ordered that the deadlines "shall not be amended except by order of the court to prevent manifest injustice." [See Civil Pre-Trial Order, Pg. 6.]

According to Alaska Civil Rule 16(e), pretrial orders setting filing dates and other deadlines "shall control the subsequent course of the action unless modified by a subsequent order." Id. The order may be modified to prevent "manifest injustice." Id. The discretion to modify a pretrial order rests in the trial court. City of Kotzebue v. McLean, 702 P.2d 1309, 1316 (Alaska 1985). The burden is on the party seeking modification to show manifest injustice. Johnson v. State, 636 P.2d 47, 58. In this case, the defendant has not shown that any "manifest injustice" will result from its own tardiness.

## II. THE DEFENDANT FAILED TO MEET ITS BURDEN AND PROVE THAT THE CONTINUANCES SHOUGHT ARE NECESSARY TO CORRECT A MANIFEST INJUSTICE

Most of the facts set forth in the defendant's motion and affidavit have no relevance to the issue of whether to grant continuances. The amendment of

OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND DEADLINES                    Page 3

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

pleadings and the need for additional discovery and expert testimony have no relevance to the motion to continue. The defendant failed to discuss the facts pertinent to the question at hand: what information does the defendant need, why did it not get it earlier, and why can't it obtain it within the months that remain before trial.

### A. Any additional discovery, finding of experts, motion practice, and other related items can occur before the close of discovery.

Almost three months ago, on June 9, 2005, the plaintiff filed a first amended complaint which included claims of bad faith. In its July 11, 2005 order, the court found no prejudice to the defendant from new claims being brought. After unsuccessfully opposing the plaintiff's motion to amend, the defendant now seeks to buy extra time before trial by filing a motion to continue trial date and deadlines.

As noted above, months remain before the close of discovery. If there is any complaint by the defendant concerning the time remaining to get necessary information, fault lies with the defendant in failing to move earlier and/or failing to move for expedited consideration. The defendant cannot use its own inaction as the basis for getting a continuance.

Months remain to conduct additional discovery, line up experts, and file motions. But if there were any need to get such information earlier, fault lies with the defendant's own inaction. There is no showing that a continuance is necessary to correct a manifest injustice on these grounds, and the motion must

OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND DEADLINES                                      Page 4

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

be denied.

### B. The defendant is responsible for any delay.

A continuance of trial cannot be granted based upon arguments that "[n]o party can reasonably be expected to be ready to meet the pretrial deadlines" when the court considers such deadlines reasonable and has found that allowing amendments would not prejudice defendant. [Affidavit of Blake H. Call, Pg. 2]

The defendant has had full information concerning plaintiff's claims and has received replies to all of its discovery requests; and anything else it may want can only be blamed on the defendant in failing to timely get such information. Nonetheless, months remain for defendant to obtain any information it wants. Without a detailed explanation of what information cannot be obtained in the next several months, or a reason as to why such information was not requested earlier, the motion must be denied.

### C. Defendant's motion is really just an attempt to curb defendant's failure to timely gather information, take depositions, and reasonably defend this matter.

The court must enforce the discovery rules and its pretrial order. To do anything less would reward defendant for its noncompliance, give it an unfair advantage at trial and penalize the plaintiff for following the rules and the pretrial order. Giving the defendant a continuance of trial and deadlines would simply encourage such violations and reward the defendant for its inaction. The

OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND DEADLINES                                      Page 5

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

motion must be denied.

### III. SIGNIFICANT PREJUDICE TO THE PLAINTIFF WOULD RESULT IF THE COURT SIGNED THE PROPOSED ORDER TO CONTINUE.

The defendant failed to address the prejudice to the plaintiff if the continuances were granted. The defendant does not seek short-term continuances of days or even weeks, but apparently wants significant delays, which would result in great prejudice to the plaintiff. The defendant requested a continuance to allow for a "significant increase in time" without stating approximately how long that would be. Such a "significant" delay would allow the defendant an unfair advantage over the plaintiff for the following reasons: the plaintiff would have to incur significantly greater costs and endure much more work in a long delay; and it would force the plaintiff's witnesses to derail their current schedules and testify at some unknown point in the future when their memories are even more faded.

Without a showing that it is necessary to correct a manifest injustice, continuances should not be granted. "[A] trial court may not grant a continuance based upon mere whim, request or convenience of counsel in the absence of substantial factual or legal reason for doing so." Tomash v. Evans, 704 P.2d 1296, 1298 (Wyo. 1985). The defendant in this case has not shown substantial factual or legal reason for a continuance, only its own failure to obtain information that was always available to it.

Case law from federal courts and other states, all of which apply similar

OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND DEADLINES                                      Page 6

rules for modifying pretrial orders, is particularly helpful with regard to the high standard required to modify a pretrial order. The court must deny modification of an order when it would cause undue hardship or possible injustice to one or more parties.

