IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, <br><br> Plaintiffs, <br><br> vs. <br><br> GEICO GENERAL INSURANCE COMPANY, <br><br> Defendant. <br><br> GEICO CASUALTY COMPANY, <br><br> Third Party Plaintiff, <br><br> vs. <br><br> VALERIE JOE, <br><br> Third Party Defendant. | Case No. 4BE-05-55   CI |

### ANSWER TO THIRD PARTY COMPLAINT AND COUNTERCLAIM

Valerie Joe, by and through counsel, Angstman Law Office, hereby answers third party plaintiff's complaint, and sets forth her counterclaim, as follows:

1. Defendant Valerie Joe is without sufficient information to form a basis for belief, and therefore denies the same.

2. Admit.

3. Admit.

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972



4. Defendant Valerie Joe is without sufficient information to form a basis for belief, and therefore denies the same.

5. Defendant Valerie Joe is without sufficient information to form a basis for belief, and therefore denies the same.

6. Deny.

7. Deny.

### AFFIRMATIVE DEFENSES

8. Third party Plaintiff's complaint fails to state a claim upon which relief can be granted.

9. Third party Plaintiff's damages, if any, were proximately caused in whole or in part by the conduct of person or entities other than defendant.

10. Third party Plaintiff's damages, if any were proximately caused by its own conduct.

11. Plaintiffs have failed to mitigate damages, if any, it suffered.

12. Defendant reserves the right to assert any further affirmative defenses that are revealed by investigation or discovery.

### COUNTERCLAIM

For her counterclaim, Valerie Joe, by and through her attorney Angstman Law Office, alleges as follows:

1. Valerie Joe realleges and incorporates by reference the allegations of third party

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

plaintiff and her denials to third party plaintiff's complaint.

2. Plaintiff Jack Charles was driving his vehicle westbound on Chief Eddie Hoffman Highway on or around May 3, 2004.

3. Third party Defendant's vehicle was driving northbound on BIA Road.

4. Plaintiff failed to yield and negligently struck third party Defendant's vehicle.

5. Third party Defendant Valerie Joe suffered physical and psychological injuries, both past and future, lost wages, medical expenses, rehabilitation expenses, pain and suffering, and loss of enjoyment of life.

### First Claim for Relief:

### Negligence Per Se

6. Third party Defendant incorporates all prior allegations herein.

7. On or about May 3, 2004, Plaintiff Jack Charles was negligent per se, in driving a motor vehicle in a manner that created an unjustifiable risk of harm, and who actually endangered a person, in violation of AS 28.35.040 and/or AS 28.35.045.

8. Plaintiff's negligence per se was the legal cause of the collision, resulting in damage to third party Defendant, both past and future, consisting of lost wages, medical expenses, rehabilitation expenses, pain, suffering, loss of enjoyment of life and loss of consortium, in excess of $100,000, the precise amount to be proven at trial.

### Second Claim for Relief

### Negligence

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-3-

9. Third party Defendant incorporates all prior allegations.

10. On or about May 3, 2004, Plaintiff Joe Charles was negligent in that he failed to stop and collided with plaintiff's vehicle.

11. Plaintiff's negligence was the cause of the collision, resulting in damage to third party Defendant, both past and future, consisting of lost wages, medical expenses, rehabilitation expenses, pain, suffering, loss of enjoyment of life and loss of consortium, in excess of $100,000, the precise amount to be proven at trial.

WHEREFORE Valerie Joe demands the following relief:

1. For an award dismissing third party Plaintiff's complaint, with prejudice.

2. For an award of attorney's fees and costs incurred in this action.

3. A judgment for compensatory damages from Plaintiff Joe Charles in an amount to be determined at trial, but in any event greater than $100,000.

4. For such further relief the court deems fit and proper.

DATED this ___ day of August, 2005, at Bethel, Alaska.

ANGSTMAN LAW OFFICE
Attorneys for Defendant

By: _____
Michele Power
Bar No. 9510047

**Angstman Law Office**
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2005, the foregoing document was mailed to:

Blake H. Call
Call, Hanson & Kell, P.C.
250 H. Street
Anchorage, Alaska 99501

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
PO Box 409
Bethel, Alaska 99559-0409

By: /s/ Matthew Widmer
Matthew Widmer

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972