IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, )<br>)<br>) Plaintiffs, )<br>)<br>vs. )<br>)<br>GEICO GENERAL INSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>_____)<br>)<br>GEICO CASUALTY COMPANY, )<br>)<br>Third Party Plaintiff, )<br>)<br>vs. )<br>)<br>VALERIE JOE, )<br>)<br>Third Party Defendant. )<br>_____) | RECEIVED<br>SEP 06 2005<br>Call, Hanson & Kell, P.C.<br><br><br>Case No. 4BE-05-55   CI |

### NON-OPPOSITION TO MOTION TO CONTINUE TRIAL DATES AND DEADLINES

VALERIE JOE, by and through counsel, Angstman Law Office, hereby non-opposes defendant/third party plaintiff, GEICO GENERAL INSURANCE COMPANY's, motion to continue trial dates and deadlines.

DATED this 2 day of September, 2005, at Bethel, Alaska.

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Non-Opposition to Motion to Continue Trial Dates and Deadlines
Charles v. GEICO, Case No. 4BE-05-55 CI

Page 1 of 2

ANGSTMAN LAW OFFICE
Attorneys for Defendant

By: _____
Michele Power
Bar No. 9510047

CERTIFICATE OF SERVICE

I hereby certify that on the 2 day of September, 2005, the foregoing document was mailed to:

Blake H. Call
Call, Hanson & Kell, P.C.
250 H. Street
Anchorage, Alaska 99501

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
PO Box 409
Bethel, Alaska 99559-0409

By: _____

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Non-Opposition to Motion to Continue Trial Dates and Deadlines
Charles v. GEICO, Case No. 4BE-05-55 CI

Page 2 of 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, | |
| Plaintiffs, | |
| vs. | |
| GEICO GENERAL INSURANCE COMPANY, | |
| Defendant. | |
| GEICO CASUALTY COMPANY, | |
| Third Party Plaintiff, | |
| vs. | |
| VALERIE JOE, | |
| Third Party Defendant. | Case No. 4BE-05-55 Civil |

**REPLY TO OPPOSITION TO
MOTION TO CONTINUE TRIAL DATE AND DEADLINES**

This case was originally filed as an uninsured motorist claim seeking damages less than $100,000 for negligence driving by a presumably uninsured motorist, Valerie Joe. GEICO answered and served a Third-

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Reply to Opposition to Motion to Continue Trial Date & Deadlines
Page 1

party Complaint against Valerie Joe, the uninsured driver. Valerie Joe answered the Third-Party Complaint on April 28, 2005 after the Court served its Notice of Trial Date Setting Conference. Ms. Joe denied liability for the accident. After GEICO motioned and the court ordered the case remanded to District Court, Plaintiff filed an Opposition to the Motion to Remand and a Motion to Amend. Plaintiff's Motion to Amend specifically included a claim against Valerie Joe and significantly altered the allegations against GEICO to allege breach of contract, negligence and bad faith claims. Third-Party Defendant Valerie Joe was not served with the Motion to Remand or the Motion to Amend the Complaint. See Certificates of Service. The Court issued its Orders on the Motions to Remand and Amend the Complaint on July 11, 2005. Third-party defendant Valerie Joe was not served with the Court's order.

Plaintiff argues that Defendant must show a "manifest injustice" to set aside the Court's Pre-trial Order. First, Valerie Joe had no notice of and did not attend the pretrial conference. See Notice of Trial Date Setting Conference. The parties contemplated that the trial deadlines would have to be modified once Ms. Joe was given an opportunity to be heard. Upon review of the pleadings, it is evidence that Ms. Joe has not been served with any of the motion practice in this case. Likewise, she has not been served

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

with Plaintiff's Preliminary Witness List. Enforcing the pre-trial deadlines and continuing the motion practice without notice to Valerie Joe is undisputedly a manifest injustice and grounds alone for rescheduling the trial date.

Second, the Civil Pretrial Order is controlling only as to matters contemplated by the parties at the time of the pretrial conference. *See Bertram v. Harris*, 423 2d 909 (Alaska 1967). At the time of the pretrial conference the only issues were Valerie Joe's liability and the extent of plaintiffs' damages caused by the automobile accident. The parties could only contemplate witness lists, exhibits, expert testimony and discovery relevant to the issues of liability and damages. Since the pretrial order was entered, Plaintiffs amended their complaint to allege new theories against GEICO. The Amended Complaint creates a substantial and fundamental departure from the theories initially pled. In the original Complaint, GEICO was contractually liable only for damages legally caused by the uninsured motorist up to the limit of the insurance policy issued to the Plaintiffs. The amount in controversy was less than the $100,000 and District Court rules limiting discovery were appropriate under Civil Rule 26(g). The Amended Complaint alleges damages in excess of $100,000 and changes the focus of discovery from Valerie Joe's negligence and Plaintiffs' damages to GEICO's

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Reply to Opposition to Motion to Continue Trial Date & Deadlines
Page 3

conduct in selling the insurance policy, evaluating the claim and attempting to negotiate a settlement of the claim.

Third, the pre-trial order contemplated that the parties already exchanged initial disclosures. *See* Report of Parties Planning Meeting. Valerie Joe was not at party at the time of the initial Report of Parties Planning Meeting and has not provided her Initial Disclosures. Plaintiff and Defendant exchanged Initial Disclosures only as they related the Valerie Joe's liability and plaintiffs' damages. Plaintiffs have not disclosed any documents or witnesses to support their new theories against GEICO nor has GEICO provided initial disclosures in defense of Plaintiffs' theories. In the absence of initial disclosures from plaintiff concerning the new allegations against GEICO, GEICO cannot retain the appropriate experts and cannot take depositions without responses to discovery requests directed at the new allegations.

Plaintiff's complaint that GEICO somehow created a delay is unjustified. The Court did not enter an order allowing the plaintiffs to amend their complaint until July 11, 2005. GEICO has not even been served with the Amended Complaint. It is not known whether Valerie Joe has been served with the Amended Complaint but neither GEICO not Valerie Joe have answered the Amended Complaint.

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Reply to Opposition to Motion to Continue Trial Date & Deadlines
Page 4

In light of Valerie Joe's due process rights and plaintiff's substantial and fundamental departure from the theories initially pled in their Complaint, the court should vacate the pre-trial date and deadlines and schedule a new trial setting conference.

DATED at Anchorage, Alaska, this 25 day of August, 2005.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant

By: /s/ Susan D. Mack
Susan D. Mack
ABA No. 8411128

I hereby certify that a true and correct copy of the foregoing was ☐ faxed ☐ hand delivered and/or ☒ mailed this 25th day of August, 2005 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

Valerie Joe
P.O. Box 1623
Bethel, AK 99559

/s/ Michelle N.

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Reply Opp to Motion to Continue.doc

*Charles v. GEICO*
Case No. 4BE-05-55 Ci.
Reply to Opposition to Motion to Continue Trial Date & Deadlines
Page 5

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865