IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT BETHEL

RECEIVED
SEP 2 2 2005
Call, Hanson & Kell, P.C.

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, Plaintiffs, v. GEICO GENERAL INSURANCE COMPANY, Defendant. | Case No. 4BE-05-55 CI |

## ORDER DENYING MOTION FOR CONTINUANCE

Jack and Bernadette Charles (Plaintiffs) are involved in a dispute with GEICO General Insurance Co. (Defendant) regarding an alleged breach of insurance contract. On July 11, 2005, Plaintiffs were granted a motion to amend their initial complaint. In that amended complaint, Plaintiffs added new claims against Defendant alleging bad faith, negligence, and statutory violation. Responding to the expanded complaint against Defendant, Defendant filed a motion to continue the trial date and deadlines. Plaintiffs oppose the motion on grounds that continuing the trial date would result in significant prejudice to the Plaintiffs. Valerie Joe, through counsel, recently responded that she would not oppose the continuance, but did not present any arguments of her own.

Granting a motion for continuance is in the court's discretion, and in determining whether to do so it "must balance the needs for due promptness with the rights to fair presentation of the case."[1] Defendant seeks to continue the trial to allow time to prepare

---

[1] *Sylvester v. Sylvester*, 723 P.2d 1253, 1256 (Alaska 1986) (citations omitted).

for the additional claims in the amended complaint. Plaintiffs contend that additional time should not be necessary because the current time frame is sufficiently broad to allow for any additional discovery related to the new claims.

Defendant also asserts that manifest injustice will befall the third party defendant if the case proceeds as scheduled. Defendant claims the third party defendant was not present at the scheduling conference. This is not correct; a representative for the third party defendant was present at the pre-trial conference and agreed to the pre-trial setting, stating his availability for the March 27th, 2006 trial. The court held off issuing the pretrial order for 10 days to give the third party defendant time to decide what to do. As the third party defendant was represented at the pretrial scheduling conference and agreed to the schedule, manifest injustice will not befall the third party defendant.

Defendant also alleges manifest injustice based on lack of discovery including the lack of updated disclosures following the amendment to the complaint. Although the lack of discovery could be a basis for a continuance, defendant must show efforts to compel discovery prior to this court being able assess whether manifest injustice could be found. Put another way, the court encourages all parties to work together to make sure discovery is provided in an efficient manner, thereby preserving the present court date.

Defendant's strongest ground for a continuance is the fact that the amended complaint significantly alters and expands the nature of the suit. As such, Defendant must be allowed the opportunity to pursue alternate and expanded legal defenses to the additional claims. Given that the trial date is currently more than seven months distant, and dispositive motion are not due until November 25, 2005, ample time remains for Defendant to pursue such avenues without jeopardizing the right to a fair presentation of

the case. For good cause the court has already continued the date for the preliminary witness list; additional requests will be entertained if good cause is shown.

Defendant's motion to continue trial date and deadlines is DENIED.

**IT IS SO ORDERED.**

Dated at Bethel, Alaska this 16th day of September 2005.

                                                        Honorable Leonard R. Devaney
                                                     Superior Court Judge

I certify that on 9/19/05
copies of this form were sent to:   - Myron Angstman
                                       - Jim Valcarce
                                       - Blake Call

Clerk: mj

RECEIVED

SEP 19 2005

Call, Hanson & Kell, P.C.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,       )
                          )
           Plaintiffs,    )
                          )
v.                        )        Case No. 4BE-05-55 CI
                          )
GEICO GENERAL INSURANCE   )
COMPANY,                  )
                          )
           Defendant.     )
_____)

## ORDER DENYING MOTION FOR CONTINUANCE

Jack and Bernadette Charles (Plaintiffs) are involved in a dispute with GEICO General Insurance Co. (Defendant) regarding an alleged breach of insurance contract. On July 11, 2005, Plaintiffs were granted a motion to amend their initial complaint. In that amended complaint, Plaintiffs added new claims against Defendant alleging bad faith, negligence, and statutory violation. Responding to the expanded complaint against Defendant, Defendant filed a motion to continue the trial date and deadlines. Plaintiffs oppose the motion on grounds that continuing the trial date would result in significant prejudice to the Plaintiffs. Valerie Joe, through counsel, recently responded that she would not oppose the continuance, but did not present any arguments of her own.

Granting a motion for continuance is in the court's discretion, and in determining whether to do so it "must balance the needs for due promptness with the rights to fair presentation of the case."[1] Defendant seeks to continue the trial to allow time to prepare

---

[1] *Sylvester v. Sylvester*, 723 P.2d 1253, 1256 (Alaska 1986) (citations omitted).

for the additional claims in the amended complaint. Plaintiffs contend that additional time should not be necessary because the current time frame is sufficiently broad to allow for any additional discovery related to the new claims.

Defendant also asserts that manifest injustice will befall the third party defendant if the case proceeds as scheduled. Defendant claims the third party defendant was not present at the scheduling conference. This is not correct; a representative for the third party defendant was present at the pre-trial conference and agreed to the pre-trial setting, stating his availability for the March 27th, 2006 trial. The court held off issuing the pretrial order for 10 days to give the third party defendant time to decide what to do. As the third party defendant was represented at the pretrial scheduling conference and agreed to the schedule, manifest injustice will not befall the third party defendant.

Defendant also alleges manifest injustice based on lack of discovery including the lack of updated disclosures following the amendment to the complaint. Although the lack of discovery could be a basis for a continuance, defendant must show efforts to compel discovery prior to this court being able assess whether manifest injustice could be found. Put another way, the court encourages all parties to work together to make sure discovery is provided in an efficient manner, thereby preserving the present court date.

Defendant's strongest ground for a continuance is the fact that the amended complaint significantly alters and expands the nature of the suit. As such, Defendant must be allowed the opportunity to pursue alternate and expanded legal defenses to the additional claims. Given that the trial date is currently more than seven months distant, and dispositive motion are not due until November 25, 2005, ample time remains for Defendant to pursue such avenues without jeopardizing the right to a fair presentation of

the case. For good cause the court has already continued the date for the preliminary witness list; additional requests will be entertained if good cause is shown.

Defendant's motion to continue trial date and deadlines is **DENIED**.

**IT IS SO ORDERED.**

Dated at Bethel, Alaska this 16th day of September 2005.

Honorable Leonard R. Devaney
Superior Court Judge

I certify that on 9/19/05 copies of this form were sent to:
- MYRON ANGSTMAN
- JIM VALCARCE
- BLAKE CALL

Clerk: MJ

ALASKA COURT SYTEM
PO BOX 130
BETHEL AK 99559-0130
907-543-1124
FAX 907-543-3343

# facsimile transmittal

| To: | BLAKE CALL | Fax: | (907) 258-8865 |
|---|---|---|---|
| From: | MONA JENSEN | Date: | 9/19/2005 |
| Re: | COURT ORDER | Pages: | 4 INCL COVER SHEET |
| CC: | | | |

☐ Urgent   ☒ For Review   ☐ Please Comment   ☒ Please Reply   ☐ Please Recycle

TO: BLAKE CALL, ATTORNEY
RE: 4BE-05-55 CI   CHARLES V GEICO/GEICO V JOE

HERE IS AN ORDER ON THE ABOVE-REFERENCED CASE.
A HARD COPY WILL FOLLOW IN THE MAIL.

THANK YOU!

MONA JENSEN, mjensen@courts.state.ak.us
JUD ADMIN ASST FOR JUDGE LEONARD DEVANEY
907-543-1124 PHONE     907-543-3343 FAX