IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

          Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

          Defendant.

---

GEICO CASUALTY COMPANY,

          Third Party Plaintiff,

vs.

VALERIE JOE,

          Third Party Defendant.        Case No. 4BE-05-55 Civil

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## AS TO ALL CLAIMS OF BAD FAITH

COMES NOW defendant, **GEICO CASUALTY COMPANY,** by and through counsel of record, Call, Hanson and Kell, P.C., and hereby requests that this court rule upon defendant's Motion for Summary Judgment. This motion is supported by the attached Memorandum of Law.

DATED at Anchorage, Alaska, this $\underline{13th}$ day of October, 2005.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant

By: _____
Blake H. Call
ABA No. 8911051

I hereby certify that a true and correct
copy of the foregoing was ☐ faxed ☐
hand delivered and/or ☒ mailed this
☒ day of October, 2005 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

Michele L. Power, Esq
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

_____
Mona Schultz

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Motion for Summary Judgment, Page 2
Charles v. GEICO, Case No. 4BE-05-55 CI

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

        Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.

GEICO CASUALTY COMPANY,

        Third Party Plaintiff,

vs.

VALERIE JOE,

        Third Party Defendant.

Case No. 4BE-05-55 Civil

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

## MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT
## AS TO ALL CLAIMS OF BAD FAITH

### UNDISPUTED FACTS

On October 7, 2003 Jack Charles ("Charles") called GEICO's toll-free telephone number to inquire about automobile insurance coverage. (See Affidavit of Lori Boyer and Exhibit A, policy log notes). The GEICO sales representative orally offered Charles higher coverage but Charles

declined the offer of higher coverage and requested $50,000/$100,000 in coverage. (See Affidavit of Lori Boyer and Exhibit A). GEICO then sent Charles a business package which included the application for insurance and the written UM/UIM selection/rejection form. (Exhibits B and C.)  The top of the selection/rejection form contains the following admonition: "IMPORTANT PLEASE READ CAREFULLY." The form describes the nature of UM/UIM coverage and lists eleven coverage options and the premium for each option.  Page 2 of the form states "IF YOU HAVE ANY QUESTIONS REGARDING THIS FORM, PLEASE CALL US AT 1-800-841-3000. (Exhibit C.)  Charles did not call with any questions.  He returned the form with a selection of UM/UIM coverage at the $50,000/$100,000 level. (See  Exhibit C)

In April, 2004, Charles renewed his GEICO automobile policy.  His renewal package included another UM/UIM selection form.  (See Affidavit of Lori Boyer).  The form informs the customer as follows: "[P]lease make any changes, sign and return this form.  If this form is not returned, we will make no changes to your coverages." (Exhibit C p.1.)  Charles did not return the form to GEICO. Therefore, GEICO honored Charles' wishes and renewed his prior selection of $50,000/$100,000 UM/UIM coverage.

On May 3, 2004, Jack and Bernadette Charles were involved in an auto accident with Valerie Joe. ("Joe"). The accident happened at an intersection known locally as "Watson's Corner" where three streets

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

converge at the Eddie Hoffman Highway. Joe was uninsured. Joe denies
liability for the accident. (See Third Party Defendant Answer) Neither party
was cited for the accident but Officer William Perry gave both drivers a
warning for failure to yield. (Exhibit D).

Joe reported the accident to GEICO and filed a bodily injury and
property damage claim against Charles. (Exhibit E, entry of May 4, 2004
)The accident was reported to GEICO on May 3, 2004. (GEICO claim Activity
Log, Exhibit E.) GEICO took a recorded statement from Valerie Joe on May
4, 2004. (Exhibit E). GEICO contacted Charles about Joe's claim and
Charles informed GEICO that he intended to retain an attorney with regards
to his claim. (Exhibit E, entry of May 4, 2004. Unknown to GEICO, Jim
Valcarce ("Valcarce") was retained to represent Charles by May 6, 2004.
(Exhibit F). GEICO attempted to contract Charles and orally requested a
recorded interview with Charles on May 14. (Exhibit E). GEICO repeatedly
notified Charles that the investigation was ongoing pending a recorded
statement from Jack Charles. The letters are dated June 2, June 29, July
15 and July 16. (See Exhibit G).

On July 27, 2004 GEICO received a letter from Valcarce notifying
GEICO that Charles was making a UM claim; that he represented Charles;
and, instructed GEICO not to contact the insureds directly. (Exhibit H).
Valcarce also requested a copy of the insurance policy. On August 4, 2004,
GEICO informed Valcarce that it needed a statement from Jack Charles;

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

general information as to the extent of injuries; names and addresses of

treating doctors and a request for medical record authorizations. (Exhibit F).

On September 20, 2004 Mr. Valcarce refused GEICO's request for a

recorded interview and "advised that he will just file the Complaint and

advised [the adjuster] to have a nice day and hung up." (Exhibit E, entry of

September 20, 2004). On August 6, 2004, GEICO responded to Valcarce's

request for a copy of the policy and again asked for a recorded statement.

(Exhibit J.) GEICO followed up on its request for a recorded statement on

August 27, September 30 and October 1. (Exhibit K). In response, Valcarce

provided two unsigned witness statements. (Exhibit L). Finally, on October

6, 2004, Valcarce offered to get the names of the medical providers and

stated that the insureds were willing to give a recorded interview. (Exhibit E,

entry of October 16, 2004.) The interview was scheduled for the following

day. On October 7, 2004, plaintiffs' counsel advised plaintiffs *not* to

discuss their injuries. (Exhibit E, doc 10202). On October 8, 2004, plaintiffs

provided GEICO with the names of their medical providers. (Exhibit E.)

GEICO sent medical authorizations to Yukon Kuskowim Health

Corporation but records were not received from the provider. On November

5, 2004 and again on December 20, 2004, GEICO advised Valcarce that

GEICO lacked medical records. (Exhibit M) On December 27, 2004,

Valcarce sent GEICO a letter stating that he was enclosing medical records.

(Exhibit N) That letter was received by GEICO on January 3, 2005. On

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

January 6, 2005, GEICO informed Mr. Valcarce that the medical records were not enclosed with his letter. (Exhibit N, p. 2). Valcarce mailed medical bills on January 3, 2005. The medical bills were received by GEICO on January 7, 2005. (Exhibits O and P). The medical records were subsequently received by GEICO and GEICO made a settlement offer on January 26, 2005. (Exhibit Q).

Medical records, Exhibit O, show that twenty-four-year-old Jack Charles was treated at Yukon Kuskokwim Health Corporation following the accident on May 3, 2004. He complained of left sided cervical pain and left sided lumbar pain. He was seen again on May 6, 2004. He reported that his neck was better and the headaches were gone. He continued to complain of lumbar pain. On June 14, 2004 he complained of low back pain and rated it a 2 on a scale of 10. GEICO has no evidence of accident-related medical treatment from Jack Charles after June 14, 2004. Jack Charles medical expenses were $1,428.28 of which $1,067.68 was diagnostic. GEICO was not presented with any evidence of lost wages or other special damages. GEICO offered to settle Jack Charles' claim for $5,500.00. (Exhibit Q).

Twenty-year-old Bernadette Charles presented to the emergency room on May 3, 2004. (Exhibit P). She complained of right flank pain and right shoulder pain. On May 6, 2004 she presented to the emergency room complaining of chest pain secondary to the accident. She was diagnosed with a chest contusion and discharged. GEICO calculated her medical

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

expenses at $1,979.79, but it appears that only $1,523.13 was accident-related and, of that amount, $1,355.78 was diagnostic. GEICO was not presented with any evidence of lost wages or other special damages for Bernadette Charles. GEICO offered to settle her claim for $6,300.00. (Exhibit Q.)

Plaintiffs filed suit against GEICO on February 16, 2005 alleging bodily injury claims "greater than $50,000 but less than $75,000" for each claimant, thereby avoiding removal to federal court. GEICO answered the complaint; filed a Third-Party Complaint against Joe; and moved to remand the case to District Court based on the limited amount in controversy. Plaintiffs then moved to amend their complaint to include Joe as a defendant and amended their allegations to add claims against GEICO.

In their Amended Complaint, Plaintiffs add claims against GEICO for negligence, breach of contract, bad faith, fraud, conspiracy and punitive damages. Specifically, Plaintiffs allege that GEICO had a duty to "ensure that plaintiffs selected appropriate (UM/UIM) limits for living in an area with a high number of uninsured motorists"; that GEICO negligently offered plaintiffs lower limits than plaintiffs would have selected if higher limits had been offered; that GEICO breached the insurance contract and acted in bad faith in the evaluation of plaintiffs' claims. Plaintiffs further allege that the insurance policy was the "result of fraudulent practices and a scheme and conspiracy by GEICO Insurance to only offer and disclose low UM/UIM

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

limits, conceal UM/UIM limits and prices available and required to be offered, issue low UM/UIM coverage limits and thus deprive plaintiffs and many others of the legal rights under AS 21.89.020."

