1101.027

FILE

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE
CHARLES,

    Plaintiffs,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

Noted: NN
Date Served 10/17/05-mail
Response Due 10/31/05

GEICO CASUALTY COMPANY,

    Third-Party Plaintiff,

v.

VALERIE JOE,

    Third-Party Defendant.

Case No. 4BE-05-55 Ci.

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

## GEICO'S MOTION FOR PROTECTIVE ORDER

    Defendant GEICO General Casualty Company moves for a protective

order pursuant to Civil Rule 26(c) providing that discovery not be had on the

claims of bad faith, conspiracy, fraud and punitive damages.  This motion is

supported by the accompanying memorandum.

//

//

//

Charles v. GEICO
Case No. 4BE-05-55 CI
GEICO's Motion for Protective Order
Page 1

10/17

DATED at Anchorage, Alaska, this 17 day of October, 2005.

CALL, HANSON & KELL, P.C.,
Attorneys for defendant GEICO

By: _Susan D. Mack_
Susan D. Mack
Alaska Bar No. 8411128

**CERTIFICATE OF SERVICE**

I certify that on this the 17th
day of October, 2005, a true
and correct copy of the foregoing
document, and attachments if
any, were served upon the
following counsel of record by
mail:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

Michele L. Power, Esq
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

By: _Michelle Siler_

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Motion for Protective Order.doc

<div style="writing-mode: vertical">CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865</div>

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

      Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

      Defendant.

_____

GEICO CASUALTY COMPANY,

      Third Party Plaintiff,

vs.

VALERIE JOE,

      Third Party Defendant.      Case No. 4BE-05-55 Civil

*(left margin vertical text)* CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

## MEMORANDUM IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER

      GEICO seeks a protective order pursuant to Civil Rule 26 (c) providing

that discovery not be had on the claims of bad faith, conspiracy, fraud and

punitive damages on the grounds that the discovery requests are not

relevant to plaintiffs' claims and are oppressive, unduly burdensome and

unduly expensive.  Alternatively, GEICO asks that discovery be stayed

pending the resolution of the partial summary judgment motion on the

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Memorandum in Support of GEICO's Motion for Protective Order
Page 1

claims of bad faith, conspiracy, fraud and punitive damages. If any claim survives summary judgment, defendant requests that the court and/or a discovery master review the scope of plaintiffs' requests, limit them appropriately, and provide for only limited relevant documents.

## I.    **Background**.

This case started as a simple case for UM benefits on a $50,000/$100,000 policy.  In their February 2005 original Complaint, plaintiffs' claimed damages less than $75,000 for each plaintiff.  Plaintiffs' claims were under the jurisdictional limits for district court.  Thus, on May 12, 2005 GEICO moved to remand the case to district court.  On June 3, 2005 the court set trial for the week of March 28, 2006.  To avoid remand to district court, plaintiffs filed a motion to amend their Complaint to allege fraud, conspiracy, bad faith and an award of punitive damages. GEICO opposed the motion to amend on the grounds that the motion was brought in bad faith and that amendment would open a floodgate of irrelevant and harassing discovery.  GEICO attached a letter from Mr. Valcarce attempting to extort policy limits by threatening to increase the costs of this litigation exponentially. (See Exhibit B to Opposition to Motion to Amend). The court granted the motion to amend citing Civil Rule 15(a) which allows pleadings to be freely amended. The court rejected GEICO's arguments with the following comments:

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

> In the present case defendant argues plaintiffs' motive for seeking leave to amend is to harass defendant, increase its expenses, and move the case to superior court. Much of defendant's argument, however, rests on the alleged frivolousness of plaintiffs' new claims. Defendant's argument that plaintiffs' new claims are baseless is better suited to a motion for summary judgment.

See Order of July 11, 2005.

On October 24, 2005 GEICO served plaintiffs with a Motion for Summary Judgment on plaintiffs' claims for bad faith, fraud, conspiracy and punitive damages. The exhibits in support of the motion for summary judgment establish that GEICO complied with all statutory requirements concerning the offer and investigation of this UM claim; GEICO had a reasonable basis for denying full policy limits for plaintiffs' soft tissue injuries; GEICO made reasonable settlement offers to the plaintiffs; and, plaintiffs themselves breached the insurance contract by refusing to discuss their injuries with the claims adjuster. Plaintiffs' response to the Motion for Summary Judgment is due on November 8, 2005.

## II.    **Discovery Requests.**

On October 1, plaintiffs served GEICO with twenty-five Requests for Production attached hereto as Exhibit A.[1]  The expansive requests include every conceivable document; i.e, computer screen, photograph, pictures,

---

[1] The title is a misnomer. Plaintiff did not include interrogatories and requests for admissions in the discovery request.

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Memorandum in Support of GEICO's Motion for Protective Order
Page 3

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

CDs, reports plans, proposals, procedures, projects, goals, filings, training materials bulletins, promotional material, archived computer repositories, audits, writings, general correspondence, etc. that GEICO has produced over the last fifteen years.  Now, plaintiffs' bad faith motive to harass GEICO with the intent to extort policy limits is clear.

