IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
               )
   Plaintiffs,         )
               )
vs.              )
               )
GEICO GENERAL INSURANCE COMPANY & )
VALERIE JOE,          )
               )
   Defendants       )
_____ )
               )
GEICO CASUALTY COMPANY,    )
   Third Party Plaintiff,     )
               )
vs.              )
               )
VALERIE JOE,          )
   Third Party Defendant.    )
_____ )

Case No. 4BE-04-271 CI

PECEIVED

NOV - 2 2005

Call, Hanson & Kell, P.C.

## OPPOSITION TO MOTION FOR S.J./RULE 56(F) EXTENSION; OPPOSITION AND CROSS MOTION CONCERNING PROTECTIVE ORDER

  Defendant GEICO moved for partial summary judgment and at the same time, a protective order to impede the plaintiffs from gathering facts that would likely support their opposition to such motion and a large damages award against GEICO. For the reasons set forth herein, the motion for summary judgment must be denied, or in the alternative, plaintiff given more time to oppose once discovery is complete and experts have reviewed all the relevant depositions and discovery.  Plaintiffs also move the Court to compel GEICO to answer discovery and produce documents that likely lead to admissible evidence.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900    RD AVENUE
10X 409
SKA 99559
9-2744

Noted BHC / SDm
Date Served 10/31/05
Response Due 11/3/05
Emailed to LonG & DonT 11/2

10/31

I.    THE UNDISPUTED FACTS SHOW THAT GEICO GENERAL INSURANCE COMPANY HAS UNREASONABLY AND OUTRAGEOUSLY ACTED TO AVOID PAYING FAIR COMPENSATION FOR CHARLES' PROPERTY AND INJURY CLAIMS

On February 21, 2004, Jack Charles paid $642.00 for insurance from GEICO. [Billing, exhibit 1]. In particular, Mr. Charles paid $67.70 for Uninsured & Underinsured Motorist coverage (hereinafter referenced UM/UIM), with the expectation that if an uninsured driver ever hit him, his own insurance company would provide him fair compensation for his losses. [Id.]. Just months later, Mr. Charles experienced such losses.

According to the purported daily log produced by GEICO, on May 3, 2004, Mr. Charles advised his insurance company GEICO that he had been hit by another vehicle, and GEICO accepted such notice as receipt of a claim for vehicle damage, personal injury and medical bills. [Exhibit E attached to defendant's motion, pg. 5]. Specifically, a GEICO agent confirmed that it advised Mr. Charles of the medical payments available under his policy. [Id.]

GEICO obtained a statement concerning the accident from the other driver, Valerie Joe, the very next day on May 4, 2004. [Exhibit E attached to defendant's motion, Pg. 6; Transcript attached herewith, exhibit 1]. According to her statement, Ms. Joe said she stopped at Watson's Corner preparing to turn towards the A.C. Store in Bethel, Alaska. [Transcript withheld by GEICO in its motion, but is produced herewith as exhibit 2, Pg. 10180]. Jack Charles then stopped and pulled in front of her, preparing to turn on the road that travels south to the YKHC hospital. Id. However, Ms. Joe conceded that "I don't know if

COOKE, ROOSA & VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

he stopped because the sun, the sun was shining really bright" preventing her from seeing. [Id.] Thus, she said she pulled out, and the front of her vehicle hit the back of Jack Charles' vehicle. [Id. at 10181].

Based upon this recorded interview conducted the day after the accident, GEICO should have resolved any questions as to liability in favor of its insured. Ms. Joe's admissions clearly established her as the at-fault driver.

On May 6, 2004 (three days after the accident), another GEICO agent, Maggie Vincent, determined that Ms. Joe's policy had been cancelled for non-payment. [Exhibit E, attached to GEICO's motion, Pg. 7-8]. At that point, GEICO was well aware that it had obligations to timely investigate the property and personal injury damages and pay compensation to the Charles family under their UM coverage.

On May 7, 2004, another GEICO adjuster, Rebecca Caldwell, was assigned to the claim, and she believed the interview from Ms. Joe was insufficient, and that GEICO needed to investigate the issue of liability further. [Exhibit E, pg. 9]. On May 14, 2004, Ms. Caldwell also discovered that GEICO had failed to mail medical pay forms to the plaintiffs so that they could seek reimbursement for their medical bills. [Id. at Pg. 10].

According to the computerized entries [Exhibit E], for more than three months [from May 7, to July 22, 2004], GEICO adjusters failed to contact their insured; failed to obtain statements from them to answer the purported concerns as to liability; failed to obtain medical records; failed to send an investigator to research the property and physical injury claims; and failed to do

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Charles v. GEICO, Case No. 4BE-04-271, Opp. to S.J. and Protective Order.     Pg. 3

anything to resolve the claims of injuries or property damages with the Charles. The entries show, at best, GEICO failing to do anything other than an adjuster occasionally leaving a message [Exhibit E, Pg. 9], and GEICO sending letters to the plaintiffs' wrong addresses [Ex. E, Pg. 12].

Months after GEICO failed to do anything, plaintiffs were forced to obtain an attorney to help resolve their property and injury claims, and on July 22, 2004, the undersigned forwarded a letter to GEICO notifying them of the their duty to compensate their insured under the policy purchased from GEICO. [Exhibit 3]. GEICO noted in its claims log that the Charles was now represented on August 3, 2004. [Exhibit E, Pg. 13]. On August 4, 2004, Ms. Caldwell sent a letter requesting that Mr. Charles sign releases authorizing her to obtain medical bills, medical records and other documents, and notifying the Charles that GEICO would pay up to $5,000 of these medical bills. [Exhibit 4]. Specifically, the releases authorized Ms. Caldwell to "speak to your client(s) health care provider(s). " Id.

On August 12, 2004, the releases were returned to GEICO, together with a packet of information, including witness statements from the Charles and others (which clearly established that Ms. Joe was at fault); photos; a collision report showing $6,982.20 in damages; and a report from Bethel police. [Exhibit 5]. Unfortunately, GEICO never used the releases to interview medical providers, and failed to request documents, as noted below, for many more months.

On August 31, 2004, GEICO adjuster Rod Rhoads suspiciously noted "LOSS IN BETHEL AK ... UNFORTUNATE NOT NEAR ANCHORAGE." [Exhibit E, Pg. 15]. Mr.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Charles v. GEICO, Case No. 4BE-04-271, Opp. to S.J. and Protective Order.          Pg. 4

1

2

Rhoads failed to state his reasoning, but he correctly states that any questions concerning liability (as to who stopped first) could be easily confirmed by looking at the damaged to the cars. Id.

3

4

5

6

GEICO's agents did not even attempt to review the photos of damages, releases and other information mailed on August 12, 2004, until more than a month later, on September 20, 2004. [Exhibit E, Pg. 15].

7

8

9

10

11

12

Despite having interviewed Ms. Joe, receiving numerous written statements, and receiving the photos showing the damaged area was to the rear of the Charles' vehicle; on September 20, 2004, GEICO agent Caldwell advised that GEICO was unable to pay any money until it received a recorded interview of the Charles. [Ex. E, Pg. 16].

13

In response, on September 20, 2004, the undersigned advised GEICO:

14

15

16

17

18

19

20

21

22

23

24

25

26

> On August 12, 2004, I provided you with a packet of information in regards to the above matter, including a release of information so that you may obtain all relevant salary and medical records.  We also included estimates of damages, a collision report, witness statements and photos depicting the damages.  We also specifically provided two statements by my client describing the incident. Today, you advised that you need a recorded statement, despite all of the information set forth above.  It is apparent that GEICO has no interest in resolving this claim, but wishes to engage in never-ending and duplicative requests.  To date, GEICO has even refused to pay the property damages, and my clients continue to incur valuable loss of use.  At this juncture, you have sufficient information to properly evaluate and adjust these claims, and my clients offer to resolve the personal injury loss of use and other economic and non-economic claims in exchange for payment of the full policy limits and the property damages claims in exchange for payment

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

of the estimate, equal to $6,982.20. This offer expires
October 1, 2004, at the close of business.

[Exhibit 6].

On September 30, 2004, GEICO responded to the demand, with letter advising, "we neither accept nor reject such demand as we have inadequate information." [Exhibit 7]. GEICO's letter further states the information it needed before it could pay any money to the Charles included "medical authorizations," which as noted above were mailed months earlier on August 12, 2004, and a recorded interview, but only concerning the "facts of the accident." Id.

On October 1, 2004, GEICO agent Caldwell wrote and requested only "a recorded statement from your clients as to the facts of the accident." [Exhibit 8]. Despite the fact that such interview was unnecessary, on October 6, 2004, the Charles consented to an interview regarding, as requested by Ms. Caldwell, "the facts of the accident." [Exhibit E, Pg. 17]. On October 7, 2005, GEICO conducted such interviews. [Exhibit E, Pg. 18]. The same day, the undersigned sent the following plea to resolve the property and personal injury claims:

> Today, per your request of September 30, 2004, we
> conducted a recorded interview of Jack Charles in
> regards to the facts of the accident and a recorded
> interview of Bernadette [Charles] as to the facts of
> the accident. Also, we provided you information so
> you could complete and mail the releases for
> medical and wage loss documentation. You now
> have sufficient information to evaluate these claims
> and our offer of September 20, 2004, and thus it will
> expire in thirty-one days at the close of business,
> November 8, 2004.

[Exhibit 9].

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

On October 8, 2004, the undersigned begged to know when GEICO would begin to evaluate and pay the claims, and GEICO's adjuster responded that releases were being mailed and that they would discuss settlement once the medical records were received. [Exhibit E, Pg. 19].

On October 12, 2004, GEICO then conceded, through its entries in the claim log, that the plaintiffs were victims of an uninsured motorist and that the Charles were not at fault for the collision. [Exhibit E, Pg. 20]. Despite such confirmation, more than five months after the collision, GEICO agents continued to look for ways to delay paying the property and physical injury claims.

On October 15, 2004, GEICO got around to using the releases and requesting medical bills and treatment records from YKHC. [Ex. 10, bate stamp O10]. On October 28, 2004, GEICO got around to reviewing the estimate of property damages mailed months earlier, and adjuster Victor Yanez noted that the estimate was sent by GEICO to the wrong location. [Ex. E, Pg. 20-21].

On November 5, 2004, a new GEICO agent, Tamara Gazarova responded to the Charles' demand for payment of property and personal injury damages with: "We neither accept or reject such demand, as we have inadequate information." [Exhibit 10, bate stamp 012]]. GEICO, through Ms. Gazarova, now decided to request, "medical bills and daily notes for Jack Charles and Bernadette Gregory." Id. Such new and different requests (compare Exhibit 7 to 8) was made, despite promises by GEICO's agents that it would use the releases it demanded and timely act to get such records.  Such request is also shocking given that GEICO's claim log notes that such records were requested by GEICO

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Charles v. GEICO, Case No. 4BE-04-271, Opp. to S.J. and Protective Order.    Pg. 7

on October 15, 2004. [Exhibit 10]. On November 4, 2004, GEICO claims adjuster

Colrain Ingersoll specifically noted: "WE NEED TO EVALUATE THE CLAIM." [Ex. E, Pg. 21].

On November 16, 2004, GEICO had authority to offer $1,512.00 for the Charle's property damage, which was the replacement costs of the vehicle in Anchorage. [Exhibit E, Pg. 22]. The offer was not relayed to Charles for almost two more months, on January 5, 2005. [Exhibit E, Pg 24]. On that date, GEICO was advised that the estimate was inaccurate and unfair because vehicles had be barged or shipped to Bethel and it was based upon replacement costs in Anchorage. [Ex. E, Pg. 24].

On December 27, 2004, more than seven months after the accident, the undersigned again wrote GEICO:

> Enclosed please find the medical records in regards to Jack Charles and Bernadette Gregory. We do not have any notes or diaries, and in regards to medical bills, both are recipients of care through the Indian Health Service and the Department of Health and Human Services has not asserted a lien to date. As I have advised numerous times in the past, there should be no doubt that you now have sufficient information to evaluate this claim. Our offer of September 20, 2004 expires January 20, 2005.

[Exhibit 11].

On January 3, 2005, medical bills were also mailed to GEICO. [Exhibit 12]. Despite this fact, and the commitment to pay medical bills as noted earlier, GEICO never paid such bills.

On January 14, 2005, GEICO adjuster Ingersoll authorized a settlement offer

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

of $4,000 for Ms. Charles, and $3,000 for Mr. Charles. [Ex. E, Pg. 24-25]. The notes fail to state how GEICO evaluated the claim or calculated such amount.

On January 17, 2005, another GEICO adjuster Bernie Putnam reviewed the claim. [Ex. E, Pg. 25]. She peculiarly mentions "WE ARE IN BETHEL AK," and she notes that the bills for Bernadette equal $1,929.79; and Jack's were $1,428.28. Id. She then states "GIVEN THE JURISDICTION WE FULLY EXPECT THE DEMANDS WILL REMAIN AT POLICY LIMITS [emphasis added]." Id.

On January 19, 2005, GEICO conceded its mistake in undervaluing the replacement costs, and on that day, offered $4,384.34 in property damages. [Exhibit 13]. A check was mailed on January 31, 2005 and received by Charles more than nine months after the accident; and more than five months after the estimate of damages was mailed to GEICO. [Id., Pg. 26] In its motion, GEICO provides no good reason for leaving the Charles without a vehicle for almost a year while it, according to the log, attempted to estimate the replacement value of the vehicle.

As to personal injury, as shown by the log, GEICO failed to contact any of the providers; failed to investigate the injury claims by speaking to co-workers; failed to mail the employment releases to determine loss of work; failed to timely pay medical bills; failed to send any adjuster to Bethel to look into either the property or injury claims and failed to specifically request more information as to the injury claims. On January 26, 2005, more than eight months after the accident, GEICO offered Mr. Charles $5,500 and Ms. Charles $6,300, which, as GEICO knew, is grossly inadequate compensation [Ex. 14].

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

On February 16, 2005, a complaint was filed against GEICO. [See Complaint, on file with the Court, Feb. 16, 2005]. On February 22, 2005, the case got reassigned to another adjuster, Lon Grothen, who reiterated the same offer. [Exhibit 15].

On March 29, 2005, attorney Blake Call entered an appearance for GEICO in this matter. [See Entry, on File with the Court, March 29, 2005]. On March 29, 2005, GEICO, through Mr. Call, filed an answer alleging as an affirmative defense that its insured, Mr. Charles, was negligent in his driving. [See Answer, Aff. Defense 1, Pg. 4, March 29, 2004]. In its disclosures, GEICO stated, "GEICO General Insurance Company is unsure whether plaintiff's actions were free of negligence." GEICO also filed a third-party complaint against the other driver, Ms. Joe, alleging that she was required to indemnify GEICO for any payments to Charles. [Id.]

Undoubtedly inspired by GEICO's statements that its own insured driver was at fault, on August 23, 2005, Ms. Joe brought a counterclaim against Mr. Charles. [See Joe's Answer and Counterclaim, Aug. 23, 2005]. GEICO insures Mr. Charles as to these claims, and Mr. Charles tendered defense of these claims to GEICO on October 24, 2005, with a request that Mr. Charles be provided with independent counsel. [Correspondence, Ex. 16]. On October 27, 2005, GEICO, through its counsel, Mr. Call, refused Charles independent counsel, but rather acknowledged that he had been in negotiations with Ms. Joe's counsel on behalf of Mr. Charles. [Ex. 17] GEICO also acknowledged that the attorney for the third-party GEICO sued, Ms. Joe, had requested "on several occasions" that GEICO pay for Ms. Joe's defense. Id.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
909 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Charles v. GEICO, Case No. 4BE-04-271, Opp. to S.J. and Protective Order.    Pg. 10

Despite Charles' objections to Mr. Call's and GEICO's attempts to represent him in settlements on his behalf, apparently Mr. Call settled Ms. Joe's counterclaims against Mr. Charles on October 28, 2005, without Mr. Joe's knowledge or consent. [Exhibit 18]. Also, GEICO settled its subrogation claims with Ms. Joe, as well.

As asserted by GEICO in its affirmative defenses and disclosures, GEICO believes that any fault apportioned to Mr. Charles would reduce the judgment against GEICO. GEICO has thus strategically aligned itself with Ms. Joe and against Mr. and Mrs. Charles; ignored the interviews and concessions by its adjusters that Mr. Charles was not at fault; discussed payment of fees with Ms. Joe's counsel; and settled claims directly with Ms. Joe in the hopes that it will ultimately reduce the payments it must pay to its insured, the Charles family.

Now, GEICO has filed a motion for summary judgment seeking dismissal of most of plaintiffs' claims, and at the same time, filed a protective order demanding that the Court shield it from answering discovery.

II. FOR DISMISSAL OF PLAINTIFFS' CLAIMS, GEICO HAS AN INSURMOUNTABLE BURDEN OF PROOF AND HAS FAILED TO MEET SUCH BURDEN, GIVEN THE FACTS OUTLINED ABOVE.

