IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

Faxed 11/7/05
4:45
RECEIVED
NOV 10 2005
Call, Hanson & Kell, P.C.

1

2  JACK CHARLES &BERNADETTE CHARLES,           )

3          Plaintiff,                          )
                                               )
                       vs.                     )
4                                              )
5  GEICO GENERAL INSURACE COMPANY,             )
                                               )
6          Defendant,                          )
   _____
7                                              )
                                               )
8  GEICO CASUALTY COMPANY,                     )
                                               )
9          Third Party Plaintiff,              )
                                               )
10                     vs.                      )
                                               )
11 VALERIE JOE,                                )
                                               )
12         Third Party Defendant,              )         Case No. 4BE-05-055 CI
13 _____

14

15              **PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION**

16         Plaintiffs, by and through counsel, move the Court for expedited

17 consideration of the enclosed motion, pursuant to Alaska Civil Rule 77(g). This

18 motion is supported by the enclosed affidavit, setting forth when a decision is

19

20 needed on the underlying motion; and notification to opposing counsel, required

21 pursuant to Rule 77(g)(4).

22         Expedited consideration is necessary as the parties have scheduled to take

23 the depositions of numerous GEICO agents on November 17-18, and a decision is

24

25 needed so that the requested documents will be disclosed before such

26 depositions occur.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Dated this _____ day of November, 2005 at Bethel, Alaska.

COOKE, ROOSA & VALCARCE

1

2

3       _____
        Jim J. Valcarce
        ABA 9505011

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

MOTION FOR EXPEDITED CONSIDERATION, CASE 4BE-05-055 Civil

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JOSEPH STEWART, MILDRED TOM, for )
herself and on behalf of GLORIA )
TOM, a minor )
                Plaintiffs, )
)
vs. )
)
GRANT AVIATION, INC. )      Case No. 4BE-04-202 CI
)
)
           Defendants. )
_____ )

## AFFIDAVIT OF JIM J. VALCARCE

STATE OF ALASKA       )
                    )ss.
FOURTH JUDICIAL DISTRICT  )

      Jim J. Valcarce, being first duly sworn, deposes and states as follows:

      1. That I am an attorney for the plaintiffs in the above entitled case.

      2. That all information written herein is based upon personal knowledge.

      3. The undersigned has scheduled the depositions of eight GEICO employees, or former employees on November 17-18, 2005. The undersigned needs the information requested in the motion to compel before these depositions.

      4. Given the need to resolving this matter in an expedited matter, it

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

1
2
3

is proposed that defendant respond to the motion on or before November 9, 2005, and plaintiffs reply on or before November 11, 2005, before noon, allowing the Court to issue an opinion before the end of the week.

4
5
6
7
8
9

5.  As set forth in the motion and specifically in exhibits 4, 6 and 7, the undersigned has attempted to resolve this matter with counsel, but expedited consideration is necessary. The motion for expedited consideration, and the underlying motion, were faxed to opposing counsel at 5 p.m. on November 7, 2005

10

DATED this ____ day of November , 2005, at Bethel, Alaska.

11
12
13

_____
Jim Valcarce

14
15

SUBSCRIBED AND SWORN to before me on this 7th day of November 2005 Bethel, Alaska.

16
17
18
19

_____
Notary Public in and for Alaska.
My commission expires: 5/16/2009

20
21
22
23
24
25
26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

AFFIDAVIT OF JIM J. VALCARCE

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES &BERNADETTE CHARLES, | ) |
| Plaintiff, | ) |
| vs. | ) |
| GEICO GENERAL INSURACE COMPANY, | ) |
| Defendant, | ) |
| | ) |
| GEICO CASUALTY COMPANY, | ) |
| Third Party Plaintiff, | ) |
| vs. | ) |
| VALERIE JOE, | ) |
| Third Party Defendant, | )    Case No. 4BE-05-055 CI |

## **ORDER RE: EXPEDITED CONSIDERATION**

Upon consideration of Plaintiffs Motion For Expedited Consideration, and the opposition, if any, it is ORDERED, that the Motion for Expedited consideration is GRANTED, and accordingly, defendants opposition, if any, is due November 9, 2005, and plaintiffs reply is due November 11, 2005. The Court will rule in an expedited fashion.

DATED_____        _____
                                                                              Superior Court Judge

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES & BERNADETTE CHARLES, )
)
    Plaintiff, )
         vs. )
)
GEICO GENERAL INSURACE COMPANY, )
)
    Defendant, )
)
_____ )
)
GEICO CASUALTY COMPANY, )
)
    Third Party Plaintiff, )
)
         vs. )
)
VALERIE JOE, )
)
    Third Party Defendant, )    Case No. 4BE-05-055 CI
_____ )

RECEIVED

NOV 10 2005

Call, Hanson & Kell, P.C.

### MOTION TO COMPEL

COMES NOW plaintiffs, by and through counsel, COOKE, ROOSA & VALCARCE, and hereby move the Court to compel defendant GEICO to produce documents and provide contact information, pursuant to Civil Rule 37(a)(2)(B), and for sanctions under Rule 37(a)(4). This motion is supported by the attached memorandum and attachments.

DATED this _____ day of November 2005 at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

_____
Jim J. Valcarce
ABA No. 9505011

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &BERNADETTE CHARLES,    )
                                     )
        Plaintiff,                   )
                                     )
            vs.                      )
                                     )
GEICO GENERAL INSURACE COMPANY,      )
                                     )
        Defendant,                   )
_____)
                                     )
GEICO CASUALTY COMPANY,              )
                                     )
    Third Party Plaintiff,           )
                                     )
            vs.                      )
                                     )
VALERIE JOE,                         )
                                     )
    Third Party Defendant,           )        Case No. 4BE-05-055 CI
_____)

RECEIVED

NOV 1 0 2005

Call, Hanson & Kell, P.C.

