IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

        Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.

GEICO CASUALTY COMPANY,

        Third Party Plaintiff,

vs.

VALERIE JOE,

        Third Party Defendant.

Case No. 4BE-05-55 Civil

*(left margin)* CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

## REPLY TO OPPOSITION TO
## MOTION FOR PROTECTIVE ORDER
## AND OPPOSITION TO THE MOTION TO COMPEL

### Procedural posture

On October 31, 2005, Plaintiffs inserted a "cross motion for protective order" in pages 16-22 in their "Opposition to Motion for S.J./Rule 56(f) Extension: Opposition and Cross Motion concerning Protective Order." Then, on November 7, 2005 Plaintiffs filed a Motion to Compel and

requested expedited consideration on a request for much narrower discovery requests.  GEICO will respond to all discovery matters in this pleading.

**Failure to confer prior to filing a motion for protective order**

Plaintiffs object that GEICO's counsel did not file an affidavit certifying that counsel attempted to confer with Plaintiffs' counsel to resolve the discovery dispute.  Defense counsel's omission was inadvertent and the affidavit is filed herewith.

**Requests #1-5**

These requests ask for production of documents "to the extent not produced in Initial Disclosures." The requests are duplicative.  All five requests seek production of all documents concerning Claim No. 0224556970101011.   GEICO informed plaintiffs that the documents were produced either in Initial Disclosures or in supplemental disclosures. GEICO has produced a "discovery log" that identifies the documents and the Bates-stamp numbers on the specific documents. GEICO has produced the entire pre-suit claims file, claims notification, claim acknowledgment, claims correspondence, claims information, claims investigation, claims entries, claims investigation, Index Bureau inquires, claims evaluation, claims reserves, claims authority requests, grants of claims authority, requests for checks, claim management and/or claims review entries, messages, phone messages, memoranda, reports, photos, diaries, diary entries, diary dates, diary reviews, reviews, lists, data, evaluations,  Claims IQ entries, coverage

INSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

information and all documents generated by Rebecca Caldwell. GEICO has produced the entire underwriting file and a copy of the policy including policy forms, endorsements and all communication between Jack Charles and the GEICO sales representative. To the extent plaintiff wants the responses to requests 1-5 produced on pleading paper, the request is frivolous. Nevertheless a "pleading response" is filed herewith.

In reviewing the claims file and diary notes, it was discovered that GEICO did not include the tape recorded interviews. Those tapes have been received but are not transcribed. Those tapes will be transcribed and will be produced before November 22. Plaintiffs should not have been prejudiced by this late discovery because Mr. Valcarce was on the telephone when the statements were taken.

Litigation claims adjuster, Lon Grothen confirms that *all* documents relating to this claim (other than attorney-client privileged documents created after the complaint was filed) has been produced. Instead of simply reiterating the extensive requests, Plaintiffs should state exactly what documents plaintiffs believe were not produced.

## Requests #6, 13 and 14.

Plaintiff's requests in numbers 6, 13 and 14 are extremely broad. Although #6 is limited to the Claims Manual, Requests #13 and #14 cover *all* manuals, amendments, revisions, supplements, bulletins, guidelines, handbooks, educational materials, policies, practices, standards,

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Reply to Opposition to GEICO's Motion for Protective Order
Page 3

instructions that were in effect in Alaska *at any time from 1990 to the present.*

GEICO has identified one 14-chapter Claims Manual. If GEICO's motion for protective order is denied, GEICO is willing to produce the manual *in camera* and, if ordered to do so, produce those portions of the manual subject to a confidentiality agreement. Plaintiffs request for a "confidentiality agreement" and a copy of the claims manual is premature. The court should rule on the protective order prior to disclosure of the manual. The claims manual is not only applicable to all jurisdictions but is also applicable to all types of automotive insurance that are not related to plaintiffs' claims: i.e., collision, comprehensive, mechanical breakdown, auto home contents, stereo buyback, fire, lightning, theft, loss of use, personal effects, rental reimbursement, towing and labor, emergency road services, and accidental death and disability insurance. Chapter IV of the manual pertains to coverage questions. Coverage is not an issue in this case. Chapter VI describes principles of legal liability, distinguishing criminal, civil and common law. This chapter provides background information and is not relevant to plaintiffs' claims. Chapter IX instructs the adjusters how to handle lawsuits and should be protected as corporate attorney work product. Chapter X contains exhibits for staff counsel and should be protected as corporate attorney work product. Chapter XI discusses subrogation and is not relevant to plaintiffs' claims. Chapter XII

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

discusses arbitration and is not relevant to plaintiffs' claims. Chapter XIII

concern cases controlled or supervised by Home Office Legal Department

and should be protected by the corporate attorney work product privilege.

