IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES & BERNADETTE CHARLES, )
)
Plaintiff, )
)
vs. )
)
GEICO GENERAL INSURACE COMPANY, )
)
Defendant, )
_____)
)
GEICO CASUALTY COMPANY, )
)
Third Party Plaintiff, )
)
vs. )
)
VALERIE JOE, )
)
Third Party Defendant, ) Case No. 4BE-05-055 CI
)

**REPLY TO OPPOSITION TO MOTION FOR EXPEDITED CONSIDERATION; &
REPLY TO OPPOSITION TO MOTION TO COMPEL**

In GEICO's recent response and supplement, it conceded the following: 1) Depositions have been scheduled of GEICO's agents on November 17 and 18, 2005 in San Diego, California. 2) These depositions have been timely requested, as discovery to take depositions closes on November 26, 2005. 3) The information requested in the motion to compel is relevant to the plaintiffs' lawsuit and to the upcoming depositions. Based upon these concessions, alone, the motion for expedited consideration, and the motion to compel and for sanctions must be granted.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

**(Concerning expedited consideration)**

It is apparent GEICO does not want the Court to rule in an expedited manner, as it does not want plaintiffs to possess the information requested <u>before</u> the depositions scheduled for next week. If the Court does not grant the motion in an expedited manner, the plaintiffs will be unable to effectively and fully examine the GEICO agents, and undoubtedly a request will be made, after the depositions occur, to allow a second deposition.

In the interest of efficiency, and based upon the concessions noted below, the Court must rule in an expedited manner.

Only two issues remain for the Court: 1) whether GEICO must produce its claims manual and 2) whether it must provide contact information for those who adjusted the plaintiffs' claims. GEICO's opposition to the motion for expedited consideration is based upon GEICO's belief that the Court should summarily dismiss this lawsuit, but such argument does not warrant denying the motion for expedited consideration.

Depositions are scheduled for next week, and the deposition deadline closes soon. Both the motion for expedited consideration and the motion to compel is now fully briefed, and one of the issues (concerning the requests for production 1-5) was resolved just by the filing of the motion. Other than not wanting plaintiffs to be fully informed before the depositions,

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

REPLY TO OPPOSITION FOR EXPEDITED CONSIDERATION AND MOTION TO COMPEL   Pg.2
4BE-05-55 Civil

there is no good reason given why the Court should deny expedited consideration on the two remaining issues set forth below.

**(GEICO conceded it had no justification in withholding answers to Requests for Production 1-5, but sanctions must still be awarded)**

GEICO does not dispute that it did not file an answer to requests for production 1-5, and it only did so on November 8, 2005, and only after the motion to compel was filed. Such concession is appreciated, but too late. As noted in exhibit 4, GEICO failed to respond to plaintiffs' written request to produce such documents on November 1, 2005, and GEICO instead forced plaintiffs to file a motion to compel such answers. Such answers were not only required by Civil Rule 34, but are necessary in order to verify that GEICO possesses no other documents responsive to such requests.

Only through the motion to compel did GEICO respond, and only through the motion did GEICO now concede that it has been withholding tape recordings. [See GEICO's Reply to Opposition For Protective Order, Pg.2]

Although GEICO finally answered requests 1-5, its failure to do so before the motion to compel and in response to the letter set forth in exhibit 4, warrants sanctions.

COOKE, ROOSA
: VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

REPLY TO OPPOSITION FOR EXPEDITED CONSIDERATION AND MOTION TO COMPEL
4BE-05-55 Civil

Pg. 3

**(The 14-Chapter Claims Manual must be ordered to be produced immediately, before next week)**

GEICO does not dispute that it possesses a 14-chapter claims manual, which is likely to lead to admissible evidence. In fact, in regards to such manual GEICO conceded the following:

> GEICO agrees that production of portions of the claims manual could potentially be relevant to the issues associated with the upcoming depositions of GEICO claims personnel on the issue of GEICO's good faith in declining the Charles' policy limit demand and in making its offers to settle.

[GEICO's Response and Supplement, Pg. 1-2]

GEICO also does not dispute that Alaska Rule of Civil Procedure 26(b)(1), provides that parties may obtain any information that "appears reasonably calculated to lead to the discovery of admissible evidence," and that the Alaska Supreme Court demands that discovery be made available liberally to satisfy the purpose behind such rule. <u>Van Alen v. Anchorage Ski Club, Inc.</u>, 536 P.2d 784, 787 (Alaska 1975).

