CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

Plaintiffs,

vs.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

GEICO CASUALTY COMPANY,

Third Party Plaintiff,

vs.

VALERIE JOE,

Third Party Defendant.

Case No. 4BE-05-55 Civil

**RESPONSE TO MOTION TO EXPEDITED CONSIDERATION AND SUPPLEMENTAL OPPOSITION TO MOTION TO COMPEL**

**1. Expedited Consideration**

Defendant, GEICO Insurance Company ("GEICO") hereby files its opposition to the motion to compel production of GEICO's claims manual. Although GEICO agrees that production of portions of the claims manual could potentially be relevant to issues associated with the upcoming



11/10

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

depositions of GEICO claims personnel on the issue of GEICO's good faith in declining the Charles' policy limits demand and in making its offers to settle, GEICO objects to expedited consideration of the motion. Expedited consideration is foisted upon this court and the parties solely because of the decisions of plaintiffs. Notwithstanding that plaintiffs knew that issues of discovery would be likely contested, they (1) opposed moving the trial date and said all issues could be resolved timely; (2) failed to address the logic contained in GEICO's Memorandum in Support of Motion for Summary Judgment; (3) noticed depositions of numerous individuals with only minimal involvement in the claim at a time when they knew that the discovery issues would not be resolved.. This court should decline expedited consideration of production of the claims manual because expedited consideration would be unnecessary if plaintiffs had merely followed a more logical and reasonable course with regard to this litigation.

However, even if the court considers the motion to compel, as will be shown below, it should decline to order production of any portion of the claims manual before ruling on the motion for partial summary judgment on bad faith. If the court declines to grant GEICO's motion, the court should order only limited portions of the claims manual.

**2. This court should decline to order production of the claims manual until after ruling on the motion for summary judgment. This court should also order only the relevant portions of the claims manual be produced.**

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

GEICO believes this court should not rule on the motion to compel until it has ruled on the motion for summary judgment on bad faith. GEICO objects to production of the claims manual without a protective order and objects to production of irrelevant portions of the claims manual and especially those portions that deal with litigation strategy in litigated claims.

GEICO notes that the motion for summary judgment on bad faith remains outstanding. GEICO points out that other courts have addressed very similar issues and ruled, as a matter of law, that a bad faith claim in a case similar to this case has no legal basis and should be dismissed as a matter of law by the trial court. GEICO reminds this court of its original objection to the motion to amend. GEICO continues to believe that the facts, as a matter of law, show that the bad faith claims should be dismissed by this court. If the bad faith claims are dismissed by this court, the depositions noticed by plaintiffs would be irrelevant and unnecessary, saving the parties literally a week of legal time associated with the depositions and associated travel time. Likewise, the production of the claims manual, which claimants now state is necessary before depositions next week, would be unnecessary.

As the court in Bellville v. Farm Bureau Mut. Ins. Co. 702 N.W.2d 468, (Iowa 2005) noted, this court should act quickly as a gatekeeper to

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

prevent a miscarriage of justice and the type of extortionist tactics identified and disfavored in Anderson v. Continental Insurance Co., 271 N.W.2d 368 (Wis. 1978) and quoted with approval by our supreme court in Hillman v. Nationwide Mutual Fire Insurance Co., 855 P.2d 1321 (Alaska 1993):

