IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

       Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.

GEICO CASUALTY COMPANY,

       Third Party Plaintiff,

vs.

VALERIE JOE,

       Third Party Defendant.

Case No. 4BE-05-55 Civil

## OPPOSITION TO MOTION FOR RECONSIDERATION

Plaintiffs argue that the *Hymes*[1] decision requires reconsideration of the Court's grant of summary judgment to GEICO. The *Hymes* decision sets out three requirements for a Rule 56(f) continuance: the party (1) must unambiguously request relief on those grounds, (2) must not have been

---

[1] 119 P.3d 963 (Alaska 2005)

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Opposition to Rule 56(f) extension of time
Page 1

dilatory during discovery, and (3) must provide adequate reasons explaining why the party cannot produce **fact**s necessary to oppose summary judgment.[2] Plaintiffs have failed to meet these requirements and this court should deny the request for reconsideration.

**The request for a continuance was ambiguous and legally deficient**

Plaintiffs never alleged that they could not respond to the Motion for Summary Judgment without further discovery in their off-hand suggestion that a continuance was needed. In fact, they offered a 14-page opposition. In their Opposition, plaintiffs set out ten-pages of "undisputed facts" concerning the history of the claim. Plaintiffs argued that all reasonable inferences drawn from these undisputed facts should lead the court to conclude that GEICO acted in bad faith or; alternatively, that "reasonableness" as a matter of law, is a question of fact for the jury. Then *as an alternative relief,* and "in the event the motion is not denied" they requested a Rule 56(f) extension of time to take depositions that would "help plaintiffs' experts to issue opinions." (See Opposition p. 14). "These experts will issue expert opinions that will assist the Court and jury as to GEICO liability for compensatory and punitive damages." (Id.) Plaintiffs never identified by name, title or otherwise, any of the proposed experts. Likewise they failed to identify the nature of the undisclosed opinions or what fact were necessary to oppose the strait forward motion for summary judgment.

---

[2] Id. at 965.

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Opposition to Rule 56(f) extension of time
Page 2

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Their request for further discovery could hardly be more speculative or ambiguous or less in compliance with Rule 56(f).

### Inadequate reasons why they cannot produce facts

Rule 56(f) permits a court to order a continuance if a party cannot present, for reasons stated in an affidavit, *facts* essential to justify the party's opposition. In this case, the only relevant question is whether GEICO had a reasonable basis for denying policy limits on the uninsured bodily injury claims. *Hillman v. Nationwide Mutual Fire Insurance Company*, 844 P.2d 1321 (Alaska 1993). The plaintiffs have the burden of proving GEICO had no reasonable basis for denying their damage for policy limits in a case with disputed liability and questionable damages.

The focus on the question of a reasonable basis to fail to accept the policy limits demand must be on the value of plaintiffs' claims and the information in GEICO's possession. All *facts* known to GEICO have been disclosed, including all *facts* the plaintiffs were willing to give prior to GEICO's rejection of their policy limits demand. It is plaintiffs who refused to discuss their injuries and instead demanded $100,000 for a minor fender bender with disputed liability. The only undisclosed *facts* are therefore facts within the sole possession and control of the plaintiffs.

Significantly, neither plaintiffs nor their counsel, nor any of the undisclosed experts, offered any affidavit of facts contradicting GEICO's

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

recitation of the facts. Neither plaintiff explained why they believe their damages exceeded the offers made by GEICO. Even if they had provided an affidavit explaining why they disagreed with GEICO's evaluation, this *opinion* would not add anything to the gatekeeper function this court must undertake to rule on the strait forward motion for summary judgment. Neither plaintiff offered any facts to suggest that liability and the extent of damages were not debatable.

Plaintiffs have never identified *what facts* they hope to elicit from GEICO that would establish the undisputable value of their claims or the issue of liability. Even if one assumes that GEICO reached a conclusion as to liability for purposes of negotiations, such an opinion is irrelevant in the standard case and adds nothing to the question of the debatable nature of the dispute here. Instead, their counsel merely speculates that, given unlimited, harassing and burdensome discovery into GEICO's policies, procedures, and mental impressions he *might* be able to elicit an undisclosed opinion from an undisclosed expert. They could have but did not offer an affidavit from their expert that set out *what specific facts* the expert needed to form his or her opinion.

Case law can be no clearer – there was a debate here as to damages and liability and bad faith cannot lie as a cause of action against GEICO merely because they disagreed with Mr. Valcarce. This court was correct in granting the motion for summary judgment and plaintiff has raised nothing

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Opposition to Rule 56(f) extension of time
Page 4

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

other than a specious claim that this court is biased to show what *facts* would be necessary to oppose the strait forward legal argument that summary judgment is appropriated here.

GEICO incorporates its original argument opposing the request for an extension of time. The gist of the summary judgment argument was that as a matter of law there was no bad faith as to whether GEICO offered coverage in excess of $50,000/$100,000 and whether GEICO had a reasonable basis for denying plaintiffs' demands for policy limits. GEICO offered undisputable evidence that it complied with AS 21.89.020 (c) as a matter of law; and, offered evidence that plaintiffs' claims were fairly debatable as a matter of law.

In *Mount Juneau Enterprises, Inc. v. City and Borough of Juneau*, 923 P.2d 768 (Alaska 1996), the court was justified in granting summary judgment where it did not believe that a genuine issue of material fact would emerge from further discovery. In *Sopko v. Dowell Schlumberger, Inc.* 21 P.3d 1265, 1272 (Alaska 2001), the court held that it was not an abuse of discretion (the test in overturning a denial of a request for a continuance) for the court to deny a request for a continuance where the moving party had produced all documentary evidence that was relevant to the issue involved in the summary judgment motion.

In this case, no amount of discovery from GEICO will produce a genuine issue of material fact as to GEICO's offer of higher coverage or the

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Opposition to Rule 56(f) extension of time
Page 5

whether plaintiffs' claims were not debatable. Plaintiff has merely expressed a desire to engage in the type of discovery that numerous courts have warned of as inappropriate extortionistic tactics that should not be allowed. *See* Cases cited in Motion for Summary Judgment and in the Motion for Protective Order, such as, *Anderson v. Continental Insurance Co.*, 271 N.W.2d 368 (Wis. 1978). See also *Ace v. Aetna Life Ins. Co.*, 139 F.2d 1241 (9th Cir. 1998). This court should specifically deny the motion to continue, as it implicitly did by granting GEICO's motion.

DATED at Anchorage, Alaska, this 7th day of December, 2005.

CALL, HANSON & KELL, P.C.,
Attorneys for defendant GEICO

By: /s/ Blake H. Call
Blake H. Call
Alaska Bar No. 8900151

**CERTIFICATE OF SERVICE**

I certify that on this the 4th day of ~~November~~ December, 2005, a true and correct copy of the foregoing document, and attachments if any, were served upon the following counsel of record by mail:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Opposition to Rule 56(f) extension of time
Page 6

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Michele L. Power, Esq
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

By: _____

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Memo Protective Order.doc

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

*Charles v. GEICO*
Case No. 4BE-05-55 CI
Opposition to Rule 56(f) extension of time
Page 7