IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

BHC1 SDM
1101.027
RECEIVED
DEC 1 4 2005
Call, Hanson & Kell, P.C.

JACK CHARLES and BERNADETTE CHARLES,

    Plaintiffs,

vs.

GEICO GENERAL INSURANCE COMPANY & VALERIE JOE,

    Defendants

---

GEICO CASUALTY COMPANY,
    Third Party Plaintiff,

vs.

VALERIE JOE,
    Third Party Defendant.

---

Case No. 4BE-05-55 CI

## REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION

GEICO's motion for summary judgment was based upon the following:

1) Argument as to the notations in the electronic print out of the claims file[1].

2) Argument concerning the correspondence between counsel and GEICO[2].

3) Argument concerning a report from GEICO's retained expert, John George[3].

The Court, unfortunately, prohibited plaintiffs from even responding to

---

[1] See Defendant's Memorandum in Support of Motion for Summary Judgment, October 13, 2005, Exhibit E.
[2] See Defendant's Memorandum in Support of Motion for Summary Judgment, October 13, 2005, Exhibits F-R.
[3] See Defendant's Reply to Opposition to Motion for Summary Judgment, November 8, 2005, Exhibit T.

COOKE, ROOSA & VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

12/12

these arguments. At the time the Court granted summary judgment, two motions were pending concerning pertinent and relevant discovery, which GEICO refused to produce prior to filing its motion for summary judgment[4]. Also pending were ten scheduled and noticed depositions of GEICO's claim adjusters, whose notes make up the claims file, so heavily relied upon by GEICO in requesting summary judgment[5]. At the time the Court granted summary judgment, there was an explicit and detailed opposition <u>and</u> a specific request for a Rule 56(f) extension to oppose the motion, until after discovery was completed, and expert reports finalized[6].

GEICO did not file any opposition to the Rule 56(f) extension, but instead replied by filing an expert report, before the Court's deadline[7]. Plaintiffs requested the opportunity to rebut such report; to conduct discovery; and to obtain rulings from the Court on numerous documents, which GEICO conceded would be relevant to the claims[8]. GEICO does not accurately recite the affidavit supporting such Rule 56(f) request, which stated:

> Approximately two months ago, on August 30, 2005, the undersigned filed a notice to call experts in the above matter. As set forth in the notice, plaintiffs expect to call numerous witnesses to further detail GEICO's negligence and liability for punitive damages. Experts are

---

[4] See Plaintiff's Cross Motion Concerning Protective Order, October 31, 2005; and Plaintiff's Motion to Compel, November 7, 2005.
[5] See Exhibit 21, attached to plaintiff's Opposition and Request for Rule 56(f) extension, Oct. 31, 2005.
[6] See Exhibit 20, attached to plaintiff's Opposition and Request for Rule 56(f) extension, Oct. 31, 2005.
[7] See Defendant's Reply to Opposition to Motion for Summary Judgment, November 8, 2005, Exhibit T
[8] Concerning the Claims Manual, GEICO conceded: "GEICO agrees that production of portions of the claims manual could potentially be relevant to the issues associated with the upcoming depositions of GEICO claims personnel on the issue of GEICO's good faith in declining the Charles' policy limit demand and in making its offers to settle. See GEICO's Response and Supplement, Pg. 1-2

COOKE, ROOSA & VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

REPLY RE: RECONSIDERATION, Charles v. GEICO, Case No. 4BE-05-55  Pg. 2

anticipated in the fields of underwriting and claims, insurance standards and benefits, as well as accident reconstruction. These experts will undoubtedly provide significant help to the Court and jury in determining both the nature of GEICO's bad faith and other acts that support liability as alleged, and whether such acts and omissions played in causing Plaintiffs' injuries. Most of these experts cannot even begin to evaluate this case and render opinions, until numerous fact witnesses are deposed, and numerous documents are obtained, which as noted in the cross motion to compel, GEICO has attempted to keep hidden from plaintiffs. GEICO largely supports its motion with references the claim log, Exhibit E, but much of the information provided in the log is summarized, difficult to interpret and cross references numbers and letters that cannot be easily deciphered. The plaintiffs have scheduled numerous depositions in San Diego of several of the adjusters and GEICO agents, on November 17-18. These depositions will undoubtedly also help plaintiffs' experts issue opinions as to GEICO's liability and obligations to pay for punitive damages. Finally, an extension to respond to the motion is necessary, once the Court rules the motion for a protective order and cross motion to compel, as there are numerous documents that GEICO hopes to remain hidden that will undoubtedly assist in determining issues of liability. The discovery needs are set forth in the motion to compel[9].

GEICO argues the request for a Rule 56(f) extension was vague and that no reasons were given for the request, but the affidavit, alone, shows different. GEICO's entire motion was based upon argument and documents from GEICO agents and witnesses, which the plaintiffs were prohibited from contacting except through depositions, which were prematurely halted by the Court[10]. GEICO also

---

[9] See Exhibit 20, attached to plaintiff's Opposition and Request for Rule 56(f) extension, Oct. 31, 2005.
[10] See Plaintiffs Reply to Opposition to Compel, dated November 10, 2005, which addresses GEICO's

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

REPLY RE: RECONSIDERATION, Charles v. GEICO, Case No. 4BE-05-55 Pg. 3

faults plaintiffs for not naming experts, or providing details as to their opinions, but as noted above, these experts could not finish their reports until the Court compelled the discovery requested, and the Court's Civil Pre-Trial Order specifically allowed until January 17, 2006, to produce reports and name experts[10].

GEICO is also in error, in citing Mount Juneau Enterprises as supporting denial of reconsideration[11]. Unlike this case, the Court denied a Rule 56(f) extension because: 1) no affidavit was filed supporting the motion; 2) the Court allowed the party making the motion sixteen months to perform discovery; 3) numerous depositions were taken; and 4) the Court ruled on all the discovery motions and the voluminous documents were disclosed[12]. This case is also very unlike the Sopko[13] case, where a Rule 56(f) extension was based upon outstanding discovery, but unlike GEICO, the opposing party provided all material requested[14].

DATED this ___ day of December, 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

Jim J. Valcarce
ABA 9505011

---

[10] See Court's Civil Pretrial Order, June 3, 2005.
[11] 923 P.2d 768 (Alaska 1996).
[12] Id. at 777.
[13] 21 P.3d 1265, 1272 (Alaska 2001).
[14] Id at 1273.

REPLY RE: RECONSIDERATION, Charles v. GEICO, Case No. 4BE-05-55 Pg. 4

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES & BERNADETTE CHARLES, )
)
Plaintiff, )
vs. )
)
GEICO GENERAL INSURACE COMPANY, )
)
Defendant, )

GEICO CASUALTY COMPANY, )
)
Third Party Plaintiff, )
vs. )
)
VALERIE JOE, )
)
Third Party Defendant, )   Case No. 4BE-05-055 CI

## CERTIFICATE OF SERVICE

SHARON RODGERS, certifies that she is an authorized agent of Cooke, Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on the date stated herein she filed the following documents in the above-named court and mailed copies thereof to the person listed below:

Documents:       REPLY YO OPPOSITION TO MOTION FOR
                 RECONSIDERATION

Person(s) Served:   Blake H. Call
                    CALL, HANSON & KELL P.C.
                    250 H Street
                    Anchorage, Alaska 99501-2112

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Dated this 12TH day of December 2005, at Bethel, Alaska

*Sharon Rodgers*
SHARON RODGERS

Cooke, Roosa
& Valcarce, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Page 2