IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT BETHEL

RECEIVED
DEC 21 2005
Call, Hanson & Kell, P.C.

JACK CHARLES &
BERNADETTE CHARLES,

    Plaintiffs,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

Case No. 4BE-05-55 CI

## ORDER GRANTING PLAINTIFFS' MOTION TO RECONSIDER

### I. Introduction

On November 16, 2005, the court granted summary judgment on all claims of bad faith. Plaintiffs filed a motion to reconsider on November 21, 2005. For the following reasons, the order granting summary judgment is held in abeyance pending the results of Plaintiffs' Rule 56(f) extension.[1] Plaintiffs' request for a Rule 56(f) extension is **GRANTED**.

### II. Discussion

The standard for granting a Rule 56(f) extension is extremely liberal. Both parties have submitted case law discussing the standard; 1) the request must be unambiguous, 2) the requesting party must not have been dilatory in discovery, and 3) the party must give adequate reasons explaining why the party cannot produce facts necessary to oppose

---

[1] Alaska R. Civ. P. 56(f). "**When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discover to be had or may make such other order as is just."

summary judgment.[2] Under *Gamble v. Northshore Partnership*,[3] a requesting party need not even state what specific facts further discovery will produce. Rather, the request will be granted if the party has not been dilatory and has provided adequate reasons why it can not produce facts necessary to survive summary judgment within the original time frame.

Plaintiffs request a Rule 56(f) extension to allow an expert to analyze Geico's unredacted business log of the matter[4] and the depositions of the Geico employees involved in the case. The court finds Plaintiffs were not dilatory in failing to do this prior to their response to the motion for summary judgment because they had only recently received the unredacted log and had yet to depose the employees involved. Plaintiffs argue the expert's analysis of those items will reveal disputed material facts and evidence of bad faith, which they will submit to survive an adverse summary judgment ruling.

### III. Conclusion

Under well established case law concerning Rule 56(f) the court grants Plaintiffs' request. Plaintiffs have until the close of discovery to submit the affidavit of their expert witness and their opposition to the Motion for Summary Judgment. Plaintiffs shall be limited to issues set out in their original request for a 56(f). The expert shall be limited to an analysis of the log produced by Geico and the depositions of the Geico employees who worked on this case. Plaintiffs request for a Rule 56(f) extension is **GRANTED**.

---

[2] *Hymes v. Deramus*, 119 P.3d 963 (Alaska 2005), *Mount Juneau Enterprises, Inc. v. City and Borough of Juneau*, 923 P.2d 768 (Alaska 1996), *Sopko v. Dowell Schlumberger, Inc.* 21 P.3d 1265 (Alaska 2001).
[3] 907 P.2d 477.
[4] The unredacted business log contains many abbreviations, the meanings of which are not immediately apparent. On November 9, 2005, Geico submitted an affidavit of Lon Grothen that explained many, but not all, of the abbreviations contained in the log. As such, Plaintiffs have a valid basis for seeking an expert analysis of the log.

IT IS SO ORDERED.

Dated at Bethel, Alaska this 16th day of Dec., 2005.

_____
Honorable Leonard R. Devaney
Superior Court Judge

I certify that on 12/19/05
copies of this form were sent to: VALCARCE, HANSEN  258-8865
Clerk: MJ                         & AMESTMAN     ALL VIA
                                                FAX (on 12/16/05 @ 4:25PM)

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT BETHEL

RECEIVED
DEC 16 2005
Call, Hanson & Kell, P.C.

JACK CHARLES & )
BERNADETTE CHARLES, )
                    )
     Plaintiffs,    )
                    )
v.                  )   Case No. 4BE-05-55 CI
                    )
GEICO GENERAL INSURANCE )
COMPANY,            )
                    )
     Defendant.     )
_____)

## ORDER GRANTING PLAINTIFFS' MOTION TO RECONSIDER

### I. Introduction

On November 16, 2005, the court granted summary judgment on all claims of bad faith. Plaintiffs filed a motion to reconsider on November 21, 2005. For the following reasons, the order granting summary judgment is held in abeyance pending the results of Plaintiffs' Rule 56(f) extension.[1] Plaintiffs' request for a Rule 56(f) extension is **GRANTED**.

### II. Discussion

The standard for granting a Rule 56(f) extension is extremely liberal. Both parties have submitted case law discussing the standard; 1) the request must be unambiguous, 2) the requesting party must not have been dilatory in discovery, and 3) the party must give adequate reasons explaining why the party cannot produce facts necessary to oppose

---

[1] Alaska R. Civ. P. 56(f). "When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discover to be had or may make such other order as is just."

summary judgment.[2] Under *Gamble v. Northshore Partnership*,[3] a requesting party need not even state what specific facts further discovery will produce. Rather, the request will be granted if the party has not been dilatory and has provided adequate reasons why it can not produce facts necessary to survive summary judgment within the original time frame.

Plaintiffs request a Rule 56(f) extension to allow an expert to analyze Geico's unredacted business log of the matter[4] and the depositions of the Geico employees involved in the case. The court finds Plaintiffs were not dilatory in failing to do this prior to their response to the motion for summary judgment because they had only recently received the unredacted log and had yet to depose the employees involved. Plaintiffs argue the expert's analysis of those items will reveal disputed material facts and evidence of bad faith, which they will submit to survive an adverse summary judgment ruling.

### III. Conclusion

Under well established case law concerning Rule 56(f) the court grants Plaintiffs' request. Plaintiffs have until the close of discovery to submit the affidavit of their expert witness and their opposition to the Motion for Summary Judgment. Plaintiffs shall be limited to issues set out in their original request for a 56(f). The expert shall be limited to an analysis of the log produced by Geico and the depositions of the Geico employees who worked on this case. Plaintiffs request for a Rule 56(f) extension is **GRANTED**.

---

[2] *Hymes v. Deramus*, 119 P.3d 963 (Alaska 2005), *Mount Juneau Enterprises, Inc. v. City and Borough of Juneau*, 923 P.2d 768 (Alaska 1996), *Sopko v. Dowell Schlumberger, Inc.* 21 P.3d 1265 (Alaska 2001).
[3] 907 P.2d 477.
[4] The unredacted business log contains many abbreviations, the meanings of which are not immediately apparent. On November 9, 2005, Geico submitted an affidavit of Lon Grothen that explained many, but not all, of the abbreviations contained in the log. As such, Plaintiffs have a valid basis for seeking an expert analysis of the log.

IT IS SO ORDERED.

Dated at Bethel, Alaska this 16th day of Dec 2005.

Honorable Leonard R. Devaney
Superior Court Judge

I certify that on 12/19/05
copies of this form were sent to: VALCARCE, HANSON     ALL VIA
                                 & ANGSTMAN            FAX
                                 258-8965

Clerk: mj