IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES & )
BERNADETTE CHARLES , )
)
          Plaintiffs, )
)
v. )          Case No. 4BE-05-55 CI
)
GEICO GENERAL INSURANCE )
COMPANY, )
)
          Defendant. )
_____ )

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

### I. Introduction

Defendant (Geico) requested a protective order providing discovery not be had on

Plaintiffs' (Jack and Bernadette Charles) claims of bad faith, conspiracy, fraud and

punitive damages.[1] Alternatively, defendant requested discovery be stayed pending the

resolution of their partial summary judgment motion.[2] In their opposition, Plaintiffs

proposed a discovery conference with the court to limit the scope of their discovery

requests.[3] By separate motion, Plaintiffs requested the court to compel production of

specific materials.[4] For the following reasons, Plaintiffs' motion to compel is

**GRANTED** in part and **DENIED** in part. The request for a discovery conference is

**DENIED.**

---

[1] GEICO'S MOTION FOR PROTECTIVE ORDER, p. 22, Oct. 19, 2005.

[2] The motion was initially granted in Defendant's favor, but has been held in abeyance pending the results of Plaintiffs' request for a Rule 56(f) extension. The extension was granted to allow Plaintiffs' expert to analyze the produced business log and the depositions of the adjusters who worked on the case.

[3] OPPOSITION TO MOTION FOR S.J./RULE 56(f) EXTENSION; OPPOSITION AND CROSS MOTION CONCERNING PROTECTIVE ORDER, Oct. 31, 2005.

[4] MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS, Nov. 8 2005.

II. Discussion

Geico argues Plaintiffs' claims are unduly burdensome, expensive and oppressive and, as such, the court should grant a protective order pursuant to Civil Rule 26(c). Geico argues many of the Plaintiffs' requests are irrelevant.[5] Plaintiffs disagree, arguing that because the documents requested "set the policies and procedures by which Geico adjusts claims" they must not be too expensive to obtain. Plaintiffs' motion to compel focuses on three matters: 1) documents not produced in initial disclosures, 2) the 14 chapter claims manual, and 3) current employee contact information.

*1. Documents not produced in initial disclosures*

Plaintiffs have filed a motion to compel production of documents regarding the Plaintiffs' insurance case file. Geico has submitted a sworn affidavit by claims adjustor Lon Grothen,[6] stating the claims file of the current matter has been fully disclosed.[7] Plaintiffs do not set forth any material suggesting it isn't. The court has reviewed the affidavits submitted by both parties, and finds no evidence suggesting the case file has not been completely disclosed. This finding does not in any way remove Geico's continuing duty to disclose any relevant newly discovered information, should any additional information be found to exist.

---

[5] For example, some requests (19-21) relate to producing information deleted from the claims log. Geico has submitted sworn affidavits stating the produced claims log is complete. Plaintiffs have not disputed any material presented by Geico suggesting any information had been deleted from the log.
[6] AFFIDAVIT OF LON GROTHEN, Nov. 9, 2005.
[7] Geico has produced "the entire pre-suit claims file, claims notification, claims investigation, claims entries, Index Bureau inquiries, claims evaluation, claims reserves, claims authority requests, grants of claims authority, requests for checks, claim management and/or claims review entries, messages, phone messages, memoranda, reports, photos, diaries, diary entries, diary notes, diary reviews, reviews, lists, data, evaluations, Claims IQ entries, coverage information, all documents generated by Rebecca Caldwell, the entire underwriting file, a copy of the policy, policy forms, endorsements and all communication between Jack Charles and the Geico sales representative." REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER, Nov. 9, 2005. Geico has also produced all technical memoranda from Geico to claims personnel in Alaska concerning Alaska claims handling. MOTION FOR PROTECTIVE ORDER, Oct. 19, 2005.

Plaintiffs request sanctions because of Geico's belated disclosure of tape recordings of the Charles's interview, taken October 7, 2004, with counsel present. The court finds the belated disclosure of this recording immaterial because Plaintiffs' counsel was present. Failure to produce this is not a material omission. Plaintiffs' request for sanctions is DENIED.

