IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
)
Plaintiffs, )
)
vs. )
)
GEICO GENERAL INSURANCE COMPANY, )
)
Defendant )
_____ )
)
GEICO CASUALTY COMPANY, )
)
Third Party Plaintiff, )
)
vs. )
)
VALERIE JOE, )
)
Third Party Defendant. )
_____ )

RECEIVED

JAN 1 1 2006

Call, Hanson & Kell, P.C.

Case No. 4BE-05-55 CI

## SECOND MOTION FOR RECONSIDERATION AND OBJECTION TO COURT'S IN CAMERA REVIEW RE: ORDER 12/26/05

Plaintiffs move for reconsideration of the Court's Order, dated December 26, 2005, pursuant to Civil Rule 77(k). Concerning the issue of the claims manual, the Court should have relied upon the concessions of the defendant that such claims manual is likely to lead to admissible evidence. Concerning the contact-with-former-employees issue, the Court failed to

Motion/Memo Re: Second Reconsideration Request                Pg. 1
4BE-05-55 Civil



COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

consider or discuss ABA ethics opinions 88-3 and 99-1, which are directly contrary to the Court's ruling. Finally, concerning discovery, other discovery likely exists that will warrant further motions to compel, and thus a discovery conference should be scheduled after the depositions are completed.

**(The Court is not competent to make decisions as to what portions of the claims manual is likely to lead to admissible evidence; it is not an expert in insurance; and does not have all the discovery relevant to the claims)**

On November 7, 2005, the plaintiff moved to compel the 14-chapter claims manual, and requested expedited consideration prior to taking the numerous depositions of GEICO agents[1]. In response to those motions, GEICO conceded: "GEICO agrees that production of portions of the claims manual could potentially be relevant to the issues associated with the upcoming depositions of GEICO claims personnel on the issue of GEICO's good faith ... and in making offers to settle.[2]" Despite such concession, on December 26, 2005, the Court ruled that it would review such manual in camera and then make a decision as to what chapters are likely to lead to admissible evidence. Such ruling is in error, and failed to account for the concessions by GEICO.

The Court does not have the expertise or competency to determine which chapters are likely to lead to admissible evidence. This is especially true

---

[1] See Plaintiff's Motion to Compel and Motion for Expedited Consideration, 11/7/05.
[2] See GEICO's response to Motion to Expedited Consideration and Supplement to Opposition, dated 11/10/2005.
COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Motion/Memo Re: Second Reconsideration Request                Pg. 2
4BE-05-55 Civil

when the Court has not even seen the extensive Rule 26 disclosures and Rule 34 and 33 discovery requests. The Court has no way of knowing how these chapters may be relevant not only to the bad faith and punitive damages claimed, but also to prior answers given in discovery.

The claims manual is GEICO's guide to resolving claims, and there can be no doubt that its production is directly relevant to the issues of whether the standards were met, reasonable claims handling, and the outrageousness/recklessness necessary for punitive damages. Given the broad and liberal standard, and the concessions noted above, the entire claims manual must be produced. Finally, this is especially true, given the fact that Plaintiffs' expert needs to review the entire document to assess liability and issue expert opinions. [Expert affidavit, exhibit 1 attached] Stanley C. Garlington has more than twenty years experience as an insurance expert, and in the attached affidavit he detailed all the reasons that the Claims Manual, and other documents noted below, need to be produced and are likely to lead to admissible evidence. Unlike the Court, he is an expert, and his conclusion is that "the 14 chapter titles from the GEICO CLAIMS MANUAL unequivocally identify certain policies, practices, procedures, and internal controls that are significant and necessary for me to review before I give my opinions, and this information is likely to lead to admissible evidence." [Expert Affidavit, Exhibit 1, attached].

Motion/Memo Re: Second Reconsideration Request       Pg. 3
4BE-05-55 Civil

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Before the Court rules on whether to dismiss the plaintiffs' case, it must allow the plaintiffs to obtain discovery and allows the experts to review information the experts believe are necessary to issue opinions. The Court must release the manual, and compel discovery of other documents as noted below.

**(In regards to GEICO's <u>former</u> employees, the Court failed to discuss or consider ethic opinions contrary to the Court's ruling)**

Concerning the issue of whether GEICO can prohibit the undersigned from contacting current and former employees, the Court prohibited such contact with both, finding in footnote 8, that the opposing counsel represents such employees[3]. Although debatable as to whether such claim would apply to current employees, there is no way such classification can apply to former employees, and the Court's ruling is directly contrary to Ethics Opinions 88-3 and 91-1.

