IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
)
Plaintiffs, )
)
vs. )
)
GEICO GENERAL INSURANCE COMPANY, )
)
Defendant )
_____ )
)
GEICO CASUALTY COMPANY, )
)
Third Party Plaintiff, )
)
vs. )
)
VALERIE JOE, )
)
Third Party Defendant. )
_____ )

RECEIVED
JAN 11 2006
Call, Hanson & Kell, P.C.

Case No. 4BE-05-55 CI

### REQUEST FOR STATUS HEARING TO ADDRESS PRE-TRIAL DEADLINES

COMES NOW, plaintiffs, Jack Charles and Bernadette Charles, by and through Jim J. Valcarce of the firm of Cooke, Roosa, & Valcarce, and hereby requests a status hearing to address pre-trial deadlines, given the Court's Order of December 16, 2005, granting reconsideration.

On December 16, 2005, the Court conceded it erred in dismissing the bad faith claims before ruling upon discovery motions; before depositions were completed; and before expert reports were finalized. The Court's deadline to produce expert reports was January 3, 2006, and discovery closed January 26, 2006. Given the Court's order, the undersigned cannot meet such deadlines,

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

and produce bad faith expert reports or take depositions within such time period.

As noted in prior pleadings, and based upon the affidavit of one of plaintiff's experts, expert reports cannot be finalized until the depositions are taken[1] and depositions cannot be scheduled until the Court rules on whether to release the claims manual. [See Expert affidavit, exhibit 1]. As noted in plaintiffs' second motion for reconsideration, plaintiffs' expert needs lots of additional information that is likely in GEICO's possession, and he is unable to finalize his "observations, impressions, and opinions because the depositions of the claims handlers and other identified in the electronic print-out from computer records provided by GEICO have not been completed." Id.

Such discovery issues remain undecided. But even if the discovery issues were decided immediately, the undersigned's schedule will not allow him to travel back to San Diego a second time to take depositions, before January 26, 2006.

In prior pleadings, GEICO requested that the plaintiffs bifurcate their cause of action against GEICO for bad faith until after the Jury determined the compensatory damages. Since such bad faith claims cannot reasonably be pursued under the current Pre-Trial Order, and the Court has not finalized its rulings on the discovery issues pertinent to such claims of bad faith, a status hearing is requested to address whether: 1) to proceed with trial on damages

---

[1] The undersigned was in San Diego, California on November 17, 2005 to take numerous depositions when the Court's order of dismissal was received, and he requested that the depositions take place as the Court's ruling was likely erroneous, but opposing counsel refused. [See Transcript, exhibit 2, attached].

Request for Status Hearing
Case No. 4BE-05-55 Civil

2

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

and hold in abeyance the bad faith claims until after such jury determination; or

2) issue new pre-trial deadlines.

DATED this ____ day of January 2006, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

_____
Jim Valcarce

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Request for Status Hearing
Case No. 4BE-05-55 Civil

3

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES and BERNADETTE CHARLES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> GEICO GENERAL INSURANCE COMPANY, ) <br> ) <br> Defendant ) <br> _____ ) <br> ) <br> GEICO CASUALTY COMPANY, ) <br> ) <br> Third Party Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VALERIE JOE, ) <br> ) <br> Third Party Defendant. ) | Case No. 4BE-05-055 CI |

### AFFIDAVIT OF STANLEY C. GARLINGTON

STATE OF ALASKA           )
                          )ss.
THIRD JUDICIAL DISTRICT   )

      STANLEY C. GARLINGTON, being first duly sworn, deposes and says as follows:

      1.    That I am a consulting expert for the plaintiffs in the above-entitled case and all statements made herein are based upon personal knowledge.

EXHIBIT 1
PAGE 1 OF 4

2. I am an expert in insurance and insurer claim handling. I adjusted insurance claims and supervised claims adjusting for national insurance companies for 18 years, 12 years in California and 6 years in Alaska. I was an insurance regulator for the Alaska Division of Insurance for 11 years where, among other duties, I conducted and supervised as examiner-in-charge market conduct examinations of insurance companies and other licensees and prepared written reports documenting compliance with Alaska laws and regulations and good business practices.

3. I have been reviewing information and have been working on the above matter over several months in an effort to form observations, impressions, and opinions regarding GEICO's good faith conduct towards its policyholders. The information reviewed includes discovery answers, exhibits, and an electronic print-out from computer records provided by GEICO as its electronic claim file.

