IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, Plaintiffs, vs. GEICO GENERAL INSURANCE COMPANY, Defendant. | |
| GEICO CASUALTY COMPANY, Third Party Plaintiff, vs. VALERIE JOE, Third Party Defendant. | Case No. 4BE-05-55 Civil |

## DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT AS TO ALL STATUTORY AND BAD FAITH CLAIMS

COMES NOW defendant, **GEICO CASUALTY COMPANY,** by and through counsel of record, Call, Hanson and Kell, P.C., and hereby requests that this court enter summary judgment as to all statutory and bad faith claims against GEICO.    This motion is supported by the attached

Memorandum of Law, the court's Order of November 16, 2005 granting summary judgment, and the court's order on reconsideration.

DATED at Anchorage, Alaska, this 24th day of January, 2006.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant

By:  _Blake Call_
Blake H. Call
ABA No. 8911051

I hereby certify that a true and correct copy of the foregoing was ☐ faxed ☐ hand delivered and/or ☑ mailed this 24th day of January, 2006 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

_Mona Schultz_
Mona Schultz

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

      Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

      Defendant.

_____

GEICO CASUALTY COMPANY,

      Third Party Plaintiff,

vs.

VALERIE JOE,

      Third Party Defendant.

Case No. 4BE-05-55 Civil

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

## MEMORANDUM IN SUPPORT OF
## RENEWED MOTION FOR SUMMARY JUDGMENT
## AS TO ALL CLAIMS OF BAD FAITH

### Procedural history

    This case began as a simple case for uninsured motorist benefits on a

$50,000/$100,000 policy. After GEICO joined the uninsured motorist as a

party and thereby destroyed federal diversity jurisdiction, plaintiffs amended

their Complaint to include claims for failure to offer higher limits, bad faith,

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

conspiracy, fraud and punitive damages.  GEICO opposed the motion to amend on the grounds the motion was brought in bad faith and that amendment would open a floodgate of irrelevant and harassing discovery. GEICO attached a letter from Mr. Valcarce attempting to extort policy limits by threatening to increase the cost of this litigation exponentially. (See Exhibit B to Opposition to Motion to Amend.)   On October 1, plaintiffs served GEICO with expansive requests for documents.

GEICO filed a motion for partial summary judgment on October 13, 2005 and a motion for protective order on October 17, 2005.  Plaintiff's opposed the motion for partial judgment; filed a motion to compel the extortionate discovery requests; and, as an alternative to a denial of the motion for summary judgment, plaintiffs requested a Rule 56(f) extension of time.  Plaintiffs also noticed the depositions of eight GEICO employees in San Diego, one Anchorage adjuster, and a GEICO attorney in Washington D.C.

On October 3, 2005 Plaintiffs' counsel represented to the court that he was "currently consulting with numerous experts in regards to this case." (See Opp. to S.J. and Request for Rule 56(f) extension, p. 14). Plaintiffs complained that an unredacted version of the claim log was only recently produced:

> Much of the information provided on the log is summarized, difficult to interpret and references numbers and symbols that plaintiffs cannot interpret.  Thus, plaintiffs have scheduled numerous

depositions in San Diego of these GEICO agents, on November 17-28. These depositions will undoubtedly also help plaintiffs' experts to issue opinions as to GEICO's liability and obligations to pay punitive damages for outrageous conduct.

Significantly, Plaintiffs' opposition to the motion for summary judgment and motion for a Rule 56(f) extension of time was not supported by any affidavit from an expert.

The Court entered summary judgment on November 16, 2005. Consequently, the eight depositions scheduled in San Diego were not held.

Plaintiffs filed a Motion for Reconsideration on November 21, 2005 on the grounds that the Rule 56(f) extension should have been granted because of the outstanding discovery motions. The court granted Plaintiffs' Motion for Reconsideration on December 16, 2005. The court acknowledged that the "business log contains many abbreviations, the meanings of which are not immediately apparent." Thus, the court concluded that "Plaintiffs have a valid basis for seeking an expert analysis of the log." The court ordered the following:

Plaintiffs have until the close of discovery to submit the affidavit of their expert witness and their opposition to the Motion for Summary Judgment. Plaintiffs shall be limited to issues set out in their original request for a 56(f). The expert shall be limited to an analysis of the log produced by GEICO and the depositions of the GEICO employees who worked on this case.