Two factors have been identified for modifying a pretrial order: "the weighing of possible hardship to the parties and doing justice to the merits of the claim." Washington Hospital Center v. Cheeks, 394 F.2d 964, 965 (D.C. Cir. 1968). In this case, the hardship to defendant is one of its own making, resulting from its failure to gather information in a timely manner. The hardship to the plaintiff is far greater: under the current pretrial scheduling order, trial will begin in March 2006, nearly two years after the events giving rise to the plaintiff's action. The defendant now seeks additional time to make up for its earlier inaction, an attempt to delay the plaintiff's day in court even further. The relative hardship is immensely higher for the plaintiff than for the defendant, and doing justice to the merits of the claim requires keeping to the schedule of the pretrial order.

While the court may modify a pretrial order to prevent "manifest injustice," it must also consider the possible injustice to other parties that may result from a modification. "While we recognize that in such matters, the trial court is vested with discretion, that discretion . . . must be exercised to prevent substantial injustice to the parties who have relied on the pre-trial rulings or agreements and structured the preparation and presentation of their cases accordingly."

OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND DEADLINES                               Page 7

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Gilcrease v. Gilcrease, 438 So.2d 658, 662-63 (La. App. 2 Cir. 1983).

The result of continuing trial and deadlines would also force the plaintiff to engage in new discovery concerning the defendant's experts, likely revise its own reports, and incur thousands of dollars more in costs. More work will be required by the plaintiff's counsel, which equates to more expenses, which ultimately prejudices the plaintiff in reducing the recovery to him. Rebuttal experts would likely need to be retained, which would also significantly increase costs and result in delay.

If the Court grants the order to continue, there will be more experts, more expert consultation, more expert rebuttal reports, and thus more expert costs. All of these costs, pursuant to Civil Rule 79 and Administrative Rule 7, are not reimbursable costs[1]. The court in this case should not punish the plaintiff for respecting the pretrial schedule, while rewarding the defendant for ignoring it. A continuance of trial would be a substantial injustice to the plaintiff because it would give the defendant exactly what it wants: more billable hours and further delay.

If trial were continued, the Court has to consider the fact that memories fade over time, and any continuance only hurts those with the burden of proof. Any continuance will thus prejudice the plaintiff, who will have waited almost two years to be heard by a jury. The plaintiff has expended many dollars in costs

OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND DEADLINES                             Page 8

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

to arrange for witnesses to appear, for experts and other work-related expenses in this case, his counsel has met all deadlines, and he is entitled to have his claims heard by a jury in a timely manner.

At the Bethel Court is a poster with script that reads, "justice delayed is justice denied." In this case, the plaintiff has the right to have his case heard in a timely manner, and a very high standard must be met to do otherwise. The facts and circumstances of this motion could not be clearer. The Court cannot continue simply because defendant failed to take depositions, retain experts, and provide information to its experts. The defendant offers no valid justification for its failures.

For all these reasons, the Court must deny the motion to continue trial and deadlines.

---

1 Most expert costs are not allowable costs. Expert costs are reimbursed only for the time testifying at trial/deposition. See Civil Rule 79; Administrative Rule 7.

OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND DEADLINES          Page 9

COOKE, ROOSA & VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

DATED this __19__ day of August, 2005, at Bethel, Alaska.

                          COOKE, ROOSA & VALCARCE
                          Attorney for Plaintiffs

                          _/s/ David Roghair_
                          David Roghair
                          Legal Intern

                          _/s/ Jim J. Valcarce_
                          Jim J. Valcarce
                          ABA No. 9505011

OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND DEADLINES      Page 10

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
)
                  Plaintiffs,    )
)
vs.    )
)
GEICO GENERAL INSURANCE COMPANY, and  )
VALERIE JOE    )
)
                  Defendants.    )
_____)
)
GEICO CASUALTY COMPANY,    )
)
    Third Party Plaintiff,    )
)
vs.    )
)
VALERIE JOE,    )
)
    Third Party Defendant.    )
_____)

Case No. 4BE-05-055 CI

**ORDER RE: CONTINUANCES**

THIS MATTER having come before the Court on defendant's motions for continuance of trial and deadlines; and the motions, having been heard and considered, the Court now enters the following order:

IT IS HEREBY ORDERED, that defendant's motion is DENIED.


DATED:_____, 2005.  _____
                                                                   Judge

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES & BERNADETTE CHARLES, )
)
Plaintiff, )
vs. )
)
GEICO GENERAL INSURACE COMPANY, )
)
Defendant, )
_____)
)
GEICO CASUALTY COMPANY, )
)
Third Party Plaintiff, )
)
vs. )
)
VALERIE JOE, )
)
Third Party Defendant, )  Case No. 4BE-05-055 CI
_____)

### CERTIFICATE OF SERVICE

DAVID ROGHAIR, certifies that he is an authorized agent of Cooke, Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on the date stated herein he filed the following documents in the above-named court and mailed copies thereof to the person listed below:

| | |
|---|---|
| Documents: | OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND DEADLINES<br>PROPOSED ORDER |
| Person Served: | Blake H. Call<br>CALL, HANSON & KELL P.C.<br>250 H Street<br>Anchorage, Alaska 99501-2112<br>(907) 258-8865 |

Dated this 19th day of August 2005, at Bethel, Alaska

_____
DAVID ROGHAIR

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744