## SUMMARY OF ARGUMENT

Plaintiffs allegations are not supported by any allegations of facts and, based on the undisputed facts, GEICO is entitled to summary judgment as a matter of law. Specifically, Plaintiffs' allegations that GEICO negligently failed to advise them to select higher UM/UIM coverage is resolved, as a matter of law, by AS 21.89.020 – GEICO has no duty to advise  prospective insured of the "appropriate limits" for UM/UIM coverage.  Plaintiffs' allegations that GEICO failed to offer appropriate UM/UIM limits and engaged in some type of conspiracy to defraud consumers is resolved by the Alaska Supreme Court's recent holding in *Graham-Gonzalez v. Government Employees Insurance Company,* 107 P.3d 279 (Alaska 2005). GEICO's UM/UIM selection form sufficiently communicates the availability of higher coverage options available to its potential insureds. The undisputed evidence shows that Jack Charles received the coverage options and made his selection.

Plaintiffs' allegations that GEICO breached the insurance contract by failing to investigate and evaluate plaintiffs' claim is resolved by reference to Alaska's Unfair Claims Practice Act and plaintiffs' own breach of contract. Likewise, plaintiffs' allegations of bad faith cannot be supported by the

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

undisputed facts. And, in the absence of bad faith, plaintiffs' claims for

punitive damages cannot survive summary judgment.

## STANDARD FOR SUMMARY JUDGMENT

The allegations in plaintiffs' Amended Complaint can be

summarily dismissed if there are no genuine issue as to any material fact

and the moving party is entitled to judgment as a matter of law. Civil Rule

56(c) Alaska Rules of Civil Procedure. When a motion for summary

judgment is made and supported as provided in Civil Rule 56, an adverse

party may not rest upon the mere allegations or denials of the adverse

party's pleading, but the adverse party's response, by affidavits or as

otherwise provided in this rule, must set forth specific showing that there is

a genuine issue for trial. Civil Rule 56(c).

## DUTY TO ADVISE AND OFFER HIGHER LIMITS

### a. GEICO fulfilled its duty to offer higher limits

In paragraph 5 of the Amended Complaint, plaintiffs allege that

GEICO had a duty to provide coverage options and "ensure that plaintiffs

selected appropriate limits for living in an area with a high number of

uninsured motorists." This issue was resolved in *Graham-Gonzalez v.*

*Government Employees Insurance Company,* 107 P.3d 279 (Alaska 2005).

AS 21.89.020 (c) requires that each insurer must "make available" to its

prospective customers the mandated levels of UIM coverage. *Id.* "This

means that insurers must notify prospective customers that they will sell

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

such coverage." *Id.* at 284. The statute requires nothing more. Specifically, there is no statutory duty to counsel prospective or current insureds about the "appropriate limits" for their particular needs. AS 21.89.020 specifically provides that, "after selection of the limits by the insured . . . the insurer is not required to notify any policyholder in any renewal, supplemental, or replacement policy, as to the availability of the coverage or optional limits. . ." AS 21.89.020(e). Nevertheless, GEICO does send a selection/rejection form itemizing the coverage options and premium cost with every renewal policy.

AS 21.42.129(a) requires that insurance application forms that are to become part of a policy must be filed with and approved by the director of the Division of Insurance. AS 21.42.130(1) requires that the director disapprove a form that is filed that is "in any respect in violation of or does not comply with [Title 21 of the Alaska Statutes]." In *Graham-Gonzales*, our Alaska Supreme Court took judicial notice that the Division of Insurance has approved GEICO's selection/rejection form. The director's approval is consistent with the requirements of AS 21.89.020(c). *Id.* at 287.

As a matter of settled law, GEICO properly offered Charles up to $1,000,000 in UM/UIM coverage. Charles selected the $50,000/$100,000 coverage. GEICO is entitled to summary judgment as a matter of law on all counts relating to offer amounts.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

**b. GEICO had no duty to advise Charles of the sufficiency of Charles selection**

Plaintiff cites *Peter v. Schumacher Enterprises, Inc.*, 22 P.3d 481 (Alaska 2001) for the proposition that an insurance *agent* may have a duty to advise customers to obtain additional coverage if a "special relationship" exists between the insurance agent and the insured. The holding in *Peter* is limited to the duty of an independent insurance agent. An *insurance agent* who undertakes to procure insurance for another is an agent of the insured and owes the insured a general duty to exercise reasonable care, skill and good faith diligence in obtaining insurance. *Eagle Air, Inc. v. Corroon & Black/Dawson and Co.*, 648 P.2d 1000 (Alaska 1982). As a general rule, insurance agents have no duty to advise customers to obtain additional coverage. An exception to the general no-duty rule may arise if a "special relationship" exists between the insurance agent and the insured. In *Peter* the insured purchased her Progressive Insurance policy through Last Frontier Insurance Cache, an agency with which the Peters had done business for ten years. According to Peter, she requested "full coverage" without being advised of the different levels of coverage. Given the long term relationship with Peters and the agency, Peters' ambiguous request for coverage, and the agent procuring the policy on behalf of the insured, a special relationship was created.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

In this case, Charles fails to make a distinction between an insurance agent or broker and the insurance company. Charles did not purchase his GEICO policy through an insurance agent or broker with whom he had a special relationship. Charles called the insurer, GEICO, directly through GEICO's toll free telephone number and spoke with a sales representative. Charles was a new customer to GEICO. He was insured with GEICO for only seven months before the accident. GEICO did not expressly contract to assume the duties of insurance counselor, advisor or consultant. GEICO did not receive extra compensation for selling the policy through its toll free number. Page two of the selection/rejection form states "IF YOU HAVE ANY QUESTIONS REGARDING THIS FORM, PLEASE CALL US AT 1-800-841-3000. Charles did not call with questions therefore there could be no misrepresentations.

Charles is in a better position than GEICO to assess the risk of uninsured or underinsured drivers in Bethel. According to the medical records, Charles has lived in Bethel all of his life. The GEICO sales agent was in San Diego, California. According to Charles insurance application, this was Charles' first insurance policy but not his first accident. He was an uninsured driver at the time of his October 2000 accident for which he was convicted of driving while intoxicated.

There is no special agency relationship between GEICO and Charles. The parties were in an ordinary insurer-insured relationship. AS

Memorandum in Support of Motion for Summary Judgment
Charles v. GEICO, Case No. 4BE-05-55 CI
Page 11 of 24

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

21.89.020(c) only requires that each insurer must "make available" to its prospective customers the mandated levels of UIM coverage. See *Graham-Gonzales*. This coverage was undisputedly made available to Charles.

GEICO has no statutory, administrative or contractual duty to offer advice about the sufficiency of insurance coverage. GEICO is entitled to summary judgment on plaintiffs' claims relating to the GEICO's duty to offer higher UM/UIM policy limits and the sufficiency of GEICO's selection/rejection form as a matter of law.

## BREACH OF CONTRACT

GEICO is entitled to summary judgment on Plaintiffs' claims for breach of contract for three reasons. First, Plaintiffs' claim of breach of contract for failure to pay is not ripe for adjudication and should be dismissed as premature. Second, plaintiffs breached their duty to submit an adequate proof of loss thereby excusing GEICO from prompt evaluation of the claim. And third, GEICO's compliance with the deadlines imposed by Alaska's Unfair Claims Practices Act shows that GEICO was prompt and responsive as a matter of law.

### Failure to pay "adequate and full compensatory damages."

Plaintiffs' claim for breach of contract for failure to pay "adequate and full compensation for their compensatory losses" is not ripe for adjudication. See *Pontius v. State Farm Mutual Auto. Ins. Co.*, ___ So.2d ___ 2005 WL 1316935 (Ala. 2005)(There can be no action based on an alleged breach of

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

contract or the tort of bad-faith to pay an insurance claim until the insured demonstrates that he is legally entitled to recover damages from the underinsured motorist.).

Section IV of the insurance contract sets out GEICO's duty to pay:

LOSSES WE PAY

We will pay damages for *bodily injury,* caused by an accident, which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle,* an *underinsured motor vehicle,* or a *hit and run motor vehicle* arising out of the ownership, maintenance or use of that vehicle.

\*        \*        \*

The contract anticipates that the parties may not agree on *whether* the insured is legally entitled to recover from the uninsured driver and/or the *amount* the insured is legally entitled to recover. In the event of a dispute between the insured and the insurer the policy provides as follows:

ARBITRATION

Except as set forth in the last sentence of this paragraph, any dispute arising between any *insured* and us regarding:

(a)    the extent to which the *insured* is legally entitled to recover against an owner or operator of an *uninsured motor vehicle* or *underinsured motor vehicle* (i.e., issues of liability); or

(b)    the amount of damages sustained by the *insured*

may be arbitrated. However, neither the *insured* nor we will be required to arbitrate unless arbitration is expressly required by state law.