GEICO has already produced **all** documents related to plaintiffs' claim number 0224556970101011 (requests 1 through 5).  A discovery log is attached at Exhibit B.  GEICO has produced the entire claims file, underwriter's file, and business file without redactions for reserve and damage evaluation information which would otherwise be privileged or irrelevant to the value of plaintiffs' claims. GEICO answered interrogatories concerning the identity, training and experiences of the claims adjuster most familiar with this case.  GEICO has also produced all technical memoranda from GEICO to claims personnel in Alaska concerning Alaska claims handling.  There are no other documents specific to plaintiffs' claims. Therefore, GEICO objects to Requests Nos. 6-25.  GEICO incorporates its Motion for Summary Judgment in this Motion for Protective Order.

## III.    **Applicable Law.**

Civil Rule 26(b) permits discovery regarding any matter which is **relevant** to the subject matter involved in the pending action.

Civil Rule 26(c) limits discovery of relevant matters as follows:

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Upon motion by a party . . . the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment oppression, or undue burden or expense, including one or more of the following: . . . (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designated time and place; . . . (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; . . . (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way . . .

## IV.   **Relevancy.**

Plaintiffs have filed claims for breach of contract, bad faith, fraud, conspiracy and punitive damages. The only relevant questions involve GEICO's relationship with the plaintiffs; i.e. whether GEICO offered *Jack Charles* UM/UIM policy limits in excess of $50,000.00, whether GEICO committed a fraud by making false representations to *Jack Charles*, whether GEICO investigated *plaintiffs'* claims, whether GEICO made any settlement offers to the *plaintiffs*, and whether GEICO had a reasonable basis for refusing to pay *plaintiffs'* demands for policy limits.

GEICO seeks a protective order as to Request Nos. 6, 7, 8, and 16 requesting all training manuals, claims handling policies and procedures requirements, documents, information, forms, educational materials, instructions, e-mail addresses, CDs, and "bulletins ever generated" and/or sent by or for GEICO to any insurance agent and/or agency in Alaska since

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

May, 1990." An insurance *agent* may have a duty to advise customers to obtain additional coverage if a "special relationship" exists between the insurance agent and the insured. *Peter v. Schumacher Enterprises, Inc.*, 22 P.3d 481 (Alaska 2001). However, this case does not involve an insurance agent. In this case, Charles called the insurer GEICO directly through GEICO's toll free telephone number and spoke with a GEICO sales representative. (See Motion for Summary Judgment). Therefore, all documents exchanged between GEICO and any insurance agent would not be relevant to Charles' claims. Plaintiffs also allege that GEICO and the agent conspired to defraud Jack Charles. This claim is also without merit. Plaintiffs cannot identify and join any agent or broker who allegedly conspired with GEICO. There can be no claim of conspiracy without a co-conspirator.

GEICO seeks a protective order as to Requests Nos 19, 20, 21 and 26 because there are no documents responsive to these requests. No entries have been deleted from the business, underwriter or claims files. GEICO has produced all documents in support of their responses to interrogatories:

> **INTERROGATORY NO. 1.:** Please identify the person if any, including title and location, who searched for any deleted electronic entries, deleted computer entries, and/or deleted e-mails relating to Claim #022455697 0101 011, Jack Charles, Bernadette Charles, the claims of Jack Charles or Bernadette Charles, and/or relating to the policy number 4006-81-40-67.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

**ANSWER:** None, as the log notes are kept in their own electronic file and have been produced to the extent required by law.

GEICO seeks a protective order as to Request Nos. 10, 11, 12 and 18 requesting all claim forms, form letters, mailings, instructions, applications, and handouts. AS 21.42.129(a) requires that insurance application forms that are to become part of an Alaska policy must be filed with and approved by the director of the Division of Insurance. AS 21.42.130(1) requires that the director disapprove a form that is filed that is "in any respect in violation of or does not comply with [Title 21 of the Alaska Statutes]." Forms produced for the other 49 states must comply with the requirements of each state. Forms produced for other states are not relevant to Alaska claims. See *State Farm Mutual Ins. Co. v. Campbell,* 538 U.S. 408, 123 S.Ct. 1513 (U.S. 2003) (a jury may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred.).

GEICO's Alaska forms, including the application and UM selection/rejection form has already been produced to the plaintiffs. See Discovery Log Exhibit B. The forms themselves have already been approved by the Director of the Division of Insurance and, as to the UM selection/rejection form approved by the Supreme Court of Alaska. (See Motion for Summary Judgment citing *Graham-Gonzalez v. Government Employees Insurance Company,* 107 P.3d 279 (Alaska 2005) (GEICO's

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

UM/UIM selection form sufficiently communicates the availability of higher coverage options available to its potential insureds.)  Quite simply, Charles was offered higher limits and declined them, orally and in writing.

GEICO seeks a protective order as to Request No. 13 asking GEICO to produce all claims manuals, bulletins, guidelines, handbooks, educational materials, etc. used at any time since 1990. The request is not only overbroad and burdensome to produce but not relevant to plaintiffs' claims and not likely to lead to relevant evidence. GEICO has already produced claims bulletins related to Alaska claims adjustments.  See Discovery Log, Exhibit B.

GEICO seeks a protective order as to Request No. 14 asking for all information on reserving procedures, reserve practices, reserve guidelines, etc. because the request is overbroad, unduly burdensome and irrelevant. GEICO has already produced the reserve information in plaintiffs' case and the "Claim IQ" guidelines. See Discovery Log, Exhibit B.

GEICO seeks a protective order as to Request No. 17 requesting a list of all claims and claims file numbers involving UM or UIM claims made under GEICO policies issued in Bethel Alaska from 1990 to the present because such a list does not exist and to comply with the request, GEICO would have to incur substantial expense to compile a list. The request is not only over broad but again, it is irrelevant to the Charles' claims and is designed to effectuate the Charles' attorney's bad faith tactics.

ANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

GEICO seeks a protective order as to Request No. 18 requesting copies of all insurance filings in Alaska concerning rates because the amount of the GEICO premium is not an issue in this case. GEICO's rates have been approved by the Division of Insurance and it is not an appropriate subject for this lawsuit. Charles specifically rejected more coverage.

GEICO seeks a protective order as to Request 23 and 25 for all advertising, marketing, promotions, e-mail procedures, sample forms, newsletters, and news articles world wide referring to GEICO's insurance products, their goals, their financial condition, UM/UIM insurance, reporting claims, etc. because the documents are irrelevant and far beyond the scope of this lawsuit. Plaintiff has the burden of producing evidence that he relied on some fraudulent misrepresentation. He could not have relied on representations that he never heard or read.

In general, none of the documents requested are relevant to liability or damages. The documents are not relevant to whether GEICO complied with AS 21.89.020 (c) in offering UM/UIM limits to Jack Charles. GEICO made additional limits available to Jack Charles as a matter of law. See Motion for Summary Judgment. Even if GEICO failed to comply with its own "documents" "requirements" "manuals", bulletins "information" etc. there can be no finding of bad faith if GEICO had a reasonable basis for denying

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

plaintiffs' demands for policy limits. *Hillman v. Nationwide Mutual Fire Insurance Co.*, 855 P.2d 1321 (Alaska 1993).

GEICO objects to Requests No. 15, 22 and 24 because the requests ask for extensive financial information. AS 09.17.020(e) limits discovery of evidence relevant to punitive damages as follows:

> (e) Unless that evidence is relevant to another issue in the case, discovery of evidence that is relevant to the amount of punitive damages to be determined under (c) 3) or (6) of this section may not be conducted until after the fact finder has determined that an award of punitive damages is allowed under (a) and (b) of this section.

Plaintiffs' Requests for Production Nos. 6 through 25 are not relevant to any of plaintiffs' claims. Any requests relevant to punitive damages are not discoverable until after the fact finder has determined that an award of punitive damages is allowed.

## V.  Request Nos. 6-25 are Oppressive, Unduly Burdensome and Unduly Expensive.

The objectionable requests are themselves in bad faith intended to extort unwarranted payment of policy limits. The cost and time involved with complying with these overly broad requests would be phenomenal. To avoid such broad and oppressive discovery, insurers would be compelled to pay policy limits on unwarranted claims. The Alaska Supreme Court recognized the potential for abusive lawsuits when it adopted the tort of bad faith:

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Memorandum in Support of GEICO's Motion for Protective Order
Page 10

ANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

> One problem with the California approach is that while insurers who act outrageously toward legitimate claimants should be punished, the possibility of scaring insurers into paying questionable claims because of the threat of a bad faith suit and its excessive damages is undesirable. This will cause payments of claims which should not be paid and accompanying higher insurance rates which must be borne by all of the policy holders. An insurer should have the right to litigate a claim when it feels there is a question of law or fact which needs to be decided before it in good faith is required to pay the claimant.

*Hillman v. Nationwide Mutual Fire Insurance Co.,* 855 P.2d 1321 (Alaska 1993) (citing *Anderson v. Continental Insurance Co.,* 271 N.W.2d 368, 378 (Wis. 1978).

An insurance company may still challenge claims which are fairly debatable." *Hillman at* 1324 (Alaska 1993). Here, GEICO needs to be protected by this court against extortion. However, that protection is completed diluted if plaintiffs' can extort policy limits with the threat of oppressive discovery that would unduly increase GEICO's litigation expenses. GEICO has already provided every document relevant to plaintiffs' claims, including the adjuster's mental impressions and reserve information that would otherwise be irrelevant. These documents were produced because they might be relevant to the claims of bad faith, fraud and conspiracy. This court should protect GEICO's right to challenge plaintiffs' claims without the extortionate threat of compelling production of every form, claim, advertisement, training manual, news article, computer screen,

bulletin or other document in GEICO's possession for the past fifteen years. Without such protection, every plaintiff in every UM/UIM claim will sue for bad faith and propound similar discovery requests despite the lack of any substantive grounds for their allegations of bad faith, fraud conspiracy and punitive damages. These requests should be stricken and GEICO is entitled to costs associated with this briefing.

## VI.    Remedy.

The court should order that discovery on the noted requests not be had.  The only relevant requests must be related to the offer made to Jack Charles and whether or not GEICO had a reasonable basis for rejecting the Charles's' demand for policy limits.  Alternatively, the court should stay discovery of any documents related to plaintiffs' contractual, bad faith, fraud, conspiracy and punitive damages pending resolution of the motion for summary judgment.  If the court finds that GEICO is entitled to judgment on any or all of these claims all of the discovery requests would be moot.

If any of the contested claims survive summary judgment, the court should limit discovery to relevant discovery requests.  It may be necessary that the court appointment a discovery master to determine *in camera* what documents are relevant to plaintiffs' surviving claims.  Any documents involving trade secrets or other confidential research, development or

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

commercial information should not be revealed outside the limited confines

of this litigation pursuant to Civil Rule 26 (c) (7).

DATED at Anchorage, Alaska, this __17__ day of October, 2005.