To successfully oppose a summary judgment motion, all that must be shown is to "demonstrate that a genuine issue of fact exists to be litigated by showing that it can produce admissible evidence reasonably tending to dispute the movant's evidence." French v. Jadon, 911 P.2d 20, 23 (Alaska 1996).

GEICO's rendition of the facts is based upon mere argument and its

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
800 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Charles v. GEICO, Case No. 4BE-04-271, Opp. to S.J. and Protective Order.        Pg. 11

counsel's interpretation of the claims file, in the light most favorable to GEICO. The Court, however, is obligated to draw _all_ factual inferences against GEICO and in favor of the Charles, and where there exists _any_ dispute regarding material fact, the Court must deny the motion. <u>Meyer v. State, Dept. of Revenue</u>, 994 P.2d 365, 367 (Alaska 1999). Just to drive the point home, in a case where the fact question at issue (paternity) was established to a probability of 99.98%, the court found the existence of a genuine issue of material fact and denied summary judgment in light of sworn testimony denying intercourse. <u>Id.</u> at 366-368. This, even if its factual contentions were 99.98% correct, that would still not be good enough. The Court would be obligated under long standing precedent to deny GEICO's motion.

GEICO also failed to correctly summarize the Alaska law on bad faith. Bad faith claims brought by insured persons against their insurance companies may be brought in tort as well as in contract. <u>State Farm Fire & Casualty Co. v. Nicholson</u>, 777 P.2d 1157 (Alaska 1989). When the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort. <u>Hillman v. Nationwide Mut. Fire Ins. Co.</u>, 855 P.2d 1321, 1324 (Alaska 1993) citing <u>Gruenberg v. Aetna Insurance Co.</u>, 510 P.2d 1032 (Ca. 1973). What such a bad faith claim necessarily requires is that the insurance company's refusal to honor a claim be made without a reasonable basis. <u>Id.</u> at 1324. The determinative question is reasonableness of the insurer's actions in light of all the facts and circumstances of the case. <u>Industrial Indem. Co. of Northwest, Inc. v. Kallevig</u>, 792 P.2d 520 (1990).

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
909 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

In State Farm Mutual Automobile Insurance Co. v. Weiford, 831 P.2d 1264 (Alaska 1992), the Alaska Supreme Court upheld a bad faith verdict involving similar facts of an insurance company refusing to pay a fair settlement to its uninsured-motorist policy holder. Similar to this matter, the adjuster offered just a few thousand dollars for a soft-tissue injury claim. Id. at 1266. The Court reviewed the facts as set forth by the insurance adjusters as to why such a small amount of money was offered, and plaintiff's expert, who even conceded that no single act of State Farm amounted to bad faith. Id. at 1268  However, relying specifically upon the expert's and claim adjuster's testimony, the Court upheld the jury's verdict which found such acts unreasonable. Id.

In Anderson v. State Farm Mut. Ins. Co., 2 P.3d 1029 (Wash. App. 2000) the Washington Appeals Court also reviewed a claim of bad faith also involving an uninsured motorist policy. The Court reversed summary judgment in favor of State Farm finding issues remained for the jury concerning the alleged unreasonably low offers (as well as the failure to disclose limits). Concerning the low offers, the Court held that the "ultimate issue of the reasonableness of the offer is for the finder of fact to determine." Id. at 1036

The facts, in the light most favorable to the plaintiff, show multiple acts and omissions of failing to investigate, failing to promptly evaluate and pay valid claims. They also show outrageous acts that warrant punitive damages. GEICO can offer no valid justification for withholding property damages for nine months; for failing to investigate; and for failing to make reasonable offers to settle the personal injury claims for over eight months. The facts above show a

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

history of delay to the benefit of GEICO's pecuniary interests; repeated and contradictory requests for information; and a general failure to timely act. Moreover, the facts above show a continued attempt to defeat plaintiffs' valid claims by GEICO aligning itself with the other driver, to the detriment of its policyholder, which it has a duty to protect and act with the utmost of good faith.

In the event the Court does not deny the motion outright, an extension is requested until after discovery is completed and experts review all the facts.

III. IN THE EVENT THE MOTION IS NOT DENIED, A RULE 56(F) EXTENSION IS REQUESTED UNTIL AFTER DISCOVERY IS OBTAINED AND EXPERT REPORTS ARE OBTAINED.

As set forth in the attached affidavit, the undersigned is currently consulting with numerous experts in regards to this case. [Exhibit 20]. These experts are currently reviewing the claims file and correspondence provided by GEICO. Id. Unfortunately, an unredacted version of the claim log was not provided to plaintiffs with defendant's initial disclosures, but was just provided days ago, as exhibit E to GEICO's motion. These experts will issue expert opinions that will assist the Court and jury as to GEICO liability for compensatory and punitive damages. Id.

GEICO did not support its motion with any affidavits from the adjusters noted above who failed to act, but instead simply references the claim log, Exhibit E. Much of the information provided on the log is summarized, difficult to

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Charles v. GEICO, Case No. 4BE-04-271, Opp. to S.J. and Protective Order.    Pg. 14

interpret and references numbers and symbols that plaintiffs cannot interpret. [See Exhibit 20]. Thus, the plaintiffs have scheduled numerous depositions in San Diego of these GEICO agents, on November 17-18. [Exhibit 21]. These depositions will undoubtedly also help plaintiffs' experts to issue opinions as to GEICO's liability and obligations to pay punitive damages for outrageous conduct. Id.; [Ex. 20].

Expert reports are not due until January 17, 2005, and discovery does not close until January 26, 2006. [See Civil Pre-Trial Order, June 3, 2005]. Thus, plaintiffs request until January 30, 2005, to file its supplement to its opposition to the motion for summary judgment.

A motion for a Rule 56(f) extension " should be freely granted" Munn v. Bristol Bay Housing Authority, 777 P.2d 188, 193 (Alaska 1989). The affidavit supporting such application "need not contain evidentiary facts going to the merits of the case; rather it is merely a sworn statement explaining why these facts cannot yet be presented.... Courts even have allowed parties with no clear idea of what specific facts they hope to obtain to overcome a summary judgment motion, at least temporarily." Id.

A request for a continuance to take the depositions of witnesses or gather additional facts "will generally be granted if the party provides adequate reasons explaining why the party cannot produce facts necessary to oppose summary judgment within the original time frame, and if the party has not been dilatory in his use of discovery." Gamble v. Northstore Partnership, 907 P.2d 477, 485 (Alaska 1995).

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Charles v. GEICO, Case No. 4BE-04-271, Opp. to S.J. and Protective Order.        Pg. 15

Just two months ago, the Alaska Supreme Court, in <u>Hymes v. Deramus</u>, Supreme Court No. 11562 (8/26/05), determined it was an abuse of discretion in not granting a continuance to obtain expert opinions to oppose a motion, and reaffirmed the liberal standard for granting such a continuance.

If the Court does not deny summary judgment based upon the facts outlined above, plaintiffs should be allowed a reasonable extension until January 31, 2005, after the close of discovery and the deadline to produce expert reports to supplement their opposition.    This request is particularly reasonable given GEICO's protectionist tactics, as noted in the next section, to preclude plaintiffs from accessing information.

The summary judgment motion should be denied, or in the alternative, plaintiffs given an extension until January 31, 2005, to supplement this opposition with depositions and expert opinions.

IV. <u>THE COURT MUST DENY DEFENDANT'S REQUEST FOR A PROTECTIVE ORDER, AND INSTEAD IT MUST COMPEL GEICO TO PRODUCE DOCUMENTS THAT WILL LIKELY LEAD TO ADMISSIBLE EVIDENCE</u>

On September 27, 2005, the undersigned served 25 requests for production on the defendant GEICO to help determine its policies and practices of claim handling, and thus determine whether it followed such policies when adjusting the plaintiff's claims. [See Requests, attached as exhibit 21]. To date, GEICO has refused to answer any of these requests, and has instead attempted to restrain plaintiffs from accessing information, and at the

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
800 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

same time, hoped to strike plaintiffs' claims. The motion must be denied because GEICO refused to confer with plaintiffs prior to seeking court intervention, but if the Court wishes to resolve the discovery dispute, GEICO must be compelled to respond.

**(GEICO's motion must be denied as it failed to confer with plaintiffs and attach a certification to its motion)**

Instead of trying to resolve its discovery disputes with plaintiffs, GEICO hoped to bully plaintiffs with contemporaneous threats of striking their claims, and striking their access to information that would help assess and prove the claims. Such tactics cannot be condoned.

Rule 26(c) required GEICO to attempt to confer with plaintiffs' counsel and mutually resolve any discovery disputes prior to seeking court intervention. Specifically, Rule 26(c) states that GEICO must attach a certification showing that "it has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." GEICO chose not to confer.

Instead, this large insurance corporation chose to file a barrage of motions with the goal of getting an unfair advantage. GEICO's words in correspondence show its disinterest in resolving actual discovery concerns, but that what it really wants is to force plaintiffs to answer a motion for summary judgment without having all the facts. GEICO, through its counsel, stated: "You have everything you need to respond to our Motion" and "we will object to any requests for extensions of time to oppose the motion." [See Letter, Exhibit 22]

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Because GEICO failed to confer and attach a certification to its motion, its motion must be denied, and costs and fees awarded to plaintiffs, pursuant to Rule 26(c) and 37(a)(4).

**(The Court must compel GEICO to answer the requested discovery that is reasonably calculated to lead to admissible evidence).**

GEICO failed to cite the proper standard for obtaining discovery, and instead argues that the standard is different, and much higher, in claims of bad faith. Such argument is false, and neither <u>Hillman</u>, nor any other case cited, alters the liberal standard for obtaining discovery. Such liberal standard is particularly relevant to this case, when at the same time GEICO moved to withhold documents, it also moves for summary judgment.

The standard for obtaining discovery, pursuant to Alaska Civil Rule 26(b)(1) is:

> Parties may obtain discovery regarding any matter, not privileged which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party ... <u>The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.</u>
> [*emphasis added*]

Alaska Rule 26 permits a party to discover all evidence that appears reasonably calculated to lead to admissible evidence. <u>Doe v. Alaska Superior Court</u>, 721 P.2d 617, 620 (Alaska 1986). Alaska law strongly favors broad and liberal discovery. See <u>Van Alen v. Anchorage Ski Club, Inc.</u>, 536 P.2d 784, 787 (Alaska 1975); <u>Carstens v. Carstens</u>, 867 P.2d 805, 808 (Alaska 1994). Mutual knowledge of all relevant facts gathered by both parties is essential to proper

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

litigation. Hart v. Wolff, 489 P.2d 114, 117 (Alaska 1971).

1

2

3

4

5

6

7

8

9

10

11

GEICO cannot simply hope to keep information secret because of mere argument that it feels such information is unnecessary or irrelevant or too hard to obtain. As shown below, the documents are likely to lead to admissible evidence, as most of the documents requested relate to the claim log and documents obtained in this case; how GEICO preserves evidence it obtains; and how GEICO instructs its employees to adjust claims and offer coverage. Thus, these requests directly relate to the issue of liability to plaintiffs for failing to follow such protocol. All such information should be readily available to GEICO to produce.

12

13

**(GEICO has already shown it has information available responsive to Request Number 6, 13 and 14; it just does not want to produce such documents)**

14

15

16

17

18

19

20

21

22

23

24

Request number 6, 13 and 14 specifically request training manuals and policies and procedures that GEICO agents would have referenced in adjusting the plaintiffs' claims, and setting reserves for such claim. There can be no argument that such request is not likely to lead to admissible evidence, as such documents set the applicable standards used by GEICO, and thus help determine whether the adjusters assigned to the plaintiffs' claims breached such protocol. Such documents would specifically show whether the GEICO claim adjusters acted reasonably in failing to investigate and resolve the plaintiffs' claims.

25

26

In regards to GEICO's claim that it would be oppressive or unduly burdensome to produce such documents, GEICO has already admitted that it

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

possesses many of the documents, it just does not want to hand them over. For instance, in the attached "Discovery Log" [attached hereto as exhibit 23], GEICO admits that it possesses and is withholding "a 14 chapter claims manual applicable to all jurisdictions." Id. GEICO has, to date, refused to provide such documents, even with the undersigned's pledge to sign an appropriate confidentiality agreement [Exhibit 24].

GEICO must be required to produce those documents requested in production number 6, 13 and 14, as there can be no argument that such documents are not relevant or would be too expensive to obtain, as these documents set the policies and procedures by which GEICO adjusts claims.

The requested protective order as to these requests must be denied, and GEICO compelled to produce such documents.

**(Plaintiffs agree to confer with the defendant, and the Court, to attempt to limit the time, scope and extent of other requests)**

Concerning the other requests, GEICO seeks a broad order precluding plaintiff from obtaining any other documents, with mere argument that such documents are not relevant or it would be unduly burdensome and expensive to locate such documents.   The defendant is in error, and the information requested is likely to lead to admissible evidence and not unduly burdensome or expensive to gather, especially given the resources and organization of such a large corporation.

Requests for production number 7, 11, 12 and 18 directly relate to the failure to offer UM coverage options. The Alaska Supreme Court held there is a

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

common law duty to recommend higher UM/UIM limits given a special relationship between the agent and insured, and that AS 21.89.020(c) and (e) are both enforceable in a private right of action against an insurance company. Peter v. Schumacher, 22 P.3d 481, 485 (Alaska 2001).

Requests for production number 8, 9, 10, 20 and 21 specifically relates to determining whether the electronic claim file, produced as exhibit E, is complete. GEICO's summary judgment is based upon this print out of entries typed into a database. The compilation, interpretation and reliability of these computerized entries are the heart of the claim and GEICO's defenses. Plaintiffs are entitled to know how such information is organized and kept; what certain symbols and letters mean; whether emails have been exchanged and not produced; and whether other electronic and/or computerized information exists that has not been produced by GEICO.

Also, to date, GEICO has not provided a copy of the complete claims file, including all correspondence, emails and notes with all personnel regarding this claim, nor has it provided a copy of all recorded statements, or a transcript thereof. These things are specifically covered by the requests.

On November 17 and 18, the undersigned will be taking the depositions of numerous GEICO agents to gather information in regards to the acts and omissions in the claim handling. [Ex . 21]. After such depositions, the plaintiffs will be in a better position to understand what information exists, what information GEICO has easy access to obtain, and what information may not be required by plaintiffs.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Thus, plaintiffs propose a discovery conference with the Court, to attempt to limit the scope and extent of requests 7 through 12, and 15 through 25, sometime after November 20, 2005.

For all these reasons, the Court should deny the request for a broad protective order; grant plaintiffs' cross-motion to compel answers to requests for production number 6, 13 and 14; order a discovery conference sometime after November 20, 2005, and award plaintiffs' attorney fees and costs, pursuant to Civil Rule 37(a)(4).

DATED this _____ day of October, 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

Jim J. Valcarce
ABA 9505011

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                      )
BERNADETTE CHARLES,                 )
                                    )
                    Plaintiffs,     )
                                    )
vs.                                 )
                                    )
GEICO GENERAL INSURANCE             )
COMPANY,                            )
                                    )
                    Defendant       )
_____)

Case No. 4BE-05-55 CI

## Exhibit 1

GEICO CASUALTY COMPANY

POLICY NUMBER: 4006-81-40-67              DATE PROCESSED: 2/21/04

                                                                              PAGE 2

          VEHICLE                         RATED LOCATION

. 1992 CHEV     1G1JC5444N7140050              AK 99559

| COVERAGES<br>Coverage applies where premium or 0.00 is shown for vehicle | LIMITS OR DEDUCTIBLES | PREMIUMS | | |
|---|---|---|---|---|
| | | VEH 1 | VEH 2 | VEH 3 |
| BODILY INJURY LIABILITY<br>EACH PERSON/EACH OCCURENCE | $50,000 / 100,000 | 253.70 | | |
| PROPERTY DAMAGE LIABILITY | $25,000 | 243.40 | | |
| MEDICAL PAYMENTS | $5,000 | 47.70 | | |
| UNINSURED & UNDERINSURED MOTORIST<br>EACH PERSON/EACH OCCURRENCE | $50,000 / 100,000 | 67.70 | | |
| UNINSURED MOTORIST PROPERTY DAMAGE | $25,000 | 29.50 | | |

| SIX MONTH PREMIUM PER VEHICLE | $642.00 |
|---|---|

LIENHOLDER VEHICLE 1          LIENHOLDER VEHICLE 2          LIENHOLDER VEHICLE 3

RECREATED DOCUMENT
U-31-DP

EXHIBIT ____1____
PAGE __1__ OF __1__

C20

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                              )
BERNADETTE CHARLES,                         )
                                            )
                          Plaintiffs,       )
                                            )
vs.                                         )
                                            )
GEICO GENERAL INSURANCE                     )
COMPANY,                                    )
                                            )
                          Defendant         )
_____)

Case No. 4BE-05-55 CI


# Exhibit 2

J.E. Claim #: 022455697 0101 011/J356                          1

RECORDED STATEMENT

This is Maggie Vincent interviewing by telephone from 1-800-654-5896,
Ext. 5541 on May 4, 2004 at 10:18 a.m., Pacific Time.