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS

Plaintiffs JACK AND BERNADETTE CHARLES, move defendant GEICO to answer and produce documents in response to Plaintiff's Discovery Requests, and pursuant to Civil Rule 37(a)(2)(B),[1] and for sanctions under Rule 37(a)(4).

As shown below, GEICO has refused to answer plaintiff's requests for production 1-5; failed to produce its 14-chapter claim manual; and failed to

_____

[1] Pursuant to Civil Rule 37(a)(2)(A), counsel certifies that he has in good faith attempted to obtain the requested discovery without Court intervention, and this motion is necessary. See Exhibits 4, 6, and 7 attached hereto.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

provide addresses and contact information for non-privileged employees

1   and agents.

2   **(Regarding Requests for Production 1-5)**

3   On September 27, 2005, the undersigned served the attached

4   requests for production on the defendant GEICO. [See Requests, Exhibit 1].

5   Pursuant to Alaska Civil Rule 34, such requests were required to be

6   answered within thirty-days thereafter. GEICO, however, refused to answer

7   the requests, but instead on October 17, 2005, filed a motion for a

8   protective order with language indicating that it did not need to answer

9   number 1-5, as it already produced all documents responsive to such

10  request. [See Exhibit 2; and Motion for Protective Order, Oct. 17, 2005, on file

11  with the Court.]

12  In GEICO's motion for a protective order, GEICO claims that "GEICO

13  has already produced **all** documents related to ... (requests 1 through 5)."

14  [Exhibit 2].

15  Other than such a vague statement, no answers to these requests (1-

16  5) have been provided by the defendant. [See Affidavit of Counsel, Exhibit

17  3].

18  On November 1, 2005, the undersigned sent GEICO's counsel the

19  following letter:

20  On September 27, 2005, we sent you numerous
    requests for production, answers to which should
    have been received long before now. In your
    motion for the protective order, you state you fully
    answered numbers 1 through 5. We have not

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

> received those answers. Be advised that if we do
> not receive answers to requests for production 1
> through 5 before November 3, 2005, we will move
> to compel, and for further costs/fee sanctions.

[Letter, Exhibit 4].

To date, GEICO has failed to respond[2]. [Exhibit 3].

### (Regarding the 14-Chapter Claims Manual)

GEICO also recently produced a discovery log, which noted that

GEICO possessed a "14-chapter claims manual applicable to all

jurisdictions." [Exhibit 5]. GEICO also noted that it would not produce such

document without a "confidentiality agreement." On October 21, 2005, the

undersigned wrote to GEICO and advised :

> Kindly forward the confidentiality agreement you
> propose in order to obtain the 14-Chapter Claims
> Manual, referenced in your answer to
> interrogatory number 3.

[Letter, Exhibit 6]

GEICO, to date, has again failed to respond or produce the manual.

[Exhibit 3].

### (In regards to contact information for non-privileged employees)

Alaska Civil Rule 26(a)(B) requires a party to provide phone, address

and contact information for all non-privileged witnesses. Witnesses in this

case are agents of GEICO who handled the claim, and who will be

deposed on November 17-18. [See Exhibit 3].

---

[2] Other requests for production (other than 1-5), are the subject of a cross motion to compel, filed by the plaintiffs on October 31, 2005. To date, no opposition has been received by GEICO as to such motion.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
P. O. BOX 409
900 THIRD AVENUE
BETHEL, ALASKA 99559
(907) 543-2744

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
4BE-05-55 Civil

3

As to these witnesses, GEICO has to date refused to provide contact

information. [Exhibit 3]. On November 1, 2005, the undersigned wrote to

GEICO as follows:

> Finally, as to agents named, kindly state who you believe are privileged (that is within the control group and should be contacted through your office), and provide contact information (home addresses and phone number) for the rest. Also, state specifically, who are former employees. I look forward to receiving such supplementation by Friday, November 4, 2005.

[Letter, Exhibit 7]

No such information has been received from GEICO to date.

[Exhibit 3].

**(The standard for obtaining such discovery is extremely broad and liberal)**

The standard of discovery, as the Court knows, is that defendant is

entitled to get any information that is reasonably calculated to lead to

evidence (See Alaska Evidence Rule 26 (b) (1).) A party is entitled to

discover all evidence that appears reasonably calculated to lead to

admissible evidence. Doe v. Alaska Superior Court, 721 P.2d 617, 620

(Alaska 1986). Alaska law strongly favors broad and liberal discovery. See

Van Alen v. Anchorage Ski Club, Inc., 536 P.2d 784, 787 (Alaska 1975);

Carstens v. Carstens, 867 P.2d 805, 808 (Alaska 1994). Mutual knowledge of

all relevant facts gathered by both parties is essential to proper litigation.

Hart v. Wolff, 489 P.2d 114, 117 (Alaska 1971).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
4BE-05-55 Civil

4

**(The motion to compel must be granted; and Defendant GEICO**

**required to pay sanctions.)**

Plaintiff is entitled to the information in GEICO's possession. GEICO must answer requests for production 1 through 5; must produce its claim manual, and must provide contact information for its employees and agents. There is no other option, at this juncture, to the get information requested except from GEICO.

The motion to compel should be granted; attorney fees costs and sanctions in necessitating this motion are requested pursuant to Civil Rule 37(a)(4). GEICO has made no good faith effort to produce, nor has it provided substantial justification for withholding information. Consequently, sanctions are appropriate.

For the above reasons, the court should compel plaintiff to provide answers to requests for production number 1-5; produce its claim manual; and provide contact information. Finally, the court should require plaintiff to pay sanctions. A proposed order is attached.