Plaintiffs argue that the claims manual "would specifically show

whether the GEICO claim adjusters acted reasonably in failing to investigate

and resolve the plaintiffs' claims." While that assertion may be true in some

other case, in this case it should be clear from the exhibits filed with the

Motion for Summary Judgment that GEICO's investigation was seriously

hampered by plaintiffs' own conduct.

GEICO claims privilege as to the contents of the claims manual as a

commercially privileged document. GEICO will provide a copy of the claims

manual to the court or a discovery master, if required.

**Requests numbers 7, 11, 12 and 18**

Plaintiff argues that Requests numbers 7, 11, 12 and 18 relate to the

failure to offer UM coverage options. However, as set out in GEICO's motion

for summary judgment, GEICO complied with its duties to offer higher

UM/UIM coverages. GEICO should not be ordered to produce irrelevant

and burdensome documents until the court rules on the motion for

summary judgment.

**Requests numbers 8, 9, 10, 20 and 21**

Plaintiffs argue that these requests seek to discover the complete

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Reply to Opposition to GEICO's Motion for Protective Order
Page 5

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

electronic claim file. Counsel agrees that the recorded statements of the plaintiffs have not been transcribed. Transcripts will be prepared and disclosed to plaintiffs on an expedited basis.

**Other requests**

Plaintiffs complain that GEICO seeks a broad order precluding Plaintiffs from obtaining any other documents. GEICO seeks a broad order because the expansive requests include every conceivable document[1]. If any of the contested claims survive summary judgment, the court should limit discovery to relevant discovery requests. It may be necessary that the court appointment a discovery master to determine *in camera* what documents are relevant to plaintiffs' surviving claims. Any documents involving trade secrets or other confidential research, development or commercial information should not be revealed outside the limited confines of this litigation pursuant to Civil Rule 26 (c) (7).

**Depositions of employees**

Plaintiffs noticed the depositions of GEICO employees who handled the liability and UM claims. All witnesses are current employees of GEICO and all are privileged witnesses. The U.S. Supreme Court has held that

---

[1] computer screens, photographs, pictures, CDs, reports plans, proposals, procedures, projects, goals, filings, training materials bulletins, promotional material, archived computer repositories, audits, writings, general correspondence, claim forms, form letters, mailings, instructions, applications, handouts, claims manuals, bulletins, guidelines, handbooks, educational materials, reserve practices, reserve guidelines, insurance filings in Alaska, a list of all claims and claims file numbers involving UM or UIM claims all advertising, marketing, promotions, e-mail procedures, sample forms, newsletters, and news articles world wide referring to GEICO's insurance products, their goals, their financial condition, UM/UIM insurance, reporting claims, etc.

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Reply to Opposition to GEICO's Motion for Protective Order
Page 6

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

middle-level and lower-level employees can, by actions within the scope of their employment, embroil the corporation in serious legal difficulties. Consequently, corporate counsel may need to interview these employees to gain relevant information to advise the client. Therefore, communications between corporate counsel and the employees are privileged. *Upjohn Company v. United States*, 101 S.Ct. 677 (1981).

Alaska Ethics Opinion No. 84-11 incorporates the same principles. A lawyer may not communicate with employees of an entity who may reasonably be thought of as representing the entity in matters related to the controversy.. The ethics rule also prohibits communications by a lawyer with persons having a managerial responsibility and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization. *Id.*

In this case, Mr. Valcarce intends to depose every employee who may have touched the file. He has alleged improper claims handling and bad faith. Therefore, the act of every employee who touched the file would be imputed to GEICO. All deponents are represented by Call, Hanson and Kell, P.C. Valcarce may not communicate with them without the permission of Call, Hanson and Kell, P.C.