GEICO continues to provide no good argument to withhold such document, but supplemented its opposition with argument that plaintiffs should be forced to sign an extreme and broad confidentiality agreement, and that the manual should be reviewed *in camera*.

GEICO failed to cite any Alaska law that allows the Court to impose such a confidentiality agreement, and the one attached is too broad and

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
500 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

REPLY TO OPPOSITION FOR EXPEDITED CONSIDERATION AND MOTION TO COMPEL    Pg. 4
4BE-05-55 Civil

unfairly prejudices plaintiffs. GEICO's proposed agreement prohibits plaintiffs from sharing such information with consulting lawyers and its experts. At paragraph 1, the agreement specifically prohibits that the manual "may not be distributed, disseminated, published, or communicated by plaintiff, her counsel, experts, consultants, or anyone acting on behalf of any such persons."

GEICO's proposed agreement also prohibits the information from being disseminated at trial and in open court, and burdens the Court with accepting the information only "under seal". [Paragraph 2]. It also requires that the material be returned to GEICO [paragraph 3], and that GEICO has the ultimate and final authority as to what it deems as "confidential" without any review or appeal rights by the plaintiffs. Such broad requirements would prohibit plaintiffs from sharing information with other consulting lawyers or experts, retaining experts and thus proving claims, which GEICO wants summarily dismissed.

Finally, GEICO requests that the Court review the manual *in camera*, and produce only portions of it. GEICO offered no legal basis for such a review, and the Court, with due respect, does not have the expertise to interpret and determine the relevance of such records in this litigation. An *in camera* review may be appropriate when a court is reviewing information concerning privileges [A court may order that documents be submitted to it for an *in camera* inspection in order to evaluate a claim of privilege, so that

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

REPLY TO OPPOSITION FOR EXPEDITED CONSIDERATION AND MOTION TO COMPEL   Pg. 5
4BE-05-55 Civil

it may redact privileged information from otherwise discoverable documents. Burlington Industries v. Exxon Corp., 65 F.R.D. 26, 32 [D. Md. 1974).]. But in this case, GEICO does not claim privilege as to the document; it simply wants to keep plaintiffs from using it to pursue their claims.

With due respect, the Court does not know how such records would be relevant, how they may be used to contradict or impeach witnesses to be deposed next week, or how such records would or would not relate to initial disclosures or other discovery, which the Court has never seen. It is plaintiffs' experts who need to review the manual, and help interpret, evaluate and determine the relevance of such document to the jury. The documents should be reviewed by skilled professionals with the training needed to read and interpret such records, not by the Court.

To give this task to the Court would also be an improper use of limited judicial resources. For all these reasons, the Court should order the manual to be produced to plaintiffs immediately, before November 14, 2005.

**(In regards to contact information for GEICO's agents/employees)**

GEICO continues to refuse to provide contact information (addresses and phone numbers) for those who adjusted the plaintiffs' claims. GEICO hopes to preclude being forced to produce such information, with the broad claim that all of its employees (no matter in what position or whether they still work for GEICO), "are represented by Call, Hanson and Kell." [Reply to Opposition, Pg. 7]. Such argument of representation is very much

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
THEL, ALASKA 99559
(907) 543-2744

REPLY TO OPPOSITION FOR EXPEDITED CONSIDERATION AND MOTION TO COMPEL    Pg. 6
4BE-05-55 Civil

in error, and GEICO's and its counsel's obstructionist attempts to keep these agents from talking to the undersigned violates the rules of professional conduct.

In order to allow for a free exchange of information, the Alaska Rules of Professional Conduct prohibit a lawyer from advising a witness not to talk to opposing counsel. For instance, Rule 3.4(f) states that a "lawyer shall not request that a person other than a client refrain from voluntarily giving relevant information."

Concerning the privilege rule, Evidence Rule 503. 503(a)(2) states as follows:

> A representative of the client is one having authority to obtain professional legal services and to act on advice rendered pursuant thereto, on behalf of the client.

503(b) provides, in pertinent part, as follows:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client ...

**(Concerning <u>former</u> GEICO employees, even those in the control group, cannot claim privilege)**

Concerning former employees, the law is clear that GEICO cannot prohibit former employees from talking to plaintiffs by claiming they are privileged. The Alaska Bar Association's Opinion 88-3 is directly on point:

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
THEL, ALASKA 99559
(907) 543-2744

REPLY TO OPPOSITION FOR EXPEDITED CONSIDERATION AND MOTION TO COMPEL          Pg. 7
4BE-05-55 Civil

> An attorney representing an opposing party in a lawsuit against a corporation may contact former employees of the corporation, including former members of the corporation control group ...