> **Whether a claim is fairly debatable can generally be decided as a matter of law by the court.** *See* *Thompson*, 559 N.W.2d at 290; *Clark-Peterson Co. v. Indep. Ins. Assocs., Ltd.*, 514 N.W.2d 912, 914 (Iowa 1994); *Wetherbee v. Econ. Fire & Cas. Co.*, 508 N.W.2d 657, 662 (Iowa 1993). **That is because " '[w]here an objectively reasonable basis for denial of a claim *actually exists*, the insurer cannot be held liable for bad faith as a matter of law.' "** ***474** *Gardner v. Hartford Ins. Accident & Indem. Co.*, 659 N.W.2d 198, 206 (Iowa 2003) (quoting *Morgan*, 534 N.W.2d at 97) (emphasis added). As one court has explained, "[c]ourts and juries do not weigh the conflicting evidence that was before the insurer; they decide *whether evidence existed* to justify denial of the claim." *Polasek*, 847 S.W.2d at 285. **Thus, if it is undisputed that evidence existed creating a genuine dispute as to the negligence of an uninsured or underinsured motorist, the comparative fault of the insured, the nature and extent of the insured's injuries, or the value of the insured's damages, a court can almost always decide that the claim was fairly debatable as a matter of law.** *See, e.g.*, *Sampson*, 582 N.W.2d at 152 (holding district court properly decided bad faith claim as a matter of law where nature and extent of insured's injuries were debatable); *Cent. Life Ins. Co.*, 466 N.W.2d at 263 (holding insurer entitled to judgment as a matter of law where there was a good faith dispute on the amount of the insured's damages); *Dirks v. Farm Bureau Mut. Ins. Co.*, 465 N.W.2d 857, 862 (Iowa 1991) (holding insurer entitled to directed verdict on bad faith claim where there was conflicting information as to who was at fault in underlying automobile accident); Barker & Glad Article, 30 Tort & Ins. L.J. at 57 (same). One treatise has explained the standard this way:
> **[A]n insurer is innocent of bad faith as a matter of law ...**

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

> **if the insurer took a position in regard to the claim that reasonable minds could hold. Unless the trial court is prepared to grant a directed verdict to the insured on his claim under the policy and to hold that reasonable minds could not disagree as to the insured's entitlement to proceeds under the policy, it follows that reasonable minds could disagree about the insured's entitlement to policy proceeds. Therefore, the insurer should be entitled to a directed verdict in its favor on the insured's bad faith claim unless the insured is entitled to a directed verdict in his favor on the policy claim.** Stephen S. Ashley, *Bad Faith Actions Liability & Damages* § 5:04, at 5- 17 to 5-18 (2d ed.1997) (also discussing exceptions to this rule, none of which are implicated here) [hereinafter "*Bad Faith Actions* "]; *accord* Reuter, 469 N.W.2d at 254 (noting that existence of submissible jury question on insured's entitlement to policy benefits will generally, though not automatically, establish that the issue is fairly debatable); *see also* *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal.App.4th 335, 108 Cal.Rptr.2d 776, 785, 787 (2001) (stating "as long as *there is no dispute as to the underlying facts,* it is for the court, not a jury, to decide whether the insurer had 'proper cause' [to deny the insured's claim]").

Bellview, 702 N. W. 2d (emphasis added by **bold text**)

All of this expensive discovery that claimant states is so necessary would be avoided by this court ruling that where both drivers stated the other was at fault and the claimants refused to even discuss their injuries – in violation of their duty to cooperate – and the damages appear minimal and undocumented, there is a fairly debatable basis for refusing a policy limits demand as a matter of law. This court should, therefore, deny the motion to compel and rule that, as a matter of law, the claims of the Charles for bad faith fail. With no bad faith, the claims manual is irrelevant.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

If the court declines to rule on the clearly debatable nature of the Charles' underlying UM claim (and therefore the failure of their bad faith claim as a matter of law), this court should allow production of only those portions of the claims manual that are relevant to the evaluation of the Charles' claim prior to filing of suit. The claims manual has one chapter that deals with litigation strategy in third party claims. Counsel for plaintiffs in this case is involved in litigation against GEICO insureds, like the plaintiffs here. However, in those other cases, he represents the plaintiffs who are not GEICO insureds. Production of the "roadmap" of litigation strategy has the chance of providing Mr. Valcarce with an unfair advantage in subsequent litigation. Production of that portion of the claims manual in a case where the claimants failed to respond to numerous requests for information, refused to talk about their injuries and then sued for bad faith with no articulated basis is both bad policy and an abuse of discretion. GEICO may well petition the Alaska Supreme Court if this court fails to hold that as a matter of law there was a debatable basis here and the bad faith claims should be dismissed.

At a minimum, this court should adopt the proposed confidentiality agreement and allow production of those portions of the claims manual that deal with evaluation of damages claims, evaluation of UM/UIM claims, and how to deal with disputed liability cases only. Plaintiffs have shown nothing

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

that would justify production of the claims manual for issues other than those narrow topics. It is the plaintiff's scheduling of depositions when they knew that discovery issues and the motion for summary judgment were outstanding that have created this "emergency." Plaintiffs should not profit from an emergency of their own creation. This court should deny the request for production until such time as the court has ruled on the motion for summary judgment.