### 2. The 14 chapter claims manual

Plaintiffs move to compel production of a 14-chapter Claims Manual, which they argue will "specifically show whether the Geico claims adjustors acted reasonably in failing to investigate and resolve the plaintiffs' claims." Geico is willing to produce its Claims Manual *in camera* and, if ordered, produce portions of the manual subject to a confidentiality agreement. Geico claims privilege as to the contents of the manual as a commercially privileged document. Geico argues many chapters of the manual are irrelevant to this matter.

The court orders the parties to meet and discuss the titles of the 14 chapters in the claims manual in order to narrow the scope of the discovery request to the specific chapters in the manual reasonably calculated to lead to admissible evidence. Following this meeting, the court will conduct an *in camera* review of the selected chapters.

### 3. Disclosure of current employee contact information

In Plaintiffs' motion to compel, they argue under Civil Rule 26(a)(1)(B) Geico must produce the name and contact information of each individual Geico employee who worked on the claim.[8] Geico argues the information is privileged, relying on *Upjohn*

---

[8] Geico states all employees who worked on the claim are represented by Call, Hanson and Kell, P.C. (Reply to Opposition to Motion for Protective Order and Opposition to the Motion to Compel, Nov. 9, 2005). As such, Plaintiffs' arguments concerning privilege and former employees are not reached by the court.

*Company v. U.S.*[9] and Alaska Ethics Opinion No. 84-11. *Upjohn* held that middle-level and lower-level employees can, by actions within the scope of their employment, embroil a corporation in serious legal difficulties. Ethics Opinion 84-11 states a lawyer may not communicate with employees who may reasonably be thought of as representing an entity in matters related to the controversy. The ethics rule prohibits communications between a lawyer and any employee whose act or omission may be imputed to the organization for purposes of civil liability or whose statement may constitute an admission on the part of the organization.

Plaintiffs rely on the commentary to Evidence Rule 503 and ABA Ethics Opinion 94-1 to argue only officers and employees who can bind the corporation are in the control group, and only the control group can claim privilege. Plaintiffs' position on privilege is correct. [10] But Plaintiffs appear to seek the contact information of the Geico employees so they can contact the employees independently. Such contact is flatly at odds with the Alaska Rules of Professional Conduct.[11]

The court finds the employees who worked on the claim are low-level employees whose actions could potentially embroil Geico in serious legal difficulties. Thus, Plaintiffs' counsel may not communicate with them directly without Geico's consent. Plaintiffs' motion to compel the production of employee contact information is **DENIED**.

---

[9] 101 S.Ct. 677 (1981).

[10] Geico does not argue internal communications about this matter with their employees are privileged or that Plaintiffs can not be deposed because of privilege. Rather they argue they do not have to disclose the employees' contact information to Plaintiffs because the contact information is not relevant to any matter at issue. Presumably, the utility of such information would be to facilitate Plaintiffs in contacting the employees.

[11] Rule 4.2: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party or person the lawyer knows to be represented by another lawyer in the matter unless he has the consent of the other lawyer or is authorized by law to do so."

## III. Conclusion

The court finds Geico has produced requests 1-5. The court orders Plaintiffs and Defendant to meet and confer about the 14 chapter claims manual by January 20, 2006. The chapters the parties agree are relevant shall be produced for an *in camera* review. Plaintiffs' motion to compel production of employee contact information is **DENIED**.

### IT IS SO ORDERED.

Dated at Bethel, Alaska this 26th day of December, 2005.

Honorable Leonard R. Devaney
Superior Court Judge

I certify that on 12/27/05
copies of this form were sent to: VALCRACE - VIA FAX & CT BOX
HANSON - VIA FAX & USPS MAIL 258-8865
Clerk: __m g__          ANGSTMAN - VIA FAX & CT BOX

ALASKA COURT SYTEM
PO BOX 130
BETHEL AK 99559-0130
907-543-1124
FAX 907-543-3343

# Facsimile transmittal

| To: | **MICHAEL J. HANSON** | Fax: | (907) 258-8865 |
|---|---|---|---|
| From: | MONA JENSEN *m* | Date: | 12/27/2005 |
| Re: | ORDER ON CIVIL CASE | Pages: | 6 INCLUDING COVER SHEET |
| CC: | | | |

☐ Urgent   ☑ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

## TO: MICHAEL J. HANSON
## RE: 4BE-05-55 CI  CHARLES V GEICO

HERE IS AN ORDER ON THIS CASE.
A HARD COPY WILL FOLLOW VIA USPS MAIL.