Opposing counsel did not make any representation that it has entered into fee agreements and represents such former employees personally, it only argued that even low-level GEICO agents could bind the corporation, and thus should be contacted through GEICO's counsel[4]. Such argument, and the

---

[3] See Order, Pg. 3.
[4] See GEICO's Reply to Opposition, 11/8/05, Pg. 6-8.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Motion/Memo Re: Second Reconsideration Request            Pg. 4
4BE-05-55 Civil

Court's ruling prohibiting contact, is directly contrary to Alaska Bar Association's Ethics Opinion 88-3, which states:

> It is the Opinion of this committee that an attorney representing an opposing party in a law suit against a corporation may contact former employees of the corporation, including former members of the corporation's control group, who dealt with the litigation without permission of corporate counsel.[5]

The Court must allow contact with former employees, and GEICO must be compelled to produce addresses and contact information.

### (Other relevant discovery likely exists)

In its order, the Court denied a discovery conference, with findings that GEICO has produced all relevant information in its possession. Plaintiffs have not yet had the opportunity to complete depositions and determine what other information exists, <u>but</u> based upon plaintiffs' experts, other information undoubtedly exists which GEICO must be compelled to produce. Mr. Garlington stated:

> Based upon my extensive experience as a claims professional and as an insurance regulator reviewing many insurer's policies, practices, procedures, and internal controls, I believe that, in addition to the information suggested by the chapters in the GEICO CLAIMS MANUAL, there are numerous other printed, electronic, e-mail, videotaped, and other media materials such as adjuster training materials; dissemination of information on statutory and regulatory changes and court decisions; manuals

---

[5] See Alaska Bar Association Ethics Opinion 88-3, as reaffirmed by Alaska Bar Association Ethics Opinion 91-1, both of which were copied for the Court in Plaintiff's Reply to Opposition to Motion to Compel, Nov. 10, 2005.

COOKE, ROOSA & VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Motion/Memo Re: Second Reconsideration Request   Pg. 5
4BE-05-55 Civil

and instructions for the use of various computer programs and data entry protocols; definitions of all computer fields and what data has been programmed for display on various screens; adjuster, supervisor, manager, etc. training materials, claim meeting discussions, and newsletters or other internal communications; that insurer's routinely utilize and that directly pertain to the handling of this claim. I need these materials to complete my analysis.

[Expert Affidavit, Exhibit 1, attached]

For all these reasons, reconsideration must be granted; a proposed order is attached.

DATED this 4 of January 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE

_____
Jim Valcarce
ABA No. 9505011

Motion/Memo Re: Second Reconsideration Request
4BE-05-55 Civil
Pg. 6

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
)
                    Plaintiffs, )
)
vs. )
)
GEICO GENERAL INSURANCE COMPANY, )
)
                    Defendant )
_____)
)
GEICO CASUALTY COMPANY, )
)
                Third Party Plaintiff, )
)
vs. )
)
VALERIE JOE, )
)
                Third Party Defendant. )   Case No. 4BE-05-055 CI

## AFFIDAVIT OF STANLEY C. GARLINGTON

STATE OF ALASKA            )
                                     )ss.
THIRD JUDICIAL DISTRICT  )

        STANLEY C. GARLINGTON, being first duly sworn, deposes and says as follows:

        1.    That I am a consulting expert for the plaintiffs in the above-entitled case and all statements made herein are based upon personal knowledge.

EXHIBIT 1
PAGE 1 OF 4

2. I am an expert in insurance and insurer claim handling. I adjusted insurance claims and supervised claims adjusting for national insurance companies for 18 years, 12 years in California and 6 years in Alaska. I was an insurance regulator for the Alaska Division of Insurance for 11 years where, among other duties, I conducted and supervised as examiner-in-charge market conduct examinations of insurance companies and other licensees and prepared written reports documenting compliance with Alaska laws and regulations and good business practices.

3. I have been reviewing information and have been working on the above matter over several months in an effort to form observations, impressions, and opinions regarding GEICO's good faith conduct towards its policyholders. The information reviewed includes discovery answers, exhibits, and an electronic print-out from computer records provided by GEICO as its electronic claim file.