4. I have been unable to finalize my observations, impressions, and opinions because material information has not been made available. Particularly important are GEICO's claim policies, practices, procedures, and internal controls related to claim handling and claim personnel. For example, in order to comprehensively evaluate the paper and computer records of regarding this claim, I must know the context within which each particular document, action, and computer entry was created and exists. The context is provided by GEICO's policies, practices, procedures, and internal controls related to claim handling and claim personnel. In order to evaluate whether or not GEICO adopts and implements reasonable standards for the prompt investigation of claims, I must know the standards that GEICO has adopted and how GEICO has been

EXHIBIT 1
PAGE 2 OF 4

implementing those standards. Review of an insurer's policies, practices, procedures, and internal controls are a necessary and well recognized requirement for evaluating an insurer's conduct. The National Association of Insurance Commissioners' Market Conduct Examiners Handbook provides standards that include review procedures and criteria that consistently start with "Review company policies, practices and procedures regarding . . ." The 14 chapter titles from the GEICO CLAIMS MANUAL unequivocally identify certain policies, practices, procedures, and internal controls that are significant and necessary for me to review before I give my opinions, and this information is likely to lead to admissible evidence. Based upon my extensive experience as a claims professional and as an insurance regulator reviewing many insurer's policies, practices, procedures, and internal controls, I believe that, in addition to the information suggested by the chapters in the GEICO CLAIMS MANUAL, there are numerous other printed, electronic, e-mail, videotaped, and other media materials such as adjuster training materials; dissemination of information on statutory and regulatory changes and court decisions; manuals and instructions for the use of various computer programs and data entry protocols; definitions of all computer fields and what data has been programmed for display on various screens; adjuster, supervisor, manager, etc. training materials, claim meeting discussions, and newsletters or other internal communications; that insurer's routinely utilize and that directly pertain to the handling of this claim. I need these materials to complete my analysis.

5. I have been unable to finalize my observations, impressions, and opinions because the depositions of the claims handlers and other identified in the electronic print-

EXHIBIT 1
PAGE 3 OF 4

out from computer records provided by GEICO have not been completed. The limited materials produced to date and reviewed by me have raised numerous issues that require clarification and explanation. I need that information to complete my analysis.

FURTHER AFFIANT SAYETH NOT.

DATED this __9__ day of January, 2006, at Anchorage, Alaska.

_____
Stanley C. Garlington

SUBSCRIBED AND SWORN to before me on this __9__ day of January, 2006, at Anchorage, Alaska.



_____
Notary Public in and for Alaska.
My commission expires: 12/14/2009

EXHIBIT __1__
PAGE __4__ OF __4__

```
 1              IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
 2                    FOURTH JUDICIAL DISTRICT AT BETHEL
 3
     - - - - - - - - - - - - - - - - -
 4                                     )
     JACK CHARLES & BERNADETTE CHARLES, )
 5                                     )
              Plaintiff,                )
 6                                     )
         vs.                            )   No. 4BE-05-055 CI
 7                                     )
     GEICO CASUALTY COMPANY,            )       Reporter's
 8                                     )       Transcript
              Third Party Plaintiff,    )
 9                                     )
         vs.                            )
10                                     )
     VALERIE JOE,                       )
11                                     )
              Third Party Defendant.    )
12   - - - - - - - - - - - - - - - - -
13
14                        A P P E A R A N C E S
15
     For the Plaintiff:      LAW OFFICES OF
16                           COOKE, ROOSA & VALCARCE, LLC
                               BY:  JIM VALCARCE
17                           3700 Jewel Lake Road
                             Anchorage, Alaska  99502
18                           (907) 543-2744
19
20   For the Defendants:     CALL, HANSON & KELL,
                               BY:  BLAKE HARLOW CALL
21                           250 "H" Street
                             Anchorage, Alaska  99501
22                           (907) 258-8864
23
     Also in Attendance:     LON GROTHEN
24
25
```

```
 1                    * * * * *
 2          Reporter's Transcript for the taking of the
 3  depositions of Margaret Vincent, Lon Grothen, Colrain
 4  Ingersoll, Bernie Putman, witnesses herein, taken by
 5  plaintiffs, pursuant to the applicable sections of the
 6  Code of Civil Procedure, on Thursday, November 17, 2005,
 7  before me, Rhonda A. Reid, CSR No. 7141, beginning at
 8  the hour of 9:59 a.m., at 14111 Danielson Street, in the
 9  City of Poway, County of San Diego, State of California.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

EXHIBIT 2

PAGE 2 OF 5