See Order of December 16, 2005. Ten days later the Court ruled on the pending discovery motions. Plaintiffs' requests for extensive production were

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

denied but the court ordered GEICO to produce its Claims Manual *in camera*. See Court's order of December 26, 2005.

Plaintiffs filed a second Motion for Reconsideration on the discovery order and an "Objection to Court's In Camera Review". In support of their objection to the court's *in camera* review of the Claims Manual, Plaintiffs attached an Affidavit from Stanley C. Garlington, a "consulting expert." Mr. Garlington argued that he must not only examine the entire Claims Manual but must also examine a plethora of other documents before he can offer an opinion as to whether GEICO "adopts and implements reasonable standards for the prompt investigation of claims."

The Court denied plaintiffs' motion for reconsideration and GEICO submitted the Claims Manual to the court for *in camera* inspection.

Despite the court's order of December 16th granting Plaintiffs' Rule 56(f) extension of time discovery, Plaintiffs' did not re-schedule the depositions of the eight GEICO employees in San Diego. On January 10, 2006, counsel for GEICO warned Plaintiffs counsel that "unless you identify your bad faith expert and schedule any depositions that you need to clarify the contents of the adjuster file, we will renew our motion for summary judgment. The depositions need to be concluded before the close of discovery." Exhibit A. In response, Plaintiffs ignored the court's order of December 16, doubled the number of depositions they want to take, and assumed they would have an open extension of time in which to complete

Memorandum in Support of Renewed Motion for Summary Judgment
Charles v. GEICO, Case No. 4BE-05-55 CI
Page 4 of 9

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

the depositions and identify an expert opinion on the bad faith claim. In fact, on January 19, 2006 in response to a discovery request, Plaintiff's counsel asserted:

> the plaintiffs have not finalized experts and is thus unable to respond, because depositions have not been completed; and pertinent documents (such as the claims manual) have not been received, <u>see</u> Stanley Garlington's affidavit and the request for a hearing to establish new deadlines. Plaintiff (sic) will supplement their answers, for those who are not consulting experts, based upon the new deadlines requested.

Exhibit B. Plaintiffs clearly ignore the court's orders limiting discovery and establishing a deadline for expert reports. Plaintiffs clearly have no expert retained for trial on the bad faith issues. Plaintiffs efforts to harass GEICO are apparent. Plaintiffs now request depositions of *sixteen* GEICO employees. Exhibit C. Rather than limit the depositions to adjusters who "worked on the case" Plaintiffs added Mark Hill, an entry level GEICO employee who initially answered the telephone on May 3, 2004 and transferred the claim to adjuster Maggie Vincent; Denise Domingo in the property section who made one entry in the adjuster log on October 4, 2004; Ann Marie Horan who, on January 6, 2005 documented receipt of a letter from Mr. Valcarce that was missing medical authorizations; and Marty Brown, a supervisor who made only one entry in the adjuster's log approving adjuster Caldwell's analysis as outlined in the log notes. Plaintiffs assert that the depositions cannot be taken before the close of

discovery and now want to take the depositions on February 22-25 – after the close of discovery and approximately one month before trial. Plaintiffs' latest maneuver, if permitted, will no doubt force a bifurcation of the personal injury case from the issues related to bad faith and unnecessarily prolong this litigation and increase expenses. GEICO opposes any further extensions of time for discovery or opportunities to identify expert witnesses.

**Argument**

When a motion for summary judgment is made and supported as provided in Civil Rule 56, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific showing that there is a genuine issue for trial. Civil Rule 56(e). The court gave Plaintiffs until the close of discovery, January 26, 2006 to submit the affidavit of their expert witness and their opposition to the Motion for Summary Judgment. Plaintiff has no intention of complying with the court's order.