\*        \*        \*

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Plaintiffs elected to file a lawsuit to determine the extent to which they are legally entitled to recover against Joe and the amount of their damages. There can be no action against GEICO based on an alleged failure to pay an insurance claim until Jack and Bernadette Charles demonstrated that they are legally entitled to recover damages from the uninsured motorist and the amount of those damages. Joe has denied liability. If Valerie Joe prevails at trial, plaintiffs will be entitled to nothing. Plaintiffs claims for breach of contract should be dismissed without prejudice to their right to refile their claim if GEICO fails to pay the amount there are legally entitled to recover from Joe.

## Unreasonable delay, failure to properly investigate and promptly evaluate

Plaintiffs argue that GEICO's violated AS 21.36.125, Alaska's Unfair Claims Practices Act and regulations. Plaintiffs have no private cause of action for a violation of the Alaska Unfair Claims Practices Acts. *See* AS 21.36.125(b) and *O.K. Lumber Company, Inc. v. Providence Washington Ins. Co.*, 750 P.2d 523, 527 (Alaska 1988). In apparent attempt to avoid the prohibition of a private cause of action, plaintiff uses the Unfair Claims Practices Act to argues that GEICO's violations are "evidence" of a breach of contract. Conversely, GEICO's compliance with AS 21.36.125 should entitled GEICO to summary judgment on these claims.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Section IV of the insurance contract imposes a duty on the insured to provide GEICO with proof of loss:

> As soon as possible, the **insured** or other person making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment and other facts which may affect the amount payable.

Exhibit  Q.

GEICO is obligated to make a reasonable investigation of all of available information and accept or deny the claim within fifteen days *after receipt of a properly executed statement of claim, proof of loss, or other acceptable evidence of loss.* Sec 3 AAC 26.070. "While the investigation remains incomplete, additional notification shall be provided 45 working days from the initial notification, and no more than every 45 working days thereafter giving the reasons that additional time is necessary to complete the investigation." 3 AAC 26.070 ((a)(1). GEICO met its obligations. Plaintiffs, through counsel, specifically refused to provide details of the nature and extent of injuries. (Exhibit E.). GEICO repeatedly notified the insured that the investigation was ongoing pending receipt of medical records and a recorded statement from Jack Charles. (See Exhibits K, M and N.) Charles' agent, Mr. Valcarce refused GEICO's request for a recorded interview and "advised that he will just file the Complaint and advised [GEICO] to have a nice day and hung up." (See Exhibit E.)  On October 7, 2004, Valcarce advised plaintiffs **not** to discuss their injuries

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8855

with GEICO's adjuster in direct violation of the contract. Plaintiffs did not provide GEICO with the names of their medical providers until October 8, 2004. GEICO sent medical authorizations to Yukon Kuskowim Health Corporation but YKHC did not honor the request. Valcarce finally sent the medical records and bills by January 7, 2005.

GEICO was required to accept or deny the claim "within a reasonable time for completion of the investigation and *after receipt* of acceptable evidence of loss." 3 AAC 26.070(a)(1). GEICO finished its investigation, rejected plaintiffs demand for policy limits and made a settlement offer on January 26, 2005 – less than 20 days after receipt of acceptable evidence of the loss.

Likewise, Plaintiffs delayed their claim for total property damage. They did not assert the claim until September 30, 2004. (Exhibit E, p. 17.) GEICO had no damage estimate or photographs until October, 2004. GEICO completed the total loss settlement by November 16, 2004 and submitted its damage calculation to plaintiffs' counsel. (Exhibit E, p.22.) Plaintiffs counsel did not respond until January 5, 2005. Counsel agreed with the actual cost value of vehicle but was looking for shipping costs unique to Bethel. The parties reached an agreement on the total loss and GEICO added shipping costs on January 19, 2005. (Exhibit R.)

GEICO complied with its duties under the Alaska Unfair Claims Practices Act. The covenant of good faith and fair dealing requires "that

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

**neither** party will do anything which will injure the right of the other to receive the benefits of the agreement." *Jackson v. American Equity Insurance Company*, 90 P.3d 136 (Alaska 2004) citing *Guin v. Ha*, 591 P.2d 1281, 1291 (Alaska 1979) If a party fails to perform its own obligations under a contract, and no valid excuse for non-performance exists, the performance obligations of the other party are discharged. See Restatement (Second) of Contracts, Sec. 237 cmt. A (stating that a material failure of performance operates as non-occurrence of condition on other party's duty to perform and discharges duty if condition can no longer occur). See also *Grace v. Ins. Co. of North America*, 944 P.2d 460 (Alaska 1997) citing *Arizona Property & Cas.Ins.Guar. Fund v. Helme*, 735 P.2d 451, 458-59 (Ariz. 1987). Here, plaintiffs refused to provide details of the nature and extent of their injuries. Plaintiffs cannot now argue that GEICO breached its duties to properly investigate, evaluate and offer an equitable settlement of their claims. If Plaintiff's injuries are greater or different from the injuries disclosed to GEICO then GEICO was prejudiced by Plaintiffs refusal to provide details of the nature and extent of injuries. The lack of pertinent information excuses any delay in evaluating the claim and excuses GEICO from allegations of breach of contract as a matter of law.

**BAD FAITH**

In recognizing the tort of bad faith in a first-party cases, Alaska is aligned with those jurisdictions that have followed *Gruenberg v. Aetna*

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Insurance Co.,,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (Cal.1973).

Although the elements of bad faith are not clearly defined, the tort of first-

party bad faith in Alaska is an intentional one, requiring proof that the

insurer denied policy benefits without any reasonable basis *and* that the

insurer knew there was no reasonable basis. *Hillman v. Nationwide Mutual*

*Fire Insurance Co.,* 855 P.2d 1321 (Alaska 1993) (citing *Gruenberg, Noble v.*

*National Ame4rican Life Insurance Co.,* 624 P.2d 866 (Ariz. 1981) and

*Anderson v. Continental Insurance Co.,* 271 N.W.2d 368 (Wis. 1978). See

also *Ace v. Aetna Life Ins. Co.,* 139 F.2d 1241 (9th Cir. 1998).

In formulating the elements of the new tort for bad faith, the *Anderson*

court recognized the insurers' fears that to permit claims for bad faith will

result in extortionate lawsuits:

> One problem with the California approach is that while insurers who
> act outrageously toward legitimate claimants should be punished, the
> possibility of scaring insurers into paying questionable claims
> because of the threat of a bad faith suit and its excessive damages is
> undesirable. This will cause payments of claims which should not be
> paid and accompanying higher insurance rates which must be borne
> by all of the policy holders. An insurer should have the right to litigate
> a claim when it feels there is a question of law or fact which needs to
> be decided before it in good faith is required to pay the claimant.

*Anderson.* at 378. (Citing Thornton and Blaunt, in Bad Faith and Insurers:

Compensatory and Punitive Damages, 12 Forum 699, 719 (1977). The

Wisconsin court opined that requiring the tort to be both subjectively

intentional and objectively without a reasonable basis would protect

insurers from extortionate or questionable claims:

Memorandum in Support of Motion for Summary Judgment
Charles v. GEICO, Case No. 4BE-05-55 CI
Page 18 of 24

"Insurers in Wisconsin need not be mulcted by extortionate or questionable claims if they adhere to the standards of care which we have set forth above."

*Anderson* at 377.

The Alaska Supreme Court adopted the rationale of the *Anderson* court. "Under the *Anderson* standard an insurance company may still challenge claims which are fairly debatable." *Hillman* at 1324. In *Hillman* the insured's daughter collided with an uninsured pickup while driving an ATV and was killed. Nationwide initially denied benefits based on a coverage exclusion. Once coverage was established, Nationwide disputed the value of the claim. After the arbitrators awarded $92,500 to the Hillmans, the Hillmans bought an action for bad faith for Nationwide's failure to pay the $50,000 policy limits. The Supreme Court upheld summary judgment for Nationwide. "[W]here the insurer establishes that no reasonable jury could regard its conduct as unreasonable, the question of bad faith need not and should not be submitted to the jury." *Hillman* at 1325. "The insurer was legally justified in litigating the (coverage) issue and cannot, *as a matter of law,* be liable for bad faith." *Id.* (emphasis added.) Furthermore, Nationwide's demand for arbitration was reasonable in light of evidence of comparative negligence. "Nationwide was entitled to arbitration if it could reasonably maintain that Amis (the uninsured driver) was not *completely* at fault." *Id.*

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

If evidence creates a genuine dispute as to the negligence of an uninsured driver, the comparative fault of the insured, the nature and extent of the insured's injuries, or the value of the insured's damages, a court can almost always decide that the claim was fairly debatable as a matter of law. *Bellville v. Farm Bureau Mut. Ins. Co.,* ___NW2d ___ 2005 WL 1790609 (Iowa 2005). *See also Bushey v. Allstate Insurance Co.,* 670 A.2d 807 (Vt. 1995) (Given the fair dispute over the cause of the injury and plaintiff's demand for policy limits, the claim was "fairly debatable" as a matter of law. *Id.* at 810-811.)