CALL, HANSON & KELL, P.C.,
Attorneys for defendant GEICO

By: _Susan D. Mack_

Susan D. Mack
Alaska Bar No. 8411128

**CERTIFICATE OF SERVICE**

I certify that on this the 17ᵗʰ
day of October, 2005, a true
and correct copy of the foregoing
document, and attachments if
any, were served upon the
following counsel of record by
mail:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

Michele L. Power, Esq
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

By _Michelle Sule_

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Memo Protective Order.doc

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Memorandum in Support of GEICO's Motion for Protective Order
Page 13

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

                            Plaintiffs,

vs.

GEICO GENERAL INSURANCE COMPANY,

                            Defendant

)
)
)
)
)
)
)
)
)
)
)
)

RECEIVED

SEP 2 9 2005

Call, Hanson & Kell, P.C.

Case No. 4BE-05-0354 CI

TO:    GEICO, INSURANCE CO. C/O
       Blake Call, Esq.
       CALL, HANSON & KELL
       250 H Street
       Anchorage, Alaska 99501-2112

**PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSIONS
AND REQUESTS FOR PRODUCTION TO DEFENDANT**

       Plaintiffs requests, pursuant to Civil Rules 26, 33, and 34, that you respond to

the following Discovery Requests within thirty (30) days after service of these

Requests by answering the Interrogatories under oath and by production of the

described documents and tangible things for inspection, copying and testing (as

the case may be) at the offices of COOKE, ROOSA & VALCARCE, P.O. Box 409,

Bethel, Alaska 99559. These discovery requests are deemed to be continuing and

require supplementation in accordance with the Alaska Rules of Civil Procedure.

Noted BHC
Date Served 9/27/05
Response Due 10/31/05

**INTRODUCTION**

Exhibit A
Page 1 of ___ Pages

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

The following definitions apply to the enclosed discovery:

1   The word "person" shall mean any natural person, corporation, firm

2   association, partnership, or other form of legal entity, as the case may be.

3   The word "identity" or "identify" shall mean, with respect to each person,

4
5   his full name, his current business affiliation and title, his current business address or if

6   that is unknown, his last known business address, and the correct title of such person

7   with respect to the business, organization, or entity with which he was associated, in

8   the capacity in which such person acted in connection with the subject matter of

9   this Interrogatory.

10

11   Whenever an Interrogatory elicits the "identity" or asks for the

12   identification of a person and it is claimed that one or more persons are affected

13   by reasons of an agency or employment relationship between the first named

14   person and the other person or persons, such fact or facts should be stated, and

15   each such other person shall be identified.

16

17   The word "identity" or "identify" as it pertains to documents shall include

18   the nature of the document (e.g., letter, memorandum, photograph, etc.), its title or

19   designation, the date it bears, the name, title, business affiliation, or business

20   address of the person preparing it, a statement of the subject and substance of the

21   document, a precise description of the place where the document is presently

22
23   kept, including the title or the description of the file in which such document would

24   be found and the exact location of such file, the name, title, business affiliation,

25
<u>PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT</u>
26   4BE-04-354                                                        Page 2

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

Exhibit __A__

__2__ of ____ Pages

and business address of each person who presently has custody of such document,

1    and, if you claim any privilege as to such document, a precise statement of the

2    facts upon which said claim or privilege is based.

3    "GEICO", "You" and "Your" refer to the defendant and its agents and

4    employees upon whom these discovery requests have been served.

5

6    "UM" refers to uninsured motorist coverage.

7    "UIM" refers to underinsured motorist coverage.

8    "UM/UIM" refers to a combined uninsured/underinsured motorist

9    coverage.

10

11   Documents produced shall include all documents, wherever located,

12   in the possession, custody, or control of you, your attorneys, consultants,

13   accountants, or other persons retained by or acting on behalf of, or representing

14   you.  If any document is withheld under claim of privilege of any kind, the

15   document shall be identified with sufficient particularity to allow a motion to

16   compel to be made by the defendant. This description shall include at least the

17   date of the document, the name and address of the person to whom the

18   document is sent, a brief description of the contents of the document, and the

19

20   basis upon which privilege is asserted.

21   All references to the singular shall include the plural.

22

23   The term "document" as used herein is defined to include any and all

24   manner of written, typed, printed, reproduced, filmed or recorded material, and all

25   PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

26   4BE-04-354                                                                  Page 3

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
:THEL, ALASKA 99559
(907) 543-2744

Exhibit ___
Page ___ of ___ Pages

photographs, pictures, plans or other representations of any kind or anything pertaining, describing, referring or relating, directly or indirectly, in whole or in part, to the subject matter of each request, and the term includes without limitation the following:

1.    All papers, books, journals, ledgers, statements, memoranda, reports, invoices, worksheets, work papers, notes, transcriptions of notes, letters, correspondence, abstracts, checks, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, lists, logs, publications, advertisements, instruments, minutes, orders, purchase orders, messages, resumes, summaries, agreements, contracts, telegrams, telexes, cables, recordings, or any other writings, copying, printing, photostatic, or other form of communications that are recorded or reproduced, as well as all notations on the foregoing; and

2. Originals, all file copies, and all other copies of any of the foregoing; and

3.    All drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

These discovery requests shall be continuing in nature up to and including the time of trial on the merits, for any information or documents herein requested and not known or not in control of the responding party until some time subsequent to the date responses are due or made.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