Q:    Could you please state your full name?

A:    Valerie Joe.

Q:    And Ms. Joe, do you understand that this interview is being
      recorded?

A:    Yes.

Q:    And is the recording being made with your permission?

A:    I'm sorry.

Q:    Is the recording being made with your permission?

A:    Mm hm.

Q:    Thank you.  And could I just get your mailing address for our
      record?

A:    PO Box 1623, Bethel.

Q:    And what's the zip code?

A:    99559.

Q:    Okay, and your date of birth?

A:    09/02/75.

Q:    And do you happen to have your driver's license number handy?

A:    Yes, I do but they're-- I um, they said um, or yeah,
      6645994. [sic]

Q:    And that's an Alaska license?

A:    Mm hm.

Q:    Okay, and what is the year, make, and model of the car you were
      driving at the time of the accident?

A:    Um, it was a 1994 Chevy Caprice.

Q:    And what color is the Chevy?

10176

EXHIBIT ___2___

PAGE _1_ OF _8_

J.E. Claim #: 022455697 0101 011/J356                    2

A:    White.

Q:    And are you the registered owner of the vehicle?

A:    Um, Gabriel Isaac or Valerie A. Joe.

Q:    Okay, so it's in your name as well?

A:    Mm hm.

Q:    And did you have any passengers with you at the time?

A:    No.

Q:    Okay.  Is it correct the accident happened yesterday that would be on May 3rd?

A:    Mm hm.

Q:    And about what time was it?

A:    Oh, maybe 5:30.

Q:    Okay, in the evening?

A:    Mm hm.

Q:    Okay, and then what street were you on at the time?

A:    I was on 3rd Avenue Ridgecrest and Eddie Hoffman Highway, a three-way lane.

Q:    Okay, and is like a---

A:    A "Y".

Q:    A Y-intersection, okay.   And then, I'm sorry, you said--- Did you say you were on 3rd Avenue?

A:    Mm hm.

Q:    Okay.

A:    Ridgecrest and Eddie Hoffman Highway.

Q:    Okay, so the three streets come together there?

A:    Mm hm.

10177

EXHIBIT  2
2  OF  8

J.E. Claim #: 022455697 0101 011/J356                3

Q:  Okay, and if you're kind of looking at that intersection, just like a "Y" sort of standing at the, the bottom of that. Which, where is 3rd Avenue in relationship to the other streets?

A:  Um, coming towards Swanson.

Q:  But if you were just, just to kind of draw a "Y" with the intersection, is 3rd Avenue the bottom part of the intersection, kind of the tail of the "Y" or is it one of the parts that would be one of the arms of the "Y"?

A:  Well um, wait, let me see. That "Y"--- Okay, what did you say again?

Q:  If, if, if the intersection, if you just kind of drew a "Y" to follow the streets, where would 3rd Avenue be in that "Y"? Is it the, the very bottom part of your--- If you kind of sit the "Y" upright, is it the bottom part of the "Y" or is it the parts up in the arm?

A:  Um, 3rd Avenue is on um, I don't know.  No it's--- Huh? Wait, hold on.

Q:  Okay.

A:  Hold on.

Q:  Okay.

A:  I drew a "Y" in front of me---

Q:  Uh huh.

A:  --- a right up, right "Y".

Q:  Oh, exactly.

A:  Well, turning it, turning it upside down---

Q:  Uh huh.

A:  --- Swanson is on the left.  I mean just turning the "Y" upside down, it's on the um, or not Swanson's uh--- 3rd Avenue is on the left side turning the "Y" upside down.

Q:  Okay, okay.  And then what street is on the right side of you, turn the "Y" upside down?

A:  Ridgecrest.

EXHIBIT  2

PAGE  3  OF  8

10178

J.E. Claim #: 022455697 0101 011/J356                    4

Q:  Okay, and then Eddie Hoffman Highway is where they kind of gather?

A:  Yeah.

Q:  Okay, okay. So you were on 3rd, you said?

A:  I was on the highway coming from hospital--- [sic]

Q:  Okay.

A:  --- going towards Ridgecrest.

Q:  Okay, so is that kind of a right turn that you have make there onto Ridgecrest?

A:  Um, when I'm coming from my right, coming from the hospital to my residence, it was on my left side, ---

Q:  Okay.

A:  --- my driver's side front.

Q:  Okay, and where was the other person's vehicle in relationship to where you were?

A:  He was coming, his left, 'cause I, I--- My driver's side hit--- My front hit his um, left side, ---

Q:  Okay.

A:  --- back left.

Q:  Okay, so the front of your vehicle hit the back left of his?

A:  Mm hm.

Q:  Okay, and is there--- Are there stop signs there for everyone on both sides of those streets?

A:  Mm hm.

Q:  Okay.

A:  Mm hm.

Q:  And so in your own words exactly what happened in the accident?

EXHIBIT  2
PAGE  4  OF  8

10179

J.E. Claim #: 022455697 0101 011/J356                    5

A:    Okay.  I, Valerie Joe, going toward AC, coming from or coming to a complete stop at Watson's Corner, coming down from hospital, I looked both ways.  I saw driver two coming from Swanson's direction going towards the hospital.  I thought he was going to--- 'Cause you know there was one car that already went in front of him and I thought he was going--- Well, after that car passed, I thought he was going to stop but um, I, I don't know if he stopped because the sun, the sun was shining really bright---

Q:    Okay.

A:    --- on his side and I thought she was going to stop and I just--- When I went, I pushed my gas just a little bit and then when I saw his blocked car coming, I pushed my brakes really hard and that's when he bumped my front and he skid.  [sic]  And, or he bumped my front and my front, left front a little with him when he skid and that's--- I don't remember what happened af--- after that but um---

Q:    So because the sun was shining right when you said you weren't able to see if he came to a complete stop there or not?

A:    Yeah, but I thought she was gonna stop so I went and we just bumped into each other right there.

Q:    Does he have a stop sign there?

A:    Uh huh.

Q:    Okay, and you said that would be--- There had been one car there?

A:    'Cause I had to, I had to stop because there was a vehicle in front of me too---

Q:    Okay.

A:    --- that took off.  And I had to come to a complete stop because there was another one right behind me so, so I did have to come to a complete stop.  And when I looked both out two ways of the, you know, that "Y"---

Q:    Uh huh.

A:    --- I, I saw cars there so I thought they stopped and I --- That's when I took off.

Q:    Okay.

A:    And we both collided and collided.

10180

EXHIBIT  2
PAGE  5  OF  8

J.E. Claim #: 022455697 0101 011/J356                    6

Q:   Okay, so was it--- You said the front of your vehicle that collided with the back rear end?

A:   Back rear of his, yes.

Q:   Okay, and was it the very center of the front of your car or was it more to the driver's side or more to the passenger side?

A:   No, it was more to the front like the um, um, front beam and the hood. Just my, my front lights. My, just my lights hap--- It just happened to my lights.

Q:   Oh.

A:   My front, front um, fender or front um, not fender, ---

Q:   The bumper?

A:   --- bumper. Yeah, the--- on the bottom of the bumper, the bumper itself and then the hood, and then the lights, just right there.

Q:   Okay. All right, and were you hurt at all in this collision?

A:   No, but I--- No, I just feel a little sore on my left side today.

Q:   Okay, so you're pretty much feeling okay?

A:   Uh huh.

Q:   Okay, and ---

A:   Just, I keeping nervous since yesterday; [sic] all evening yesterday and I don't know I'm fine though.

Q:   Okay, did the police come out to the scene?

A:   The police did come out to the scene, but they did not investigate my car; they just looked from a distance.

Q:   Okay, so they didn't--- Did they take a statement from you regarding what happened in the accident?

A:   I didn't see them writing down anything. I don't know if they were. I don't know.

Q:   Okay. Well, did they talk to you about what had happened in the accident?

EXHIBIT ___2___

PAGE _6_ OF _8_

10181

J.E. Claim #: 022455697 0101 011/J356                    7

A:   Uh, they talked to me just like, briefly asked me for my registration and he just reported it in. I didn't, he didn't ask. I mean, yeah, he asked me and I told him what happened but that, you know, we both told him what happened so ---

Q:   Okay, do you know if uh, the police issued any tickets or citations to either you or ---

A:   I'm sorry.

Q:   Do you know if the police issued any tickets or citations to either yourself or the other driver?

A:   No, he didn't. Um, he talked to me about my driver's license and he um, said that I didn't have a driver's license but I apparently do because I went down to the police. My driver's license expiration dates were wrong. My driver's license and my ID dates were wrong so um, it--- In their-- On the police side, when I went down to the um, dispatcher and everybody, they said it was um, okay---

Q:   Okay.

A:   --- for me to go down to the DMV today to get it corrected.

Q:   Okay. Um, and do you know if anyone witnessed the collision? Was there anyone who stopped there and said they saw the accident?

A:   Um, only one person came up but I have no idea who it was.

Q:   Okay. Did you have a chance to talk to the person or ---?

A:   No.

Q:   Did the person talk to the police?

A:   Mm hm.

Q:   Okay, do you remember if that was a male or a female?

A:   A male.

Q:   Okay, so a man came over and talked to the police and said he saw the accident?

A:   I guess.

Q:   Okay, all right. And who was your vehicle insured with?

10182

EXHIBIT _____2_____
PAGE ___7___ OF _8_

J.E.  Claim #: 022455697 0101 011/J356                                8

A:    Um, Progressive.

Q:    Okay, and have you filed a claim with Progressive yet?

A:    I called them up last night and she was supposed to call me back
      today.

Q:    Okay, all right.  Well, is there anything else that you would
      care to add concerning the accident details?

A:    No.

Q:    Is there anything important to point out that I may not have gone
      over?

A:    Not that I know of.

Q:    Okay, have you understood all of these questions?

A:    Mm hm.

Q:    And is this recording true and correct to the best of your
      knowledge?

A:    Mm hm.

Q:    Has it been made with your permission?

A:    Mm hm.

Q:    Thank you.  Would you state your name again please?

A:    Valerie Joe.

Q:    This is Maggie Vincent concluding a recorded interview with
      Ms. Joe on May 4, 2004 at 10:30 a.m., Pacific Time.  I will go
      ahead and turn the recorder off now.

      END RECORDED STATEMENT

      TRANSCRIBED BY:        MV:je

      REQUESTED BY:          J356

      DATE TRANSCRIBED:      March 18, 2005

      TIME PRINTED:          10:50 AM

EXHIBIT ___2___

PAGE ___8___ OF ___8___

10183

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                    )
BERNADETTE CHARLES,               )
                                  )
                  Plaintiffs,     )
                                  )
vs.                               )
                                  )
GEICO GENERAL INSURANCE           )
COMPANY,                          )
                                  )
                  Defendant       )
_____   )

Case No. 4BE-05-55 CI

## Exhibit 3

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC

CHRISTOPHER R. COOKE, ESQ.
JIM J. VALCARCE, ESQ.
KENNETH S. ROOSA, ESQ.
T. WAYNE CARY, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559-0409
(907) 543-2744 OR 543-HELP
TOLL FREE (888) 610-2744
FAX (907) 543-2746

ANCHORAGE OFFICE:
1227 WEST KNITH AVENUE
SUITE 300
ANCHORAGE, AK 99501
(907) 276-2744 OR 276-HELP
FAX (907)276-0877

July 22, 2004

GEICO West
P. O. Box 509090
San Diego, CA 92150-9090
    BY TELEFAX (858) 513-5824

RE:    UM/UIM Claim for Jack Charles & Bernadette Gregory
       Policy No.: 4006-81-40-67
       Date of Incident: 5/3/04

Dear Insurance Representative:

I write to advise you of an uninsured motorist claim involving my clients Jack Charles and Bernadette Gregory, who were struck by an uninsured motorist on May 3, 2004 on the Eddie Hoffman Highway in Bethel, Alaska. Mr. Charles has a policy through GEICO to cover such losses. The purpose of this letter is notify you of the claim and ask that you provide a complete copy of the policy together with what information you require to process the uninsured motorist claim. In the meantime, please do not have any direct contact with my client regarding this matter but refer any communication to me. I look forward to your response, together with what documents you require to process this claim, within the next twenty (20) days.

Best regards,
COOKE, ROOSA & VALCARCE, LLC

Jim Valcarce
Attorney at Law

JJV: Img/B2879
cc: clients

EXHIBIT  3
PAGE  1  OF  1

001

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &amp;                                    )
BERNADETTE CHARLES,                          )
                                                               )
                                        Plaintiffs,      )
                                                               )
vs.                                                           )
                                                               )
GEICO GENERAL INSURANCE               )
COMPANY,                                              )
                                                               )
                                        Defendant       )
_____)

Case No. 4BE-05-55 CI

## **Exhibit 4**



- Government Employees Insurance Company
- GEICO General Insurance Company
- GEICO Indemnity Company
- GEICO Casualty Company

---

**Regional Office:** One GEICO West ■ Box 509090 ■ San Diego, CA 92150-9090

August 4, 2004

Cooke, Roosa and Valcarce, LLC
Po Box 409
Bethel, AK 99559

**RECEIVED**

AUG 09 2004

COOKE, ROOSA & VALCARCE

| Your Client(s): | Jack Charles and Bernadette Gregory |
| Claim #: | 0224556970101011 / H682 |
| Our Insured: | Jack Charles |
| Date of Loss: | 05/03/2004 |
| Company: | GEICO Casualty Company |

Dear Cooke, Roosa and Valcarce, LLC:

This is to formally acknowledge receipt of your letter of representation. Please refer all correspondence regarding this matter to my attention, referencing the above claim number.

Please be advised that at this time, GEICO does not have statement of the facts of this accident from the driver, Jack Charles. We do have a statement from the driver of the other vehicle. Please contact me at your earliest convience to set up a time to take a statement.

We would appreciate at this time if you could provide us with the general information as to the extent of injuries sustained by your client(s), and the names and addresses of the treating doctors and facilities. There is medical payments coverage on this policy of $5,000.00.

To cooperate with you in bringing this claim to a timely conclusion, we are enclosing Medical and Wage Authorizations to be signed by your client(s) and returned to this office.

You may be assured any information we have obtained through the use of these authorizations will be shared with you for our mutual benefit.

The authorization includes a request to speak with your client's (s') health care provider(s).

Sincerely,

Rebecca Caldwell / H682
Claims Examiner
858-513-5829

VD5A

EXHIBIT 4

PAGE 1 OF 1

C03

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &           )
BERNADETTE CHARLES,      )
                         )
                 Plaintiffs,   )
                         )
vs.                      )
                         )
GEICO GENERAL INSURANCE  )
COMPANY,                 )
                         )
                 Defendant     )
                         )

Case No. 4BE-05-55 CI

## Exhibit 5

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC

CHRISTOPHER R. COOKE, ESQ.
JIM J. VALCARCE, ESQ.
KENNETH S. ROOSA, ESQ.
T. WAYNE CARY, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559-0409
(907) 543-2744 OR 543-HELP
TOLL FREE (888) 610-2744
FAX (907) 543-2746

ANCHORAGE OFFICE:
1227 WEST IINTH AVENUE
SUITE 300
ANCHORAIE, AK 99501
(907) 276-2144 OR 276-HELP
FAX (907) 178-0877

August 12, 2004

Rebecca Caldwell
Claims Examiner
One GEICO West
P.O. Box 509090
San Diego, CA 92150-9090

RE:  <u>Jack Charles and Bernadette Gregory</u>
Claim #: 0224556970101011/H682

Dear Ms. Caldwell:

I write on behalf of my client, Jack Charles, in regards to your request for information. Enclosed please find the following:

1. Estimate of Damages
2. Collision Report
3. Witness Statements
4. Photos showing damages
5. Police Report

Also enclosed please find the requested releases so that you can obtain all the records. Please advise if you have any questions.

Sincerely,
COOKE, ROOSA & VALCARCE

Jim Valcarce
Attorney at Law

JJV: lmg

EXHIBIT  5
PAGE  l  OF  l

002

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                              )
BERNADETTE CHARLES,                         )
                                            )
                        Plaintiffs,         )
                                            )
vs.                                         )
                                            )
GEICO GENERAL INSURANCE                     )
COMPANY,                                    )
                                            )
                        Defendant           )
_____)

Case No. 4BE-05-55 CI

## Exhibit 6

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559-0409
(907) 543-2744 OR 543-HELP
TOLL FREE (888) 610-2744
FAX (907) 543-2746

CHRISTOPHER R. COOKE, ESQ.
JIM J. VALCARCE, ESQ.
KENNETH S. ROOSA, ESQ.
T. WAYNE CARY, ESQ.