DATED this _____ day of November 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiffs


Jim Valcarce
Bar No. 9505011

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
4BE-05-55 Civil

5

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,                          )
                                             )
                        Plaintiffs,          )
                                             )
vs.                                          )
                                             )
GEICO GENERAL INSURANCE COMPANY,             )
                                             )
                        Defendant            )
_____  )

Case No. 4BE-05-0354 CI

TO:     GEICO, INSURANCE CO. C/O
        Blake Call, Esq.
        CALL, HANSON & KELL
        250 H Street
        Anchorage, Alaska 99501-2112

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION TO DEFENDANT

Plaintiffs requests, pursuant to Civil Rules 26, 33, and 34, that you respond to the following Discovery Requests within thirty (30) days after service of these Requests by answering the Interrogatories under oath and by production of the described documents and tangible things for inspection, copying and testing (as the case may be) at the offices of COOKE, ROOSA & VALCARCE, P.O. Box 409, Bethel, Alaska 99559. These discovery requests are deemed to be continuing and require supplementation in accordance with the Alaska Rules of Civil Procedure.

## INTRODUCTION

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT ___1___

PAGE __1__ OF _13_

The following definitions apply to the enclosed discovery:

The word "person" shall mean any natural person, corporation, firm association, partnership, or other form of legal entity, as the case may be.

The word "identity" or "identify" shall mean, with respect to each person, his full name, his current business affiliation and title, his current business address or if that is unknown, his last known business address, and the correct title of such person with respect to the business, organization, or entity with which he was associated, in the capacity in which such person acted in connection with the subject matter of this Interrogatory.

Whenever an Interrogatory elicits the "identity" or asks for the identification of a person and it is claimed that one or more persons are affected by reasons of an agency or employment relationship between the first named person and the other person or persons, such fact or facts should be stated, and each such other person shall be identified.

The word "identity" or "identify" as it pertains to documents shall include the nature of the document (e.g., letter, memorandum, photograph, etc.), its title or designation, the date it bears, the name, title, business affiliation, or business address of the person preparing it, a statement of the subject and substance of the document, a precise description of the place where the document is presently kept, including the title or the description of the file in which such document would be found and the exact location of such file, the name, title, business affiliation,

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                    Page 2

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT ___1___
PAGE _2_ OF _13_

and business address of each person who presently has custody of such document,

1   and, if you claim any privilege as to such document, a precise statement of the

2   facts upon which said claim or privilege is based.

3   "GEICO", "You" and "Your" refer to the defendant and its agents and

4   employees upon whom these discovery requests have been served.

5

6   "UM" refers to uninsured motorist coverage.

7   "UIM" refers to underinsured motorist coverage.

8   "UM/UIM" refers to a combined uninsured/underinsured motorist

9   coverage.

10

11   Documents produced shall include all documents, wherever located,

12   in the possession, custody, or control of you, your attorneys, consultants,

13   accountants, or other persons retained by or acting on behalf of, or representing

14   you. If any document is withheld under claim of privilege of any kind, the

15   document shall be identified with sufficient particularity to allow a motion to

16   compel to be made by the defendant. This description shall include at least the

17   date of the document, the name and address of the person to whom the

18   document is sent, a brief description of the contents of the document, and the

19   basis upon which privilege is asserted.

20

21   All references to the singular shall include the plural.

22

23   The term "document" as used herein is defined to include any and all

24   manner of written, typed, printed, reproduced, filmed or recorded material, and all

25   PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

26   4BE-04-354                                                    Page 3

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT ___1___

PAGE _3_ OF _13_

photographs, pictures, plans or other representations of any kind or anything pertaining, describing, referring or relating, directly or indirectly, in whole or in part, to the subject matter of each request, and the term includes without limitation the following:

1.    All papers, books, journals, ledgers, statements, memoranda, reports, invoices, worksheets, work papers, notes, transcriptions of notes, letters, correspondence, abstracts, checks, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, lists, logs, publications, advertisements, instruments, minutes, orders, purchase orders, messages, resumes, summaries, agreements, contracts, telegrams, telexes, cables, recordings, or any other writings, copying, printing, photostatic, or other form of communications that are recorded or reproduced, as well as all notations on the foregoing; and

2. Originals, all file copies, and all other copies of any of the foregoing; and

3.    All drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

These discovery requests shall be continuing in nature up to and including the time of trial on the merits, for any information or documents herein requested and not known or not in control of the responding party until some time subsequent to the date responses are due or made.

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                                           Page 4

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT ___1___
PAGE __4__ OF __13__

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: To the extent not produced in Initial Disclosures, please produce all records and information on the pre-suit activities of defendant GEICO in relation to Claim No. 0224556970101011, including the entire pre-suit claims file, claims notification, claim acknowledgment, claims correspondence, claims information, claims investigation, claims entries, claims investigation, Index Bureau inquiries and/or reports and/or entries, claims evaluation, claims reserves, claims authority requests, grants of claims authority, requests for checks, checks, referrals, claims management and/or claims review entries and/or directions, and all other claims documentation including the inside and outside folder covers, all writings, documents, notes, computerized files, computerized entries, e-mails, messages, phone messages, memoranda, reports, photos, diaries, diary entries, diary dates, diary reviews, reviews, lists, data, evaluations, reserve entries, reserve information, policy data, coverage information, investigation materials and information, statements, interviews, recommendations, Colossus entries or similar entries, damages evaluations, worksheets, checklists, forms, and all other claims handling information subject to the control of the defendants and either of them.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2: To the extent not produced in response to Request No. 1, please produce all correspondence, reports, communications, transmittals, faxes, forms, e-mails and all other information referring to and/or relating to any contact in relation to Claim No. 0224556970101011.