Plaintiffs are not entitled to sanctions. GEICO has produced all documents related to this claim. Although the recorded statements had not

ANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

been transcribed, Mr. Valcarce was telephonically present when the statements were taken and has personal knowledge of the substance of the statements. GEICO acted appropriately in responding to the discovery requests with a Motion for Protective Order.  The interests of justice and efficiency would be better served if Plaintiffs would advise GEICO and the court what documents or specific category of documents they claim to be missing.

DATED at Anchorage, Alaska, this 8th day of November, 2005.

CALL, HANSON & KELL, P.C.,
Attorneys for defendant GEICO

By: _Susan D. Mack_
Susan D. Mack
Alaska Bar No. 8411128

**CERTIFICATE OF SERVICE**

I certify that on this the ~~8th~~
day of ~~October~~, 2005, a true
and correct copy of the foregoing
document, and attachments if
any, were served upon the
following counsel of record by
mail:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK  99559-0409

Michele L. Power, Esq
Angstman Law Office
P.O. Box 585
Bethel, AK  99559

By: _____

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Memo Protective Order.doc

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Reply to Opposition to GEICO's Motion for Protective Order
Page 9

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

        Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.

GEICO CASUALTY COMPANY,

        Third Party Plaintiff,

vs.

VALERIE JOE,

        Third Party Defendant.

Case No. 4BE-05-55 Civil

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

## AFFIDAVIT OF SUSAN D. MACK

STATE OF ALASKA

THIRD JUDICIAL DISTRICT

ss

        **SUSAN D. MACK**, being first duly sworn upon her oath deposes and states as follows:

<div style="text-align: left; transform: rotate(-90deg);">
CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865
</div>

1.    I am an attorney assisting on the defense of the above-referenced matter;

2.    I make this affidavit in support of GEICO's motion for protective order.

3.    On October 14th, 2005 I advised Jim Valcarce of our intent to file a Motion for Protective Order.  On October 19th I received a telephone call from Mr. Valcarce concerning his objections to our position on discovery.  Mr. Valcarce stated that this case is going to be a "train wreck."

4.    I believed that any attempt to confer with Mr. Valcarce in an effort to resolve the discovery dispute would be futile. I had no intent to "bully" the plaintiffs or gain an "unfair advantage." I should have filed this affidavit with the original Motion for Protective Order. My omission was inadvertent and I apologize.

*Susan D. Mack*

**Susan D. Mack**

AFFIDAVIT OF SUSAN D. MACK, Page 2
Charles v. GEICO, Case No. 4BE-05-55 CI

SUBSCRIBED AND SWORN TO before me this ___8th___ day of November, 2005.

_____
NOTARY PUBLIC in and for Alaska
My Commission Expires: __11/11/08__

I hereby certify that a true and correct copy of the foregoing was ☐ faxed ☐ hand delivered and/or ☒ mailed this ___8th___ day of November, 2005 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK  99559-0409

Michele L. Power, Esq.
Angstman Law Office
P.O. Box 585
Bethel, AK  99559

_____

STATE OF ALASKA
NOTARY PUBLIC
Mona  J.  Schultz
My Commission Expires Nov 11, 2008

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

AFFIDAVIT OF SUSAN D. MACK, Page 3
Charles v. GEICO, Case No. 4BE-05-55 CI

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and
BERNADETTE CHARLES,

   Plaintiffs,

v.

GEICO GENERAL INSURANCE
COMPANY,

   Defendant.

Case No. 4BE-05-0354 Ci.