Opinion 91-1 specifically stated:

> The opinion of the Committee, as expressed in Opinion No. 88-3, is hereby reaffirmed.

[See Order, attached hereto].

**(Concerning current employees of GEICO, only those in the "control group" are privileged)**

As the Commentary to Rule 503 makes clear, subsection (a)(2) adopts the "control group" test set out in City of Philadelphia v. Westinghouse Electric Corp., 210 F.Supp. 483, 485 (E.D. Pa. 1962) and rejects the more liberal rule set out in Harper & Row Publishers, Inc. v. Decker, 423 F.2d 487, 491-92 (7th Cir. 1970), aff'd by an equally divided court per curiam, 400 US 348, 27 L. Ed. 2d 433 (1971).

ABA Ethics Opinion 94-1 holds that only officers and employees who can bind the corporation are in the control group. The opinion states:

> In the context of private corporations, officers have uniformly been thought of as representing the entity in the controversy. Thus, for example, in ABA Formal Opinion 1410 (1978), it was held that <u>officers</u> and employees of a corporation should be considered parties, for purposes of DR 7-104(A)(1), if those officers and employees could commit the corporation by virtue of their authority. See, Illinois State Bar Association Committee on Professional Responsibility, Op. 85-12 (April 4, 1986) (includes top management persons with the responsibility of making final decisions); South Carolina Bar Ethics Advisory Committee, Op. 86-10 (June 16, 1986) (board

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
909 THIRD AVENUE
P.O. BOX 409
THEL, ALASKA 99559
(907) 543-2744

REPLY TO OPPOSITION FOR EXPEDITED CONSIDERATION AND MOTION TO COMPEL   Pg. 8
4BE-05-55 Civil

members of homeowners association are encompassed by term "parties" in a dispute with the association).

See ABA Ethics Opinion 94-1

In <u>City of Philadelphia v. Westinghouse Electric Corp.</u>, supra, the court stated as follows:

> Keeping in mind that the question is, Is it the corporation which is seeking the lawyer's advice when the asserted privileged communication is made, the most satisfactory solution, I think, is that if the employee making the communication, of whatever rank he may be, is in a position to control or even to take a substantial part in a decision about any action which the corporation may take upon the advice of the attorney, or if he is an authorized member of a body or group which has that authority, then, in effect, he is (or personifies) the corporation when he makes his disclosure to the lawyer and the privilege would apply. In all other cases the employee would be merely giving information to the lawyer to enable the latter to advise those in the corporation having the authority to act or refrain from acting on the advice.

210 F.Supp. at 485. The court went on to make it clear that it is the employee's actual authority, not apparent authority, that is critical to rendering the communication privileged, and that the "action which the corporation may take upon the advice of the attorney" that is relevant is action in connection with the claim against it, not action in connection with the facts underlying the claim. 210 F.Supp. at 485-86.

The more relaxed approach to attorney-client privilege exemplified by <u>Harper & Row Publishers, Inc.</u> would extend the privilege to any

communication made by an employee to the attorney "at the direction of his corporate employer and on its behalf...." 423 F.2d at 491. Whether or not that approach would render the privilege applicable here is irrelevant, since as noted above, the Evidence Rule Commentary makes it explicitly clear that the Harper & Row approach was rejected in Alaska in favor of the "control group" test set out in City of Philadelphia v. Westinghouse Electric Corp. This point is made further clear in the Commentary as follows:

> If, for example, A runs a taxi service as a sole proprietorship with several employees, and one employee driver is involved in an accident for which A is sued, the employee's statements to A's attorney are not within the attorney-client privilege, even though A may order his employee to talk with the lawyer. If A incorporates, the ruling should not change. It should be sufficient that A and other corporate officers having the capacity to seek legal advice and to act on it can claim the benefits of the privilege for private communications with council. A more permissive privilege would result in suppression of information conveyed to attorneys by employees who are more likely witnesses than clients and who have no personal desire for confidentiality.

In private corporations like GEICO, ABA ethics opinion 94-1 establishes that only the officers of the corporation have been considered as the party representing the entity in a case.

GEICO has failed to make any showing in this case as to what employees have "the capacity to seek legal advice and to act on it" and the broad assertion of privilege of all employees is therefore unavailing.

REPLY TO OPPOSITION FOR EXPEDITED CONSIDERATION AND MOTION TO COMPEL
4BE-05-55 Civil

Pg. 10

The defendant's counsel, by asserting a privilege over all employees, is simply attempting to preclude efficient and inexpensive exchange of information through informal discovery.