A draft confidentiality agreement is attached.

DATED at Anchorage, Alaska, this 10th day of November, 2005.

CALL, HANSON & KELL, P.C.,
Attorneys for defendant GEICO

By: [signature]
Blake H. Call
Alaska Bar No. 8911051

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

**CERTIFICATE OF SERVICE**

I certify that on this the 10th day of ~~October~~ Nov., 2005, a true and correct copy of the foregoing document, and attachments if any, were served upon the following counsel of record by ~~mail~~: fax + mail

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

Michele L. Power, Esq
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

By:______________________

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Memo Protective Order.doc

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

Plaintiffs,

vs.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

GEICO CASUALTY COMPANY,

Third Party Plaintiff,

vs.

VALERIE JOE,

Third Party Defendant.

Case No. 4BE-05-55 Civil

**CONFIDENTIALITY AGREEMENT**

Plaintiffs Jack Charles and Bernadette Charles and defendant GEICO Casualty Company are hereby ordered to sign and abide by the following Confidentiality Agreement pursuant to this Court's Protective Order:

1. Any and all proprietary, confidential or trade secret information or documents produced by defendants in this litigation shall not be shown, disseminated, copied, or in any way communicated to anyone for any

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

purpose whatsoever except for purposes limited to the above-captioned case, and any other case which may in the future become consolidated with it. Protected documents that may be produced to plaintiff's counsel, and the information contained therein, shall be kept confidential from all persons not directly involved in this litigation, and may not be distributed, disseminated, published, or communicated by plaintiff, her counsel, experts, consultants, or anyone acting on behalf of any such persons;

2. The protected documents shall not be used in any other litigation without the written consent of GEICO Insurance Company or upon further order of this court; and all protected documents used or relied upon in pretrial proceedings in this litigation shall be submitted to the court under seal;

3. All copies and all excerpts from any protected documents produced by GEICO in this litigation which are in the possession of the plaintiff, her counsel, their experts, or consultants, or anyone acting on behalf of any such persons, shall be returned to counsel for GEICO Insurance Company when this litigation is concluded and the result is final. Plaintiff, her counsel, their experts and consultants, and/or any other person who has access to any of the information contained in the protected documents shall not, under any circumstances, sell, offer for sale, advertise or publicize the contents of the protected documents or the fact that plaintiff has obtained the protected documents;

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

4. All protected, confidential and/or proprietary information produced by GEICO in this litigation shall be identified with a watermark stamp indicating the litigation in which the document was produced, and stating that such document is governed by a protective order imposing restrictions on the duplication, distribution, publication, and sale of such information; and that any duplication or distribution not in accordance with the restrictions of that order are in violation of a judicial decree;

5. After the termination of this litigation, the provisions of this stipulation shall continue to be binding, except with respect to those portions of the protected documents or information therein that have heretofore become a matter of public record; and

6. That said protective order shall be binding upon plaintiffs, their counsel, experts, employees, agents, legal representatives, and any other people or organizations over which they have control.

7. Nothing in this order applies, nor may it be construed to apply, to documents plaintiffs or their agents have obtained or may obtain in the future from sources outside of this litigation subject to approval by the court after a hearing in the event plaintiff obtains such documents.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

DATED at Anchorage, Alaska, this ____ day of November, 2005.

CALL, HANSON & KELL, P.C.,
Attorneys for defendant GEICO

By:______________________________
Blake H. Call
Alaska Bar No. 8911051

DATED at Bethel, Alaska, this ____ day of November, 2005.

Jim Valcarce,
Attorneys for defendant GEICO

By:______________________________
Jim Valcarce
Alaska Bar No. 9506033

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Memo Protective Order.doc

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

Plaintiffs,

vs.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

GEICO CASUALTY COMPANY,

Third Party Plaintiff,

vs.

VALERIE JOE,

Third Party Defendant.