THANK YOU!

**MONA JENSEN,** mjensen@courts.state.ak.us
**ADMIN ASST FOR JUDGE LEONARD DEVANEY**
**907-543-1124 PHONE       907-543-3343  FAX**



IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &                          )
BERNADETTE CHARLES ,                    )
                                        )
          Plaintiffs,                   )
                                        )
v.                                      )          Case No. 4BE-05-55 CI
                                        )
GEICO GENERAL INSURANCE                 )
COMPANY,                                )
                                        )
          Defendant.                    )
_____)

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

### I. Introduction

Defendant (Geico) requested a protective order providing discovery not be had on

Plaintiffs' (Jack and Bernadette Charles) claims of bad faith, conspiracy, fraud and

punitive damages.[1] Alternatively, defendant requested discovery be stayed pending the

resolution of their partial summary judgment motion.[2] In their opposition, Plaintiffs

proposed a discovery conference with the court to limit the scope of their discovery

requests.[3] By separate motion, Plaintiffs requested the court to compel production of

specific materials.[4] For the following reasons, Plaintiffs' motion to compel is

**GRANTED** in part and **DENIED** in part. The request for a discovery conference is

**DENIED.**

---

[1] GEICO'S MOTION FOR PROTECTIVE ORDER, p. 22, Oct. 19, 2005.
[2] The motion was initially granted in Defendant's favor, but has been held in abeyance pending the results of Plaintiffs' request for a Rule 56(f) extension. The extension was granted to allow Plaintiffs' expert to analyze the produced business log and the depositions of the adjustors who worked on the case.
[3] OPPOSITION TO MOTION FOR S.J./RULE 56(f) EXTENSION; OPPOSITION AND CROSS MOTION CONCERNING PROTECTIVE ORDER, Oct. 31, 2005.
[4] MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS, Nov. 8 2005.

II. Discussion

Geico argues Plaintiffs' claims are unduly burdensome, expensive and oppressive and, as such, the court should grant a protective order pursuant to Civil Rule 26(c). Geico argues many of the Plaintiffs' requests are irrelevant.[5]  Plaintiffs disagree, arguing that because the documents requested "set the policies and procedures by which Geico adjusts claims" they must not be too expensive to obtain. Plaintiffs' motion to compel focuses on three matters: 1) documents not produced in initial disclosures, 2) the 14 chapter claims manual, and 3) current employee contact information.

*1. Documents not produced in initial disclosures*

Plaintiffs have filed a motion to compel production of documents regarding the Plaintiffs' insurance case file. Geico has submitted a sworn affidavit by claims adjustor Lon Grothen,[6] stating the claims file of the current matter has been fully disclosed.[7] Plaintiffs do not set forth any material suggesting it isn't. The court has reviewed the affidavits submitted by both parties, and finds no evidence suggesting the case file has not been completely disclosed. This finding does not in any way remove Geico's continuing duty to disclose any relevant newly discovered information, should any additional information be found to exist.

---

[5] For example, some requests (19-21) relate to producing information deleted from the claims log. Geico has submitted sworn affidavits stating the produced claims log is complete. Plaintiffs have not disputed any material presented by Geico suggesting any information had been deleted from the log.

[6] AFFIDAVIT OF LON GROTHEN, Nov. 9, 2005.

[7] Geico has produced "the entire pre-suit claims file, claims notification, claims investigation, claims entries, Index Bureau inquiries, claims evaluation, claims reserves, claims authority requests, grants of claims authority, requests for checks, claim management and/or claims review entries, messages, phone messages, memoranda, reports, photos, diaries, diary entries, diary notes, diary reviews, reviews, lists, data, evaluations, Claims IQ entries, coverage information, all documents generated by Rebecca Caldwell, the entire underwriting file, a copy of the policy, policy forms, endorsements and all communication between Jack Charles and the Geico sales representative." REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER, Nov. 9, 2005. Geico has also produced all technical memoranda from Geico to claims personnel in Alaska concerning Alaska claims handling. MOTION FOR PROTECTIVE ORDER, Oct. 19, 2005.