4. I have been unable to finalize my observations, impressions, and opinions because material information has not been made available. Particularly important are GEICO's claim policies, practices, procedures, and internal controls related to claim handling and claim personnel. For example, in order to comprehensively evaluate the paper and computer records of regarding this claim, I must know the context within which each particular document, action, and computer entry was created and exists. The context is provided by GEICO's policies, practices, procedures, and internal controls related to claim handling and claim personnel. In order to evaluate whether or not GEICO adopts and implements reasonable standards for the prompt investigation of claims, I must know the standards that GEICO has adopted and how GEICO has been

EXHIBIT 1
PAGE 2 OF 4

implementing those standards. Review of an insurer's policies, practices, procedures, and internal controls are a necessary and well recognized requirement for evaluating an insurer's conduct. The National Association of Insurance Commissioners' Market Conduct Examiners Handbook provides standards that include review procedures and criteria that consistently start with "Review company policies, practices and procedures regarding . . ." The 14 chapter titles from the GEICO CLAIMS MANUAL unequivocally identify certain policies, practices, procedures, and internal controls that are significant and necessary for me to review before I give my opinions, and this information is likely to lead to admissible evidence. Based upon my extensive experience as a claims professional and as an insurance regulator reviewing many insurer's policies, practices, procedures, and internal controls, I believe that, in addition to the information suggested by the chapters in the GEICO CLAIMS MANUAL, there are numerous other printed, electronic, e-mail, videotaped, and other media materials such as adjuster training materials; dissemination of information on statutory and regulatory changes and court decisions; manuals and instructions for the use of various computer programs and data entry protocols; definitions of all computer fields and what data has been programmed for display on various screens; adjuster, supervisor, manager, etc. training materials, claim meeting discussions, and newsletters or other internal communications; that insurer's routinely utilize and that directly pertain to the handling of this claim. I need these materials to complete my analysis.

5. I have been unable to finalize my observations, impressions, and opinions because the depositions of the claims handlers and other identified in the electronic print-

EXHIBIT 1 PAGE 3 OF 4

out from computer records provided by GEICO have not been completed. The limited materials produced to date and reviewed by me have raised numerous issues that require clarification and explanation. I need that information to complete my analysis.

    FURTHER AFFIANT SAYETH NOT.

    DATED this ___9___ day of January, 2006, at Anchorage, Alaska.

_____
Stanley C. Garlington

SUBSCRIBED AND SWORN to before me on this __9__ day of January, 2006, at Anchorage, Alaska.



_____
Notary Public in and for Alaska.
My commission expires: 12/14/2008

EXHIBIT __1__
PAGE __4__ OF __4__

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES,
    Plaintiffs,

vs.

GEICO GENERAL INSURANCE COMPANY,
    Defendant
_____

GEICO CASUALTY COMPANY,
    Third Party Plaintiff,

vs.

VALERIE JOE,
    Third Party Defendant.

Case No. 4BE-05-55 CI

## ORDER GRANTING RECONSIDERATION

IT IS HEREBY ORDERED that the plaintiffs' motion for reconsideration is GRANTED, and GEICO shall produce the claims manual, and contact information for all former GEICO agents recited in the claims log, within ten (10) days. After the depositions of the agents are completed, plaintiff shall also file its list of GEICO documents that it believes have not been produced, and discovery conference shall be held.

DATED this _____ day of January 2006, at Bethel, Alaska.

_____
Superior Court Judge

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES & )
BERNADETTE CHARLES, )
 )
        Plaintiffs, )
 )
vs. )
 )
GEICO GENERAL INSURANCE COMPANY, )
 )
        Defendant, )
 )
GEICO CASUALTY COMPANY )
 )
        Third Party Plaintiff, )
vs. )
 )
VALERIE JOE, )
 )
        Third Party Defendant, )

Case No. 4BE-05-55 CI

## CERTIFICATE OF SERVICE

SHARON RODGERS, certifies that she is an authorized agent of Cooke, Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on the date stated herein she filed the following documents in the above-named court and mailed copies thereof to the person listed below:

Documents:    SECOND MOTION FOR RECONSIDERATION AND OBJECTION TO COURT'S IN CAMERA REVIEW RE: ORDER 12/26/05

Person Served:    Susan Mack, Esq.
Call, Hanson & Kell P.C.
250 H Street
Anchorage, Alaska 99501

Cooke, Roosa
& Valcarce, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Dated this 9th day of January 2006, at Bethel, Alaska

*[signature]*
SHARON RODGERS

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

COMPLAINT

Page 2