```
 1                    POWAY, CALIFORNIA,
 2          THURSDAY, NOVEMBER 17, 2005, 9:59 A.M.
 3
 4          MR. VALCARCE:  Pursuant to deposition notices
 5   that were issued, I'm here today in San Diego to take
 6   numerous depositions of Geico agents.  Pending before
 7   the court was a Rule 56(f) extension, which was not
 8   opposed, requesting an extension until after discovery
 9   requests and experts reports to supplement the summary
10   judgment motion.  We have consulted with several experts
11   who require additional information in these depositions
12   prior to issuing their opinions.  We believe the court
13   was in error, and we believe the court errored and we
14   should proceed with the depositions today.
15          That's it.  Thank you, ma'am.
16          MR. CALL:  And this is Blake Call.  Just also
17   to make the record clear, I'm also here in San Diego to
18   defense these depositions.  It is our opinion and
19   position that we did oppose the Rule 56(f) request by
20   our reply brief wherein we said there are no issues of
21   fact and that the case law is clear.  But we are
22   standing by the court's ruling that summary judgment on
23   bad faith has been granted, and, therefore, the
24   depositions currently noticed are irrelevant and would
25   result in our instructing the witnesses not to answer
```

```
 1   questions that are nondiscoverable under a case called
 2   "Langdon versus Champion."
 3            And that's all I have to say.
 4            MR. VALCARCE:  Okay.  Thank you.
 5            Thank you, Madame Court Reporter.  Have a good
 6   day.
 7            THE REPORTER:  Thank you.
 8            MR. CALL:  Off record.
 9            (Whereupon, at 10:01 p.m., the proceeding was
10   adjourned.)
11                         * * * * *
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 5

```
 1
 2                    REPORTER'S CERTIFICATE
 3
 4
 5          I, Rhonda A. Reid, a Certified Shorthand
 6   Reporter for the State of California, do hereby
 7   certify that I reported in shorthand the above
 8   proceedings on November 17, 2005; and I do further
 9   certify that the above and foregoing pages contain a
10   true and correct transcript of all of said proceedings.
11          IN WITNESS WHEREOF, I have subscribed my name
12   this day of December 1, 2005.
13
14
15
16                    _____
                           Rhonda A Reid
                      RHONDA A. REID, CSR NO. 7141
17
18
19
20
21
22
23
24
25
```

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
)
Plaintiffs, )
)
vs. )
)
GEICO GENERAL INSURANCE COMPANY, )
)
Defendant )
_____ )
)
GEICO CASUALTY COMPANY, )
)
Third Party Plaintiff, )
)
vs. )
)
VALERIE JOE, )
)
Third Party Defendant. )
_____ )

Case No. 4BE-04-271 CI

### ORDER REGARDING STATUS HEARING

THIS MATTER having come before the Court on plaintiffs' request for a status hearing, and any response thereto having been heard and considered, the Court now enters the following order:

A status hearing shall be scheduled for _____,

~~at _____ o'clock.~~

DATED: _____, 2005. _____
Superior Court Judge Devaney

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES & )
BERNADETTE CHARLES, )
 )
        Plaintiffs, )
 )
vs. )
 )
GEICO GENERAL INSURANCE COMPANY, )
 )
        Defendant, )
 )
GEICO CASUALTY COMPANY )
 )
        Third Party Plaintiff, )
vs. )
 )
VALERIE JOE, )
 )
        Third Party Defendant, )

Case No. 4BE-05-55 CI

## CERTIFICATE OF SERVICE

SHARON RODGERS, certifies that she is an authorized agent of Cooke, Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on the date stated herein she filed the following documents in the above-named court and mailed copies thereof to the person listed below:

Documents:    REQUEST FOR STATUS HEARING TO ADDRESS DEADLINES

Person Served:    Susan Mack, Esq.
Call, Hanson & Kell P.C.
250 H Street
Anchorage, Alaska 99501

Dated this 9th day of January 2006, at Bethel, Alaska

_/s/ Sharon Rodgers_
SHARON RODGERS

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744