Mr. Garlington's affidavit of January 9, 2006 should not be considered an affidavit in support of an opposition for summary judgment. Mr. Garlington's affidavit was offered in support of plaintiffs' opposition to the court's *in camera* review of GEICO's claims manual. Despite Mr. Garlington's assertion that he has been reviewing information "over several months" Mr. Garlington was never identified as an expert witness prior to

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

the January 3rd deadline for the disclosure of experts.  More importantly,

Mr. Garlington's  affidavit does not offer *any* argument in support of the

idea that material facts are somehow disputed.  He admits that he has

reviewed the discovery answers, exhibits and an electronic print-out from

computer records in the claims file.  He does not dispute that GEICO offered

Jack Charles higher UM coverage.  He does not dispute that GEICO was not

in violation of the Unfair Claims Practices Act when it evaluated Plaintiffs'

claims.  He does not dispute that GEICO had a reasonable basis for denying

plaintiffs' demands for policy limits.  His affidavit only states that he would

need to review all of GEICO's policies, procedures and training manuals to

determine if GEICO "adopts and implements reasonable standards for the

prompt investigation of claims."   He speculates that the claims manual may

provide additional information and suggests that "numerous other printed,

electronic, e-mail, videotaped and other media materials" *might* pertain to

this claim. Mr. Garlington's affidavit is not only speculative but irrelevant to

the claims of bad faith and failure to offer higher limits.  There is no private

right of action under Alaska's Unfair Claims Practices Act.  Furthermore,

GEICO reminds the court that in *Hillman,* the plaintiffs argued that

Nationwide failed to make *any* investigation, denied a death claim without a

significant investigation, violated its own guidelines and policies, failed to

consult with higher echelons in the company before denying a death claim,

ignored advice of counsel, failed to resolve all reasonable doubts about

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

coverage in favor of the policy holder, failed to advise the policy holder of the legal opinion, lied to the policy holder about whether a legal opinion was available, and "stonewalled" the claim for four years. The Supreme Court found that *none of those facts* would suffice to raise a factual question as to whether Nationwide's denial of coverage lacked a reasonable basis.

An insurance company may still challenge claims which are fairly debatable." *Hillman v. Nationwide Mutual Fire Insurance Co.*, 855 P.2d 1321,1324 (Alaska 1993) If evidence creates a genuine dispute as to the negligence of an uninsured driver, the comparative fault of the insured, the nature and extent of the insured's injuries, or the value of the insured's damages, a court can almost always decide that the claim was fairly debatable as a matter of law. *Bellville v. Farm Bureau Mut. Ins. Co.,* ___NW2d ___ 2005 WL 1790609 (Iowa  2005). Mr. Garlington's affidavit fails to even mention plaintiffs' claims - the negligence of the uninsured driver, the comparative fault of the insured, the nature and extent of the insured's injuries, or the value of the plaintiffs' damages. Mr. Garlington's affidavit merely served to raise an issue about the extent of discovery. The court has already denied Plaintiffs' request for extensive and irrelevant documents. Plaintiffs have no intention of deposing the adjusters who worked on the file prior to the close of discovery. Plaintiffs' offer no affidavit that sets out any specific factual disputes.   GEICO is entitled to summary judgment on all contract and tort claims brought directly against GEICO.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

DATED at Anchorage, Alaska, this 24th day of January, 2006.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant

By: _____
Blake H. Call
ABA No. 8911051

I hereby certify that a true and correct
copy of the foregoing was ☐ faxed ☐
hand delivered and/or ☒ mailed this
24th day of January 2006 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

_____
Mona Schultz

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Memo Renewed Mo Summary Jdmt.doc