This case illustrates the very real threat of extortionate claims. Initially GEICO was presented with a claim from Valerie Joe. Joe claimed that Plaintiff Jack Charles was negligent. Then Plaintiffs filed their claims and demanded policy limits without producing any evidence of loss. When asked for proof of loss, Valcarce threatened a lawsuit and hung up the telephone. Plaintiffs have never disclosed the extent of their injuries.

In this case, both liability and the amount of damages are fairly debatable. Plaintiffs are not entitled to UM benefits until Joe's liability is established. Joe denies liability for the accident. The intersection has three stop signs. There is a dispute over which driver had the right-of-way. The police report was inconclusive. Officer Perry warned both parties about yielding the right of way. Charles may be completely liable for the accident. Even if Joe should be adjudicated 100% liable for Charles' injuries, the

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

plaintiff's special damages are relatively minor. Jack Charles was treated three times for cervical and lumbar strain. Bernadette Charles was treated twice for a contusion and muscular aches. Jack Charles' pain resolved within six weeks and Bernadette Charles pain resolved within one week. Plaintiffs are demanding policy limits based on minor soft tissue injuries. GEICO is entitled to dispute these demands.

The question is whether GEICO had a reasonable basis for challenging the claim. The answer is "yes". GEICO cannot be liable for bad faith and is entitled to summary judgment as a matter of law.

Paragraph 15 of Plaintiffs' Amended Complaint alleges that GEICO violated the Alaska Unfair Claims Practices Act and regulations at AS 21.36.125 and 3 AAC 26.010 et seq. and that GEICO's "violations" are evidence of bad faith. Plaintiffs specifically complain that GEICO unreasonably delayed paying the property damage, failed to "properly" investigate, failed to promptly evaluate the claim and failed to offer its full UM limits. GEICO has already addressed each of these issues and is entitled to summary judgment as a matter of law. Even if GEICO was in violation of the Unfair Claims Practices Act, Plaintiff's argument is irrelevant to the claim of bad faith. In *Hillman*, the plaintiffs argued that Nationwide failed to make *any* investigation, denied a death claim without a significant investigation, violated its own guidelines and policies, failed to consult with higher echelons in the company before denying a death claim, ignored

advice of counsel, failed to resolve all reasonable doubts about coverage in favor of the policy holder, failed to advise the policy holder of the legal opinion, lied to the policy holder about whether a legal opinion was available, and "stonewalled" the claim for four years. The Supreme Court found that *none of those facts* would suffice to raise a factual question as to whether Nationwide's denial of coverage lacked a reasonable basis.

GEICO had a reasonable basis for denying plaintiffs' demands for policy limits. Liability is at issue and plaintiffs' injuries appear to be minor. No reasonable jury could regard GEICO's conduct as unreasonable. The question of bad faith need not and should not be submitted to the jury. *Hillman* at 1325. GEICO is entitled to summary judgment as a matter of law.

## PUNITIVE DAMAGES

To support punitive damages, the wrongdoer's conduct must be "outrageous, such as acts done with malice or bad motives or reckless indifference to the interests of another." *State Farm Fire & Cas. Co. v. Nicholson,* 777 P.2d 1152 (Alaska 1989)(cites omitted). If there is insufficient evidence of outrageous conduct or a gross deviation from an acceptable standard of reasonable conduct, GEICO is entitled to summary judgment as a matter of law. *Id.* at 1158 (cite omitted).

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

In *Nicholson*, the jury found State Farm liable for bad faith for unreasonable delay in deciding coverage and in settling a homeowner's claim. The Supreme Court held that conduct found by a jury to be in bad faith is not, in and of itself, sufficiently outrageous to justify punitive damages. In *State Farm Mutual Auto. Ins. Co. v. Weiford*, 831 P.2d 1264 (Alaska 1992), Weiford was injured by an uninsured motorist in August 1984. State Farm extended several offers which Weiford characterized as unreasonably low and, based on State Farm having consistently increasing its offers over two years, argued that State Farm knew that its initial offers were unreasonably low. The jury agreed with Weiford and awarded Weiford punitive damages. The Supreme Court vacated the award of punitive damages because "[W]e find nothing in this sequence of events which can be characterized as outrageous."

Plaintiffs have failed to allege any facts on which reasonable jurors could conclude that GEICO's conduct was outrageous. GEICO is entitled to summary judgment as a matter of law.

## CONCLUSION

As set out above, plaintiffs' claims are not supported by the facts or the law. GEICO is entitled to summary judgment on all contract and tort claims brought directly against GEICO.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

DATED at Anchorage, Alaska, this 13th day of October, 2005.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant

By: _____
Blake H. Call
ABA No. 8911051

I hereby certify that a true and correct
copy of the foregoing was ☐ faxed ☐
hand delivered and/or ☒ mailed this
13th day of October 2005 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

Michele L. Power, Esq
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

_____
Mona Schultz

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Memo Sum Jdmt Charles.doc

Memorandum in Support of Motion for Summary Judgment
Charles v. GEICO, Case No. 4BE-05-55 CI
Page 24 of 24

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

       Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.

---

GEICO CASUALTY COMPANY,

       Third Party Plaintiff,

vs.

VALERIE JOE,

       Third Party Defendant.

Case No. 4BE-05-55 Civil

## AFFIDAVIT OF LORI BOYER
## IN SUPPORT OF GEICO'S MOTION FOR SUMMARY JUDGMENT
## RE: ISSUES OF BAD FAITH

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

ss

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Affidavit of Lori Boyer in Support of GEICO's Motion for Summary Judgment
  re Issues of Bad Faith
Page 1

*CALL, HANSON & KELL, P.C.*
*250 H. Street*
*Anchorage, Alaska 99501-2112*
*Phone (907) 258-8864 • Fax (907) 258-8865*

**LORI BOYER**, being first duly sworn upon her oath deposes and states as follows:

1.    I am an underwriter with Government Employees Insurance Company (GEICO) and I am familiar with the underwriting and sales procedures employed at GEICO.

2.    I make this affidavit in support of GEICO's motion for summary judgment on issues of bad faith.

3.    Attached to this affidavit is a true and correct copy of the policy log notes concerning the policy sold to Jack Charles. These log notes are kept in the normal business practice of GEICO and log notes are made contemporaneously with communications with the insured.

4.    Mr. Jack Charles obtained an automobile policy by calling GEICO's toll-free number. His inquiry was logged in on October 7, 2003. Mr. Charles talked to a sales person licensed in Alaska. It is the business practice of GEICO to ask what coverage the potential customer already has with another carrier and then quote GEICO's premium for the same coverage. If the customer desires coverage through GEICO, then the sales representative suggests higher coverage and gives the quotes for higher coverage. In this case, the log notes reflect that Mr. Charles declined higher coverage.

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Affidavit of Lori Boyer in Support of GEICO's Motion for Summary Judgment
  re Issues of Bad Faith
Page 2

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

5.     After binding the coverage by telephone, a new business package is sent out. The business package includes the UM/UIM selection/rejection form. Mr. Charles made his selection and returned the UM/UIM selection form. Every renewal package includes a UM/UIM selection form. If the policyholder makes no changes to the UM/UIM selection form, he does not need to return the form to GEICO.

FURTHER AFFIANT SAYETH NOT

**LORI BOYER**

SUBSCRIBED AND SWORN TO before me this _____ day of August, 2005.

See attached pages

NOTARY PUBLIC in and for California
My Commission Expires:_____

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Affidavit of Lori Boyer.doc

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Affidavit of Lori Boyer in Support of GEICO's Motion for Summary Judgment
  re Issues of Bad Faith
Page 3

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

I hereby certify that a true and correct copy of
the foregoing was ☐ faxed ☐ hand delivered
and/or ☐ mailed this ___ day of August,
2005 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

Valerie Joe
P.O. Box 1623
Bethel, AK 99559

G:\00 CHK Law\GEICO\1101 - GEICO\627 - Charles & Gregory UM\Pleadings\Affidavit of Lori Boyer.doc

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Affidavit of Lori Boyer in Support of GEICO's Motion for Summary Judgment
  re Issues of Bad Faith
Page 4

Page 5 of 5

# JURAT

State of California

County of San Diego

Subscribed and sworn to (or affirmed) before me on

this 23rd day of August ,2005 ,

by Lori Boyer

personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

HEIDI K. SOTO
Commission # 1508635
Notary Public - California
San Diego County
My Comm. Expires Sep 16, 2008

(seal)                    Signature

POLICY NUMBER: 4006814.37          DATE                    MORE:   +
POLICYHOLDER: CHARLES, JACK
ENTRY
DATE     TIME    USERID                    MESSAGE
07/19/05 0439PM  U744NR      MR PH CLLD TO GET PYMNT ADD TO MAIL IN
PURGE PARM: L  AK            PYMNT
                                          BY:GARCIA-T    5937


04/17/05 0748PM  U71NZX
PURGE PARM: S  AK            TELEPHONE CHECK PAYMENT R/T OF  $412.49
                            RETENTION KEY:
                            PROCESS DATE: 04/17/2005
                            CONFIRMATION NBR:    034551


03/31/05 1258PM  U745K8      SENT CAN NOTICE 04-22-5
PURGE PARM: L  AK            DUE TO RET PYMNT § 121 FOR NSF
                            R4 COLLECTION UNDERWRITING.
                                          BY:THORNTON-A  5147


PRESS PF8 FOR MORE MESSAGES
COMMAND LINE TRAN: PLOGI    KEY: 4006814067

PF1=HELP                    PF8=FORWARD    PF11=UPDATE SCREEN   PF12=EXIT


10232

Exhibit __A__
Page __1__ of __13__ Pages

POLICY NUMBER: 4006814_7          DATE          MORE: - +
POLICYHOLDER:   CHARLES, JACK
ENTRY
DATE      TIME     USERID                    MESSAGE
03/31/05 0709AM   UCC7          TRANS NUMBER 066NQ9YRKY, DATED
PURGE PARM: L  AK              03/20/2005, WAS REVERSED ON 03/31/2005
                               BY 060NR4HKSB.  THE RETURN REASON CODE
                               WAS R01.