Exhibit A
Page 4 of ___ Pages

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: To the extent not produced in Initial Disclosures, please produce all records and information on the pre-suit activities of defendant GEICO in relation to Claim No. 0224556970101011, including the entire pre-suit claims file, claims notification, claim acknowledgment, claims correspondence, claims information, claims investigation, claims entries, claims investigation, Index Bureau inquiries and/or reports and/or entries, claims evaluation, claims reserves, claims authority requests, grants of claims authority, requests for checks, checks, referrals, claims management and/or claims review entries and/or directions, and all other claims documentation including the inside and outside folder covers, all writings, documents, notes, computerized files, computerized entries, e-mails, messages, phone messages, memoranda, reports, photos, diaries, diary entries, diary dates, diary reviews, reviews, lists, data, evaluations, reserve entries, reserve information, policy data, coverage information, investigation materials and information, statements, interviews, recommendations, Colossus entries or similar entries, damages evaluations, worksheets, checklists, forms, and all other claims handling information subject to the control of the defendants and either of them.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2: To the extent not produced in response to Request No. 1, please produce all correspondence, reports, communications, transmittals, faxes, forms, e-mails and all other information referring to and/or relating to any contact in relation to Claim No. 0224556970101011.

RESPONSE:

RESPONSE REQUEST FOR PRODUCTION NO. 3. Please produce all information on the GEICO policy issued to plaintiffs as referenced in Claim No. 0224556970101011, and the history of that GEICO insurance policy including the underwriting file, the agency file, all GEICO files and documents, all files and documents, the policy file, application, correspondence, e-mails, forms, data, files, the inside and outside covers of all file folders, computerized information, binders, notes, memoranda, policy forms and endorsements, all communications with any GEICO or agent or employees thereof, and all other documents and information in the possession or under the control of defendants and either of them that relate to the GEICO insurance policy and/or the history of said policy.

RESPONSE:

Exhibit ___A___
Page __5__ of ___ Pages

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
THEL, ALASKA 99559
(907) 543-2744

1

2

3

REQUEST FOR PRODUCTION NO. 4. To the extent not otherwise produced, please produce all reserve information, reserve entries, reserve references, requests for reserve authority, reserve changes, and all other information referring and/or relating to reserves for Claim No. 0224556970101011, and all other claims of plaintiffs.

4

5

6

7

REQUEST FOR PRODUCTION NO. 5. Please produce all information, files, appointments, agreements, amendments, correspondence, e-mails, reports, audits, instructions, procedures, requirements, and all other information, entries, and documents generated by Rebecca Caldwell, claims examiner, Claim No. 0224556970101011.

8

9

RESPONSE:

10

11

12

REQUEST FOR PRODUCTION NO. 6. Please produce all of GEICO's training manuals, claims handling policies, policies and procedures for resolving claims in Alaska, and any other document, used by GEICO or its agents in May 2004, that in any way references adjusting claims.

13

RESPONSE:

14

15

16

17

18

19

20

21

22

23

24

25

REQUEST FOR PRODUCTION NO. 7: Please produce all procedures, requirements, documents, information, forms, educational materials, and training materials in whatever written and/or computerized form sent by or for GEICO to any insurance agent and/or agency in Alaska since May, 1990 in relation to offering, selling, selecting, waiving, and/or binding GEICO UM/UIM insurance coverage and/or UM/UIM limits. This includes but is not limited to UM/UIM insurance forms, computer screens, computer forms, applications, report forms, information forms, binder forms, form letters, procedures, instructions, guidelines, checklists, requirements, underwriting materials, underwriting guidelines, underwriting manuals, UM/UIM Rules and Rate Manual provisions, UM/UIM offer guidelines, UM/UIM offer instructions, UM/UIM coverage information, UM/UIM offer forms, UM/UIM information forms, UM/UIM price information, UM/UIM price lists, UM/UIM selection/rejection forms, UM/UIM waiver forms, and all other UM/UIM sales forms, UM/UIM purchase forms, bulletins, materials, and directions provided by GEICO and/or any other agency or agent in relation to offering, selling, waiving, and/or binding UM/UIM coverage and/or UM/UIM limits since May, 1990. This includes but is not limited to GEICO materials and/or ISO materials sent to any other agent or contractor.

26

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354

Page 6

Exhibit ____

Page ___ of ___ Pages

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

RESPONSE:

REQUEST FOR PRODUCTION NO. 8: Please produce all procedures, instructions, educational materials, and/or training materials for transmitting and/or receiving and/or utilizing computerized information, computer screens, computer manuals, e-mail procedures, e-mail addresses, and all other computer programs, computer procedures, CDs, and other computer-related information.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9: Please produce all claims instructions, e-mail addresses, claims forms, claims screens, claims information, and claims training provided since May, 1990 by GEICO and/or any other insurance agency or agent in Alaska in relation to claims under GEICO policies including but not limited to: claims bulletins, written and/or computerized claims forms, claims reports, claims procedures, claims information, claims forms for insureds, information for insureds, handouts for insureds, and all other forms, guidelines, and requirements provided by GEICO in relation to claims made on GEICO policies providing motor vehicle coverage in Alaska. This includes all material referring to the role of agents, agencies, and employees/agents in relation to any such claims including reporting any such claim, the manner of reporting claims, and any materials that were provided by GEICO that could then be provided to an insured to assist an insured in Alaska in understanding his/her potential claims and/or in making any potential claims.