ANCHORAGE OFFICE:
1227 WEST TENTH AVENUE
SUITE 300
ANCHORAGE, AK 99501
(907) 276-214 OR 276-HELP
FAX (907) 276-0877

September 20, 2004

Rebecca Caldwell, Claims Examiner
One GEICO West
P. O. Box 509090
San Diego, CA 92150-9090
    BY TELEFAX (858) 513-5824

RE:  UM/UIM Claim for Jack Charles & Bernadette Gregory
     Claim No.: 0224556970101011/H682

Dear Ms. Caldwell:

On August 12, 2004, I provided you with a packet of information in regard to the above matter, including a release of information so that you may obtain all relevant salary and medical records. We also included estimates of damages, a collision report, witness statements and photos depicting the damage. We also specifically provided two statements by my client describing the incident. Today, you advised that you need a recorded statement, despite all of the information set forth above. It is apparent that GEICO has no interest in resolving this claim, but wishes to engage in never-ending and duplicative requests. To date, GEICO has even refused to pay the property damages, and my clients continue to incur valuable loss of use.

At this juncture, you have sufficient information to properly evaluate and adjust these claims, and my clients offer to resolve the personal injury loss of use and other economic and non-economic claims in exchange for payment of the full policy limits and the property damages claims in exchange for payment of the estimate, equal to $6,982.20. This offer expires October 1, 2004, at the close of business.

Best regards,
COOKE, ROOSA & VALCARCE, LLC

Jim Valcarce
Attorney at Law

EXHIBIT _____
PAGE ___ OF ___

005

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                          )
BERNADETTE CHARLES,                     )
                                        )
                    Plaintiffs,         )
                                        )
vs.                                     )
                                        )
GEICO GENERAL INSURANCE                 )
COMPANY,                                )
                                        )
                    Defendant           )
_____)

Case No. 4BE-05-55 CI

## Exhibit 7

**GEICO DIRECT**

■ GEICO General Insurance Company
■ GEICO Indemnity Company
■ GEICO Casualty Company

---

Regional Office: One GEICO West ■ Box 509090 ■ San Diego, CA 92150-9090

September 30, 2004

Law Offices of Cooke, Roosa & Valcarce, LLC
900 Third Ave
Po Box 409
Bethel, AK 99559

Claimant/Client:    Jack Charles and Bernadette Gregory
Insured:            Jack Charles
Date of Loss:       05/03/04
Claim Number:       0224556970101011
Company:            GEICO Casualty Company

Dear Mr. Valcarce,

We have received your demand dated 09/20/04. We neither accept nor reject such demand as we have inadequate information.

Part of our obligation, as an insurer is to fully investigate any claim presented. Because your client is making a claim against our policyholder for this accident, we are under an obligation to request independent documentation that supports your client's claim.

In order to properly evaluate your client's claim, we are requesting additional documentation, not limited to the following:

- A properly completed medical authorization signed by your clients with the treating provider address information
- A recorded interview from Jack Charles on the facts of the accident
- A recorded interview from Bernadette Gregory on the facts of the accident

In regards to the property damage, it appears that based on the information received, your client vehicle is a total loss. We will need to inspect the vehicle prior to issuing any payments under the UMPD.

We ask that you please forward the above referenced to our attention for the conclusion of our settlement process.

After the documentation has been received and reviewed, I will be happy to discuss the above-referenced demand. If you need to discuss this matter at any time, please feel free to contact me.

Sincerely,

Rebecca Caldwell / H682
Claims Examiner
858-513-5829

---

Shareholder Owned Companies Not Affiliated With The U.S. Government    EXHIBIT ____1____

PAGE ___1__ OF _1__

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &amp;                          )
BERNADETTE CHARLES,                      )
                                         )
                         Plaintiffs,     )
                                         )
vs.                                      )
                                         )
GEICO GENERAL INSURANCE                  )
COMPANY,                                 )
                                         )
                         Defendant       )
_____  )

Case No. 4BE-05-55 CI

## Exhibit 8

**GEICO DIRECT**

■ Government Employees Insurance Compan
■ GEICO General Insurance Company
■ GEICO Indemnity Company
■ GEICO Casualty Company
■ Criterion Insurance Agency, Inc.
(Colonial County Mutual Ins.)

P.O. Box 509090
San Diego, CA    92150-9090

October 1, 2004

Cooke, Roosa, And Valcarce, Llc
P.O. Box 406
Bethel, AK 99559-0406

CLAIM NUMBER: 0224556970101011        LOSS DATE: 05/03/04
INSURED: Jack Charles

Dear Cooke, Roosa, And Valcarce, Llc:

We are continuing with our investigation and evaluation. We need
additional time to secure the following information: a recorded
statement from your clients as to the facts of the accident    We
anticipate completion of these items within 25 days.

Once we have the opportunity to review the above information, we
will contact you.  In the meantime, if you have any questions or
concerns while we are processing your claim, please let us know.

Thank you for your cooperation.


Sincerely,


REBECCA CALDWELL (H682)

CLAIMS DEPARTMENT 800-654-5896 extension 5829
GEICO Casualty Company

EXHIBIT 7
PAGE 1 OF 1

008

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                          )
BERNADETTE CHARLES,                     )
                                        )
                        Plaintiffs,     )
                                        )
vs.                                     )
                                        )
GEICO GENERAL INSURANCE                 )
COMPANY,                                )
                                        )
                        Defendant       )
_____    )

Case No. 4BE-05-55 CI

# Exhibit 9

LAW OF

## COOKE, ROOSA & VALCARCE, LLC

900 THIRD AVENUE

P.O. BOX 409

BETHEL, ALASKA 99559-0409

(907) 543-2744 OR 543-HELP

TOLL FREE (888) 610-2744

FAX (907) 543-2746

CHRISTOPHER R. COOKE, ESO.
JIM J. VALCARCE, ESO.
KENNETH S. ROOSA, ESO.
T. WAYNE CARY, ESO.

ANCHORAGE OFFICE:
1227 WEST NINTH AVENUE
SUITE 300
ANCHORAGE, AK 99501
(907) 276-2744 OR 276-HELP
FAX (907) 278-0877

October 7, 2004

Rebecca Caldwell
Claims Examiner
One GEICO West
P.O. Box 509090
San Diego, CA 92150-9090
**VIA TELEFAX:**     858-513-5905

RE:   <u>Jack Charles and Bernadette Gregory</u>
Claim #: 0224556970101011/H682

Dear Ms. Caldwell:

Today, per your request of September 30, 2004 we conducted a recorded interview of Jack Charles in regards to the facts of accident and a recorded interview of Bernadette Gregory as to the facts of the accident. Also, we provided you information so you could complete and mail the releases for medical and wage loss documentation. You now have sufficient information to evaluate these claims and our offer of September 20, 2004, and thus it will expire in thirty-one-days at the close of business, November 8, 2004

Best regards,
COOKE, ROOSA & VALCARCE

Jim Valcarce
Attorney at Law

JJV: lmg
B2879

EXHIBIT ___9___

PAGE ___1___ OF ___1___

C09

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                          )
BERNADETTE CHARLES,                     )
                                        )
                        Plaintiffs,     )
                                        )
vs.                                     )
                                        )
GEICO GENERAL INSURANCE                 )
COMPANY,                                )
                                        )
                        Defendant       )
                                        )
_____

Case No. 4BE-05-55 CI

## Exhibit 10

# GEICO DIRECT

■ GEICO mployers gsurance Company
■ GEICO neral Insurance Company
■ GEICO Indemnity Company
■ GEICO Casualty Company

**Regional Office:** One GEICO West ■ PO Box 509090 ■ San Diego, CA 92150-9090

## REQUEST FOR MEDICAL RECORDS/BILLING

October 15, 2004

IHS YKHC
Po Box 528
Bethel, AK 99559

| | |
|---|---|
| Claim#: | 0224556970101011 |
| Insured: | Jack Charles |
| Company: | GEICO Casualty Company |
| Your Patient: | Jack Charles |
| Account #: | unknown |
| Loss Date: | 05/03/04 |
| Dates of Service: | all dates of service from this MVA |

GEICO Casualty Company is requesting the following items for the dates of service listed above.

☐ Narrative Report
☐ Emergency Room Records
☐ Disability Restrictions/limitations/duration _____
☐ Discharge Summary
☒ A Complete, Itemized Bill (Including CPT and ICD-9 Codes)
☒ All Treatment notes
☐ X-ray/Radiology Report
☐ Copies of X-rays
☐ Your TAX ID # _____
☐ Other: _____
☐ Current Treatment Plan _____
_____

Should you have any questions please give me a call at my number listed below. *Please include treatment notes with all further billings.*

Thank you,

Rebecca Caldwell / H682
Claims Examiner
800-654-5896 XT. 5829

CC: Jim Valcarce

> **Please mail the requested items to:**
> **GEICO Direct**
> **PO Box 509090**
> **San Diego, Ca 92150-9090**
> Fax: 858-513-5824 or 513-5905
> Please include a copy of the request

EXHIBIT ___10___

PAGE ___1___ OF ___2___

Shareholder Owned Companies Not Affiliated With The U.S. Government

C10



**Regional Office:** One GEICO West ■ Box 509090 ■ San Diego, CA 92150-9090

November 5, 2004

Jim Valcarce
900 Third Ave
P.O. Box 409
Bethel, AK 99559

| | |
|---|---|
| Claimant/Client: | Jack Charles and Bernadette Gregory |
| Insured: | Jack CHarles |
| Date of Loss: | 05/03/2004 |
| Claim Number: | 0224556970101011 |
| Company: | GEICO Casualty Company |

Dear Mr. Valcarce,

We have received your letter dated 10/07/2004. We neither accept nor reject such demand as we have inadequate information. In order to properly evaluate your client's claim, we are requesting additional documentation, not limited to the following:

Medical bills and all daily notes for Jack Charles and Bernadette Gregory

Please be advised that we have requested the above from HIS YKHC and have not revied the requested information to date. Please advise if you are aware of any speedier way for us to receive the above. If you are able to receive the above information, we ask that you please forward the above referenced to our attention for the conclusion of our settlement process.

After the documentation has been received and reviewed, I will be happy to discuss the above-referenced demand. If you need to discuss this matter at any time, please feel free to contact me.

Sincerely,

Tamara Gbzarova / HС89
Claims Examiner
858-513-5716

EXHIBIT ___10___
PAGE ___2___ OF ___2___

C12

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                          )
BERNADETTE CHARLES,                     )
                                        )
                        Plaintiffs,     )
                                        )
vs.                                     )
                                        )
GEICO GENERAL INSURANCE                 )
COMPANY,                                )
                                        )
                        Defendant       )
_____     )

Case No. 4BE-05-55 CI


**Exhibit 11**

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC

CHRISTOPHER R. COOKE, ESQ.
JIM J. VALCARCE, ESQ.
KENNETH S. ROOSA, ESQ.
T. WAYNE CARY, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559-0409
(907) 543-2744 OR 543-HELP
TOLL FREE (888) 610-2744
FAX (907) 543-2746

ANCHORAGE OFFICE:
1227 WEST N9TH AVENUE
SUITE 300
ANCHORAGE AK 99501
(907) 276-2744 OR 276-HELP
FAX (907) 176-0877

December 27, 2004

Tamara Gazarova, Claims Examiner
One GEICO West
P. O. Box 509090
San Diego, CA 92150-9090
    BY TELEFAX (858) 513-5824

RE:    UM/UIM Claim for Jack Charles & Bernadette Gregory
       Date of Loss:     5-3-2004
       Claim No.: 0224556970101011/H682

Dear Ms. Gazarova:

Enclosed please find the medical records in regards to Jack Charles and
Bernadette Gregory.  We do not have any notes or diaries, and in regards to
medical bills, both are recipients of care through the Indian Health Service and
the Department of Health and Human Services has not asserted a lien to date.
As I have advised numerous times in the past, there should be no doubt that you
now have sufficient information to evaluate this claim.  Our offer of September
20, 2004 expires January 20, 2005.

                    Best regards,
                    COOKE, ROOSA & VALCARCE, LLC

                    Jim Valcarce
                    Attorney at Law

JJV: lmg/B2879/03/cc: clients

EXHIBIT ___11___
PAGE ___1___ OF ___1___

C14

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                          )
BERNADETTE CHARLES,                     )
                                        )
                    Plaintiffs,         )
                                        )
vs.                                     )
                                        )
GEICO GENERAL INSURANCE                 )
COMPANY,                                )
                                        )
                    Defendant           )
                                        )

Case No. 4BE-05-55 CI

## Exhibit 12

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559-0409
(907) 543-2744 OR 543-HELP
TOLL FREE (888) 610-2744
FAX (907) 543-2746

CHRISTOPHER R. COOKE, ESO.
JIM J. VALCARCE, ESO.
KENNETH S. ROOSA, ESO.
WAYNE A. TADY, ESO.

ANCHORAGE OFFICE:
1227 WEST 9INTH AVENUE
SUITE 300
ANCHORAGE, AK 99501
(907) 276-2714 OR 276-HELP
FAX (907) 278-0877

January 3, 2005

Tamara Gazarova, Claims Examiner
One GEICO West
P. O. Box 509090
San Diego, CA 92150-9090

> RE: UM/UIM Claim for Jack Charles & Bernadette Gregory
> Date of Loss:     5-3-2004
> Claim No.: 0224556970101011/H682

Dear Ms. Gazarova:

Enclosed please find the medical bills received from YKHC. We construe such bills as a lien asserted by the HIS for its beneficiaries, Jack Charles and Bernadette Gregory.

Best regards,
COOKE, ROOSA & VALCARCE, LLC

Jim Valcarce
Attorney at Law

JJV: Img/B2879/04

EXHIBIT __12__
PAGE __1__ OF __1__

C15

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &amp;  )
BERNADETTE CHARLES,  )
)
                        Plaintiffs,  )
)
vs.  )
)
GEICO GENERAL INSURANCE  )
COMPANY,  )
)
                        Defendant  )
)

Case No. 4BE-05-55 CI

## Exhibit 13



■ Government Employees Insurance Company
■ GEICO General Insurance Company
■ GEICO Indemnity Company
■ GEICO Casualty Company
■ Criterion Insurance Agency, Inc.
   (Colonial County Mutual Ins.)

1-800-841-3000

**January 19, 2005**                    **SENT VIA FAX**

**Cooke, Roosa and Valcarce LLC**
**Jim Valcarce**
**PO Box 409**
**Bethel, AK 99559**

**Your Client/Our Insured: Jack Charles**
Date of Loss: 5-3-04
Claim number: 0224556970101011
Company: GEICO Casualty; Company Code 12

Dear Mr. Valcarce:

This is to follow up our conversations regarding the settlement for Mr. Charles.

We have completed the evaluation of the vehicle, and would like to explain the process of the evaluation.

The actual cash value of the vehicle was calculated using <u>CCC</u>, an independent market research firm. They conducted a market evaluation on the vehicle. This evaluation was based on vehicles available for sale or that have sold within the past 90 days in the market area as close as possible to your clients home.

Once the actual cash value was determined, the following adjustments were made to determine the settlement amount of $4,384.34.

| | | |
|---|---|---|
| Actual Cash Value | $1,737.00 | |
| Sales Tax | $ 20.00 | |
| Title Fee | $ 15.00 | |
| Subtotal | $1,772.00 | |
| Less Deductible | $ 250.00 | |
| Shipping | $2,782.34 | Quoted by Everett Air Cargo 866 242-0009 |
| Estimate charge | $ 80.00 | |
| TOTAL | $4,384.34 | |

To issue this payment we need a copy of the title for the vehicle to verify the owner of the vehicle and that there is no lien holder on the vehicle.

We show the vehicle is located with Mr. Charles. With this settlement Mr. Charles does remain owner of the vehicle. The salvage value has been waived as we have means of disposing of the vehicle where it is located.

Please contact me as soon a possible so we can resolve this portion of Mr. Charles' claim. I can be reached at (800) 654-5896 x5665, M-F 8am to 4:30pm pacific time. Fax # 1-858-513-5106, Attn: Kris.

SINCERELY,

*Kris Hardesty*

Kris Hardesty
GEICO DIRECT

1-21-05
Property loss offer

EXHIBIT 13
PAGE 1 OF 1

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                              )
BERNADETTE CHARLES,                         )
                                            )
                        Plaintiffs,         )
                                            )
vs.                                         )
                                            )
GEICO GENERAL INSURANCE                     )
COMPANY,                                    )
                                            )
                        Defendant           )
_____     )

Case No. 4BE-05-55 CI


## Exhibit 14

**GEICO DIRECT**



- Government Employees Insurance Company
- GEICO General Insurance Company
- GEICO Indemnity Company
- GEICO Casualty Company

Regional Office: One GEICO West ■ Box 509090 ■ San Diego, CA 92150-9090

January 26, 2005

Law Offices of Cooke, Roosa, and Valcarce
Po Box 406
Bethel, AK 99559

Claim Number:  0224556970101011
Your Client:   Jack Charles and Bernadette Gregory
Claimant:      Valerie Joe
Date of Loss:  05/03/04
Company:       GEICO Casualty Company

Dear Mr. Valcarce:

In regards to the above referenced loss, GEICO has received all of the medical bils and records for your clients and at this time I am able to extend an offer of $5,500.00 for Jack Charles and $6,300.00 for Bernadette Gregory to settle their Uninsured Motorist Bodily injury claims.