RESPONSE:

RESPONSE REQUEST FOR PRODUCTION NO. 3. Please produce all information on the GEICO policy issued to plaintiffs as referenced in Claim No. 0224556970101011, and the history of that GEICO insurance policy including the underwriting file, the agency file, all GEICO files and documents, all files and documents, the policy file, application, correspondence, e-mails, forms, data, files, the inside and outside covers of all file folders, computerized information, binders, notes, memoranda, policy forms and endorsements, all communications with any GEICO or agent or employees thereof, and all other documents and information in the possession or under the control of defendants and either of them that relate to the GEICO insurance policy and/or the history of said policy.

RESPONSE:

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                        Page 5

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT ___1___
PAGE __5__ OF __13__

REQUEST FOR PRODUCTION NO. 4.  To the extent not otherwise produced, please produce all reserve information, reserve entries, reserve references, requests for reserve authority, reserve changes, and all other information referring and/or relating to reserves for Claim No. 0224556970101011, and all other claims of plaintiffs.

REQUEST FOR PRODUCTION NO. 5. Please produce all information, files, appointments, agreements, amendments, correspondence, e-mails, reports, audits, instructions, procedures, requirements, and all other information, entries, and documents generated by Rebecca Caldwell, claims examiner, Claim No. 0224556970101011.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6.  Please produce all of GEICO's training manuals, claims handling policies, policies and procedures for resolving claims in Alaska, and any other document, used by GEICO or its agents in May 2004, that in any way references adjusting claims.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7: Please produce all procedures, requirements, documents, information, forms, educational materials, and training materials in whatever written and/or computerized form sent by or for GEICO to any insurance agent and/or agency in Alaska since May, 1990 in relation to offering, selling, selecting, waiving, and/or binding GEICO UM/UIM insurance coverage and/or UM/UIM limits. This includes but is not limited to UM/UIM insurance forms, computer screens, computer forms, applications, report forms, information forms, binder forms, form letters, procedures, instructions, guidelines, checklists, requirements, underwriting materials, underwriting guidelines, underwriting manuals, UM/UIM Rules and Rate Manual provisions, UM/UIM offer guidelines, UM/UIM offer instructions, UM/UIM coverage information, UM/UIM offer forms, UM/UIM information forms, UM/UIM price information, UM/UIM price lists, UM/UIM selection/rejection forms, UM/UIM waiver forms, and all other UM/UIM sales forms, UM/UIM purchase forms, bulletins, materials, and directions provided by GEICO and/or any other agency or agent in relation to offering, selling, waiving, and/or binding UM/UIM coverage and/or UM/UIM limits since May, 1990. This includes but is not limited to GEICO materials and/or ISO materials sent to any other agent or contractor.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT 1
PAGE 6 OF 13

RESPONSE:

1

2    REQUEST FOR PRODUCTION NO. 8: Please produce all procedures, instructions,
educational materials, and/or training materials for transmitting and/or receiving
3    and/or utilizing computerized information, computer screens, computer manuals, e-
mail procedures, e-mail addresses, and all other computer programs, computer
4    procedures,    CDs,    and    other    computer-related    information.

5    RESPONSE:

6

7    REQUEST FOR PRODUCTION NO. 9: Please produce all claims instructions, e-mail
addresses, claims forms, claims screens, claims information, and claims training
8    provided since May, 1990 by GEICO and/or any other insurance agency or agent
in Alaska in relation to claims under GEICO policies including but not limited to:
9    claims bulletins, written and/or computerized claims forms, claims reports, claims
10   procedures, claims information, claims forms for insureds, information for insureds,
handouts for insureds, and all other forms, guidelines, and requirements provided
11   by GEICO in relation to claims made on GEICO policies providing motor vehicle
coverage in Alaska. This includes all material referring to the role of agents,
12   agencies, and employees/agents in relation to any such claims including reporting
13   any such claim, the manner of reporting claims, and any materials that were
provided by GEICO that could then be provided to an insured to assist an insured in
14   Alaska in understanding his/her potential claims and/or in making any potential
15   claims.

16   RESPONSE:

17

18   REQUEST FOR PRODUCTION NO. 10: Please produce all claims forms, claims
documents, claims reports, and all other documents, computer screens, computer
19   forms, and all other forms used by GEICO in May 2004.

20   RESPONSE:

21

22   REQUEST FOR PRODUCTION NO. 11: Please produce all UM/UIM claims forms,
standard UM/UIM mailings, UM/UIM form letters, UM/UIM informational materials for
23   UM/UIM claimants, UM/UIM claims instructions, and all other UM/UIM materials and
information developed, generated, and/or distributed from 1990 to the present by
24   and/or for GEICO and/or any agent thereof to inform and/or assist GEICO insureds
in Alaska who may have a UM or UIM claim. This includes but is not limited to any
25

26   PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                    Page 7

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT ____1____
PAGE __7__ OF _13_

materials developed by GEICO.

RESPONSE:

REQUEST FOR PRODUCTION NO. 12:) Please produce all applications, procedures, instructions, requirements, guidelines, forms, claims forms, UM/UIM selection/rejection forms, UM/UIM price forms, UM/UIM price information, UM/UIM binders, form letters, computer screens, handouts, written information, and all other writings and forms used by GEICO in relation to offering and/or selling GEICO UM/UIM coverage in Alaska and/or in reporting claims on GEICO policies.

RESPONSE:

REQUEST FOR PRODUCTION NO. 13: Please produce in whatever written and/or computerized form all GEICO claims procedures manuals, claims manuals, claims management manuals, amendments, revisions, supplements, claims bulletins, claims instructions, adjuster guidelines, adjuster handbooks, educational materials, claims policies, claims practices, and all other claims handling standards, instructions and/or information on the claims procedures, claims practices, claims management, and claims policies utilized by or for GEICO that were in effect in relation to bodily injury claims, UM/UIM claims, property damage claims, and/or loss of use claims in Alaska at any time from 1990 to the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14: Please produce all information on reserving procedures, reserve practices, reserve policies, reserve guidelines, and all other materials and information on the reserving practices, procedures, and policies of GEICO.