**GEICO'S RESPONSES TO PLAINTIFFS'**
**REQUESTS FOR PRODUCTION NOS. 1 THROUGH 5**

    COMES NOW defendant GEICO General Insurance Company, by and through its counsel of record Call, Hanson & Kell, P.C., and submits its Responses to Plaintiff's Requests for Production Nos. 1 through 5, as follows:

    **REQUEST FOR PRODUCTION NO. 1**: To the extent not produced in Initial Disclosures, please produce all records and information on the pre-suit activities of defendant GEICO in relation to Claim No. 0224556970101011, including the entire pre-suit claims file, claims notification, claim acknowledgment, claims correspondence, claims information, claims investigation, claims entries, claims investigation, Index Bureau inquiries and/or reports and/or entries, claims evaluation, claims reserves, claims authority requests, grants of claims authority, requests for checks, checks, referrals, claims management and/or claims review entries

*Charles v. GEICO*
Case No. 4BE-05-0354 Ci.
GEICO's Responses to Plaintiffs'
  Requests for Production Nos. 1 through 5
Page 1

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

and/or directions, and all other claims documentation including the inside and outside folder covers, all writings, documents, notes, computerized files, computerized entries, e-mails, messages, phone messages, memoranda, reports, photos, diaries, diary entries, diary dates, diary reviews, reviews, lists, data, evaluations, reserve entries, reserve information, policy data, coverage information, investigation materials and information, statements, interviews, recommendations, Colossus entries or similar entries, damages evaluations, worksheets, checklists, forms, and all other claims handling information subject to the control of the defendants and either of them.

**RESPONSE:**

These documents have already been provided. See documents Bate-stamped 1003-10212 and documents 10198-10199. See also the medical records from YKHC in the claims file (not Bate-stamped). These documents represent the claims file.

**REQUEST FOR PRODUCTION NO. 2**: To the extent not produced in response to Request No.1, please produce all correspondence, reports, communications, transmittals, faxes, forms, e-mails and all other information referring to and/or relating to any contact in relation to Claim No. 0224556970101011.

**RESPONSE:**

These documents have been produced. See documents Bate-stamped 10003-10033; 10039-10054; 10170-10175; 10034, 10038; 10035, 10037, 10036, 10059-10135; 10136-10160; 10161-10169; 10176-10183; 10229-10230; 10213-10230; 10198-10199 and the Billing/Business file (14 pgs) produced on September 26, 2005.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-0354 Ci.
GEICO's Responses to Plaintiffs'
   Requests for Production Nos. 1 through 5
Page 2

**REQUEST FOR PRODUCTION NO. 3**:  Please produce all information on the GEICO policy issued to plaintiffs as referenced in Claim No. 0224556970101011, and the history of that GEICO insurance policy including the underwriting file, the agency file, all GEICO files and documents, all files and documents, the policy file, application, correspondence, e-mails, forms, data, files, the inside and outside covers of all file folders, computerized information, binders, notes, memoranda, policy forms and endorsements, all communications with any GEICO or agent or employees thereof, and all other documents and information in the possession or under the control of defendants and either of them that relate to the GEICO insurance policy and/or the history of said policy.

**RESPONSE:**

Specifically see the Underwriter file produced on August 5, 2005 – documents Bate-stamped 10213-10231 and the billing/business file (not Bate-stamped) produced on September 16, 2005.  To the extent this request is broader than the Underwriter and Business file, see all documents itemized on Defendant's Discovery Log attached.

**REQUEST FOR PRODUCTION NO. 4**. To the extent not otherwise produced, please produce all reserve information, reserve entries, reserve references, requests for reserve authority, reserve changes, and all other information referring and/or relating to reserves for Claim No. 0224556970101011 and all other claims of plaintiffs.

**RESPONSE:**

All reserve information and settlement authority is in the claims activity log notes previously provided.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all information, files, appointments, agreements, amendments, correspondence, e-mails, reports, audits, instructions, procedures, requirements, and all other information, entries, and documents generated by Rebecca Caldwell, claims examiner, Claim No. 0224556970101011.

*Charles v. GEICO*
Case No. 4BE-05-0354 Ci.
GEICO's Responses to Plaintiffs'
  Requests for Production Nos. 1 through 5
Page 3

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

**RESPONSE:**     See the Claims Activity log and adjuster file previously provided.

For responses to requests 6 through 26, see Defendant's Motion for Protective Order.

DATED at Anchorage, Alaska this the 3ʳᵈ day of November, 2005.