GEICO must be compelled to provide contact information for all former employees who are recited in the claim log, and contact information for those current employees who are not in top managerial positions.

**(Conclusion)**

For all these additional reasons, the motion to compel must be granted, GEICO ordered to produce the claims manual and contact information before Monday, November 14, 2005; and costs and fee sanctions awarded, pursuant to Rule 37(c).

DATED this 10 day of November 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiffs

Jim Valcarce
Bar No. 9505011

# ALASKA BAR ASSOCIATION
WWW.ALASKABAR.ORG



**Quick Links**
Address & Contact Info
Bar Foundation/IOLTA
Bar Staff
Board of Governors
Calendar
E-News Archives
Employment
FAQs
Feedback
Local Bar Associations
Member Directory

**Database:**
Unreported
Court Opinions

Search

**Table Of Contents**
**Text-Only Site**



### Ethics Opinion No. 91-1
### Communication with Former Employees of Corporation Represented by Counsel
### (Reconsideration of 88-3).

The Committee has been asked to re-evaluate Opinion No. 88-3 regarding communications with former employees of a corporation represented by counsel. The Committee expressed the view in that opinion that "an attorney representing an opposing party in a lawsuit against a corporation may contact former employees of the corporation, including former members of the corporation's control group, who dealt with the subject matter of the litigation without permission of corporate counsel." The opinion was qualified to the extent that counsel could not contact the former employee if that person was individually represented with regard to the pending matter, and further, the questioning attorney could not inquire into privileged attorney-client communications with the former employee. Otherwise, the attorney was free to "communicate with a former employee of an adverse party if the former employee is not represented by counsel."

The opinion of the Committee, as expressed in Opinion No. 88-3, is hereby reaffirmed. Nevertheless, because there are some isolated court opinions supporting a contrary conclusion, the Committee believes it appropriate to discuss the rationale behind its opinion and underlying rule, and distinguish its conclusion from that reached by others considering the issue.

DR 7-104(A)(1) prohibits a lawyer from communicating on the subject of his representation with "a party" he knows to be represented by another attorney, without that attorney's consent, or unless authorized by law. The purpose of that rule is to prevent lawyers from deliberately dodging adversary counsel to reach – and exploit –that party, thereby obviating the effectiveness of retained counsel. By doing so, the rule minimizes the likelihood that clients will make improvident settlements, ill-advised disclosures and unwarranted concessions against which counsel would advise. *Niesig v. Team I*, 559 N.Y.S.2d 493 (1990).

The issue is whether former employees of a corporate party are also to be considered as "parties" under this rule. Since corporate parties act only through natural persons, it is obvious that some of the current employees must be classified as parties, or the corporation would be deprived of any protection under the rule. Consistent with that reasoning, certain categories of employees, whether described as the "control group," or those employees whose acts or omissions are binding on the corporation, are considered to be "parties" to litigation involving the corporation.

Frequently confusion occurs in the application of DR 7-104(A)(1) because the attorney-client privilege is injected into the analysis. This tends to expand the application of the prohibition because the confidential nature of a communication is not lost by termination of the representation or resolution of the matter for which representation was sought. Rather, the privilege continues and the confidence may not be breached without consent of the client unless otherwise required by law. But the privilege *does not immunize the underlying factual information*, it only protects the communication between the attorney and client. Opinion No. 88-3 recognizes the continuing nature of that privilege.

Once it is recognized that the attorney-client privilege does not require extension of the "party" definition to include former employees, the question is whether the rationale for the attorney-client privilege would otherwise present a basis for extending the prohibition of DR 7-104(A)(1) to former employees. The Committee does not find any compelling reason for that extension.

That is not to say that a former employee could not provide information that would be damaging to the corporation. Such information would be prejudicial, however, whether it is disclosed informally or only after more expensive and perhaps formal procedures are utilized by the party seeking such information. We do not believe that artificial barriers to the informal development of such information would promote any policy or objective that would outweigh the expeditious and less expensive resolution of disputes that may result from use of the informal discovery. Because the corporation has unique access to the information available from its documents and employees, and the best opportunity to gather information from its employees, the Committee does not believe any burden is imposed on corporate parties by its interpretation of the rule.