Case No. 4BE-05-55 Civil

**PROTECTIVE ORDER**

It is hereby ordered that counsel for plaintiff and defendant are hereby directed to sign and abide by the attached confidentiality agreement as to any claims manual documents produced in this case.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Dated at Bethel, Alaska this _____ day of _______________, 2005

______________________________
Honorable Leonard R. Devaney
Superior Court Judge

**CERTIFICATE OF SERVICE**

I certify that on this the 10th day of November, 2005, a true and correct copy of the foregoing document, and attachments if any, were served upon the following counsel of record by ~~mail~~: fax + mail

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

Michele L. Power, Esq
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

By: [signature]

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

Plaintiffs,

vs.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

GEICO CASUALTY COMPANY,

Third Party Plaintiff,

vs.

VALERIE JOE,

Third Party Defendant.

Case No. 4BE-05-55 Civil

**CONFIDENTIALITY AGREEMENT**

Plaintiffs Jack Charles and Bernadette Charles and defendant GEICO Casualty Company are hereby ordered to sign and abide by the following Confidentiality Agreement pursuant to this Court's Protective Order:

1. Any and all proprietary, confidential or trade secret information or documents produced by defendants in this litigation shall not be shown, disseminated, copied, or in any way communicated to anyone for any

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

purpose whatsoever except for purposes limited to the above-captioned case, and any other case which may in the future become consolidated with it. Protected documents that may be produced to plaintiff's counsel, and the information contained therein, shall be kept confidential from all persons not directly involved in this litigation, and may not be distributed, disseminated, published, or communicated by plaintiff, her counsel, experts, consultants, or anyone acting on behalf of any such persons;

2. The protected documents shall not be used in any other litigation without the written consent of GEICO Insurance Company or upon further order of this court; and all protected documents used or relied upon in pretrial proceedings in this litigation shall be submitted to the court under seal;

3. All copies and all excerpts from any protected documents produced by GEICO in this litigation which are in the possession of the plaintiff, her counsel, their experts, or consultants, or anyone acting on behalf of any such persons, shall be returned to counsel for GEICO Insurance Company when this litigation is concluded and the result is final. Plaintiff, her counsel, their experts and consultants, and/or any other person who has access to any of the information contained in the protected documents shall not, under any circumstances, sell, offer for sale, advertise or publicize the contents of the protected documents or the fact that plaintiff has obtained the protected documents;

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

4. All protected, confidential and/or proprietary information produced by GEICO in this litigation shall be identified with a watermark stamp indicating the litigation in which the document was produced, and stating that such document is governed by a protective order imposing restrictions on the duplication, distribution, publication, and sale of such information; and that any duplication or distribution not in accordance with the restrictions of that order are in violation of a judicial decree;

5. After the termination of this litigation, the provisions of this stipulation shall continue to be binding, except with respect to those portions of the protected documents or information therein that have heretofore become a matter of public record; and

6. That said protective order shall be binding upon plaintiffs, their counsel, experts, employees, agents, legal representatives, and any other people or organizations over which they have control.

7. Nothing in this order applies, nor may it be construed to apply, to documents plaintiffs or their agents have obtained or may obtain in the future from sources outside of this litigation subject to approval by the court after a hearing in the event plaintiff obtains such documents.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

DATED at Anchorage, Alaska, this ____ day of November, 2005.

CALL, HANSON & KELL, P.C.,
Attorneys for defendant GEICO

By:______________________________
Blake H. Call
Alaska Bar No. 8911051

DATED at Bethel, Alaska, this ____ day of November, 2005.

Jim Valcarce,
Attorneys for defendant GEICO

By:______________________________
Jim Valcarce
Alaska Bar No. 9506033

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Memo Protective Order.doc

LAW OFFICES OF
**CALL, HANSON & KELL, P.C.**
250 H Street
Anchorage, Alaska 99501-2112
Telephone: (907) 258-8864

# FACSIMILE TRANSMITTAL

WARNING:

The information contained in this telefax is intended for the named recipient only, and may be privileged or confidential. If the reader of this telefax is not the named recipient, they are hereby notified that they are prohibited from distributing, disseminating, or photocopying this telefax without the express consent of the named recipient or the named sender.