Plaintiffs request sanctions because of Geico's belated disclosure of tape recordings of the Charles's interview, taken October 7, 2004, with counsel present. The court finds the belated disclosure of this recording immaterial because Plaintiffs' counsel was present. Failure to produce this is not a material omission. Plaintiffs' request for sanctions is DENIED.

*2. The 14 chapter claims manual*

Plaintiffs move to compel production of a 14-chapter Claims Manual, which they argue will "specifically show whether the Geico claims adjustors acted reasonably in failing to investigate and resolve the plaintiffs' claims." Geico is willing to produce its Claims Manual *in camera* and, if ordered, produce portions of the manual subject to a confidentiality agreement. Geico claims privilege as to the contents of the manual as a commercially privileged document. Geico argues many chapters of the manual are irrelevant to this matter.

The court orders the parties to meet and discuss the titles of the 14 chapters in the claims manual in order to narrow the scope of the discovery request to the specific chapters in the manual reasonably calculated to lead to admissible evidence. Following this meeting, the court will conduct an *in camera* review of the selected chapters.

*3. Disclosure of current employee contact information*

In Plaintiffs' motion to compel, they argue under Civil Rule 26(a)(1)(B) Geico must produce the name and contact information of each individual Geico employee who worked on the claim.[8] Geico argues the information is privileged, relying on *Upjohn*

---

[8] Geico states all employees who worked on the claim are represented by Call, Hanson and Kell, P.C. (Reply to Opposition to Motion for Protective Order and Opposition to the Motion to Compel, Nov. 9, 2005). As such, Plaintiffs' arguments concerning privilege and former employees are not reached by the court.

*Company v. U.S.*[9] and Alaska Ethics Opinion No. 84-11. *Upjohn* held that middle-level and lower-level employees can, by actions within the scope of their employment, embroil a corporation in serious legal difficulties. Ethics Opinion 84-11 states a lawyer may not communicate with employees who may reasonably be thought of as representing an entity in matters related to the controversy. The ethics rule prohibits communications between a lawyer and any employee whose act or omission may be imputed to the organization for purposes of civil liability or whose statement may constitute an admission on the part of the organization.

Plaintiffs rely on the commentary to Evidence Rule 503 and ABA Ethics Opinion 94-1 to argue only officers and employees who can bind the corporation are in the control group, and only the control group can claim privilege. Plaintiffs' position on privilege is correct.[10] But Plaintiffs appear to seek the contact information of the Geico employees so they can contact the employees independently. Such contact is flatly at odds with the Alaska Rules of Professional Conduct.[11]

The court finds the employees who worked on the claim are low-level employees whose actions could potentially embroil Geico in serious legal difficulties. Thus, Plaintiffs' counsel may not communicate with them directly without Geico's consent. Plaintiffs' motion to compel the production of employee contact information is **DENIED**.

---

[9] 101 S.Ct. 677 (1981).

[10] Geico does not argue internal communications about this matter with their employees are privileged or that Plaintiffs can not be deposed because of privilege. Rather they argue they do not have to disclose the employees' contact information to Plaintiffs because the contact information is not relevant to any matter at issue. Presumably, the utility of such information would be to facilitate Plaintiffs in contacting the employees.

[11] Rule 4.2: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party or person the lawyer knows to be represented by another lawyer in the matter unless he has the consent of the other lawyer or is authorized by law to do so."

## III. Conclusion

The court finds Geico has produced requests 1-5. The court orders Plaintiffs and Defendant to meet and confer about the 14 chapter claims manual by January 20, 2006. The chapters the parties agree are relevant shall be produced for an *in camera* review. Plaintiffs' motion to compel production of employee contact information is **DENIED**.

**IT IS SO ORDERED.**

Dated at Bethel, Alaska this 26th day of December, 2005.

Honorable Leonard R. Devaney
Superior Court Judge

I certify that on 12/27/05
copies of this form were sent to: VALCARCE - VIA FAX & CT BOX
                                  HANSON - VIA FAX & USPS MAIL 258-8865
                                  ANGSTMAN - VIA FAX & CT BOX

Clerk: MJ