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

# Call, Hanson & Kell, P.C.

250 H Street
Anchorage, Alaska 99501-2112
Telephone (907) 258-8864
Facsimile (907) 258-8865

Blake H. Call
Ak. Bar No. 8911051
Email: bhc@chklaw.net

Michael J. Hanson
Ak. Bar No. 8611115
Email: mjh@chklaw.net

Barry J. Kell
Ak Bar No. 8611120
Email: barry@chklaw.net

*OF COUNSEL*

Susan D. Mack
Ak Bar No. 8411128
Email: susan@chklaw.net

January 10, 2006

**_VIA FACSIMILE: 907-543-2746_**

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
Box 409
Bethel, Alaska  99559-0409

     Re:    *Charles v GEICO v. Joe*
          Case No.       :    4BE-05-55 CI
          Our File No.     :    1101.027 (BHC)

Dear Mr. Valcarce:

You represented to the court that you had an expert and that the expert needed to review the testimonies of the GEICO adjusters. The court's order of December 26, 2005 specifically clarifies that your request for a Rule 56(f) extension "was granted to allow Plaintiffs' expert to analyze the produced business log and the depositions of the adjustors who worked on the case." See footnote 2, Order on Plaintiff's Motion to Compel.

Your Expert Disclosures received by us on January 5, 2006 fails to identify an expert in insurance bad faith.

Unless you identify your bad faith expert and schedule any depositions that you need to clarify the contents of the adjuster file, we will renew our motion for summary judgment. The depositions need to be concluded before the close of discovery.

In light of your insistence that all portions of the claims manual may be relevant, we are filing a confidential copy of the entire claims manual for *in camera* inspection. We are confident that the court will find no portion of the claims manual to your clients' claims.

Exhibit A
Page 1 of 2 Pages

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
January 10, 2006
Page 2

Sincerely,

CALL, HANSON & KELL, P.C.

Susan D. Mack

/sdm
cc:     Mr. Lon Grothen (GEICO)

Exhibit A
Page 2 of 2 Pages



IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

    Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

RECEIVED

JAN 2 0 2006

Call, Hanson & Kell, P.C.

Case No. 4BE-05-55 Civil

### PLAINTIFFS' ANSWERS TO FOURTH SET OF DISCOVERY

    COMES NOW plaintiffs, by and through counsel of record, and hereby submits the following responses to the defendant's second set of interrogatories.

    **REQUEST FOR PRODUCTION NO. 1:** Please produce all documents exchanged between plaintiffs and/or plaintiffs' agents and plaintiffs' experts, including and treating physicians, including all e-mails, correspondence and invoices.

    **RESPONSE:** Objection. Requests attorney-client and work product privileged information; vague and ambiguous and requests information outside the deadlines set by the Pre-Trial Order, and amended

OOKE, ROOSA
ALCARCE, LLC
ORNEYS AT LAW
0 THIRD AVENUE
P. O. BOX 409
L, ALASKA 99559

Exhibit B
Page 1 of 6 Pages

by the Court's order granting reconsideration. Notwithstanding, as to accident reconstruction experts, please see plaintiffs' disclosures of January 3, 2006; as to bad faith experts, the plaintiffs have not finalized experts and is thus unable to respond, because depositions have not been completed; and pertinent documents (such as the claims manual) have not been received, see Stanley Garlington's affidavit and the request for a hearing to establish new deadlines. Plaintiff will supplement their answers, for those who are not consulting experts, based upon the new deadlines requested.

**INTERROGATORY NO. 1:** As to every person you expect to call as an expert witness at trial, please state:

(a) The identity of each expert;

(b) The expert's area of expertise;

(c) The subject matter on which the expert is expected to testify;

(d) The substance of the facts and opinions to which the expert is expected to testify;

(e) A summary of the grounds for each opinion.

**RESPONSE:** Objection, vague and ambiguous; requests attorney-client and work product privileged information; not likely to lead

Exhibit B
Page 2 of 6 Pages

COOKE, ROOSA
VALCARCE, LLC
TORNEYS AT LAW
00 THIRD AVENUE
P. O. BOX 409
IEL, ALASKA 99559

to admissible evidence; overbroad. Notwithstanding, Jim Sterling, see the

disclosure of January 3, 2006, which is responsive to this request. As to bad

faith experts, please see the statement set forth above – plaintiff is unable

to respond until discovery is completed.