03/24/05 0700PM   U744T1        PH STATED THAT EMAIL IS WORK BUT HE IS
PURGE PARM: L  AK              ALLOWED TO USE FOR PERSONAL USE ALSO.
                               ENCOURAGED VISIT TO THE WEBSITE. AND
                               GAVE BENEFITS OF PHONE PAY BESIDES JUST
                               PMT.

                                        BY:DURANT-C    5313



PRESS PF8 FOR MORE MESSAGES
COMMAND LINE TRAN: PLOGI     KEY: 4006814067

PF1=HELP            PF7=BACKWARD   PF8=FORWARD   PF11=UPDATE SCREEN   PF12=EXIT

Exhibit  A
Page  2  of  13 Pages

10233

PAGE 04

```
POLICY NUMBER: 4006814_ _7        DATE                      MORE: - +
POLICYHOLDER:  CHARLES, JACK
ENTRY
DATE     TIME    USERID                      MESSAGE
03/20/05 0519PM  U71N2X
PURGE PARM: S  AK          TELEPHONE CHECK PAYMENT R/T OF  $121.00
                           RETENTION KEY:
                           PROCESS DATE: 03/20/2005
                           CONFIRMATION NBR:    098781

03/20/05 0518PM  U7449Z    ENRLLD PHNPAY UNDER MR PH SSN ALSO.
PURGE PARM: L  AK          DECLINED EFT
                                             BY:YOUNG-AM    5791

02/08/05 1021PM  U74ECH    MRPH CALLED TO MK FMNT, VERIFEID PP
PURGE PARM: L  AK          INFO, KEYED PP, ADVSD NEED TO HAVE MSPH
                           MK PMNT DUE TO HER ACCESS CODE IN PP,
                           MRPH U/S
                                             BY:GARRISON-TR 5374

PRESS PF8 FOR MORE MESSAGES                  :
COMMAND LINE TRAN: PLOGI    KEY: 4006814067

PF1=HELP          PF7=BACKWARD   PF8=FORWARD   PF11=UPDATE SCREEN   PF12=EXIT
```

Exhibit A
Page 3 of 13 Pages

10234

```
POLICY NUMBER: 4006814..7        DATE                    MORE: - +
POLICYHOLDER:   CHARLES, JACK
ENTRY
DATE      TIME     USERID                      MESSAGE
02/08/05 1021PM  U71NEX
PURGE PARM: S  AK          TELEPHONE CHECK PAYMENT R/T OF  $113.00
                           RETENTION KEY:
                           PROCESS DATE: 02/08/2005
                           CONFIRMATION NBR:     099516

01/09/05 0829PM  U74SEN    RECOMMENDED COMPANY:  GC
PURGE PARM: L  AK          DATE CASE OPENED:  1/9/2005
                           JURY DATE/TIME:  1/9/2005 8:21:48 PM
                           NO NEW HHX,CUST/DAM,TIX/ACC. BATCHED
                           MVRS
                           SENT EFT APP. VIA MAIL.
                                            BY:TUMANG-E    5635


PRESS PF8 FOR MORE MESSAGES
COMMAND LINE TRAN: PLOGI    KEY: 4006814067

PF1=HELP            PF7=BACKWARD   PF8=FORWARD   PF11=UPDATE SCREEN  PF12=EXIT
```

Exhibit A
Page 4 of 13 Pages

10235

POLICY NUMBER: 4006814-67        DATE                    MORE: - +
POLICYHOLDER: CHARLES, JACK
ENTRY
DATE     TIME     USERID                  MESSAGE
01/09/05 0827PM  U74SEW
PURGE PARM: S  AK          CREDIT CARD R/T PAYMENT OF  $128.00
                          RETENTION KEY:
                          CARD TYPE: VI  AUTH CODE: 03W1LP

01/08/05 0338PM  U744UL   SENT REISSUE C/B THRU DIR NET. TOOK
PURGE PARM: L  AK         17.36 BP VIA VISA DEBIT.
                                          BY:TANGONAN-M  5489

01/08/05 0336PM  U744UL
PURGE PARM: S  AK         CREDIT CARD R/T PAYMENT OF   $17.36
                          RETENTION KEY:
                          CARD TYPE: VI  AUTH CODE: 03DQX0


PRESS PF8 FOR MORE MESSAGES
COMMAND LINE TRAN: PLOGI    KEY: 4006814067

PF1=HELP          PF7=BACKWARD  PF8=FORWARD   PF11=UPDATE SCREEN  PF12=EXIT

Exhibit  A
Page  5  of  13  Pages

10236

08/05/2005 11:18  8585135197  POLICYHOLDER INQUIRY  OU FAX  PAGE 07
Case 4:08-cv-00004-RRB-LC Document 23  Filed 02/15/2006  Page 37 of 57

POLICY NUMBER: 4006814067        DATE                    MORE:  -  +
POLICYHOLDER:  CHARLES, JACK
ENTRY
DATE      TIME     USERID                   MESSAGE
01/07/05 0822PM  U744PQ      MR PH ATTMPTD TO MK EP PYMNT & BE
PURGE PARM: L  AK            TRSFNRD TO REISSUE. UNABLE TO TK PYMNT
                            CC DCLND
                                        BY:TRACY-J    5412

01/05/05 0839AM  U71MKQ      BEGAN PROCESS TO COLLECT EP.
PURGE PARM: L  AK                       BY:HOBBS-J    1852

10/15/04 0718PM  U744PQ      UPDTD PHPAY PER MRPH RQST AND WLKD PH
PURGE PARM: L  AK            THRGH PP. MAILED AUTH FORM FOR EFT. ADV
                            PH TO DISREGARD CAN NTC.
                                        BY:RABANG-R   5791


PRESS PF8 FOR MORE MESSAGES
COMMAND LINE TRAN: PLOGI    KEY: 4006814067

PF1=HELP            PF7=BACKWARD   PF8=FORWARD    PF11=UPDATE SCREEN  PF12=EXIT

Exhibit  A
Page  6  of  13  Pages

10237

```
POLICY NUMBER: 4006814007        DATE                      · MORE: - +
.POLICYHOLDER:  CHARLES, JACK
ENTRY
DATE     TIME     USERID                    MESSAGE
10/15/04 0717PM  U744P0             FAX ID REQD/FAX #: 907-543-6417
PURGE PARM: L  AK           88 FORD        1FTCR11T1JUB24189
                                      KEYED BY: RABANG-R    X5791

10/15/04 0715PM  U744P0
PURGE PARM: S  AK           TELEPHONE PAYMENT OF  $109.00
                            RETENTION KEY:
                            CONFIRMATION NBR:    008202




PRESS PF8 FOR MORE MESSAGES
COMMAND LINE TRAN: PLOGI    KEY: 4006814067

PF1=HELP          PF7=BACKWARD   PF8=FORWARD   PF11=UPDATE SCREEN   PF12=EXIT
```

Exhibit A
Page 7 of 13 Pages

10238

PAGE 89
FULL PAGE INQUIRY QI-FAX

POLICY NUMBER: 400681.67       DATE                    MORE: - +
POLICYHOLDER: CHARLES, JACK
ENTRY

DATE     TIME    USERID               MESSAGE
10/13/04 0612PM  UOKOUD       MRPH CLLD TO INQ BOUT ADDING H&E.
PURGE PARM: L  AK             ADVSD OF INSPCTION.  MRPH ADVSD OF ONLY
                             WAY OUT OF TOWN IS PLANE.  MRPH
                             DSCNNCTD, IF MRPH CLLS BACK PLZ ADVSE
                             THAT WE WILL BE ABLE TO ACCPT PHOTOS OF
                             VHCLE.
                                          BY:LANE-JES     5268

08/10/04 0100PM  UOKOPE       MRPH CLLD RE C/R VEHS, UPDATED USAGE,
PURGE PARM: L  AK             WAS ADVSD OF PREM CHANGE. CHANGED TO
                             MARRIED, OFFERED ERS, PH DECLINED.  OK
                             ADVSD OF DIFFERING PMT OPTIONS, PH
                             MAILING PMT.
                                          BY:GRESE-D      5333