RESPONSE:

REQUEST FOR PRODUCTION NO. 10: Please produce all claims forms, claims documents, claims reports, and all other documents, computer screens, computer forms, and all other forms used by GEICO in May 2004.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11: Please produce all UM/UIM claims forms, standard UM/UIM mailings, UM/UIM form letters, UM/UIM informational materials for UM/UIM claimants, UM/UIM claims instructions, and all other UM/UIM materials and information developed, generated, and/or distributed from 1990 to the present by and/or for GEICO and/or any agent thereof to inform and/or assist GEICO insureds in Alaska who may have a UM or UIM claim. This includes but is not limited to any

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                          Page 7

Exhibit ____A____

Page ___1___ of _____ Pages

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
THEL, ALASKA 99559
(907) 543-2744

materials developed by GEICO.

RESPONSE:

REQUEST FOR PRODUCTION NO. 12:) Please produce all applications, procedures, instructions, requirements, guidelines, forms, claims forms, UM/UIM selection/rejection forms, UM/UIM price forms, UM/UIM price information, UM/UIM binders, form letters, computer screens, handouts, written information, and all other writings and forms used by GEICO in relation to offering and/or selling GEICO UM/UIM coverage in Alaska and/or in reporting claims on GEICO policies.

RESPONSE:

REQUEST FOR PRODUCTION NO. 13: Please produce in whatever written and/or computerized form all GEICO claims procedures manuals, claims manuals, claims management manuals, amendments, revisions, supplements, claims bulletins, claims instructions, adjuster guidelines, adjuster handbooks, educational materials, claims policies, claims practices, and all other claims handling standards, instructions and/or information on the claims procedures, claims practices, claims management, and claims policies utilized by or for GEICO that were in effect in relation to bodily injury claims, UM/UIM claims, property damage claims, and/or loss of use claims in Alaska at any time from 1990 to the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14: Please produce all information on reserving procedures, reserve practices, reserve policies, reserve guidelines, and all other materials and information on the reserving practices, procedures, and policies of GEICO.

RESPONSE:

REQUEST FOR PRODUCTION NO. 15: Please produce all internal GEICO proposals, and management documents referring to and/or relating to performance, assessments, plans, and business plans for Alaska since 1990. This includes annual assessments and reports of claims, policies sold, claims payouts, income and/or losses as well as annual plans, proposals, projects, and/or annual goals and projections. This includes all plans and goals in relation to agencies, agents, income, losses, policies, marketing, sales, underwriting, and/or claims. This includes all annual claims handling goals for Alaska including UM/UIM claims goals, claims severity goals, loss ratio goals, and all other claims goals. This includes all



Exhibit ___A___
Page ___8___ of _____ Pages

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

promotional literature, news, information and other information on the stated plans and/or goals of GEICO.

1

RESPONSE:

2

3    REQUEST FOR PRODUCTION NO. 16: Please produce all claims bulletins, sales bulletins, general bulletins, policy bulletins, and all other bulletins ever generated
4    and/or issued and/or transmitted by GEICO, and/or any agent thereof from 1990 to the present in relation to and/or that refer to: Alaska, Alaska insurance, Alaska
5    claims, Alaska UM/UIM claims, UM/UIM coverage in Alaska, offering and/or selling UM/UIM coverage in Alaska, Rule 82, and/or Alaska insurance law including Alaska
6    statutes, Alaska regulations, and/or Alaska case law.

7

RESPONSE:

8

9    REQUEST FOR PRODUCTION NO. 17: Please produce a list of all claims and claims
10   file numbers involving UM or UIM claims made under GEICO policies issued in Bethel, Alaska from 1990 to the present.

11

12   RESPONSE:

13   REQUEST FOR PRODUCTION NO. 18: Please produce all product development
     materials and files, product administration materials and files, form filings, rate filings,
14   Rules and Rates Manual provisions, filings with the Alaska Division Of Insurance,
     correspondence with Alaska Division of Insurance, and/or by whatever name all
15   other files, materials, and documents that were generated in relation to the offer
16   and/or sale of UM/UIM insurance by GEICO in Alaska since May, 1990, including all
     policy form UM/UIM changes and/or new UM/UIM endorsements and/or Rules and
17   Rate Manual UM/UIM changes , UM/UIM rates and/or UM/UIM rate changes.

18

RESPONSE:

19

     REQUEST FOR PRODUCTION NO. 19:Please produce by whatever name the
20   Information Technology Manuals, Technical Division Manuals, Information
     Technology Plan, Catastrophe Plan, E-mail system manuals, and/or other writings
21   that set forth the nature, description, structure, management, locations, and
22   personnel of the Information Technology system that includes and/or supports of
     GEICO. This includes the system of claims personnel computers, computerized
23   information, computer data bases, data processing, information processing, and e-
     mail systems. This includes all records repository and archive systems to back up,
24   store, retrieve, and/or restore computerized information in case of a 9/11/01 type of

25

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
26   4BE-04-354                                                          Page 9

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
960 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

Exhibit___A___
Page__1__of___Pages

catastrophe and/or any system to store, restore and retrieve e-mails that have been "deleted" from the computers of claims personnel and/or other personnel. Please specifically include by whatever title the highest Information Technology director and/or manager as well as the highest ranking person responsible for maintenance and repair of the Information Technology system and/or the e-mail system.