Please contact me at the number listed below to discuss this loss further.

Sincerely,

Rebecca Caldwell / H682
Claims Examiner
800-654-5896 Ext. 5829

EXHIBIT 14

1 OF 1

C16

Shareholder Owned Companies Not Affiliated With The U.S. Government

JAN-26-2005   08:02                                    94%                    P.02

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &amp;                              )
BERNADETTE CHARLES,                          )
                                             )
                            Plaintiffs,      )
                                             )
vs.                                          )
                                             )
GEICO GENERAL INSURANCE                      )
COMPANY,                                     )
                                             )
                            Defendant        )
_____)

Case No. 4BE-05-55 CI


# Exhibit 15



**GEICO DIRECT**

- Governn. Employees Insurance Cmpany
- GEICO General Insurance Company
- GEICO Indemnity Company
- GEICO Casualty Company

---

**Regional Office:** One GEICO West ■ Box 509090 ■ San Diego, CA 92150-9090

February 22, 2005

The Law Offices of Cooke, Roosa, and Valcarce
PO BOX 406
Bethel, AK 99559

Claim Number:  022455697-0101-011
Insured:  Jack Charles and Bernadette Gregory
Claimant:  Valerie Joe
Date of Loss:  05/03/2004
Company:  GEICO Casualty Company

Dear Mr. Valcarce:

Please change your records to reflect that I am now the handling examiner at GECO Casualty Company.

I have enclosed a certified copy of the policy contract per your request.

I note that an offer of settlement has been extended in the amount of $5500 for Jack Charles and $6300 for Bernadette Gregory for full and final settlement of this claim.

Please contact me at the number listed below so we can discuss this claim.

Sincerely,

Lon Grothen / J356
Claims Examiner
800-654-5896 Ext. 5664

EXHIBIT 15
PAGE 1 OF 1

Shareholder Owned Companies Not Affiliated With The U.S. Government

C17

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| GEICO GENERAL INSURANCE COMPANY, | ) ) ) |
| Defendant | ) ) |

Case No. 4BE-05-55 CI

# Exhibit 16

October 27, 2005
Mr. Lon Grothen
Pg. 2-2

LAW OFFICES

**COOKE, ROOSA & VALCARCE, LLC**
A LIMITED LIABILITY COMPANY

ANCHORAGE
CHRIS COOKE, ESQ.
KENNETH ROOSA, ESQ.
CHESTER GILMORE, ESQ.
DEVINDER BRAR, ESQ.

BETHEL
JIM VALCARCE, ESQ.
HEATHER SIA, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744 OR (907) 543-HELP
TOLL FREE (888) 610-2744
TELEFAX 907 543-2746
EMAIL: info@bushlawyers.com

ANCHORAGE OFFICE
3700 JEWEL LAKE ROAD
ANCHORAGE, AK 99502

(907) 276-2744
TELEFAX (907) 276-2746

October 27, 2005

Lon Grothen
One GEICO West
P. O. Box 509090
San Diego, CA 92150-9090

BY TELEFAX (858) 513-5905

**RE:**   Jack Charles & Bernadette Charles v. GEICO General Insurance
Company & Valerie Joe, Case No. 4BE-05-55 Civil

Date of Loss:      5-3-2004
Claim No.: 0224556970101011/H682

Dear Mr. Grothen:

On August 24, 2005, I sent the enclosed letters to GEICO's counsel, advising of a counterclaim being made against Mr. Charles by Ms. Valerie Joe, a party brought into the case by GEICO.

I asked that on behalf of your insured, Mr. Charles, the tender be accepted and he be allowed to select independent counsel. Enclosed find a copy of those letters. After sending that letter, I was advised that I should notify you of the claim and I was given a fax number of 858-513-5824. Thereafter, on October 25, 2005, I sent you the enclosed letter also tendering this claim. To date, I have heard nothing from GEICO.

Today, I learned that the fax number provided may be in error, and I have been requested to send correspondence and the tender to 858-513-5905, which through this letter, I am doing.

I am sure you are well aware from GEICO's counsel, Mr. Blake Call, that deadlines in this matter are fast approaching. Depositions are scheduled for next week; the deadline to complete depositions is next month, as is the deadline to file motions. Expert reports are due in less than 90 days. Mr. Charles needs to act immediately to ensure he is adequately defended on the claims

EXHIBIT ____16____
PAGE __1__ OF __5__

October 27, 2005
Mr. Lon Grothen
Pg. 2-2

being made by Ms. Joe. In particular, experts need to be finalized and paid, and discovery needs to be completed immediately.

On behalf of Mr. Charles, we demand that GEICO immediately acknowledge acceptance of this claim and arrange for his defense. Also, we request that GEICO immediately make a decision on whether Mr. Charles has the right to select independent counsel, given the conflicts and collusion between GEICO, Ms. Joe and GEICO's counsel.

In the event we do not hear from GEICO before tomorrow, October 28, 2005, we will act accordingly to protect Mr. Charles interests; and proceed with the assumption that GEICO has declined the tender and the demand for independent counsel.

Best regards,
COOKE, ROOSA & VALCARCE, LLC


Jim Valcarce
Attorney at Law

c.c. Blake Call, Esq.
JJV: lmg/B2879/04

EXHIBIT 16
PAGE 2 OF 5

**COOKE, ROOSA & VALCARCE, L.L.C.**
A LIMITED LIABILITY COMPANY

**ANCHORAGE**
CHRIS COOKE, ESQ.
KENNETH ROOSA, ESQ.
CHESTER GILMORE, ESQ.
DEVINDER BRAR, ESQ.

**BETHEL**
JIM VALCARCE, ESQ.
HEATHER SIA, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744 OR (907) 543-HELP
TOLL FREE (888) 610-2744
TELEFAX 907 543-2746
EMAIL: info@bushlawyers.com

**ANCHORAGE OFFICE**
3700 JEWEL LAKE ROAD
ANCHORAGE, AK 99502

(907) 276-2744
TELEFAX (907) 276-2746

October 25, 2005

Lon Grothen
One GEICO West
P. O. Box 509090
San Diego, CA 92150-9090

BY TELEFAX (858)513-5824

RE:    UM/UIM Claim for Jack Charles & Bernadette Gregory
       Date of Loss:    5-3-2004
       Claim No.: 0224556970101011/H682

Dear Ms. Grothen:

Enclosed please find two letters sent to GEICO's counsel, concerning tendering a claim, and request for appointment of independent counsel. Mr. Blate Call, GEICO's counsel, advised I must forward such tender to you. Because depositions are scheduled for next week, please advise today whether GEICO accepts the tender, and who Mr. Charles should report his selection of independent counsel.

Best regards,
COOKE, ROOSA & VALCARCE, LLC

Jim Valcarce
Attorney at Law

JJV: Img/B2879/04

C.C. Blate Call

EXHIBIT 16
PAGE 3 OF 5

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC
A LIMITED LIABILITY COMPANY

**ANCHORAGE**
CHRIS COOKE, ESQ.
KENNETH ROOSA, ESQ

**BETHEL**
JIM VALCARCE, ESQ.
CHESTER GILMORE, ESQ.
HEATHER SIA, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744 OR (907) 543-HELP
TOLL FREE (888) 610-2744
TELEFAX 907 543-2746
EMAIL: info@bushlawyers.com

**ANCHORAGE OFFICE**
3701 LAKE ROAD
ANCHORAGE, AK 99502

(907) 276-2744
TELFAX (907) 276-2746

October 25, 2005

Blake Call, Esq.
CALL, HANSON & KELL, P.C.
250 H Street
Anchorage, Alaska 99501-2112

Re: Jack Charles & Bernadette Charles v. GEICO General Insurance Company

Dear Blake:

Ms. Joe was brought into this matter by you on behalf of GEICO, and because of the collusion between her and you, as well as the conflicts between Mr. Charles and GEICO, we demand independent counsel to represent Mr. Charles. Please advise as to whom I should report Mr. Charles selection of independent counsel, pursuant to A.S. 21.89.100.

Best Regards,
COOKE, ROOSA, & VACARCE

Jim Valcarce
Attorney at Law

JJV:sr/01
B2879

EX. 16
4 OF 5

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC
A LIMITED LIABILITY COMPANY

**ANCHORAGE**
CHRIS COOKE, ESQ.
KENNETH ROOSA, ESQ

**BETHEL**
JIM VALCARCE, ESQ.
CHESTER GILMORE, ESQ.
HEATHER SIA, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744 OR (907) 543-HELP
TOLL FREE (888) 610-2744
TELEFAX 907 543-2746
EMAIL: info@bushlawyers.com

**ANCHORAGE OFFICE**
3700 JEWEL LAKE ROAD
ANCHORAGE, AK 99502

(907) 276-2744
TELEFAX (907) 276-2746

October 24, 2005

Blake Call, Esq.
CALL, HANSON & KELL, P.C.
250 H Street
Anchorage, Alaska 99501-2112

Re: Jack Charles & Bernadette Charles v. GEICO General Insurance
Company

Dear Blake:

I am sure you are aware that on August 23, 2005, Ms. Joe filed a counterclaim against Jack Charles. Since you are GEICO's lawyer, I write to tender the defense of such claim and demand that GEICO defend Mr. Charles. If there is someone else at GEICO we should notify and discuss this claim, please advise.

Best Regards,
COOKE, ROOSA, & VACARCE

JJV:sr/01
B2879

Jim Valcarce
Attorney at Law

EXHIBIT 16
PAGE 5 OF 5

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,                    )
                                       )
                                       )
                    Plaintiffs,        )
                                       )
vs.                                    )
                                       )
GEICO GENERAL INSURANCE                )
COMPANY,                               )
                                       )
                    Defendant          )
_____)

Case No. 4BE-05-55 CI


## **Exhibit 17**

# Call, Hanson & Kell, P.C.

250 H Street
Anchorage, Alaska 99501-2112
Telephone (907) 258-8864
Facsimile (907) 258-8865

Blake H. Call
Ak. Bar No. 8911051
Email: bhc@chlaw.net

Michael J. Hanson
Ak. Bar No. 6611115
Email: mjh@chlaw.net

Barry J. Kell
Ak Bar No. 8611120
Email: barry@chlaw.net

VIA FACSIMILE (907) 543-2746

October 27, 2005

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
Box 409
Bethel, Alaska 99559-0409

Re:   *Charles v GEICO v. Joe*
      Case No.          4BE-05-55 CI
      Our File No.      1101.027 (BHC)

Dear Mr. Valcarce:

I acknowledge and thank you for the copy of the letter to Mr. Grothen of today. Mr. Grothen was out of the office today, but the local office was able to track him down by cellular phone and we discussed you letter. GEICO will discuss this internally in the morning and intends to respond to you tomorrow. As Valerie Joe was driving without insurance, her claim, as a matter of law, is limited to economic damages only. Ms. Joe's attorney has offered to settle all of Ms. Joe's counter-claims for the sum of $2,500, (her property damage) with no admission of fault by either party. Joe, through her attorney, also has committed to testify at the trial so the triers of fact can determine which version of events and whose opinion as to fault is most likely true.

As to the need for "expensive experts" for the defense of a $2,500 property damage claim, I will have to leave that decision to whomever GEICO appoints as counsel, if necessary. I, for one, see nothing that would warrant independent counsel under the CHI case or A.S. 21.89.100. That is an issue that GEICO will be discussing tomorrow, however, and I am told they will respond to you directly tomorrow. Again, merely my opinion, but it certainly looks like you are again seeking to punish GEICO for its disagreement with your assessment of damages and liability by suing for bad faith, sending clearly unreasonable discovery requests, and threatening bad faith from the beginning of this simple dispute. Further evidence of bad faith, in my opinion, can be seen in your now suggesting that GEICO is in bad faith if they do not pay for you to retain an unspecified battery of "expensive experts" to prove your affirmative claims of entitlement to compensation from GEICO.

EXHIBIT 17
1 OF 2

Mr. James Valcarce
October 27, 2005
Page 2

I do wish to address your comments about collusion. This is not the first time you have made this statement. What is the basis for your comment? I am sure you are aware both of your ethical duties as an officer of the court and applicable regulations regarding insurance fraud and you would not purposefully make untrue statements to provide yourself with an advantage in a lawsuit or insurance claim. I am aware of absolutely no "collusion" between GEICO and Ms. Joe or Ms. Joe and me, as your letter asserts. I ask you to provide written response to this question and either withdraw your allegation or provide evidence to support it.

Mr. Angstman, on behalf of Ms. Joe, asked that GEICO pay for his defense of Joe. I informed him on several occasions that GEICO could not do that, as the Charles are GEICO insureds and GEICO would not be put in a position of financing the defense against their own insureds of an uninsured driver. Mr. Angstman stated, in essence, that "GEICO will have to pay, one way or the other" and he threatened the counterclaim he ultimately filed. There has never been any collusion. GEICO sued Ms. Joe to assure that the Bethel jury understood the dynamics of this dispute and that, as a matter of law, GEICO merely steps in and acts as if Ms. Joe had insurance and has every right to get every penny of their payments back from Ms. Joe if she caused the accident and any damages to your clients.

When can I expect to hear a response from you as to the identity of your expert on bad faith and the other experts you identified by category in your witness list? This confirms that the depositions you have noticed will take place at GEICO's claims office in San Diego and that you are responsible for providing a court report and videographer. If you do not intend to video tape these depositions as you notices state, please advise, as I will then video tape them.

Sincerely,

Call, Hanson & Kell, P.C.

BY:

Blake H. Call

BHC:mjs

EXHIBIT 17
2 OF 3

MODE =    MEMORY TRANSMISSION                    CREATE=OCT-27 16:32

        FILE No.=773

| No. | KEY NAME | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES |
|-----|----------|-------------------------------------------|-------|
| 001 | ☐ | 19072588865 | 002 |

***** DP-3520 ********************** –        – ***** –        – *********

EXHIBIT  17
PAGE  2  OF  2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &amp;                                )
BERNADETTE CHARLES,                              )
                                                 )
                           Plaintiffs,           )
                                                 )
vs.                                              )
                                                 )
GEICO GENERAL INSURANCE                          )
COMPANY,                                         )
                                                 )
                           Defendant             )
_____)

Case No. 4BE-05-55 CI

# Exhibit 18

LAW OFFICES OF

# CALL, HANSON & KELL, P.C.

250 H Street
Anchorage, Alaska 99501-2112
Telephone: (907) 258-8864

## FACSIMILE TRANSMITTAL

### WARNING:

The information contained in this telefax is intended for the named recipient only, and may be privileged or confidential. If the reader of this telefax is not the named recipient, they are hereby notified that they are prohibited from distributing, disseminating, or photocopying this telefax without the express consent of the named recipient or the named sender.

Date: October 28, 2005
Our File No. 101.027

| FROM: | TO: |
|---|---|
| Name: Blake Call | Name: Myron Angstman |
| Company: Call, Hanson & Kell, P.C. | Company: Angstman Law Office |
| Phone: (907) 258-8864 | In re: Charles v. GEICO |
| Fax: (907) 258-8865 | Fax: 1-907-543-3394 |

Total Number of Pages (including this cover sheet): __7__

Special Instructions or Additional Message:

Letter of October 28, 2005 with release follows.

cc: Valcarce    1-907-543-2746

EXHIBIT ___18___
PAGE __1__ OF __7__

97%                P.01

# Call, Hanson & Kell, P.C.

250 H Street
Anchorage, Alaska 99501-2112
Telephone (907) 258-8864
Facsimile (907) 258-8865

Blake H. Call
Ak. Bar No. 8911051
Email: bhc@chklaw.net

Michael J. Hanson
Ak. Bar No. 8611115
Email: mjh@chklaw.net

Barry J. Kell
Ak Bar No. 8611120
Email: barryk@chklaw.net

OF COUNSEL

Susan D. Mack
Ak Bar No. 8411128
Email: susan@chklaw.net

October 28, 2005

*SENT VIA FAX*

Myron Angstman, Esq.
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

      Re:   *Charles v GEICO*
          Case No.      :     4BE-05-55 CI
          Insured       :     Jack Charles
          Date of Loss   :     May 3, 2004
          Claim No.     :     022455697 0101 011
          Our File No.   :     1101.027 (BHC)

Dear Mr. Angstman:

To follow our conversation of yesterday, this confirms that you are of the opinion that the offer of judgment served in the case did not include the counterclaims. At this point, I see no utility in arguing that point. Instead, this confirms that you offered to settle all affirmative claims of Valerie Joe against Jack Charles in exchange for a payment in the sum of $2,500. GEICO, as insurer of the Charles's hereby accepts that offer. Enclosed please find a standard release of all claims. When your client executes this release document, I will forward a check in the amount of $2,500 to Ms. Joe to compensate her for her property damage and all other potential claims raised. This is a standard release and settlement of claims of this type and does contain disclaimers as to admissions of liability. Please let me know when the release document is signed. I could potentially have the settlement check in hand next week when I come to Bethel for depositions.