RESPONSE:

REQUEST FOR PRODUCTION NO. 15: Please produce all internal GEICO proposals, and management documents referring to and/or relating to performance, assessments, plans, and business plans for Alaska since 1990. This includes annual assessments and reports of claims, policies sold, claims payouts, income and/or losses as well as annual plans, proposals, projects, and/or annual goals and projections. This includes all plans and goals in relation to agencies, agents, income, losses, policies, marketing, sales, underwriting, and/or claims. This includes all annual claims handling goals for Alaska including UM/UIM claims goals, claims severity goals, loss ratio goals, and all other claims goals. This includes all

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT 1
PAGE 8 OF 13

promotional literature, news, information and other information on the stated plans and/or goals of GEICO.

RESPONSE:

REQUEST FOR PRODUCTION NO. 16: Please produce all claims bulletins, sales bulletins, general bulletins, policy bulletins, and all other bulletins ever generated and/or issued and/or transmitted by GEICO, and/or any agent thereof from 1990 to the present in relation to and/or that refer to: Alaska, Alaska insurance, Alaska claims, Alaska UM/UIM claims, UM/UIM coverage in Alaska, offering and/or selling UM/UIM coverage in Alaska, Rule 82, and/or Alaska insurance law including Alaska statutes, Alaska regulations, and/or Alaska case law.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17: Please produce a list of all claims and claims file numbers involving UM or UIM claims made under GEICO policies issued in Bethel, Alaska from 1990 to the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 18: Please produce all product development materials and files, product administration materials and files, form filings, rate filings, Rules and Rates Manual provisions, filings with the Alaska Division Of Insurance, correspondence with Alaska Division of Insurance, and/or by whatever name all other files, materials, and documents that were generated in relation to the offer and/or sale of UM/UIM insurance by GEICO in Alaska since May, 1990, including all policy form UM/UIM changes and/or new UM/UIM endorsements and/or Rules and Rate Manual UM/UIM changes , UM/UIM rates and/or UM/UIM rate changes.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19:Please produce by whatever name the Information Technology Manuals, Technical Division Manuals, Information Technology Plan, Catastrophe Plan, E-mail system manuals, and/or other writings that set forth the nature, description, structure, management, locations, and personnel of the Information Technology system that includes and/or supports of GEICO. This includes the system of claims personnel computers, computerized information, computer data bases, data processing, information processing, and e-mail systems. This includes all records repository and archive systems to back up, store, retrieve, and/or restore computerized information in case of a 9/11/01 type of

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT _____1_____

PAGE __9__ OF __13__

catastrophe and/or any system to store, restore and retrieve e-mails that have been "deleted" from the computers of claims personnel and/or other personnel. Please specifically include by whatever title the highest Information Technology director and/or manager as well as the highest ranking person responsible for maintenance and repair of the Information Technology system and/or the e-mail system.

RESPONSE:

REQUEST FOR PRODUCTION NO. 20:To the extent not produced, please provide all manuals and other documents describing any and all systems relating to GEICO of storing, restoring, retrieving, and/or surveilling computerized claims entries, computerized messages, and/or e-mails relating to GEICO claims, claims files, and/or policies and/or e-mails of GEICO employees. This includes all systems, claims security systems, claims defalcation systems, claims review systems, employee supervision systems, personnel management systems, and/or Human Resources systems capable of storing, restoring, and/or retrieving "deleted" computerized entries and/or e-mail entries.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21:Please search for, restore, and retrieve all computerized entries, computerized messages, e-mails and all other electronic entries that have been "deleted" from any electronic file, computerized file, claims file, computer, server, and/or any system in relation to Claim No. 0224556970101011. Please label any such e-mails and/or entries as "restored" without obscuring any contents thereof.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22: Please produce the latest financial statements and/or statements of financial condition of GEICO including but not limited to those filed with the Alaska Division Of Insurance.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23:Please produce all files, compilations, newsletters, promotional literature, marketing literature, forms, manuals, requirements, rules, standards, and all other writings of GEICO and/or any other Alaska agency and/or agent referring to and/or describing their insurance products, their goals, their financial condition, UM/UIM insurance, reporting claims,

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                                          Page 10

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT ____1____
PAGE 10 OF 13

claims forms, directions, instructions, and all correspondence in relation to these companies, their products, and/or selling their policies in Alaska and/or reporting claims on their policies.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24:Please produce all reports, annual reports, compilations, writings, audits, and all other information sent or received by GEICO. These include all annual accountings and/or reports and/or audits required by any agency and/or agent contracts and all commissions paid.

RESPONSE:

REQUEST FOR PRODUCTION NO. 25: To the extent not produced, please produce GEICO's information and/or correspondence and/or other files, including general correspondence, forms, advertising, marketing, promotions, e-mail procedures, sample forms, newsletters, news, articles, and all other information and correspondence that is not in a specific file relating to a policyholder.

RESPONSE:

REQUEST FOR PRODUCTION NO. 26:  Please produce copies of any and all other documents referred to in your answers to plaintiffs Interrogatories to you of even date herewith and all other documents relied upon by you in answering those Interrogatories.

RESPONSE:

DATED this ____ day of September 2005 at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiffs

Jim J. Valcarce
ABA No. 9505011

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                    Page 11

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT ____1____
PAGE 11 OF 13

## VERIFICATION

STATE OF ALASKA            )
                           ) ss.
FOURTH JUDICIAL DISTRICT   )

I, _____ , being first duly sworn upon oath,

depose and say: that I have read the foregoing responses to Plaintiff's First Set of

Interrogatories and Requests for Production and I understand the contents thereof;

and I have executed this freely and voluntarily for the purpose set forth herein; and

I verify that the same is true to the best of my knowledge.