CALL, HANSON & KELL, P.C.,
Attorneys for defendant GEICO

By: _____
Susan D. Mack
Alaska Bar No. 8411128

**CERTIFICATE OF SERVICE**

I certify that on this the ___
day of November, 2005, a true
and correct copy of the foregoing
document, and attachments if
any, were served upon the
following counsel of record by
mail:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

Michele L. Power, Esq
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

By: _____

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Discovery\Resp to P's R4P 1-5.doc

*Charles v. GEICO*
Case No. 4BE-05-0354 Ci.
GEICO's Responses to Plaintiffs'
 Requests for Production Nos. 1 through 5
Page 4

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

JACK CHARLES &
BERNADETTE CHARLES,

      Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

      Defendant.

_____

GEICO CASUALTY COMPANY,

      Third Party Plaintiff,

vs.

VALERIE JOE,

      Third Party Defendant.      Case No. 4BE-05-55 Civil

## DEFENDANT'S DISCOVERY LOG

| Date | Type of Discovery | Contents | Bate-stamps |
|------|-------------------|----------|-------------|
| 4/21/05 | Initial Disclosures | Correspondence | 10000 – 10002 |
| | Withheld – Lawsuit assignment | | |
| 4/21/05 | Initial Disclosures | Correspondence | 10003-10033 |
| | | | 10039-10054 |
| | | | 10170-10175 |
| | | Police report | 10034, 10038 |
| | | Witness statements | 10035, 10037 |
| | | Vehicle Record | 10036 |
| | | Claim IQ | 10056-57 |
| | | Calendar | 10058 |

Defendant's Document Log of bates labeled documents
*Charles v. GEICO, et al,* Case No. 4BE-05-55 CI
Page 1

| Date | Type of Discovery | Contents | Bate-stamps |
|------|-------------------|----------|-------------|
| | | Medical records | 10059-10135 |
| | | Property damage | 10136-10160 |
| | | Photographs | 10161-10169 |
| | | Recorded statement Valerie Joe | 10176-10183 |
| | | Redacted log notes Privilege Log | 10184-10212 |
| 6/17/05 | Supplemental (8/5/05) | UM/UIM selection Duplicate stamped | Not stamped 10229-10230 |
| 7/14/05 | Supplemental | Medical records YKHC | Not stamped |
| 8/5/05 | Supplemental | Underwriter file Including insurance Application & UM/UIM Selection form | 10213-10231 |
| 9/16/05 | Supplemental | Claims Activity log | 10198-10199 |
| | | Billing/Business file Not stamped | 14 pgs |
| 9/30/05 | Supplemental | Expert disclosure | |

10/6/05    Discovery responses
Response to Request for Interrogatory No. 3

1.    Technical memorandum to claims personnel in Alaska, December 3, 1984. Bates labeled G101-G117

2.    Technical memorandum to claims personnel regarding Burton v. State Farm, April 9, 1991, bates labeled G118-G119.

3.    Technical memorandum to claims personnel regarding Alaska Senate Bill 104, September 10, 1997, bates label G120.

4.    Technical memorandum to claims personnel regarding HB429, July 24, 1990, bates labeled G121 – G127.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Defendant's Document Log of bates labeled documents
*Charles v. GEICO, et al,* Case No. 4BE-05-55 CI
Page 2

5.    Technical memorandum to claims personnel regarding BH 58, August 21, 1997, bates labeled G128 – G149.

6.    Technical memorandum to claims personnel regarding HB 44, August 31, 1989, bates labeled G150 – G176

7.    Technical memorandum to claims personnel regarding Insurance Bulletin B99-001, February 9, 1999, bates labeled G177.

8.    GEICO also has a 14 chapter claims manual applicable to all jurisdictions.  GEICO claims privilege as to the contents of the claims manual as a commercially privileged document and is unwilling to produce them to claimants in this matter without a confidentiality agreement.  GEICO will provide a copy of the claims manual to the court or a discovery master, if required.

| Date | Type of Discovery | Contents | Bate-stamps |
|------|-------------------|----------|-------------|
| 10/13/05 | Supplemental | Business logs | 10232 – 10244 |
| | | GEICO policy | 10245-10265 |
| | | Duplicate bate stamped | |
| | | Remaining portions of claims Log previously redacted or Withheld – except case assignment To counsel | |

Defendant's Document Log of bates labeled documents
*Charles v. GEICO, et al,* Case No. 4BE-05-55 CI
Page 3