The Committee is aware of cases which interpret Rule 4.2 of the Model Rules of Professional Conduct to prohibit ex parte contacts with former managerial employees of an organization. *See Sperber v Washington Heights-West Harlem-Inwood Mental Health Council, Inc.*, No. 82 CIV 7428 (S.D.N.Y. Nov. 21, 1983) (vacated and withdrawn); *Amarin Plastics, Inc. v. Maryland Cup Corp.*, 116 F.R.D. 36 (D. Mass. 1987). *See also* Miller & Calfo, "Ex Parte Contact with Employees and Former Employees of a Corporate Adversary: Is It Ethical?" 42 Bus. Law. 1053 (August 1987); Comment, "Ex Parte Communications with Corporate Parties: The Scope of the Limitations on Attorney Communications with One of Adverse Interest" 82 Nw. U. L. Rev. 1274.

Rule 4.2 (endnote 1) is the counterpart to DR 7-104 (A)(1). The Comment to the Rule states, *Inter alia*, the following language:

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, *and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability* or whose statement may constitute an admission on the part of the organization.

(Emphasis added.)

In *Sperber, supra,* the court interpreted the language in the comment to include former employees:

> The phrase preceding the second category of the Comment, "any other person," is plainly broad enough to cover certain former employees, and there is nothing explicitly limiting the Comment's application to current employees. Also, in this case [the former employees] were the individuals who made and carried out the decision to discharge Sperber. It is their actions and motives as officers of the organization at the time which are the subject of plaintiff's claims of discrimination and which plaintiff will seek to impute to the defendant organization in order to hold it civilly liable to plaintiff. It would appear, therefore, that the conversations with [the former employees] fall into the protection of Rule 4.2 (as interpreted by the second paragraph of the Comment).

A majority of the Committee does not agree with the reasoning of the *Sperber* court, and it should be noted that the opinion has been vacated and withdrawn, though for reasons which may be unrelated to the court's analysis of this policy objectives of the rule are not advanced by preventing an attorney from discussing *factual* issues with a former employee even if those facts may impute liability to the organization. Presumably those facts will not vary depending on whether the organization's counsel does or does not consent to the interview. There is no indication that DR 7-104(A)(1) was intended to protect organizations from the efficient and unimpaired development of facts relating to the matter in dispute, and the Committee declines to stretch the rule's premise in order to reach that result.

Approved by the Alaska Bar Association Ethics Committee on January 3, 1991.
Adopted by the Board of Governors on January 18, 1991.

**Endnote #1:**
The Board of Governors for the Alaska Bar Association have approved a version of the Model Rules of Professional Conduct, and they are presently pending before the Alaska Supreme Court for adoption. The version adopted by the Board has retained the language of Rule 4.2, as well as the comment interpreted by the Sperber court.

Copyright 2002 Alaska Bar Association. All Rights Reserved.



**Quick Links**

Address & Contact
Info
Bar
Foundation/IOLTA
Bar Staff
Board of Governors
Calendar
E-News Archives
Employment
FAQs
Feedback
Local Bar
Associations
Member Directory

Database:
Unreported
Court Opinions

Search

Table Of Contents
Text-Only Site



ALASKA BAR ASSOCIATION
Ethics Opinion No. 88-3

RE: Communication with Former Employees of Corporations Represented by Counsel

The committee has been asked whether it is a violation of the disciplinary rules for an attorney to speak with the former employees of a corporate opponent party. The committee is advised that the attorney wishes to question these former employees regarding the subject matter of the pending litigation since the former employees dealt closely with the transaction which gives rise to the existing law suit against their prior corporate employer.

It is the opinion of this committee that an attorney representing an opposing party in a law suit against a corporation may contact former employees of the corporation, including former members of the corporation's control group, who dealt with the subject matter of the litigation without permission of corporate counsel. It should be noted that counsel may still be prohibited from direct communication with a former employee if that person is individually represented with regard to the pending matter. Further, the questioning attorney may not inquire into privileged attorney-client communications. The interrogating attorney may not listen while the former employee tries to reveal privileged communications voluntarily. The existence of any privileged matter among the former employee and the corporate employer's counsel can only be waived by the corporation who possess this privilege.

A lawyer may communicate with a former employee of an adverse party if the former employee is not represented by counsel. If the lawyer must directly communicate with an unrepresented person, the lawyer should not provide advice, though he may suggest that the third party seek a lawyer. See, Committee on Ethics of the Maryland State Bar Assoc., Opinion No. 86-13 (08/30/85), citing: DR7-104(A)(1); EC7-18. An important element of whether the employee is equivalent to a "party," and thereby prohibiting inquiring counsel from questioning without opposing counsel present, is whether the employee has the power to commit the corporate employer. The scope of the rule allows interviews with all employees concerning their knowledge of factual matters outside the scope of their employment and interviews of former employees since they are no longer part of the corporate entity. See, Committee on Professional Ethics of the Assoc. of the Bar of the City of New York, Opinion No. 80-46 (undated), citing: DR1-102(A)(2)(4), 7-104(A)(1), EC7-17, EC7-20, ABA Informal Opinion 1410.