Date: November 10, 2005
Our File No. 1101.027

| FROM: | TO: |
|---|---|
| Name: Blake H. Call | Name: Clerk of Court<br>Fax: 1-907-543-4419 |
| Company: Call, Hanson & Kell, P.C. | Name: Jim Valcare<br>Fax: 1-907-543-2746 |
| Phone: (907) 258-8864 | Name: Michele L. Power<br>Fax: 1-907-543-3394 |
| Fax: (907) 258-8865 | In re: Charles v. GEICO<br>Case No. 4BE-05-55 CI |

**Total Number of Pages (including this cover sheet):** ~~19~~ 2

Special Instructions or Additional Message:

**The following documents are being faxed:**

1. **Response to Motion to Expedited Consideration and Supplemental Opposition to Motion to Compel; and**
2. **Protective Order (proposed)**

faxing page 3 to response

TRANSMISSION VERIFICATION REPORT

TIME : 11/10/2005 11:27
NAME : CALL HANSON KELL LAW
FAX : 9072588865
TEL : 9072588864

| | |
|---|---|
| DATE,TIME | 11/10 11:26 |
| FAX NO./NAME | 19075434419110102 7 |
| DURATION | 00:00:40 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

Court

TRANSMISSION VERIFICATION REPORT

TIME : 11/10/2005 11:11
NAME : CALL HANSON KELL LAW
FAX : 9072588865
TEL : 9072588864

| | |
|---|---|
| DATE,TIME | 11/10 11:07 |
| FAX NO./NAME | 190754344191101027 |
| DURATION | 00:04:38 |
| PAGE(S) | 18 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

18

missing page 3

Valcarce

TRANSMISSION VERIFICATION REPORT

TIME : 11/10/2005 11:25
NAME : CALL HANSON KELL LAW
FAX : 9072588865
TEL : 9072588864

| | |
|---|---|
| DATE,TIME | 11/10 11:18 |
| FAX NO./NAME | 190754327461101027 |
| DURATION | 00:06:49 |
| PAGE(S) | 19 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

Valcarce

TRANSMISSION VERIFICATION REPORT

TIME : 11/10/2005 11:17
NAME : CALL HANSON KELL LAW
FAX : 9072588865
TEL : 9072588864

| | |
|---|---|
| DATE,TIME | 11/10 11:12 |
| FAX NO./NAME | 1907543274611O1027 |
| DURATION | 00:04:46 |
| PAGE(S) | 11 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

TRANSMISSION VERIFICATION REPORT

TIME : 11/10/2005 11:34
NAME : CALL HANSON KELL LAW
FAX : 9072588865
TEL : 9072588864

| | |
|---|---|
| DATE,TIME | 11/10 11:28 |
| FAX NO./NAME | 190754333941101027 |
| DURATION | 00:05:27 |
| PAGE(S) | 19 |
| RESULT | OK |
| MODE | STANDARD |

LAW OFFICES OF

**CALL, HANSON & KELL, P.C.**

250 H Street
Anchorage, Alaska 99501-2112
Telephone: (907) 258-8864

# FACSIMILE TRANSMITTAL

WARNING:

The information contained in this telefax is intended for the named recipient only, and may be privileged or confidential. If the reader of this telefax is not the named recipient, they are hereby notified that they are prohibited from distributing, disseminating, or photocopying this telefax without the express consent of the named recipient or the named sender.

Date: November 10, 2005
Our File No. 1101.027

| FROM: | TO: |
|---|---|
| Name: Blake H. Call<br>Company: Call, Hanson & Kell, P.C.<br>Phone: (907) 258-8864<br>Fax: (907) 258-8865 | Name: Clerk of Court<br>Fax: 1-907-543-4419<br>Name: Jim Valcare<br>Fax: 1-907-543-2746<br>Name: Michele L. Power<br>Fax: 1-907-543-3394<br>In re: Charles v. GEICO<br>Case No. 4BE-05-55 CI |

**Total Number of Pages (including this cover sheet):** 19

Special Instructions or Additional Message:

**The following documents are being faxed:**

1. Response to Motion to Expedited Consideration and Supplemental Opposition to Motion to Compel; and
2. Protective Order (proposed)