**INTERROGATORY NO. 2:** Please supplement all earlier

Interrogatory Answers and Requests for Production or Requests for

Admissions pursuant to Civil Rule 26 (e)(3), whether or not earlier answers

were complete when made.


**RESPONSE:** Objection, vague and ambiguous; not likely to

lead to admissible evidence; requests attorney-client and work product

privileged information; Notwithstanding, the only discovery request which

plaintiffs believe need to be supplemented are regarding experts, and as

noted above, this will be done once discovery is completed so such

experts can finalize their reports.


**INTERROGATORY NO. 3:** Please state the amount of income

on a monthly basis from date of accident through the date of the

answering this Interrogatory. This should include, but not be limited to,

unemployment, disability insurance, social security, vocational

rehabilitation, payment for private contract services, et cetera. For each

month of income, please state the following:

Exhibit B
Page 3 of 6 Pages

COOKE, ROOSA
: VALCARCE, LLC
TTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
HEL, ALASKA 99559

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

(a) Amount of income;

(b) Source of income;

(c) Name and address of each agency (Whether state or Federal), employer and/or contract person.

If you have not received any income for the above-referenced calendar years, please state whether or not any other person from your direct household has been providing support for you for the above-referenced calendar years, and if so, state the amount of support on a monthly basis for that time period.

**RESPONSE:** Objection, not likely to lead to admissible evidence; vague and ambiguous; requests work product; overbroad; and requests information that is in the possession of the defendant. Notwithstanding, plaintiffs do not know, but estimate that while they worked for YKHC in Bethel, their income was about $1,700 a month.

**INTERROGATORY NO. 4:** Please provide the exact amount of medical damages for which you are seeking reimbursement in this lawsuit. Please include the name of the health care provider, address and amount of claim for services rendered from each.

OOKE, ROOSA
/ALCARGE, LLC
ORNEYS AT LAW
0 THIRD AVENUE
P. O. BOX 409
EL, ALASKA 99559

Exhibit _B_
Page _4_ of _6_ Pages

**RESPONSE:** Objection, vague and ambiguous; not likely to lead to admissible evidence; requests work product privileged information; overbroad. The plaintiffs receive care from the Department of Health & Human Services because they are Alaska Native, and are obligated to reimburse the government when liens/notices are received, and the following bills have been provided, to date: Bernadette, 5/3/04, $1,355.78, bate stamp 101; 5/0/04, $167.35, bate stamp 102; 8/24/04,$ 326.05, bate stamp 108; rest pending, including 11/23/04; 2/14/05. Jack: 5/3/04 $1067.68, bate stamp 91; 5/6/04, $167.35, bate stamp 94; 5/17/04, $131.10; 6/14/04, $243.25, bate stamp 97; rest pending.

**INTERROGATORY NO. 5:** Please state the exact amount of wage loss damages for each calendar year you are seeking as a result of the accident, which is the subject matter of this lawsuit, including the current year. Additionally, please state the basis on which your claim is based.

**RESPONSE:** Objection, vague and ambiguous; requests attorney-client and work product privileged information; overbroad; and unduly cumbersome. Notwithstanding, as noted in the depositions, the plaintiffs have elected not to seek a claim for loss of work.

:OOKE, ROOSA
/ALCARCE, LLC
ORNEYS AT LAW
0 THIRD AVENUE
P. O. BOX 409
:L, ALASKA 99559

Exhibit B
Page 5 of 6 Pages

DATED this _____ day of January 2006 at Bethel, Alaska.