PRESS PF8 FOR MORE MESSAGES
COMMAND LINE TRAN: PLOGI     KEY: 4006814067

PF1=HELP          PF7=BACKWARD   PF8=FORWARD   PF11=UPDATE SCREEN   PF12=EXIT

Exhibit    A
Page   8   of   13   Pages

10239

POLICY NUMBER: 4006814~67 ·      DATE                        MORE: - +
POLICYHOLDER:   CHARLES, JACK
ENTRY
DATE      TIME      USERID                    MESSAGE
05/10/04 0856PM  U744S7         PH CLLD IN NEEDED PYMT ADDRESS. WAS
PURGE PARM: L  AK               GOING TO MAIL M/O IN, ADVSD TO DISRGRD
                                CAN NOTICE.
                                          BY:REYES-VER    5791

04/20/04 0943PM  U748U2         MRPH CI TO MAKE PMT ON POL PER CANX NOTI
PURGE PARM: L  AK               CE. AFTER VERIFYING INFO HE PUT MSPH ON
                                LINE TO USE HER INFO. TOOK DCH PER
                                POL STATUS AND ENRLLD IN PHPY WITH HER
                                SSN.
                                          BY:NUNEZ-C     5791


PRESS PF8 FOR MORE MESSAGES
COMMAND LINE TRAN: PLOGI    KEY: 4006814067

PF1=HELP          ·    PF7=BACKWARD    PF8=FORWARD    PF11=UPDATE SCREEN   PF12=EXIT

Exhibit __A__
Page __9__ of __13__ Pages

10240

POLICY NUMBER: 4006814.57        DATE              MORE: - +
POLICYHOLDER: CHARLES, JACK
ENTRY
DATE      TIME    USERID                    MESSAGE
04/20/04 0941PM   U74SU2
PURGE PARM: S                  DIRECT CHECK PAYMENT R/T OF  $165.00
                               RETENTION KEY:
                               PROCESS DATE: 04/20/2004

04/17/04 0458PM  U74EWJ        PH DOES NOT HAVE CHECKING ACCT, ADVD
PURGE PARM: L  AK              W/U CODES, PH WILL CALL WITH CONF #,
                               ADVD CANX, ADVD CURR AMT DUE AND MAY
                               AMT DUE.
                                            BY:KOOTTARAP-J 5791

12/16/03 0310PM  U744JF        MRPH WILL MAIL IN MONEY ORDER CC
PURGE PARM: L  AK              DECLINED ADV OF INT
                                            BY:HOLLOWAY-A  5339

PRESS PF8 FOR MORE MESSAGES
COMMAND LINE TRAN: PLOGI    KEY: 4006814067

PF1=HELP            PF7=BACKWARD    PF8=FORWARD    PF11=UPDATE SCREEN   PF12=EXIT

```
POLICY NUMBER: 4006814067        DATE                    MORE: - +
.POLICYHOLDER:  CHARLES, JACK
ENTRY
DATE      TIME    USERID                    MESSAGE
12/16/03 0903AM  U744FM     PER CEM/INET REQ....ADV OF BAL & PMNT
PURGE PARM: L  AK           SKDL; ***OFFERED EBILL***
                                          BY:KOENIGSBE-C 5742

11/10/03 0423PM  U74SPY     RCV'D M316, NO CHANGES, NFH.
PURGE PARM: L  AK                         BY:COSTELLO-JO 5076

11/06/03 1109PM  U74SR9     RECIEVED SIGNED B/S, UNABLE TO CONNECT
PURGE PARM: L  AK           BECAUSE OF A PAYMNT DUE, CALLED PH
                            MRPH DIDNT WANT TO SETUP EFT
                                          BY:HAWKS-A     5791

11/04/03 0320PM  U74SVD     NO DURY CSA RECVD          .
PURGE PARM: L  AK                         BY:HUGHES-CE   5700

PRESS PF8 FOR MORE MESSAGES
COMMAND LINE TRAN: PLOGI    KEY: 4006814067

PF1=HELP           PF7=BACKWARD   PF8=FORWARD    PF11=UPDATE SCREEN  PF12=EXIT
```

Exhibit ____A____
Page ___11___ of __13__ Pages

10242

POLICY NUMBER: 400681467    DATE    MORE: - +
POLICYHOLDER: CHARLES, JACK
ENTRY
DATE    TIME    USERID                    MESSAGE
10/27/03 0126PM  U713KW    TRNS MR PH TO SVC TO DISCUSS POL
PURGE PARM: L  AK                          BY:SIMMONS-A    1775

10/07/03 0812PM  U74SE7            BINDER REQD/FAX #: 907-543-6417
PURGE PARM: L  AK          92 CHEV    1G1JC5444N7140050
                           RETENTION KEY: 031007T36564401
                                   KEYED BY: DAVIS-M    X5854

10/07/03 0811PM  U74SE7            MAIL ID SENT (O)
PURGE PARM: L  AK                  FAX ID REQD/FAX #: 907-543-6417
                           92 CHEV    1G1JC5444N7140050
                           RETENTION KEY: 031007T36564401
                                   KEYED BY: DAVIS-M    X5854


PRESS PF8 FOR MORE MESSAGES
COMMAND LINE TRAN: PLOGI    KEY: 4006814067

PF1=HELP          PF7=BACKWARD    PF8=FORWARD    PF11=UPDATE SCREEN   PF12=EXIT

Exhibit  A
Page 12 of 13 Pages

10243

POLICY NUMBER: 400681407          DATE                          MORE: -
POLICYHOLDER:  CHARLES, JACK
ENTRY
DATE      TIME      USERID                      MESSAGE
10/07/03 0809PM  U74SE7      PH DECLINED HIGHER COVG...
PURGE PARM: L                                   BY:DAVIS-M      5854

10/07/03 0805PM  U74SE7
PURGE PARM: S  AK             CREDIT CARD PAYMENT OF  $172.00
                              RETENTION KEY: 031007T3656440
                              CARD TYPE: MC  AUTH CODE: T80676


NO MORE MESSAGES FOR POLICY
COMMAND LINE TRAN: PLOGI    KEY: 4006814067

PF1=HELP          PF7=BACKWARD                PF11-UPDATE SCREEN  PF17-EXIT

Exhibit A
Page 13 of 13 Pages

10249

EF
10-3-03

## INSURANCE APPLICATION

GEICO CASUALTY COMPANY

JACK CHARLES
PO BOX 722
BETHEL AK 99559-0722

Policy Effective Date: 10-08-03

POLICY NUMBER: 4006-81-40-67

Home phone: 907-543-7110

Work phone number: 907-543-6388

E-mail address: _____

NOV -4 2003

This application **must** be returned. Please answer each question.
Include information on all drivers and household residents.

| | Driver #1 | Driver #2 | Driver #3 |
|---|---|---|---|
| Driver's Name | JACK CHARLES | BERNADETTE GREGORY | |
| Relationship | SELF | Fiance/Fiancee | |
| Marital Status | | | |
| Date of Birth | 03-08-80 | 08-06-84 | |
| Gender | [X] Male [ ] Female | [ ] Male [X] Female | [ ] Male [ ] Female |
| Driver's Lic. No. | 6995789 | 7056261 | |
| State Issuing Lic. | AK | AK | |
| Date 1st Lic. in US | 1999 | | |
| Occupation | Medical Records Tech. | Dental Assistant | |
| Highest Level of Education | Graduated 12th grade | Graduated 12th grade | |

| | Driver #4 | Driver #5 | Driver #6 |
|---|---|---|---|
| Driver's Name | | | |
| Relationship | | | |
| Marital Status | | | |
| Date of Birth | | | |
| Gender | [ ] Male [ ] Female | [ ] Male [ ] Female | [ ] Male [ ] Female |
| Driver's Lic. No. | | | |
| State Issuing Lic. | | | |
| Date 1st Lic. in US | | | |
| Occupation | | | |
| Highest Level of Education | | | |

1. Previous Insurance Company: _None_                When did that policy expire? _____

2. During the past 10 years, has any driver/resident of your household ever refused a sobriety test or been convicted of driving while intoxicated or under the influence of drugs or alcohol? ☐ No  ☒ Yes  Date: _10-  -00_
   Reason:  _DWI_

3. Has any driver/resident of your household ever had a license, permit, or driving privilege suspended, revoked, or refused? ☐ No  ☒ Yes  If yes, give details _Revoked for 90 days_

4. Whether it involved you or any of the other drivers/residents, has any insurance company ever: a) refused insurance; b) canceled insurance; or c) given notice of termination for any reason other than late payment? ☒ No  ☐ Yes  If yes, give details. _____

5. Has any vehicle to be insured been declared a total loss and/or had a salvage title? ☒ No  ☐ Yes  If yes, please provide description of vehicle(s) (year, make, model). _____

6. Please give us the details of all accidents, regardless of fault, convictions for traffic violations, thefts and/or vandalism that you or any of the other listed drivers have experienced in the past 5 years.