RESPONSE:

REQUEST FOR PRODUCTION NO. 20:To the extent not produced, please provide all manuals and other documents describing any and all systems relating to GEICO of storing, restoring, retrieving, and/or surveilling computerized claims entries, computerized messages, and/or e-mails relating to GEICO claims, claims files, and/or policies and/or e-mails of GEICO employees. This includes all systems, claims security systems, claims defalcation systems, claims review systems, employee supervision systems, personnel management systems, and/or Human Resources systems capable of storing, restoring, and/or retrieving "deleted" computerized entries and/or e-mail entries.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21:Please search for, restore, and retrieve all computerized entries, computerized messages, e-mails and all other electronic entries that have been "deleted" from any electronic file, computerized file, claims file, computer, server, and/or any system in relation to Claim No. 0224556970101011. Please label any such e-mails and/or entries as "restored" without obscuring any contents thereof.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22: Please produce the latest financial statements and/or statements of financial condition of GEICO including but not limited to those filed with the Alaska Division Of Insurance.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23:Please produce all files, compilations, newsletters, promotional literature, marketing literature, forms, manuals, requirements, rules, standards, and all other writings of GEICO and/or any other Alaska agency and/or agent referring to and/or describing their insurance products, their goals, their financial condition, UM/UIM insurance, reporting claims,

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                          Page 10

Exhibit ___A___
Page __10__ of _____Pages

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
.THEL, ALASKA 99559
(907) 543-2744

claims forms, directions, instructions, and all correspondence in relation to these companies, their products, and/or selling their policies in Alaska and/or reporting claims on their policies.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24:Please produce all reports, annual reports, compilations, writings, audits, and all other information sent or received by GEICO. These include all annual accountings and/or reports and/or audits required by any agency and/or agent contracts and all commissions paid.

RESPONSE:

REQUEST FOR PRODUCTION NO. 25: To the extent not produced, please produce GEICO's information and/or correspondence and/or other files, including general correspondence, forms, advertising, marketing, promotions, e-mail procedures, sample forms, newsletters, news, articles, and all other information and correspondence that is not in a specific file relating to a policyholder.

RESPONSE:

REQUEST FOR PRODUCTION NO. 26: Please produce copies of any and all other documents referred to in your answers to plaintiffs Interrogatories to you of even date herewith and all other documents relied upon by you in answering those Interrogatories.

RESPONSE:

DATED this 2?  day of September 2005 at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiffs

_____
Jim J. Valcarce
ABA No. 9505011

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                      Page 11

Exhibit____A____
Page__11__of____Pages

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

VERIFICATION

STATE OF ALASKA       )
                            ) ss.
FOURTH JUDICIAL DISTRICT   )

    I, _____ , being first duly sworn upon oath,

depose and say: that I have read the foregoing responses to Plaintiff's First Set of

Interrogatories and Requests for Production and I understand the contents thereof;

and I have executed this freely and voluntarily for the purpose set forth herein; and

I verify that the same is true to the best of my knowledge.


                Defendant GEICO

                By:_____

                Its:_____

SUBSCRIBED and SWORN TO before me this _____ day of _____, 2005, at Bethel,

Alaska.

                _____
                Notary Public in and for Alaska.
                My Commission Expires:_____

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                               Exhibit___A___    Page 12
                                  Page_12_of____Pages

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &BERNADETTE CHARLES,    )
                                      )
        Plaintiff,                    )
                            vs.       )
                                      )
GEICO GENERAL INSURACE COMPANY,       )
                                      )
        Defendant,                    )
_____ )
                                      )
GEICO CASUALTY COMPANY,               )
                                      )
    Third Party Plaintiff,            )
                                      )
                    vs.               )
                                      )
VALERIE JOE,                          )
                                      )
    Third Party Defendant,            )    Case No. 4BE-05-055 CI
_____ )

## CERTIFICATE OF SERVICE

SHARON RODGERS, certifies that she is an authorized agent of Cooke,

Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on

the date stated herein she mailed copies thereof to the person(s) listed below:

| | |
|---|---|
| Documents: | PLAINTIFF'S FIRST SET OF INTERROGTORIES, REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTIONS TO DEFENDANT |

Person(s) Served:

| | |
|---|---|
| Blake H. Call | Myron Angstman |
| CALL, HANSON & KELL P.C. | ANGSTMAN LAW OFFICE |
| 250 H Street | P.O. Box 585 |
| Anchorage, Alaska 99501-2112 | Bethel, Alaska 99559 |

Dated this 27 th day of September 2005, at Bethel, Alaska

SHARON RODGERS

Exhibit____A____

Page 13 of____Pages

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

       Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.

GEICO CASUALTY COMPANY,

       Third Party Plaintiff,

vs.

VALERIE JOE,

       Third Party Defendant.       Case No. 4BE-05-55 Civil

*CALL, HANSON & KELL, P.C.*
*250 H. Street*
*Anchorage, Alaska 99501-2112*
*Phone (907) 258-8864 • Fax (907) 258-8865*

## DEFENDANT'S DISCOVERY LOG

| Date | Type of Discovery | Contents | Bate-stamps |
|------|-------------------|----------|-------------|
| 4/21/05 | Initial Disclosures | Correspondence Withheld – Lawsuit assignment | 10000 – 10002 |
| 4/21/05 | Initial Disclosures | Correspondence | 10003-10033 10039-10054 10170-10175 |
| | | Police report | 10034, 10038 |
| | | Witness statements | 10035, 10037 |
| | | Vehicle Record | 10036 |
| | | Claim IQ | 10056-57 |
| | | Calendar | 10058 |

Defendant's Document Log of bates labeled documents
*Charles v. GEICO, et al,* Case No. 4BE-05-55 CI
Page 1