                    Sincerely,

                    Call, Hanson & Kell, P.C.

          BY:                 

                  Blake H. Call

BHC:mjs
Enclosure

EXHIBIT 18
PAGE 2 OF 7

P.02

# RELEASE

FOR AND IN CONSIDERATION of the sum of **TWO THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($2,500.00)** and other good and valuable consideration, the receipt of which is hereby acknowledged, the undersigned **Valerie Joe**, individually and for her heirs, executors, administrators, successors in interest, trustees and assigns, has released and does release and forever discharge **Jack Charles and GEICO Insurance Company,** their successors and assigns, heirs and personal representatives and all other persons, firms, corporations, liable or who might be claimed to be liable, and none of whom admit any liability to the undersigned, but all expressly deny any liability and state that this settlement is made for the purpose of settling a disputed claim of doubtful value, of and from all actions, causes of action, suits, controversies, claims, damages, and demands of every kind and nature, mature or to mature in the future and for and by reason of any matter, thing or claim and especially from all claims, demands, injuries, damages and complaints accrued or hereafter to accrue, arising out of that certain accident occurring on or about the 3rd day of May, 2004, at or near Bethel, Alaska, including but not limited to all claims for personal injuries.

The undersigned, **Valerie Joe**, by virtue of this release, hereby unequivocally releases **Jack Charles and GEICO Insurance Company** from any and all claims including but not limited to damages arising out of any and all personal injuries to the undersigned, pain and suffering, medical expense,

EXHIBIT __18__
PAGE __2__ OF __7__

97%    P. 03

hospitalization expense, loss of services, loss of consortium, loss of companionship, loss of earnings, loss of use, property damages, punitive damages, uninsured and underinsured motorist benefits, and any and all other special and general damages and expenses, and the undersigned hereby covenants and agrees that she will not, either by herself or in concert with others, or by virtue of further judicial proceedings of any kind whatsoever, make or cause to be made, acquiesce in or assist in the bringing of any further actions for damages arising out of the accident hereinabove described against **Jack Charles and GEICO Insurance Company**.

The undersigned, **Valerie Joe**, further agrees that she releases **Jack Charles and GEICO Insurance Company** from any and all claims she may have against the said parties under any and all coverages and insuring agreements applicable by reason of the above accident and injuries and claims arising therefrom.

The undersigned further agrees to indemnify, defend and hold harmless **Jack Charles and GEICO Insurance Company** by virtue of any claims that any lienholder or any other person or entity, might make or claim that it could possibly make against **Jack Charles and GEICO Insurance Company** by virtue of any claim of recovery of any type as a result of this accident or incident. The undersigned further agrees to indemnify, defend and hold harmless **Jack Charles and GEICO Insurance Company** by virtue of any claims that any lienholder or any other person or entity, might make or claim that it could

RELEASE
CASENAME, CASE NO.
Page 2 of 5

EXHIBIT ___18___
PAGE __4__ OF __1__

P. 04

possibly make against **Jack Charles and GEICO Insurance Company** by virtue of any claim of recovery for medical expense or hospitalization or Worker's Compensation benefits as a result of the treatment for the undersigned as a result of this accident.

It is understood that the nature and/or extent of the injuries and damages sustained by **Valerie Joe** may substantially change or worsen in the future, and it is the intent of the undersigned to unequivocally release and discharge the above-referenced parties from any and all claims, accrued or which may accrue in the future, as a result of, in connection with or related to any change in the nature and/or extent of said injuries or damage. In this connection, the undersigned is aware of the case of <u>Witt v. Watkins</u>, 579 P.2d 1065 (Alaska 1978).

All of the terms and conditions of this release have been reflected on, without haste; no one is under a disadvantage; no representations other than those set forth herein have been made; and the undersigned has had the opportunity to consult an attorney, signing this release without any coercion whatsoever. No promise or inducement which is not herein expressed has been made to the undersigned, and in executing this release the undersigned does not rely upon any statement or representation made by any person, firm or corporation hereby released, or any agent, attorney or other person representing such releasees, or any of them, concerning the nature, extent or duration of said damages or losses or the legal liability therefor.

RELEASE
CASENAME, CASE NO.
Page 3 of 5

EXHIBIT 16
PAGE 5 OF 7

Familiarity with the decision of the Alaska Supreme Court in the case of <u>Young v. State</u>, 455 P.2d 889 (Alaska 1969), is hereby acknowledged and any protection of the holding therein relevant to the present case is hereby waived; all individuals, firms, or corporations who could at any future date be possible defendants in any action arising out of these matters are released hereby fully as though they were specifically listed and named herein.

The undersigned **Valerie Joe**, further agrees that the claims raised by her against Jack Charles in her counterclaim in the Superior Court for the State of Alaska, Fourth Judicial District at Anchorage, Alaska, entitled **<u>Jack Charles and Bernadette Charles v. GEICO General Insurance Company v. GEICO Casualty Company v. Valerie Joe</u>**, Case No. 4BE-05-55 Civil, and all counter-claims asserted therein or which could be asserted therein are hereby released and that she will execute an appropriate stipulation for dismissal with prejudice, without costs or attorney fees to either plaintiff or defendant.

Nothing herein contained shall be deemed to be an admission of liability, negligence, or responsibility on the part of **Jack Charles and GEICO Insurance Company**, the same being expressly denied.

The undersigned hereby declares that the terms of this release and indemnity agreement have been carefully read and are fully understood and are voluntarily accepted for the purpose of making a full and final compromise, adjustment and settlement of any and all claims, disputed or otherwise, for and on account of the injuries and damages above-mentioned.

RELEASE
CASENAME, CASE NO.
Page 4 of 5

EXHIBIT _B_
PAGE _6_ OF _7_

97%                    P.06

IN WITNESS WHEREOF, I have hereunto set my hand and seal this

_____ day of _____, 2005.

_____
**Valerie Joe**

STATE OF ALASKA

)
) Ss

FOURTH JUDICIAL DISTRICT

THIS IS TO CERTIFY that on this _____ day of October, 2005, before me, the undersigned, a Notary Public in and for the State of Alaska, personally appeared **Valerie Joe**, known to me and to me known to be the individual named in and who executed the foregoing document, and she acknowledged to me that she signed and sealed the same as her free and voluntary act for the uses and purposes therein set forth.

WITNESS my hand and notarial seal the day and year first hereinabove written.

_____
Notary Public in and for Alaska
My Commission Expires: _____

Approved as to form and substance:

_____
Myron Angstman
Attorney for Plaintiff

RELEASE
CASENAME, CASE NO.
Page 5 of 5

EXHIBIT ___18___
PAGE ___1___ OF ___1___

97%                    P.07

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                              )
BERNADETTE CHARLES,                         )
                                            )
                        Plaintiffs,         )
                                            )
vs.                                         )
                                            )
GEICO GENERAL INSURANCE                     )
COMPANY,                                    )
                                            )
                        Defendant           )
_____ )

Case No. 4BE-05-55 CI


# Exhibit 20

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

1

2    JACK CHARLES and BERNADETTE CHARLES,        )
                                                )
3                          Plaintiffs,          )
                                                )
4    vs.                                         )
                                                )
5    GEICO GENERAL INSURANCE COMPANY &          )
6    VALERIE JOE,                                )
                                                )
7                          Defendants           )
                                                )
8    _____)
                                                )
9    GEICO CASUALTY COMPANY,                    )
                                                )
10          Third Party Plaintiff,              )
                                                )
11   vs.                                         )
                                                )
12   VALERIE JOE,                                )
                                                )
13          Third Party Defendant.             )
                                                )
14   _____     )

15   Case No. 4BE-04-271 CI

16   **AFFIDAVIT OF JIM J. VALCARCE**

17   STATE OF ALASKA                )
                                    )ss.
18   FOURTH JUDICIAL DISTRICT       )

19

20          Jim J. Valcarce, being first duly sworn, deposes and states as follows:

21          1.  That I am an adult, attorney for the plaintiff, and all information stated

22   herein is based upon personal knowledge.

23          2.  Approximately two months ago, on August 30, 2005, the undersigned

24

25   filed a notice to call experts in the above matter. As set forth in the notice, plaintiffs expect to

26   call numerous witnesses to further detail GEICO's negligence and liability for punitive damages.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Affidavit Jim Valcarce

Page 1

EXHIBIT   20
PAGE  1  OF  2

Experts are anticipated in the fields of underwriting and claims, insurance standards and benefits, as well as accident reconstruction. These experts will undoubtedly provide significant help to the Court and jury in determining both the nature of GEICO's bad faith and other acts that support liability as alleged, and whether such acts and omissions played in causing Plaintiffs' injuries.

3.    Most of these experts cannot even begin to evaluate this case and render opinions, until numerous fact witnesses are deposed, and numerous documents are obtained, which as noted in the cross motion to compel, GEICO has attempted to keep hidden from plaintiffs.

4.    GEICO largely supports its motion with references the claim log, Exhibit E, but much of the information provided in the log is summarized, difficult to interpret and cross references numbers and letters that cannot be easily deciphered.

5.    The plaintiffs have scheduled numerous depositions in San Diego of several of the adjusters and GEICO agents, on November 17-18. These depositions will undoubtedly also help plaintiffs' experts issue opinions as to GEICO's liability and obligations to pay for punitive damages.

6.    Finally, an extension to respond to the motion is necessary, once the Court rules the motion for a protective order and cross motion to compel, as there are numerous documents that GEICO hopes to remain hidden that will undoubtedly assist in determining issues of liability. The discovery needs are set forth in the motion to compel.

7. Expert reports are not due until January 17, 2005, and discovery does not close until January 26, 2006. [See Civil Pre-Trial Order, June 3, 2005]. Thus, plaintiffs request until January 30, 2005, to file its supplement to its opposition to the motion for summary judgment.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Affidavit Jim Valcarce

Page 2

EXHIBIT 20

PAGE 2 OF 3

DATED this _____ day of October, 2005, at Bethel, Alaska.

Jim J. Valcarce

SUBSCRIBED AND SWORN to before me on this 31 day of October 2005 Bethel, Alaska.

Sharon Rodgers

Notary Public in and for Alaska.
My commission expires: 8/19/09

Cooke, Roosa
& Valcarce, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559

Affidavit Jim Valcarce

Page 3

EXHIBIT 20
PAGE 3 OF 3

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &amp;                                      )
BERNADETTE CHARLES,                             )
                                                )
                               Plaintiffs,      )
                                                )
vs.                                             )
                                                )
GEICO GENERAL INSURANCE                         )
COMPANY,                                        )
                                                )
                               Defendant        )
_____)

Case No. 4BE-05-55 CI

# Exhibit 21

LAW OFFICES

# COOKE, ROOSA & VALCARCE, LLC
A LIMITED LIABILITY COMPANY

**ANCHORAGE**
CHRIS COOKE, ESQ.
KENNETH ROOSA, ESQ.
CHESTER GILMORE, ESQ.
DEVINDER BRAR, ESQ.

**BETHEL**
JIM VALCARCE, ESQ.
HEATHER SIA, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744 OR (907) 543-HELP
TOLL FREE (888) 610-2744
TELEFAX 907 543-2746
EMAIL: info@bushlawyers.com

ANCHORAGE OFFICE
3700 JEWEL LAKE ROAD
ANCHORAGE, AK 99502

(907) 276-2744
TELEFAX (907) 276-2746

October 25, 2005

Mr. Blake Call, Esq.
CALL, HANSON & KELL, P.C.
250 H Street
Anchorage, Alaska 99501-2112

Re: Jack Charles & Bernadette Charles v. GEICO General Insurance Company

Dear Blake:

Enclosed please find notices of depositions set for November 17-18, 2005 in Poway, California.

Best Regards,
COOKE, ROOSA, & VACARCE

JJV:sr/01
B2879

Jim Valcarce
Attorney at Law

EXHIBIT 21
PAGE 1 OF 11

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

1

2   JACK CHARLES & BERNADETTE CHARLES,      )
                                            )
3        Plaintiff,                         )
                                            )
4             vs.                           )
                                            )
5   GEICO GENERAL INSURANCE COMPANY,        )
                                            )
6        Defendant,                         )
                                            )
7   _____       )
                                            )
8   GEICO CASUALTY COMPANY,                 )
                                            )
9        Third Party Plaintiff,             )
                                            )
10            vs.                           )
                                            )
11                                          )
    VALERIE JOE,                            )
12                                          )
13       Third Party Defendant,             )   Case No. 4BE-05-065 CI

14

15              **NOTICE OF VIDEO DEPOSITION**

16       PLEASE TAKE NOTICE that the plaintiff will take the deposition of Rebecca

17

18  Caldwell on November 18, 2005 at 9:00 a.m., at 1411 Danielson Street, Poway,

19  California 92064. upon oral examination before a notary or other officer

20  authorized by law to administer oaths. You are invited to participate and cross-

21  examine. This deposition will be recorded by audio-visual means.

22       DATED this 25 day of October, 2005, at Bethel, Alaska.

23

24                         COOKE, ROOSA & VALCARCE
                           Attorneys for Plaintiff
25

26
                           Jim Valcarce, ABA # 9505011

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409

EXHIBIT   21
PAGE   2   OF   11

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

1

2    JACK CHARLES &BERNADETTE CHARLES,    )

3         Plaintiff,    )
                                          )
4              vs.                        )
                                          )
5    GEICO GENERAL INSURANCE COMPANY,    )
                                          )
6         Defendant,                      )
                                          )
7    _____ )
                                          )
8    GEICO CASUALTY COMPANY,             )
                                          )
9         Third Party Plaintiff,          )
                                          )
10                                        )
               vs.                        )
11                                        )
     VALERIE JOE,                         )
12                                        )
13        Third Party Defendant,          )    Case No. 4BE-05-655 CI

14

15                    **NOTICE OF VIDEO DEPOSITION**

16
           PLEASE TAKE NOTICE that the plaintiff will take the deposition of Bernie
17
     Putnam on November 18, 2005 at 11:00 a.m., at 1411 Danielson Street, Poway,
18
     California 92064. Upon oral examination before a notary or other officer
19
     authorized by law to administer oaths. You are invited to participate and cross-
20
     examine. This deposition will be recorded by audio-visual means.
21

22         DATED this ___ day of October, 2005, at Bethel, Alaska.

23
                              COOKE, ROOSA & VALCARCE
24                            Attorneys for Plaintiff

25

26                            _____
                              Jim Valcarce, ABA # 9505011
COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW                              EXHIBIT  21
900 THIRD AVENUE
                                             PAGE 3 OF 11

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| **1** | |
| **2** | JACK CHARLES &BERNADETTE CHARLES,    ) |
| **3** | Plaintiff,    ) |
| **4** | vs.    ) |
| **5** | GEICO GENERAL INSURANCE COMPANY,    ) |
| **6** | Defendant,    ) |
| **7** | |
| **8** | GEICO CASUALTY COMPANY,    ) |
| **9** | Third Party Plaintiff,    ) |
| **10** | |
| **11** | vs.    ) |
| **12** | VALERIE JOE,    ) |
| **13** | Third Party Defendant,    )    Case No. 4BE-05-055 CI |

## NOTICE OF VIDEO DEPOSITION

PLEASE TAKE NOTICE that the plaintiff will take the deposition of Rod Rhoads on November 18, 2005 at 1:00 p.m. at 1411 Danielson Street, Poway, California 92064. Upon oral examination before a notary or other officer authorized by law to administer oaths. You are invited to participate and cross-examine. This deposition will be recorded by audio-visual means.

DATED this _____ day of October, 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

Jim Valcarce, ABA # 9505011

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW

EXHIBIT __21__

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

1

2  JACK CHARLES &BERNADETTE CHARLES,          )
                                              )
3         Plaintiff,                          )
                     vs.                      )
4                                             )
                                              )
5  GEICO GENERAL INSURANCE COMPANY,           )
                                              )
6         Defendant,                          )
                                              )
7  _____        )
                                              )
8  GEICO CASUALTY COMPANY,                    )
                                              )
9         Third Party Plaintiff,              )
                                              )
10                                            )
                     vs.                      )
11                                            )
                                              )
12 VALERIE JOE,                               )
                                              )
13        Third Party Defendant,              )        Case No. 4BE-05-055 CI

14 _____

15
                    **NOTICE OF VIDEO DEPOSITION**
16

17        PLEASE TAKE NOTICE that the plaintiff will take the deposition of Mike Stup

18  on November 18, 2005 at 3:00 p.m. at 1411 Danielson Street, Poway, California

19  92064.upon oral examination before a notary or other officer authorized by law

20  to administer oaths.  You are invited to participate and cross-examine.  This

21  deposition will be recorded by audio-visual means.