                    Defendant GEICO

                    By:_____

                    Its:_____

SUBSCRIBED and SWORN TO before me this _____ day of _____, 2005, at Bethel,

Alaska.

                    _____
                    Notary Public in and for Alaska.
                    My Commission Expires:_____


PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
4BE-04-354                                                  Page 12

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT ____1____

PAGE 12 OF 13

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES &BERNADETTE CHARLES, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| GEICO GENERAL INSURACE COMPANY, ) | |
| ) | |
| Defendant, ) | |
| _____ ) | |
| ) | |
| GEICO CASUALTY COMPANY, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| VALERIE JOE, ) | |
| ) | |
| Third Party Defendant, )    Case No. 4BE-05-055 CI | |
| _____ ) | |

## **CERTIFICATE OF SERVICE**

SHARON RODGERS, certifies that she is an authorized agent of Cooke,

Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on

the date stated herein she mailed copies thereof to the person(s) listed below:

Documents:                    PLAINTIFF'S FIRST SET OF INTERROGTORIES, REQUESTS
                              FOR ADMISSIONS AND REQUESTS FORPRODUCTIONS
                              TO DEFENDANT
Person(s) Served:

Blake H. Call                            Myron Angstman
CALL, HANSON & KELL P.C.                  ANGSTMAN LAW OFFICE
250 H Street                             P.O. Box 585
Anchorage, Alaska 99501-2112             Bethel, Alaska 99559

Dated this 27 th day of September 2005, at Bethel, Alaska

SHARON RODGERS

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT ___1___
PAGE 13 OF 13

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

          Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

          Defendant.

---

GEICO CASUALTY COMPANY,

      Third Party Plaintiff,

vs.

VALERIE JOE,

      Third Party Defendant.

Case No. 4BE-05-55 Civil

**MEMORANDUM IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER**

GEICO seeks a protective order pursuant to Civil Rule 26 (c) providing

that discovery not be had on the claims of bad faith, conspiracy, fraud and

punitive damages on the grounds that the discovery requests are not

relevant to plaintiffs' claims and are oppressive, unduly burdensome and

unduly expensive. Alternatively, GEICO asks that discovery be stayed

pending the resolution of the partial summary judgment motion on the

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Memorandum in Support of GEICO's Motion for Protective Order
Page 1

EXHIBIT 2
PAGE 1 OF 2

CDs, reports plans, proposals, procedures, projects, goals, filings, training materials bulletins, promotional material, archived computer repositories, audits, writings, general correspondence, etc. that GEICO has produced over the last fifteen years. Now, plaintiffs' bad faith motive to harass GEICO with the intent to extort policy limits is clear.

GEICO has already produced **all** documents related to plaintiffs' claim number 0224556970101011 (requests 1 through 5). A discovery log is attached at Exhibit B. GEICO has produced the entire claims file, underwriter's file, and business file without redactions for reserve and damage evaluation information which would otherwise be privileged or irrelevant to the value of plaintiffs' claims. GEICO answered interrogatories concerning the identity, training and experiences of the claims adjuster most familiar with this case. GEICO has also produced all technical memoranda from GEICO to claims personnel in Alaska concerning Alaska claims handling. There are no other documents specific to plaintiffs' claims. Therefore, GEICO objects to Requests Nos. 6-25. GEICO incorporates its Motion for Summary Judgment in this Motion for Protective Order.

### III.    Applicable Law.

Civil Rule 26(b) permits discovery regarding any matter which is **relevant** to the subject matter involved in the pending action.

Civil Rule 26(c) limits discovery of relevant matters as follows:

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Memorandum in Support of GEICO's Motion for Protective Order
Page 4

EXHIBIT 2
PAGE 2 OF 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &BERNADETTE CHARLES, )
                                   )
        Plaintiff,                 )
                    vs.            )
                                   )
GEICO GENERAL INSURACE COMPANY,    )
                                   )
        Defendant,                 )
_____    )
                                   )
GEICO CASUALTY COMPANY,            )
                                   )
    Third Party Plaintiff,         )
                                   )
                vs.                )
                                   )
VALERIE JOE,                       )
                                   )
    Third Party Defendant,         )    Case No. 4BE-05-055 CI
_____    )

## **AFFIDAVIT OF JIM J. VALCARCE**

STATE OF ALASKA          )
                         )ss.
FOURTH JUDICIAL DISTRICT  )

        Jim J. Valcarce, being first duly sworn, deposes and states as

follows:

        1.  That I am an attorney for the plaintiffs in the above entitled case.

        2.  That all information written herein is based upon personal

knowledge.

        3.  In GEICO's motion for a protective order, GEICO claimed that

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

EXHIBIT ___3___
PAGE __1__ OF 2

"GEICO has already produced **all** documents related to ...: (requests 1 through 5)," however such vague statement does not condone it from answering the requests. To date, no answers to these requests (1-5) have been provided by the defendant. On November 1, 2005, the undersigned sent GEICO's counsel a letter requesting these documents, but to date, GEICO has failed to respond.

4.  In response to other discovery requests, GEICO produced a discovery log, which noted that GEICO possessed a "14-chapter claims manual applicable to all jurisdictions." On October 21, 2005, the undersigned wrote to GEICO and again requested that the manual be forwarded.  GEICO, to date, has again failed to respond or produce the document.

5.  Most of the GEICO witnesses in this case are those that GEICO has previously identified as the agents and employees who handled the claim. Many of these will be deposed on November 17-18.  As to these witnesses, GEICO has to date refused to provide contact information. On November 1, 2005, the undersigned wrote to GEICO and requested such information be provided by November 4, 2005.  Again, no such information has been received from GEICO to date.