Most authorities have restricted their scope of protection for corporate parties to those managerial or other employees whose actions and statements can bind or be imputed to the corporation. See, Alaska Bar Assoc. Ethics Opinion No. 84-11 (11/09/84), citing: DR7-104(A)(1); Canon 9; ABA Rule 3.4(f) and 4.2. This same reasoning would exclude former employees from the scope of the rule's protection, even if those employees were formerly part of the corporate control group. Direct communication with former "control" employees does not deprive the corporation of legal counsel, since former employees no longer can act or speak on behalf of the corporation. See, Illinois State Bar Assoc. Cmte. on Professional Responsibility, Opinion No. 85-12 (04/04/86). The distinction between a mere bystander witness and a managerial employee who is the later ego of the corporation rest on their authority to commit the organization to a position concerning the scope of their employment. The difference between bystander and non-bystander witnesses does not apply to an organization's former employees. After leaving the organization's employment, a former employee cannot bind the organization under the law. Therefore, an attorney does not violate DR7-104(A)(1) by communication directly with the organization's former employees about the substantive dispute without the prior consent of the organization's counsel. See, Colorado Bar Assoc. Cmte., Opinion No. 69 Rev. (06/20/87).

In summary, direct communication with former control group or managerial employees may result in eliciting information adverse to the corporation. However, this no more deprives the corporation of the benefit of counsel than does direct communication with any potential bystander witness. Former officers or employees have no authority to commit the organization since such prior employees can no longer be the alter ego of the corporation.

Adopted by the Alaska Bar Association Ethics Committee on May 18, 1988.

Approved by the Board of Governors on June 7, 1988.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>GEICO GENERAL INSURACE COMPANY, )<br>)<br>Defendant, )<br>_____ )<br>)<br>GEICO CASUALTY COMPANY, )<br>)<br>Third Party Plaintiff, )<br>vs. )<br>)<br>VALERIE JOE, )<br>)<br>Third Party Defendant, ) | Case No. 4BE-05-055 CI |

### CERTIFICATE OF SERVICE

SHARON RODGERS, certifies that she is an authorized agent of Cooke, Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on the date stated herein she filed the following documents in the above-named court and mailed copies thereof to the person listed below:

Documents: REPLY TO OPPOSITION TO MOTION FOR EXPEDITED CONSIDERATION; & REPLY TO OPPOSITION TO MOTION TO COMPEL

Person(s) Served: Blake H. Call
CALL, HANSON & KELL P.C.
P.O. Box 585
Anchorage, Alaska 99501-2112

*[signature]*

Dated this 10th day of November 2005, at Bethel, Alaska

_____
SHARON RODGERS

## LAW OFFICES OF

## COOKE, ROOSA, & VALCARCE, LLC
A LIMITED LIABILITY COMPANY

ANCHORAGE
CHRISTOPHER R. COOKE
KENNETH S. ROOSA

BETHEL

JIM VALCARCE
HEATHER SIA
CHESTER GILMORE

900 3rd Avenue / P. O. Box 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744
TELEFAX: (907) 543-2746
E-MAIL: info@bushlawyers.com

ANCHORAGE OFFICE
3700 Jewel Lake Road
Anchorage, Alaska 99502
phone: (907) 276-2744
Telefax: (907) 276-2746

# FACSIMILE COVER SHEET

The following document, including cover sheet, contains __17__ pages.

Date: Nov. 10, 05

TO: Blake H. Call                             Fax No.: (907) 258-8865

RE: Jack Charles v GEICO v Valerie Joe

FROM: Jeff

RECEIVED
NOV 11 2005
Call, Hanson & Kell, P.C.

11/10

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMITTAL IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE AND IS INTENDED ONLY FOR THE USE OF THE RECIPIENT NAMED ABOVE. IF THE READER OF THIS INFORMATION IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERY TO THIS INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT THIS IS NOT A WAIVER OF PRIVILEGE AND ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS INFORMATION IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL INFORMATION TO THE SENDER, BY U.S. MAIL, AT THE ABOVE ADDRESS.

Original: Mailed __X__     Not Mailed ___