COOKE, ROOSA & VALCARE
Attorneys for the Plaintiff

By: _____
Jim Valcarce
Alaska Bar No. 9505011

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559

Exhibit B
Page 6 of 6 Pages

# Call, Hanson & Kell, P.C.

250 H Street
Anchorage, Alaska 99501-2112
Telephone (907) 258-8864
Facsimile (907) 258-8865

Blake H. Call
Ak. Bar No: 8911051
Email: bho@chklaw.net

Michael J. Hanson
Ak. Bar No. 8611115
Email: mjh@chklaw.net

Barry J. Kell
Ak Bar No. 8611120
Email: barry@chklaw.net

OF COUNSEL

Susan D. Mack
Ak.Bar No. 8411129
Email: susan@chklaw.net

January 23, 2006

**VIA FACSIMILE: 907-543-2746**

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
Box 409
Bethel, Alaska 99559-0409

Re:   *Charles v. GEICO v. Joe*
Case No.                :   4BE-05-55 CI
Our File No.:          :   1101.027 (BHC)

Dear Mr. Valcarce:

*To. Blake   1/23*

I acknowledge and thank you for your correspondence of last week, received at my office Thursday. In that letter, you note a continued desire to depose the claims handling personnel at GEICO. You have inquired as to their availability February 22, 23, and 24. I will inquire as to the availability of personnel on that date. Please advise as soon as possible whom you desire to depose. I note, however, that the dates you proposed are nearly a month after the close of discovery and little more than a month before trial. GEICO does not agree to extending the discovery deadline and without court order, we believe your requested depositions are not allowed. We are filing a motion with the court renewing our request for summary judgment.

The affidavit of your expert fails to address even one aspect of the reasonable basis of GEICO's decision to litigate this matter to a jury and decline your continued demand for policy limits for this minor accident with disputed liability. It would be my preference to bifurcate this matter and have a separate jury trial on the bad faith claims, if they survive summary adjudication. However, I have not been authorized to agree to this without some idea of what, if anything, you intend to do about the clear and concise legal analysis of the undisputed facts of this case in the face of the court's previous grant of summary judgment.   *Mavic Horan*

*David Horan, CoWain Ingsoll, Kris Haklestj;*
*Mark Hill; Maggie Vincart; Rebecca Cardwell;*
*Rod Rhods; Deniso Dominyo; William*
*Nielson; Tamara Cazaruo; Victor Yane z;*
*Mark Brown; Bonita Bu... white Stine; Jan Carothar*

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
January 21, 2006
Page 2

    Therefore, if you are intending to propose an agreement on bifurcation, please advise as to (1.) when you would propose such a trial; (2) the scope of discovery – such a suggestion could not, obviously, be agreed to if it exceed the scope of the court's current limitations on discovery; and (3) any proposed deadlines regarding reports and related pre-trial issues.

    Please let me know your thoughts.

              Sincerely,

              CALL, HANSON & KELL, P.C.

              Blake H. Call

*Trial on damages, as scheduled*

*Trial on bad faith, to be set by conference.*

*Discovery on bad faith limited to depositions, experts and any new evidence resulting from depos –*

*Deadlines on bad faith to be set during conference —*

Exhibit C
Page 2 of 2 Pages

*Please let Me Know*

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

      Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

      Defendant.

GEICO CASUALTY COMPANY,

      Third Party Plaintiff,

vs.

VALERIE JOE,

      Third Party Defendant.

Case No. 4BE-05-55 Civil

**ORDER ON DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

    This matter having come before this court upon

defendant/third party plaintiff's **_MOTION FOR PARTIAL SUMMARY_**

**_JUDGMENT_**, and the court being fully advised in the premises,

    IT IS HEREBY ORDERED that the motion is **GRANTED** as

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Charles v. GEICO, Case No. 4BE-05-55 CI

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

follows:

Plaintiffs' claims for violation of AS 21.89.020(c) and failure to counsel plaintiffs about appropriate limits are **DISMISSED.**

Plaintiffs' claim for breach of contract is **DISMISSED.**

Plaintiffs' claim for fraud, conspiracy and bad faith are **DISMISSED.**

Plaintiffs' claim for punitive damages is **DISMISSED.**

IT IS SO ORDERED this _____ day of _____, 2006.

_____
Judge of the Superior Court

I hereby certify that a true and correct copy of the foregoing was ☐ faxed ☐ hand delivered and/or ☑ mailed this 2nd day of January, 2006 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK  99559-0409

_____

NSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865