IF NONE, CHECK HERE ☐ AND CONTINUE TO VEHICLE PORTION ON PAGE TWO.

Exhibit 13

**Accident Information:**
Driver # _1_ Date _12 - - 00_ At Fault? ☐ Yes ☒ No Damage to your vehicle $_____ /other vehicle $_____
Injuries? ☐ Yes ☒ No Accident Description: _____

Driver # ____ Date _____ At Fault? ☐ Yes ☐ No Damage to your vehicle $_____ /other vehicle $_____
Injuries? ☐ Yes ☐ No Accident Description: _____

Driver # ____ Date _____ At Fault? ☐ Yes ☐ No Damage to your vehicle $_____ /other vehicle $_____
Injuries? ☐ Yes ☐ No Accident Description: _____

---

**Convictions for Traffic Violations:**
Driver # _1_ Date _10: -00_ Type of Traffic Violation/Conviction _DWI_
Driver # ____ Date _____ Type of Traffic Violation/Conviction _____
Driver # ____ Date _____ Type of Traffic Violation/Conviction _____
Driver # ____ Date _____ Type of Traffic Violation/Conviction _____

---

**Vandalisms and/or Thefts:**
Vehicle _____ Date _____ Vandalism / Theft (Circle one) Amount of damage/loss $_____
Vehicle _____ Date _____ Vandalism / Theft (Circle one) Amount of damage/loss $_____
Vehicle _____ Date _____ Vandalism / Theft (Circle one) Amount of damage/loss $_____

---

| | VEHICLE 1 | | VEHICLE 2 | | VEHICLE 3 | |
|---|---|---|---|---|---|---|
| Year, Make, and Model | 92 CHEV CAV VLFRS | | | | | |
| Purchase Date | | | | | | |
| Vehicle Identification Number (VIN) | 1G1JC544N7140050 | | | | | |
| Registered State | Alaska | | | | | |
| Name of Registered Owner(s) | | | | | | |
| Relationship of Owner(s) to Applicant | | | | | | |
| If vehicle is financed or leased, provide name & address of company | ☐ Financed | ☐ Leased | ☐ Financed | ☐ Leased | ☐ Financed | ☐ Leased |
| If driven to work (including to bus, train or to meet car pool) indicate: | Days per week _5_ Mileage one way _3_ | | Days per week Mileage one way | | Days per week Mileage one way | |
| If driven to and from school, indicate: | Days per week _0_ Mileage one way _0_ | | Days per week Mileage one way | | Days per week Mileage one way | |
| Estimated mileage for next 12 mos. | _11000_ | | | | | |
| Is vehicle used in business other than to & from work or claimed as a business (tax deduction)? If yes, explain. | ☐ Yes | ☒ No | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| Give percentage of use by each driver (total = 100%) | Driver 1 _50_% Driver 4 Driver 2 _50_% Driver 5 Driver 3  Driver 6 | | Driver 1  Driver 4 Driver 2  Driver 5 Driver 3  Driver 6 | | Driver 1  Driver 4 Driver 2  Driver 5 Driver 3  Driver 6 | |
| Has vehicle been customized or restored? | ☐ Yes | ☒ No | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| | If yes, please attach a separate sheet listing every item of customization and the cost of each. | | | | | |
| Are any vehicles located at an address other than the mailing address listed? If yes, give the complete address and ZIP code. | ☒ Yes _4102 Langar 5..b 44559_ | ☐ No | ☐ Yes | ☐ No | ☐ Yes | ☐ No |

CONTINUED ON NEXT PAGE

Exhibit _B_
Page _2_ of _6_ Pages

When you complete, sign, and return this application along with the required payment, if not already provided, you promise that your statements are true, and understand that the Company will rely on your answers. This completed application and your policy will be the entire agreement between you and the Company. Checks, drafts and money orders are accepted subject to collection only.

We, like most other insurers, customarily check the motor vehicle records of drivers to verify their accident and conviction records. We ask that you complete the authorization below and return it to us.

I hereby authorize the GEICO Corporation and its affiliated insurance companies to obtain a copy of my Motor Vehicle Report and a copy of Motor Vehicle Reports on drivers covered by this policy or binder, for use in rating and/or underwriting my existing insurance or the insurance for which I hereby apply, and any subsequent renewal, reissue, reinstatement or transfer policy. I understand that in obtaining a Motor Vehicle Report a Consumer Reporting Agency* may be used by the insurer and do hereby authorize such use.



Print Name _Jack Charles_____

Driver's License Number _6995789_____    State of Issuance _Alaska_____

*This agency only orders your Motor Vehicle Report from the state and forwards it to GEICO Corporation and/or its affiliated insurance companies. THEY DO NOT RETAIN AND/OR USE ANY OF THE INFORMATION.



Signature _____    Date _10_,_77_,_03_





Exhibit _B_
Page _3_ of _6_ Pages



# GEICO Casualty Company



## ALASKA INFORMATION AND OPTION FORM

### IMPORTANT  PLEASE READ CAREFULLY

> IF YOU ARE A CURRENT ALASKA POLICYHOLDER, please make any changes, sign and return this form.  If this form is not returned, we will make no changes to your coverages.
>
> IF YOU ARE A NEW CUSTOMER OR HAVE JUST MOVED INTO ALASKA, we will include Uninsured and Underinsured Motorist Bodily Injury and Property Damage coverages with limits equal to your liability limits.  If you want to make changes to your policy, please make any changes, sign and return this form.

## UNINSURED AND UNDERINSURED MOTORIST COVERAGE (UM/UND)

Uninsured and Underinsured Motorist Bodily Injury (UM/UNDBI) and Uninsured and Underinsured Motorist Property Damage (UM/UND PD)coverages protect you and your family members when involved in accidents with:

* uninsured motorists;
* hit-and-run motorists; and
* underinsured motorists

An uninsured motorist is one who does not carry Bodily Injury liability and Property Damage liability insurance.  An underinsured motorist is one whose limits of Bodily Injury insurance are less than your damages.

You may recover for the total amount of your injuries up to the combined amounts of the policy of the at-fault driver and your Underinsured Motorist limits.

The same limits of coverage must be carried on all vehicles.

Your Bodily Injury Liability Coverage Limit is:  $50,000/$100,000

Please select from the following options:

### Uninsured and Underinsured Motorist Bodily Injury Coverage

| Coverage Limit Per Person/Per Accident | | Vehicle 1 | Vehicle 2 | Vehicle 3 | Vehicle 4 | Vehicle 5 |
|---|---|---|---|---|---|---|
| (X) | $50,000/$100,000 | $ 67.70 | | | | |
| ( ) | $100,000/$200,000 | $ 87.30 | | | | |
| ( ) | $100,000/$300,000 | $ 97.50 | | | | |
| ( ) | $300,000/$300,000 | $ 121.10 | | | | |
| ( ) | $250,000/$500,000 | $ 126.60 | | | | |
| ( ) | $300,000/$500,000 | $ 128.60 | | | | |
| ( ) | $500,000/$500,000 | $ 139.40 | | | | |
| ( ) | $500,000/$750,000 | $ 146.80 | | | | |
| ( ) | $500,000/$1MIL | $ 157.00 | | | | |
| ( ) | $1MIL/$1MIL | $ 182.00 | | | | |
| ( ) | $1MIL/$2MIL | $ 205.70 | | | | |

☐  I do not want Uninsured or Underinsured Motorist Bodily Injury coverage for my vehicles.  Rejection of this coverage must be in writing.

SEE REVERSE SIDE

Exhibit __B__
Page __4__ of __6__ Pages

GC-316-AK (05-01) Tier 0                    Policy No.: 4006-81-40-07                    Page 1

10229

## Uninsured and Underinsured Motorist Property Damage Coverage

| Coverage Limit | Vehicle 1 | Vehicle 2 | Vehicle 3 | Vehicle 4 | Vehicle 5 |
|---|---|---|---|---|---|
| ( )  $25,000 | $   29.50 | | | | |

NOTE: The limit for Underinsured Motorist Property Damage coverage is $25,000, and there is a $250 deductible.

☐  I **do not want** Uninsured or Underinsured Motorist Property Damage coverage for my vehicles.  Rejection of this coverage **must** be in writing.

IF YOU HAVE ANY QUESTIONS REGARDING THIS FORM, PLEASE CALL US AT 1-800-841-3000.