Exhibit B
Page 1 of 3 Pages

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

| Date | Type of Discovery | Contents | Bate-stamps |
|------|-------------------|----------|-------------|
| | | Medical records | 10059-10135 |
| | | Property damage | 10136-10160 |
| | | Photographs | 10161-10169 |
| | | Recorded statement Valerie Joe | 10176-10183 |
| | | Redacted log notes Privilege Log | 1018410212 |
| 6/17/05 | Supplemental (8/5/05) | UM/UIM selection Duplicate stamped | Not stamped 10229-10230 |
| 7/14/05 | Supplemental | Medical records YKHC | Not stamped |
| 8/5/05 | Supplemental | Underwriter file Including insurance Application & UM/UIM Selection form | 10213-10231 |
| 9/16/05 | Supplemental | Claims Activity log | 10198-10199 |
| | | Billing/Business file Not stamped | 14 pgs |
| 9/30/05 | Supplemental | Expert disclosure | |
| 10/6/05 | Discovery responses Response to Request for Interrogatory No. 3 | | |

1.    Technical memorandum to claims personnel in Alaska, December 3, 1984.  Bates labeled G101-G117

2.    Technical memorandum to claims personnel regarding Burton v. State Farm, April 9, 1991, bates labeled G118-G119.

3.    Technical memorandum to claims personnel regarding Alaska Senate Bill 104, September 10, 1997, bates label G120.

4.    Technical memorandum to claims personnel regarding HB429, July 24, 1990, bates labeled G121 – G127.

Defendant's Document Log of bates labeled documents
*Charles v. GEICO, et al,* Case No. 4BE-05-55 CI
Page 2

Exhibit  B
Page  2  of  3  Pages

5.  Technical memorandum to claims personnel regarding BH 58, August 21, 1997, bates labeled G128 – G149.

6.  Technical memorandum to claims personnel regarding HB 44, August 31, 1989, bates labeled G150 – G176

7.  Technical memorandum to claims personnel regarding Insurance Bulletin B99-001, February 9, 1999, bates labeled G177.

8.  GEICO also has a 14 chapter claims manual applicable to all jurisdictions.  GEICO claims privilege as to the contents of the claims manual as a commercially privileged document and is unwilling to produce them to claimants in this matter without a confidentiality agreement.  GEICO will provide a copy of the claims manual to the court or a discovery master, if required.

| Date | Type of Discovery | Contents | Bate-stamps |
|------|-------------------|----------|-------------|
| 10/13/05 | Supplemental | Business logs | 10232 – 10244 |
| | | GEICO policy | 10245-10265 |
| | | Duplicate bate stamped | |
| | | Remaining portions of claims Log previously redacted or Withheld – except case assignment To counsel | |

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Defendant's Document Log of bates labeled documents
*Charles v. GEICO, et al,* Case No. 4BE-05-55 CI
Page 3

Exhibit B
Page 3 of 3 Pages

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

         Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

         Defendant.

GEICO CASUALTY COMPANY,

         Third Party Plaintiff,

vs.

VALERIE JOE,

         Third Party Defendant.      Case No. 4BE-05-55 Civil

## ORDER ON MOTION FOR PROTECTIVE ORDER

     This matter having come before this court upon

defendant/third party plaintiff's **MOTION FOR PROTECTIVE ORDER**, and

the court being fully advised in the premises,

     IT IS HEREBY ORDERED that the motion is **GRANTED**.

Plaintiffs' Requests for Production Nos. 6 through 26 are irrelevant to

plaintiffs' claims and defendant GEICO has sufficiently responded to the

Charles v. GEICO,
Case No. 4BE-05-55 CI
Order re: GEICO's Motion for Protective Order
Page 1

relevant requests concerning plaintiffs' claims. Further discovery concerning

GEICO's internal and external documents concerning GEICO's practices in

general will not be had.

ALTERNATIVELY, discovery is stayed pending resolution of

GEICO's Motion for Summary Judgment. Thereafter, plaintiff may propound

discovery requests relevant to all claims that survive summary judgment

and defendant may seek any protective orders that may be appropriate.

IT IS SO ORDERED this _____ day of _____, 2005.

_____
Judge of the Superior Court

**CERTIFICATE OF SERVICE**

I certify that on this the 17th
day of October, 2005, a true
and correct copy of the foregoing
document, and attachments if
any, were served upon the
following counsel of record by
mail:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

Michele L. Power, Esq
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

By: _____

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Order-discovery.doc

Charles v. GEICO,
Case No. 4BE-05-55 CI
Order re: GEICO's Motion for Protective Order
Page 2

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

LAW OFFICES OF

# CALL, HANSON & KELL, P.C.

250 H Street
Anchorage, Alaska 99501-2112
Telephone: (907) 258-8864

**FILE COPY**

# TRANSMITTAL COVERSHEET

Date: October 17, 2005                    Our File No. 1101.027

| **FROM:** | **TO:** |
|---|---|
| Name: Nickie Nelson | Name: Clerk of Court |
| Company: Call, Hanson & Kell, P.C. | Company: Superior Court at Bethel<br>P.O. Box 130<br>Bethel, Alaska 99559-0130 |
| Phone: (907) 258-8864 | In re: Charles v. GEICO<br>Case No. 4BE-05-55 Ci. |
| Fax: (907) 258-8865 | |

Special Instructions or Additional Message**:**

**Enclosed for filing, please find:**

**1. GEICO's Motion for Protective Order, supporting Memorandum and related exhibits, and proposed Order.**