22
          DATED this ____ day of October, 2005, at Bethel, Alaska.
23

24                                  COOKE, ROOSA & VALCARCE
                                    Attorneys for Plaintiff
25

26
                                    Jim Valcarce, ABA # 9505011

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409

21.
5 of 11

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, | ) |
| Plaintiff, | ) |
| vs. | ) |
| GEICO GENERAL INSURANCE COMPANY, | ) |
| Defendant, | ) |
| | ) |
| GEICO CASUALTY COMPANY, | ) |
| Third Party Plaintiff, | ) |
| vs. | ) |
| VALERIE JOE, | ) |
| Third Party Defendant, | ) Case No. 4BE-05-055 CI |

### NOTICE OF VIDEO DEPOSITION

PLEASE TAKE NOTICE that the plaintiff will take the deposition of Mike Lina on November 18, 2005 at 4:00 p.m., at 1411 Danielson Street, Poway, California 92064. Upon oral examination before a notary or other officer authorized by law to administer oaths. You are invited to participate and cross-examine. This deposition will be recorded by audio-visual means.

DATED this ____ day of October, 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

Jim Valcarce, ABA # 9505011

EXHIBIT 21
6 OF 11

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

1

2  JACK CHARLES &BERNADETTE CHARLES,           )
                                               )
3          Plaintiff,                          )
                                               )
                        vs.                    )
4                                              )
5  GEICO GENERAL INSURANCE COMPANY,            )
                                               )
6          Defendant,                          )
                                               )
7  _____ )
                                               )
8  GEICO CASUALTY COMPANY,                     )
                                               )
9          Third Party Plaintiff,              )
                                               )
10                      vs.                     )
                                               )
11 VALERIE JOE,                                )
12                                             )
           Third Party Defendant,              )       Case No. 4BE-05-055 CI
13 _____ )

14

15                    **NOTICE OF VIDEO DEPOSITION**

16        PLEASE TAKE NOTICE that the plaintiff will take the deposition of Maggie

17

18 Vincent on November 17, 2005 at 9:00 a.m. at 1411 Danielson Street, Poway,

19 California 92064. Upon oral examination before a notary or other officer

20 authorized by law to administer oaths. You are invited to participate and cross-

21 examine. This deposition will be recorded by audio-visual means.

22        DATED this _____ day of October, 2005, at Bethel, Alaska.

23

24                              COOKE, ROOSA & VALCARCE
                                Attorneys for Plaintiff
25

26                              Jim Valcarce, ABA # 9505011

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW

EXHIBIT   21

7 of 11

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

1

2    JACK CHARLES &BERNADETTE CHARLES,            )
                                                 )
3         Plaintiff,                             )
                                                 )
4                        vs.                     )
                                                 )
5    GEICO GENERAL INSURANCE COMPANY,            )
                                                 )
6         Defendant,                             )
                                                 )
7    ─────────────────────────────────          )
                                                 )
8    GEICO CASUALTY COMPANY,                     )
                                                 )
9         Third Party Plaintiff,                 )
                                                 )
10                       vs.                     )
                                                 )
11   VALERIE JOE,                                )
                                                 )
12                                               )
          Third Party Defendant,                 )         Case No. 4BE-05-65 CI
13   ─────────────────────────────────          )

14

15                   **NOTICE OF VIDEO DEPOSITION**

16        PLEASE TAKE NOTICE that the plaintiff will take the deposition of Lon

17
     Grothen on November 17, 2005 at 11:00 a.m. at 1411 Danielson Street, Poway,
18
     California 92064. Upon oral examination before a notary or other officer
19
     authorized by law to administer oaths. You are invited to participate and cross-
20
     examine. This deposition will be recorded by audio-visual means.
21

22        DATED this ____ day of October, 2005, at Bethel, Alaska.

23

24                              COOKE, ROOSA & VALCARCE
                                Attorneys for Plaintiff
25

26                              Jim Valcarce, ABA # 9505011

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW

21

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

1

2  JACK CHARLES & BERNADETTE CHARLES,                )
                                                    )
3          Plaintiff,                               )
                              vs.                   )
4                                                   )
                                                    )
5  GEICO GENERAL INSURACE COMPANY,                  )
                                                    )
6          Defendant,                               )
   _____ )
7                                                   )
                                                    )
8  GEICO CASUALTY COMPANY,                          )
                                                    )
9          Third Party Plaintiff,                   )
                                                    )
10                            vs.                    )
                                                    )
11 VALERIE JOE,                                      )
                                                    )
12                                                  )
                                                    )
13         Third Party Defendant,                   )   Case No. 4BE-05-055 CI

14

15                        **NOTICE OF VIDEO DEPOSITION**

16

17       PLEASE TAKE NOTICE that the plaintiff will take the deposition of Colrain

18 Ingersoll on November 17, 2005 at 3:00 p.m. at 1411 Danielson Street, Poway,

19 California 92064. Upon oral examination before a notary or other officer

20 authorized by law to administer oaths.  You are invited to participate and cross-

21 examine. This deposition will be recorded by audio-visual means.

22       DATED this _____ day of October, 2005, at Bethel, Alaska.

23

24                                      COOKE, ROOSA & VALCARCE
                                        Attorneys for Plaintiff
25

26                                      _____
                                        Jim Valcarce, ABA # 9505011
COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE

EXHIBIT 21

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

1

2  JACK CHARLES &BERNADETTE CHARLES,        )
                                            )
3          Plaintiff,                       )
                                            )
                    vs.                     )
4                                           )
5  GEICO GENERAL INSURANCE COMPANY,         )
                                            )
6          Defendant,                       )
   _____ )
7                                           )
8  GEICO CASUALTY COMPANY,                  )
                                            )
9          Third Party Plaintiff,           )
                                            )
10                  vs.                      )
                                            )
11                                          )
   VALERIE JOE,                             )
12                                          )
13         Third Party Defendant,           )    Case No. 4BE-05-065 CI
   _____ )
14

15                    **NOTICE OF VIDEO DEPOSITION**

16         PLEASE TAKE NOTICE that the plaintiff will take the deposition of Kris

17
   Hardesty on November 17, 2005 at 4:00 p.m. at 1411 Danielson Street, Poway,
18
19 California 92064. Upon oral examination before a notary or other officer

20 authorized by law to administer oaths. You are invited to participate and cross-

21 examine. This deposition will be recorded by audio-visual means.

22
           DATED this _____ day of October, 2005, at Bethel, Alaska.
23

24                                    COOKE, ROOSA & VALCARCE
                                      Attorneys for Plaintiff
25

26                                    _____
                                      Jim Valcarce, ABA # 9505011
COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
*** THIRD AVENUE                                              EXHIBIT  21

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

1

2  JACK CHARLES &BERNADETTE CHARLES,       )
                                          )
3       Plaintiff,                        )
                        vs.               )
4                                         )
                                          )
5  GEICO GENERAL INSURANCE COMPANY,       )
                                          )
6       Defendant,                        )
                                          )
7  ──────────────────────────────────     )
                                          )
8  GEICO CASUALTY COMPANY,                )
                                          )
9       Third Party Plaintiff,           )
                                          )
10                      vs.               )
                                          )
11                                        )
   VALERIE JOE,                           )
12                                        )
                                          )
13      Third Party Defendant,           )       Case No. 4BE-05-055 CI

14

15                    **NOTICE OF VIDEO DEPOSITION**

16      PLEASE TAKE NOTICE that the plaintiff will take the deposition of Tamara

17
18  Gazarova on November 17, 2005 at 5:00 p.m. at 1411 Danielson Street, Poway,

19  California 92064. Upon oral examination before a notary or other officer

20  authorized by law to administer oaths. You are invited to participate and cross-

21
22  examine. This deposition will be recorded by audio-visual means.

23      DATED this _____ day of October, 2005, at Bethel, Alaska.

24                              COOKE, ROOSA & VALCARCE
                                Attorneys for Plaintiff
25

26
                                Jim Valcarce, ABA # 9505011

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409

EXHIBIT 21
PAGE 11 OF 11

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &amp;                        )
BERNADETTE CHARLES,                   )
                                      )
                    Plaintiffs,       )
                                      )
vs.                                   )
                                      )
GEICO GENERAL INSURANCE               )
COMPANY,                              )
                                      )
                    Defendant         )
_____)

Case No. 4BE-05-55 CI


## Exhibit 22

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: To the extent not produced in Initial Disclosures, please produce all records and information on the pre-suit activities of defendant GEICO in relation to Claim No. 0224556970101011, including the entire pre-suit claims file, claims notification, claim acknowledgment, claims correspondence, claims information, claims investigation, claims entries, claims investigation, Index Bureau inquiries and/or reports and/or entries, claims evaluation, claims reserves, claims authority requests, grants of claims authority, requests for checks, checks, referrals, claims management and/or claims review entries and/or directions, and all other claims documentation including the inside and outside folder covers, all writings, documents, notes, computerized files, computerized entries, e-mails, messages, phone messages, memoranda, reports, photos, diaries, diary entries, diary dates, diary reviews, reviews, lists, data, evaluations, reserve entries, reserve information, policy data, coverage information, investigation materials and information, statements, interviews, recommendations, Colossus entries or similar entries, damages evaluations, worksheets, checklists, forms, and all other claims handling information subject to the control of the defendants and either of them.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2: To the extent not produced in response to Request No. 1, please produce all correspondence, reports, communications, transmittals, faxes, forms, e-mails and all other information referring to and/or relating to any contact in relation to Claim No. 0224556970101011.

RESPONSE:

RESPONSE REQUEST FOR PRODUCTION NO. 3. Please produce all information on the GEICO policy issued to plaintiffs as referenced in Claim No. 0224556970101011, and the history of that GEICO insurance policy including the underwriting file, the agency file, all GEICO files and documents, all files and documents, the policy file, application, correspondence, e-mails, forms, data, files, the inside and outside covers of all file folders, computerized information, binders, notes, memoranda, policy forms and endorsements, all communications with any GEICO or agent or employees thereof, and all other documents and information in the possession or under the control of defendants and either of them that relate to the GEICO insurance policy and/or the history of said policy.

RESPONSE:

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                                 Page 5

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559

EXHIBIT 22
PAGE 1 OF 8

REQUEST FOR PRODUCTION NO. 4. To the extent not otherwise produced, please produce all reserve information, reserve entries, reserve references, requests for reserve authority, reserve changes, and all other information referring and/or relating to reserves for Claim No. 0224556970101011, and all other claims of plaintiffs.

REQUEST FOR PRODUCTION NO. 5. Please produce all information, files, appointments, agreements, amendments, correspondence, e-mails, reports, audits, instructions, procedures, requirements, and all other information, entries, and documents generated by Rebecca Caldwell, claims examiner, Claim No. 0224556970101011.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6. Please produce all of GEICO's training manuals, claims handling policies, policies and procedures for resolving claims in Alaska, and any other document, used by GEICO or its agents in May 2004, that in any way references adjusting claims.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7: Please produce all procedures, requirements, documents, information, forms, educational materials, and training materials in whatever written and/or computerized form sent by or for GEICO to any insurance agent and/or agency in Alaska since May, 1990 in relation to offering, selling, selecting, waiving, and/or binding GEICO UM/UIM insurance coverage and/or UM/UIM limits. This includes but is not limited to UM/UIM insurance forms, computer screens, computer forms, applications, report forms, information forms binder forms, form letters, procedures, instructions, guidelines, checklists, requirements, underwriting materials, underwriting guidelines, underwriting manuals UM/UIM Rules and Rate Manual provisions, UM/UIM offer guidelines, UM/UIM offer instructions, UM/UIM coverage information, UM/UIM offer forms, UM/UIM information forms, UM/UIM price information, UM/UIM price lists, UM/UIM selection/rejection forms, UM/UIM waiver forms, and all other UM/UIM sales forms, UM/UIM purchase forms, bulletins, materials, and directions provided by GEICO and/or any other agency or agent in relation to offering, selling, waiving, and/or binding UM/UIM coverage and/or UM/UIM limits since May, 1990. This includes but is not limited to GEICO materials and/or ISO materials sent to any other agent or contractor.

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                                            Page 6

COOKE, RODSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
THEL, ALASKA 99559

EXHIBIT 22

PAGE 2 OF 8

RESPONSE:

**1**

**2** REQUEST FOR PRODUCTION NO. 8: Please produce all procedures, instructions, educational materials, and/or training materials for transmitting and/or receiving and/or utilizing computerized information, computer screens, computer manuals, e-mail procedures, e-mail addresses, and all other computer programs, computer procedures, CDs, and other computer-related information.

**3**

**4**

**5** RESPONSE:

**6**

**7** REQUEST FOR PRODUCTION NO. 9: Please produce all claims instructions, e-mail addresses, claims forms, claims screens, claims information, and claims training provided since May, 1990 by GEICO and/or any other insurance agency or agent in Alaska in relation to claims under GEICO policies including but not limited to: claims bulletins, written and/or computerized claims forms, claims reports, claims procedures, claims information, claims forms for insureds, information for insureds, handouts for insureds, and all other forms, guidelines, and requirements provided by GEICO in relation to claims made on GEICO policies providing motor vehicle coverage in Alaska. This includes all material referring to the role of agents, agencies, and employees/agents in relation to any such claims including reporting any such claim, the manner of reporting claims, and any materials that were provided by GEICO that could then be provided to an insured to assist an insured in Alaska in understanding his/her potential claims and/or in making any potential claims.

**8**

**9**

**10**

**11**

**12**

**13**

**14**

**15**

**16** RESPONSE:

**17**

**18** REQUEST FOR PRODUCTION NO. 10: Please produce all claims forms, claims documents, claims reports, and all other documents, computer screens, computer forms, and all other forms used by GEICO in May 2004.

**19**

**20** RESPONSE:

**21**

**22** REQUEST FOR PRODUCTION NO. 11: Please produce all UM/UIM claims forms, standard UM/UIM mailings, UM/UIM form letters, UM/UIM information materials for UM/UIM claimants, UM/UIM claims instructions, and all other UM/UIM materials and information developed, generated, and/or distributed from 1990 to the present by and/or for GEICO and/or any agent thereof to inform and/or assist GEICO insureds in Alaska who may have a UM or UIM claim. This includes but is not limited to any

**23**

**24**

**25**

**26**

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                                    Page 7

EXHIBIT 22
3 OF 8

materials developed by GEICO.

RESPONSE:

REQUEST FOR PRODUCTION NO. 12:) Please produce all applications, procedures, instructions, requirements, guidelines, forms, claims forms, UM/UIM selection/rejection forms, UM/UIM price forms, UM/UIM price information, UM/UIM binders, form letters, computer screens, handouts, written information, and all other writings and forms used by GEICO in relation to offering and/or selling GEICO UM/UIM coverage in Alaska and/or in reporting claims on GEICO policies.

RESPONSE:

REQUEST FOR PRODUCTION NO. 13: Please produce in whatever written and/or computerized form all GEICO claims procedures manuals, claims manuals, claims management manuals, amendments, revisions, supplements, claims bulletins, claims instructions, adjuster guidelines, adjuster handbooks, educational materials, claims policies, claims practices, and all other claims handling standards, instructions and/or information on the claims procedures, claims practices, claims management, and claims policies utilized by or for GEICO that were in effect in relation to bodily injury claims, UM/UIM claims, property damage claims and/or loss of use claims in Alaska at any time from 1990 to the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14: Please produce all information on reserving procedures, reserve practices, reserve policies, reserve guidelines, and all other materials and information on the reserving practices, procedures, and policies of GEICO.

RESPONSE:

REQUEST FOR PRODUCTION NO. 15: Please produce all internal GEICO proposals, and management documents referring to and/or relating to performance, assessments, plans, and business plans for Alaska since 1990. This includes annual assessments and reports of claims, policies sold, claims payouts, income and/or losses as well as annual plans, proposals, projects, and/or annual goals and projections. This includes all plans and goals in relation to agencies, agents, income, losses, policies, marketing, sales, underwriting, and/or claims. This includes all annual claims handling goals for Alaska including UM/UIM claims goals, claims severity goals, loss ratio goals, and all other claims goals. This includes all

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                          Page 8

EXHIBIT 22

promotional literature, news, information and other information on the stated plans and/or goals of GEICO.