DATED this 7 day of November, 2005, at Bethel, Alaska.

Jim Valcarce

SUBSCRIBED AND SWORN to before me on this 7 day of November 2004 Bethel, Alaska.

Notary Public in and for Alaska.
My commission expires: 5/16/2009

EXHIBIT 3

PAGE 2 OF 2

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

AFFIDAVIT OF JIM J. VALCARCE

Page 2

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC
A LIMITED LIABILITY COMPANY

**ANCHORAGE**
CHRIS COOKE, ESQ.
KENNETH ROOSA, ESQ.
CHESTER GILMORE, ESQ.
DEVINDER BRAR, ESQ.

**BETHEL**
JIM VALCARCE, ESQ.
HEATHER SIA, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744 OR (907) 543-HELP
TOLL FREE (888) 610-2744
TELEFAX 907 543-2746
EMAIL: info@bushlawyers.com

**ANCHORAGE OFFICE**
3700 JEWEL LAKE ROAD
ANCHORAGE, AK 99502

(907) 276-2744
TELEFAX (907) 276-2746

November 1, 2005

Blake Call, Esq.
CALL, HANSON & KELL, P.C.
250 H Street
Anchorage, Alaska 99501-2112

Re: Jack Charles & Bernadette Charles v. GEICO General Insurance Company

Dear Blake:

On September 27, 2005, we sent you numerous requests for production, answers to which should have been received long before now. In your motion for the protective order, you state you fully answered numbers 1 through 5. We have not received those answers. Be advised that if we do not receive answers to requests for production 1 through 5 before November 3, 2005, we will move to compel, and for further costs/fee sanctions.

Best Regards,
COOKE, ROOSA, & VACARCE

Jim Valcarce
Attorney at Law

JJV:sr/01
B2879

C.c. Mr. Myron Angstman, Esq.

EXHIBIT _____4_____

PAGE __1__ OF __1__

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

      Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

      Defendant.

GEICO CASUALTY COMPANY,

      Third Party Plaintiff,

vs.

VALERIE JOE,

      Third Party Defendant.      Case No. 4BE-05-55 Civil

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

## DEFENDANT'S DISCOVERY LOG

| Date | Type of Discovery | Contents | Bate-stamps |
|------|-------------------|----------|-------------|
| 4/21/05 | Initial Disclosures | Correspondence Withheld – Lawsuit assignment | 10000 – 10002 |
| 4/21/05 | Initial Disclosures | Correspondence | 10003-10033 10039-10054 10170-10175 |
| | | Police report | 10034, 10038 |
| | | Witness statements | 10035, 10037 |
| | | Vehicle Record | 10036 |
| | | Claim IQ | 10056-57 |
| | | Calendar | 10058 |

Defendant's Document Log of bates labeled documents
*Charles v. GEICO, et al,* Case No. 4BE-05-55 CI
Page 1

EXHIBIT 5

PAGE 1 OF 2

5.      Technical memorandum to claims personnel regarding BH 58, August 21, 1997, bates labeled G128 – G149.

6.      Technical memorandum to claims personnel regarding HB 44, August 31, 1989, bates labeled G150 – G176

7.      Technical memorandum to claims personnel regarding Insurance Bulletin B99-001, February 9, 1999, bates labeled G177.

8.      GEICO also has a 14 chapter claims manual applicable to all jurisdictions.  GEICO claims privilege as to the contents of the claims manual as a commercially privileged document and is unwilling to produce them to claimants in this matter without a confidentiality agreement.  GEICO will provide a copy of the claims manual to the court or a discovery master, if required.

| Date | Type of Discovery | Contents | Bate-stamps |
|------|-------------------|----------|-------------|
| 10/13/05 | Supplemental | Business logs | 10232 – 10244 |
|  |  | GEICO policy | 10245-10265 |
|  |  | Duplicate bate stamped |  |
|  |  | Remaining portions of claims Log previously redacted or Withheld – except case assignment To counsel |  |

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Defendant's Document Log of bates labeled documents
*Charles v. GEICO, et al,* Case No. 4BE-05-55 CI
Page 3

EXHIBIT ___5___

PAGE __2__ OF __2__

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC
### A LIMITED LIABILITY COMPANY

ANCHORAGE
CHRIS COOKE, ESQ.
KENNETH ROOSA, ESQ

BETHEL
JIM VALCARCE, ESQ.
CHESTER GILMORE, ESQ.
HEATHER SIA, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744 OR (907) 543-HELP
TOLL FREE (888) 610-2744
TELEFAX 907 543-2746
EMAIL: info@bushlawyers.com

ANCHORAGE OFFICE
3700 JEWEL LAKE ROAD
ANCHORAGE, AK 99502

(907) 276-2744
TELEFAX (907) 276-2746

October 21, 2005

Blake Call, Esq.
CALL, HANSON & KELL, P.C.
250 H Street
Anchorage, Alaska 99501-2112

Re: Jack Charles & Bernadette Charles v. GEICO General Insurance Company

Dear Blake:

Kindly forward the confidentiality agreement you propose in order to obtain the 14-Chapter Claims Manual, referenced in your answer to interrogatory number 3.

Best Regards,
COOKE, ROOSA, & VACARCE

Jim Valcarce
Attorney at Law

JJV:sr/01
B2879

EXHIBIT 6
PAGE 1 OF 1

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC
A LIMITED LIABILITY COMPANY

<table>
<tr><td>

ANCHORAGE

CHRIS COOKE, ESQ.
KENNETH ROOSA, ESQ.
CHESTER GILMORE, ESQ.
DEVINDER BRAR, ESQ.

BETHEL
JIM VALCARCE, ESQ.
HEATHER SIA, ESQ.