Jack Charles
    Print Name              Signature            Date

Exhibit  B
Page  5  of  6  Pages

|  | For Office Use Only





CC-31G-AK (05-01) Tier 0           Policy No.: 4006-81-40-67           Page 2

*3*

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**BUSINESS REPLY MAIL**

FIRST CLASS MAIL  PERMIT NO 21487  SAN DIEGO, CA

POSTAGE WILL BE PAID BY ADDRESSEE

**GEICO**
**DIRECT**

ONE GEICO WEST
BOX 509090
SAN DIEGO CA  92150-9490

5-216 (07-00)

Exhibit ___B___
Page ___6___ of ___6___ Pages

**GEICO Casualty Company**



## ALASKA INFORMATION AND OPTION FORM

### IMPORTANT  PLEASE READ CAREFULLY

IF YOU ARE A CURRENT ALASKA POLICYHOLDER, please make any changes, sign and return this form. If this form is not returned, we will make no changes to your coverages.

IF YOU ARE A NEW CUSTOMER OR HAVE JUST MOVED INTO ALASKA, we will include Uninsured and Underinsured Motorist Bodily Injury and Property Damage coverages with limits equal to your liability limits. If you want to make changes to your policy, please make any changes, sign and return this form.

### UNINSURED AND UNDERINSURED MOTORIST COVERAGE (UM/UND)

Uninsured and Underinsured Motorist Bodily Injury (UM/UNDBI) and Uninsured and Underinsured Motorist Property Damage (UM/UND PD)coverages protect you and your family members when involved in accidents with:

* uninsured motorists;
* hit-and-run motorists; and
* underinsured motorists

An uninsured motorist is one who does not carry Bodily Injury liability and Property Damage liability insurance. An underinsured motorist is one whose limits of Bodily Injury insurance are less than your damages.

You may recover for the total amount of your injuries up to the combined amounts of the policy of the at-fault driver and your Underinsured Motorist limits.

The same limits of coverage must be carried on all vehicles.

Your Bodily Injury Liability Coverage Limit is: $50,000/$100,000

Please select from the following options:

### Uninsured and Underinsured Motorist Bodily Injury Coverage

| Coverage Limit Per Person/Per Accident | | Vehicle 1 | Vehicle 2 | Vehicle 3 | Vehicle 4 | Vehicle 5 |
|---|---|---|---|---|---|---|
| (X) | $50,000/$100,000 | $ 67.70 | | | | |
| ( ) | $100,000/$200,000 | $ 87.30 | | | | |
| ( ) | $100,000/$300,000 | $ 97.50 | | | | |
| ( ) | $300,000/$300,000 | $ 121.10 | | | | |
| ( ) | $250,000/$500,000 | $ 126.60 | | | | |
| ( ) | $300,000/$500,000 | $ 128.60 | | | | |
| ( ) | $500,000/$500,000 | $ 139.40 | | | | |
| ( ) | $500,000/$750,000 | $ 146.80 | | | | |
| ( ) | $500,000/$1MIL | $ 157.00 | | | | |
| ( ) | $1MIL/$1MIL | $ 182.00 | | | | |
| ( ) | $1MIL/$2MIL | $ 205.70 | | | | |

☐ I do not want Uninsured or Underinsured Motorist Bodily Injury coverage for my vehicles. Rejection of this coverage must be in writing.

SEE REVERSE SIDE

Exhibit ___C___

Page ___1___ of ___3___ Pages

GC-016-AK (05-01) TIb1 0          Policy No : 4C0G-61-40-67          Page 1

## Uninsured and Underinsured Motorist Property Damage Coverage

| Coverage Limit | Vehicle 1 | Vehicle 2 | Vehicle 3 | Vehicle 4 | Vehicle 5 |
|---|---|---|---|---|---|
| ( ) $25,000 | $ 29.50 | | | | |

NOTE: The limit for Underinsured Motorist Property Damage coverage is $25,000, and there is a $250 deductible.

☐ I **do not want** Uninsured or Underinsured Motorist Property Damage coverage for my vehicles. Rejection of this coverage **must** be in writing.

IF YOU HAVE ANY QUESTIONS REGARDING THIS FORM, PLEASE CALL US AT 1-800-841-3000.



Jack Charles
_____        _____        _____
Print Name                                  Signature                                  Date

Exhibit C
Page 2 of 3 Pages

[ ] For Office Use Only



CC-316-AK (05-01) Tier 0            Policy No.: 400G-81-40-67            Page 2

1023D

*3*

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

## BUSINESS REPLY MAIL

FIRST CLASS MAIL    PERMIT NO 21487    SAN DIEGO, CA

POSTAGE WILL BE PAID BY ADDRESSEE

**GEICO DIRECT**

ONE GEICO WEST
BOX 509090
SAN DIEGO CA 92150-9490

E-276 (07-00)

Exhibit ___C___
Page __3__ of __3__ Pages

10231

# Call For Service

CFS Number: 2406436
Date: 5/3/2004

## Call For Service

| | | | |
|---|---|---|---|
| CFS Number | 2406436 | Complainant | SHARKEY, TOM |
| Date | 5/3/2004 | Address | 5444034 |
| Dispatcher | C001 - Waters, Patti | City, State, Zip | |
| Call Source | | Phone | |
| Received | 5:30:11 PM | Call type | |
| Dispatched | 5:31:30 PM | Reported Offense | 5434 - Traffic Accident |
| Arrived | 5:32:43 PM | Verified Offense | 5434 - Traffic Accident |
| Cleared | 5:51:39 PM | | |
| Location | Watson's Cor | Tow Company | |
| City, State, Zip | | Vehicle License | |
| Jurisdiction | | Disposition | 1 - Exception |
| Grid | | Priority | |
| Sector | | Classification | |
| Map | | | |
| X Coordinate | | Agency | P - Bethel PD |
| Y Coordinate | | Case | |

**Officers**
155 - Perry, William
    Notes   911 2 CAR MVA NOT BLOCKING NON INJURY
            B9 10-28: 17:36—# 1 DSL748 # 2 CLY102
            B9 10-27: 17:40—DRIVER # 2 6995789
            B9 10-27: 17:43—#1 6645994
            INFO: 17:49—BOTH DRIVERS ISSUED 12-209 FORMS DRIVER ONE SAYS SHE DOES
            HAVE A DL WILL BRING BY STATION BEFORE END OF SHIFT NO PARTY AT FAULT
            DAMAGE UNDER 2000.00 BOTH WARNED FOR FAILURE TO YEILD NO REPORT

Exhibit __D__
Page __1__ of __1__ Pages

```
>>>> ON-LINE REPORT DISTRIBUTION SYSTEM <<<<

     IF YOU HAVE ANY QUESTIONS OR PROBLEMS
     CONCERNING BUNDL, PLEASE CALL THE SERVICE
     CENTER AT THE PLAZA ON EXTENSION 2211
```

```
*************************************************
*           DELIVERY INFORMATION               *
*                                              *
*   HOME CODE   = RWCLAIMS/2                    *
*                                              *
*   MAIL ADDRESS = REGION IV                    *
*                  SIXTH FLOOR                  *
*                  CLAIMS FLOOR                 *
*                                              *
*                  SAN DIEGO, CALIF.            *
*                                              *
*   PRINT DATE  = THURSDAY FEBRUARY 24TH, 2005  *
*   PRINT TIME  = 00:30:33                      *
*                                              *
*   BUNDLE NO.  = 0001                          *
*   DEVICE ID   = AS4003X9GN                    *
*                                              *
*                       CLAIMS/2               *
*************************************************
```

Exhibit E

Page 1 of 29 Pages

DPMS-DPMB003 -1                "BUNDL" - REPORT DISTRIBUTION SYSTEM                DATE 02/24/05    TIME 00:3
                                        HOME CODE INVENTORY LIST

HOME CODE  - R4CLAIMS/2  DESCRIPTION - CLAIMS/2                DATE - 02/24/05  TIME - 00:50:20  PRIORITY

MAIL CODE   APPL     REPORT      DESCRIPTION              MODE    COPY  PAGES  TYPE    V  V  V  REPORT  CONTROL
H527-H      CLL11DL  CLL11D-030  -030 ALOG MESSAGE PRINT  N00060  1     38     PAPER   V  V  V  PCC CODE

                         VIEW =          MICROFICHE =            PAPER =     38

* TOTAL PAGES PROCESSED -

>>>> ON-LINE REPORT DISTRIBUTION SYSTEM <<<<

```
*****************************************
*                                       *
*  IF YOU HAVE ANY QUESTIONS OR PROBLEMS *
*  CONCERNING BUNDL, PLEASE CALL THE SERVICE *
*  CENTER AT THE PLAZA ON EXTENSION 2211 *
*                                       *
*****************************************
```

```
**************************************************
*           DELIVERY INFORMATION                 *
**************************************************
*                                                *
*   MAIL CODE    = H527-H                         *
*                                                 *
*   MAIL ADDRESS = REGION 4                       *
*                                                 *
*                  SAN DIEGO, CALIF.              *
*                                                 *
*   PRINT DATE   = THURSDAY FEBRUARY 24TH, 2005   *
*                                                 *
*   PRINT TIME   = 00:30:33                       *
*                                                 *
**************************************************
```

BUNDLE NO.  = 0001

DEVICE ID   = AS400RPU0

HOME CODE   = R4CLAIMS/2

REGION 4 COVERAGE

Exhibit E
Page 3 of 29 Pages