RESPONSE:

REQUEST FOR PRODUCTION NO. 16: Please produce all claims bulletins, sales bulletins, general bulletins, policy bulletins, and all other bulletins ever generated and/or issued and/or transmitted by GEICO, and/or any agent thereof from 1990 to the present in relation to and/or that refer to: Alaska, Alaska insurance, Alaska claims, Alaska UM/UIM claims, UM/UIM coverage in Alaska, offering and/or selling UM/UIM coverage in Alaska, Rule 82, and/or Alaska insurance law including Alaska statutes, Alaska regulations, and/or Alaska case law.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17: Please produce a list of all claims and claims file numbers involving UM or UIM claims made under GEICO policies issued in Bethel, Alaska from 1990 to the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 18: Please produce all product development materials and files, product administration materials and files, form filings, rate filings, Rules and Rates Manual provisions, filings with the Alaska Division Of Insurance, correspondence with Alaska Division of Insurance, and/or by whatever name all other files, materials, and documents that were generated in relation to the offer and/or sale of UM/UIM insurance by GEICO in Alaska since May, 1990 including all policy form UM/UIM changes and/or new UM/UIM endorsements and/or Rules and Rate Manual UM/UIM changes , UM/UIM rates and/or UM/UIM rate changes.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19: Please produce by whatever name the Information Technology Manuals, Technical Division Manuals Information Technology Plan, Catastrophe Plan, E-mail system manuals, and/or other writings that set forth the nature, description, structure, management, locations, and personnel of the Information Technology system that includes and/or supports of GEICO. This includes the system of claims personnel computers, computerized information, computer data bases, data processing, information processing, and e-mail systems. This includes all records repository and archive systems to back up, store, retrieve, and/or restore computerized information in case of a 9/11/01 type of

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
960 THIRD AVENUE
P. O. BOX 409
BETHEL ALASKA 99559

EXHIBIT 22
PAGE 5 OF 8

catastrophe and/or any system to store, restore and retrieve e-mails that have been "deleted" from the computers of claims personnel and/or other personnel. Please specifically include by whatever title the highest Information Technology director and/or manager as well as the highest ranking person responsible for maintenance and repair of the Information Technology system and/or the e-mail system.

RESPONSE:

REQUEST FOR PRODUCTION NO. 20: To the extent not produced, please provide all manuals and other documents describing any and all systems relating to GEICO of storing, restoring, retrieving, and/or surveilling computerized claims entries, computerized messages, and/or e-mails relating to GEICO claims, claims files, and/or policies and/or e-mails of GEICO employees. This includes all systems, claims security systems, claims defalcation systems, claims review systems, employee supervision systems, personnel management systems, and/or Human Resources systems capable of storing, restoring, and/or retrieving "deleted" computerized entries and/or e-mail entries.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21: Please search for, restore, and retrieve all computerized entries, computerized messages, e-mails and all other electronic entries that have been "deleted" from any electronic file, computerized file, claims file, computer, server, and/or any system in relation to Claim No. 0224556970101011. Please label any such e-mails and/or entries as "restored" without obscuring any contents thereof.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22: Please produce the latest financial statements and/or statements of financial condition of GEICO including but not limited to those filed with the Alaska Division Of Insurance.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23: Please produce all files, compilations, newsletters, promotional literature, marketing literature, forms, manuals, requirements, rules, standards, and all other writings of GEICO and/or any other Alaska agency and/or agent referring to and/or describing their insurance products, their goals, their financial condition, UM/UIM insurance, reporting claims,

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                                 Page 10

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559

EXHIBIT 22

claims forms, directions, instructions, and all correspondence in relation to these companies, their products, and/or selling their policies in Alaska and/or reporting claims on their policies.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24:Please produce all reports, annual reports, compilations, writings, audits, and all other information sent or received by GEICO. These include all annual accountings and/or reports and/or audits required by any agency and/or agent contracts and all commissions paid.

RESPONSE:

REQUEST FOR PRODUCTION NO. 25: To the extent not produced, please produce GEICO's information and/or correspondence and/or other files, including general correspondence, forms, advertising, marketing, promotions, e-mail procedures, sample forms, newsletters, news, articles, and all other information and correspondence that is not in a specific file relating to a policyholder.

RESPONSE:

REQUEST FOR PRODUCTION NO. 26: Please produce copies of any and all other documents referred to in your answers to plaintiffs Interrogatories to you of even date herewith and all other documents relied upon by you in answering those Interrogatories.

RESPONSE:

DATED this ___ day of September 2005 at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiffs

Jim J. Valcarce
ABA No. 9505011

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                        Page 11

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 409
BETHEL ALASKA 99559

EXHIBIT 22
PAGE 7 OF 8

## VERIFICATION

STATE OF ALASKA            )
                           ) ss.
FOURTH JUDICIAL DISTRICT   )

I, _____ , being first duly sworn upon oath, depose and say: that I have read the foregoing responses to Plaintiff's First Set of Interrogatories and Requests for Production and I understand the contents thereof; and I have executed this freely and voluntarily for the purpose set forth herein; and I verify that the same is true to the best of my knowledge.

Defendant GEICO

By:_____

Its:_____

SUBSCRIBED and SWORN TO before me this _____ day of _____, 2005, at Bethel, Alaska.

_____
Notary Public in and for Alaska.
My Commission Expires:_____

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                              Page 12

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
300 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559

EXHIBIT  22

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                              )
BERNADETTE CHARLES,                         )
                                            )
                          Plaintiffs,       )
                                            )
vs.                                         )
                                            )
GEICO GENERAL INSURANCE                     )
COMPANY,                                    )
                                            )
                          Defendant         )
_____)

Case No. 4BE-05-55 CI


# Exhibit 23

**Call, Hanson & Kell, P.C.**
250 H Street
Anchorage, Alaska 99501-2112
Telephone (907) 258-8864
Facsimile (907) 258-8865

Blake H. Call
Ak. Bar No. 8911051
Email: bhc@chklaw.net

Michael J. Hanson
Ak. Bar No. 8611115
Email: mjh@chklaw.net

Barry J. Kell
Ak Bar No. 8611120
Email: barry@chklaw.net

*OF COUNSEL*

Susan D. Mack
Ak Bar No. 8611128
Email: susan@chklaw.net

October 14, 2005

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
Box 409
Bethel, Alaska  99559-0409

| | | |
|---|---|---|
| Re: | *Charles v GEICO* | |
| | Case No. | : | 4BE-05-55 CI |
| | Insured | : | Jack Charles |
| | Date of Loss | : | May 3, 2004 |
| | Claim No. | : | 022455697 0101 011 |
| | Our File No. | : | 1101.027 (BHC) |

Dear Mr. Valcarce:

A copy of the Motion for Partial Summary Judgment with Exhibits A through R was mailed yesterday to you.  We are also enclosing a copy of our "Discovery Log."  You should have received a complete (unredacted) copy of the adjuster file, the underwriting file and the business file concerning this claim.

You have also received GEICO's Responses to Plaintiff's First Set of Interrogatories dated October 6, 2005.  These responses set out the training and experience of claims adjuster Lon Grothen.  We also sent copies of all training bulletins produced by GEICO that concern Alaska claims.  Those bulletins were not Bate-stamped.  In the event we need to refer to specific documents, we are enclosing a Bate-stamped set of those documents (G101-G177).

You have everything you need to respond to our Motion for Partial Summary Judgment.  The documents show that higher coverage limits were made available to Jack Charles; there was no fraud in the inducement to purchase a GEICO policy; there was no agent or broker involved in the transaction and thus no "conspiracy"; and, GEICO had a reasonable basis for

23

1 OF 2

OCT 17 2005

James D. Valcarce
October 14, 2005
Page 2

denying policy limits. We will file a Motion for Protective Order with regard to your most recent discovery requests. Those requests are not relevant and not likely to lead to relevant evidence about the Charles' claim. We will object to any requests for extension of time to oppose the motion.

Sincerely,

CALL, HANSON & KELL, P.C.

Susan D. Mack

SDM/
Enclosures

EXHIBIT 23
PAGE 2 OF 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                          )
BERNADETTE CHARLES,                     )
                                        )
                        Plaintiffs,     )
                                        )
vs.                                     )
                                        )
GEICO GENERAL INSURANCE                 )
COMPANY,                                )
                                        )
                        Defendant       )
_____)

Case No. 4BE-05-55 CI


# Exhibit 24

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

JACK CHARLES &
BERNADETTE CHARLES,

   Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

   Defendant.

---

GEICO CASUALTY COMPANY,

   Third Party Plaintiff,

vs.

VALERIE JOE,

   Third Party Defendant.   Case No. 4BE-05-55 Civil

## DEFENDANT'S DISCOVERY LOG

| Date | Type of Discovery | Contents | Bate-stamps |
|------|-------------------|----------|-------------|
| 4/21/05 | Initial Disclosures | Correspondence | 10000 – 10002 |
| | Withheld – Lawsuit assignment | | |
| 4/21/05 | Initial Disclosures | Correspondence | 10003-10033 |
| | | | 10039-10054 |
| | | | 10170-10175 |
| | | Police report | 10034, 10038 |
| | | Witness statements | 10035, 10037 |
| | | Vehicle Record | 10036 |
| | | Claim IQ | 10056-57 |
| | | Calendar | 10058 |

Defendant's Document Log of bates labeled documents
*Charles v. GEICO, et al,* Case No. 4BE-05-55 CI
Page 1

EXHIBIT 24
PAGE 1 OF 2

5.  Technical memorandum to claims personnel regarding BH 58, August 21, 1997, bates labeled G128 – G149.

6.  Technical memorandum to claims personnel regarding HB 44, August 31, 1989, bates labeled G150 – G176

7.  Technical memorandum to claims personnel regarding Insurance Bulletin B99-001, February 9, 1999, bates labeled G177.

8.  GEICO also has a 14 chapter claims manual applicable to all jurisdictions. GEICO claims privilege as to the contents of the claims manual as a commercially privileged document and is unwilling to produce them to claimants in this matter without a confidentiality agreement. GEICO will provide a copy of the claims manual to the court or a discovery master, if required.

| Date | Type of Discovery | Contents | Bate-stamps |
|------|-------------------|----------|-------------|
| 10/13/05 | Supplemental | Business logs | 10232 – 10244 |
| | | GEICO policy | 10245-10265 |
| | | Duplicate bate stamped | |
| | | Remaining portions of claims Log previously redacted or Withheld – except case assignment To counsel | |

Defendant's Document Log of bates labeled documents
*Charles v. GEICO, et al,* Case No. 4BE-05-55 CI
Page 3

EXHIBIT 74

2 OF 2

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &amp;                              )
BERNADETTE CHARLES,                        )
                                           )
                          Plaintiffs,      )
                                           )
vs.                                        )
                                           )
GEICO GENERAL INSURANCE                    )
COMPANY,                                   )
                                           )
                          Defendant        )
_____ )

Case No. 4BE-05-55 CI


# Exhibit 25

## COOKE, ROOSA & VALCARCE, LLC
### A LIMITED LIABILITY COMPANY

**ANCHORAGE**
CHRIS COOKE, ESQ.
KENNETH ROOSA, ESQ

**BETHEL**
JIM VALCARCE, ESQ.
CHESTER GILMORE, ESQ.
HEATHER SIA, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744 OR (907) 543-HELP
TOLL FREE (888) 610-2744
TELEFAX 907 543-2746
EMAIL: info@bushlawyers.com

**ANCHORAGE OFFICE**
5700 EYEL LAKE ROAD
ANCHORAGE, AK 99502

(907) 276-2744
TELEFAX (907) 276-2746

October 21, 2005

Blake Call, Esq.
CALL, HANSON & KELL, P.C.
250 H Street
Anchorage, Alaska 99501-2112

Re: Jack Charles & Bernadette Charles v. GEICO General Insurance
Company

Dear Blake:

Kindly forward the confidentiality agreement you propose in order to
obtain the 14-Chapter Claims Manual, referenced in your answer to
interrogatory number 3.

Best Regards,
COOKE, ROOSA, & VACARCE

Jim Valcarce
Attorney at Law

JJV:sr/01
B2879

EXHIBIT 25
PAGE 1 OF 1

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES,    )
                                        )
        Plaintiffs,                     )
                                        )
vs.                                     )
                                        )
GEICO GENERAL INSURANCE COMPANY &       )
VALERIE JOE,                            )
                                        )
        Defendants                      )
                                        )
_____ )
                                        )
GEICO CASUALTY COMPANY,                 )
        Third Party Plaintiff,          )
                                        )
vs.                                     )
                                        )
VALERIE JOE,                            )
        Third Party Defendant.          )
_____ )

Case No. 4BE-04-271 CI

### ORDER REGARDING S.J.; RULE 56(f) EXTENSION AND MOTION TO COMPEL/PROTECTIVE ORDER

THIS MATTER having come before the Court on defendant's motion for summary judgment; motion for a protective order; and plaintiff's opposition, request for an extension and cross motion to compel, and any response thereto having been heard and considered, the Court now enters the following order:

IT IS HEREBY ORDERED, that plaintiffs' motion for summary judgment is DENIED. Plaintiffs motion for an extension is GRANTED, and any supplement to such motion, and any cross motion for plaintiff's motion for summary judgment, shall be filed by January 30, 2006.

RECEIVED

 ? - 2 2005

Call, Hanson & Kell, P.C.

COOKE, ROOSA
: VALCARCE, LLC
TTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
HEL, ALASKA 99559
(907) 543-2744

IT IS HEREBY FURTHER ORDERED, that GEICO must produce those

1    documents requested in production number 6, 13 and 14 within the next ten (10)

2    days, and a scheduling conference to discuss the other requests for production

3    shall be held on November _____, 2005 at O'clock.

4
5    FINALLY, the plaintiffs are awarded their costs and fees in opposing the

6    motion for a protective order, and for the motion to compel, and a hearing on such

7    sanctions shall be held on _____, 2005 at O'clock.

8
9    DATED:_____, 2005.                    _____
                                                    Superior Court Judge Devaney

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25    Order RE: SJ; Extension; Compel                              Page 2
26    4BE-04-271 Civil

COOKE, ROOSA
& VALCARCE, LLC
TTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
HEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
                                     )
    Plaintiffs,                   )
                                     )
vs.                                  )
                                   )
GEICO GENERAL INSURANCE COMPANY & )
VALERIE JOE,                        )
                                   )
    Defendants                  )

_____

GEICO CASUALTY COMPANY,       )
    Third Party Plaintiff,         )
                                   )
vs.                                  )
                                   )
VALERIE JOE,                    )
    Third Party Defendant.        )

_____

Case No. 4BE-04-271 CI

### ORDER REGARDING S.J.; RULE 56(f) EXTENSION AND MOTION TO COMPEL/PROTECTIVE ORDER

        THIS MATTER having come before the Court on defendant's motion for summary judgment; motion for a protective order; and plaintiff's opposition, request for an extension and cross motion to compel, and any response thereto having been heard and considered, the Court now enters the following order:

        IT IS HEREBY ORDERED, that plaintiffs' motion for summary judgment is DENIED. Plaintiffs motion for an extension is GRANTED, and any supplement to such motion, and any cross motion for plaintiff's motion for summary judgment, shall be filed by January 30, 2006.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

RECEIVED
MAR - 2 2005
Call, Hanson & Kell, P.C.

IT IS HEREBY FURTHER ORDERED, that GEICO must produce those documents requested in production number 6, 13 and 14 within the next ten (10) days, and a scheduling conference to discuss the other requests for production shall be held on November _____, 2005 at O'clock.

FINALLY, the plaintiffs are awarded their costs and fees in opposing the motion for a protective order, and for the motion to compel, and a hearing on such sanctions shall be held on _____, 2005 at O'clock.

DATED:_____, 2005.

_____
Superior Court Judge Devaney

Order RE: SJ; Extension; Compel
4BE-04-271 Civil

Page 2

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &BERNADETTE CHARLES,    )
                                     )
        Plaintiff,                   )
                  vs.                )
                                     )
GEICO GENERAL INSURACE COMPANY,      )
                                     )
        Defendant,                   )
_____)
                                     )
GEICO CASUALTY COMPANY,              )
                                     )
    Third Party Plaintiff,           )
                                     )
                  vs.                )
                                     )
VALERIE JOE,                         )
                                     )
    Third Party Defendant,           )     Case No. 4BE-05-055 CI
_____)

RECEIVED

NOV – 2 2005

Call, Hanson & Kell, P.C.

## CERTIFICATE OF SERVICE

SHARON RODGERS, certifies that she is an authorized agent of Cooke, Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on the date stated herein she filed the following documents in the above-named court and mailed copies thereof to the person listed below:

Documents:                    OPPOSITION TO MOTION FOR S.J./RULE 56(f)
                              EXTENSION; OPPOSITION AND CROSS MOTION
                              CONCERNING PROTECTIVE ORDER

Person(s) Served:

Blake H. Call                         Myron Angstman
CALL, HANSON & KELL P.C.              ANGSTMAN LAW OFFICE
250 H Street                          P.O. Box 585
Anchorage, Alaska 99501-2112         Bethel, Alaska 99559

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Dated this 31st day of October 2005, at Bethel, Alaska

SHARON RODGERS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

COMPLAINT

Page 2