</td><td>

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744 OR (907) 543-HELP
TOLL FREE (888) 610-2744
TELEFAX 907 543-2746
EMAIL: info@bushlawyers.com

</td><td>

ANCHORAGE OFFICE
3700 JEWEL LAKE ROAD
ANCHORAGE, AK 99502

(907) 276-2744
TELEFAX (907) 276-2746

</td></tr>
</table>

November 1, 2005

Blake Call, Esq.
CALL, HANSON & KELL, P.C.
250 H Street
Anchorage, Alaska 99501-2112

Re: Jack Charles & Bernadette Charles v. GEICO General Insurance
Company

Dear Blake:

Thank you for your letter of November 1, 2005, concerning the depositions of GEICO's agents. The schedule you propose is fine, so long as you are in agreement with ensuring these representatives appear without a subpoena. At page 2 of your letter, you state, " I have confirmed all of the individuals above can be available at the schedule proposed."

Also, please give me your position on whether you will object to consulting experts appearing and sitting in on such depositions. Concerning Mr. Lina and Mr. Stup, I suspect we will do another round of depositions in December, and can confer about scheduling after the November depositions.

Finally, as to the agents named, kindly state who you believe are privileged (that is within the control group and should be contacted through your office), and provide contact information (home addresses and phone numbers) for the rest. Also, state specifically who are former employees. I look forward to receiving such supplementation by Friday, November 4, 2005.

Best Regards,
COOKE, ROOSA, & VACARCE

Jim Valcarce
Attorney at Law

JJV:sr/01
B2879

EXHIBIT 7

PAGE 1 OF 1

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

1 JACK CHARLES &BERNADETTE CHARLES,              )
                                                )
2        Plaintiff,                             )
3            vs.                                )
                                                )
4 GEICO GENERAL INSURACE COMPANY,               )
                                                )
5                                               )
         Defendant,                             )
6 _____      )
                                                )
7 GEICO CASUALTY COMPANY,                       )
                                                )
8        Third Party Plaintiff,                 )
9                                               )
                                                )
10           vs.                                )
                                                )
11 VALERIE JOE,                                 )
                                                )
12       Third Party Defendant,                 )   Case No. 4BE-05-055 CI
13 _____     )

14                              **ORDER**

15              This  matter  having  come  before  the  Court  on  Plaintiffs'

16 Motion to Compel, and any opposition thereto having been filed, and

17 the matter having been heard and considered, the Court now enters the

18 following order:

19              IT  IS  HEREBY  ORDERED  that  plaintiffs'  motion  to  Compel  is

20

21 GRANTED,  and  answers  to  Requests  for  Production  1-5;  contact

22 information  and  the  claims  manual,  as  noted  in  the  motion,  shall  be

23 produced on or before November 15, 2005.

24              Pursuant to Civil Rule 37(a)(4), the plaintiff shall, within three days

25

26 from this order, submit a bill for costs and attorney fees related to the

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

motion, and defendant shall have three days to file any opposition to

such sanction.

DATED this _____ day of November, 2005 at Bethel, Alaska.

1

2

3    _____

Superior Court Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

ORDER RE: COMPEL                    Page 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES & BERNADETTE CHARLES, )
)
    Plaintiff, )
          vs. )
)
GEICO GENERAL INSURACE COMPANY, )
)
    Defendant, )
)
———————————————————— )
)
GEICO CASUALTY COMPANY, )
)
    Third Party Plaintiff, )
)
          vs. )
)
VALERIE JOE, )
)
    Third Party Defendant, )    Case No. 4BE-05-055 CI
———————————————————— )

RECEIVED
NOV 1 0 2005
Call, Hanson & Kell, P.C.

## **CERTIFICATE OF SERVICE**

JEFF EGOAK, certifies that he is an authorized agent of Cooke, Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on the date stated herein he filed the following documents in the above-named court and faxed/mailed copies thereof to the person listed below:

| Documents: | Motion for Expedited Consideration; Affidavit; Order Motion To Compel; Memo; Order |
|---|---|

Person Served:

Blake H. Call
CALL, HANSON & KELL P.C.
250 H Street
Anchorage, Alaska 99501-2112
(907) 258-8865

Myron Angstman
Angstman Law Office
P.O. Box 585
Bethel, Alaska 99559

Dated this 7th day of November 2005, at Bethel, Alaska

Jeff Egoak

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

LAW OFFICES OF

## COOKE, ROOSA, & VALCARCE, LLC
A LIMITED LIABILITY COMPANY

ANCHORAGE

CHRISTOPHER R. COOKE
KENNETH S. ROOSA

BETHEL

JIM VALCARCE
HEATHER SIA
CHESTER GILMORE

900 3rd Avenue / P. O. Box 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744
TELEFAX: (907) 543-2746
E-MAIL: info@bushlawyers.com

ANCHORAGE OFFICE

3700 Jewel Lake Road
Anchorage, Alaska 99502
phone: (907) 276-2744
Telefax: (907) 276-2746

# FACSIMILE COVER SHEET

The following document, including cover sheet, contains ~~37~~ pages.

Date: Nov. 7, 05

TO: Blake H. Call                    Fax No.:

RE: Jack Charles v. GEICO

FROM:

RECEIVED

NOV - 7 2005

Call, Hanson & Kell, P.C.

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMITTAL IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE AND IS INTENDED ONLY FOR THE USE OF THE RECIPIENT NAMED ABOVE. IF THE READER OF THIS INFORMATION IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERY TO THIS INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT THIS IS NOT A WAIVER OF PRIVILEGE AND ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS INFORMATION IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL INFORMATION TO THE SENDER, BY U.S. MAIL, AT THE ABOVE ADDRESS.

Original Mailed X        Not Mailed ___