IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES,　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
GEICO GENERAL INSURANCE COMPANY &　　 )
VALERIE JOE,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants　　　　　　　　　　　)
_____)
　　　　　　　　　　　　　　　　　　　　)
GEICO CASUALTY COMPANY,　　　　　　　 )
　　　　Third Party Plaintiff,　　　　 )
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
VALERIE JOE,　　　　　　　　　　　　　)
　　　　Third Party Defendant.　　　　 )
_____)

RECEIVED

FEB - 7 2006

Call, Hanson & Kell, P.C.

Case No. 4BE-05-55 CI

## OPPOSITION TO RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO SUPPLEMENT

All the plaintiffs want is the fair opportunity, as should be given to any litigant, to timely obtain discovery, take depositions, finalize expert reports, and then respond to the motion for summary judgment. GEICO continues to battle against such a fair exchange of information, and demands the Court rule based upon only what its expert and employees say. Plaintiffs once again request an extension to oppose the motion, and the unusual facts that have prohibited plaintiffs from meeting the Court's deadlines for expert disclosure and producing expert affidavits are detailed below.

Noted _BHC/SDm_
Date Served _2/6/06_
Response Due _2/14/06_

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

In summary, once the Court conceded it had erred in dismissing this matter, the pre-trial deadlines should have been reasonably adjusted to accommodate counsel's schedule. There is no prejudice to the defendant GEICO in granting such extension, as GEICO has agreed to bifurcate this matter, and allow such discovery to be completed at dates to be determined after the verdict on damages.

## I. THE UNDISPUTED FACTS ARE THAT THE MOTION CANNOT BE OPPOSED UNTIL DEPOSITIONS ARE COMPLETED AND THE CLAIMS FILE IS PRODUCED

Plaintiffs details for the Court all of the unusual facts that have prevented the filing of affidavits and an opposition to the motion for summary judgment before January 26. Attached as exhibit 1 is an affidavit from Counsel that details many of the reasons why, including GEICO's refusal to provide dates in January for the depositions; the fact that the claims manual has still not be produced; and the numerous personal and professional conflicts outlined below.

On October 13, 2005, GEICO filed a motion for summary judgment, based upon the following: 1) Argument as to the notations in the electronic print out of the claims file[1]; 2) Argument concerning the correspondence between counsel and GEICO[2]; and 3) Argument concerning a report from GEICO's retained expert, John George[3].

---

[1] See Defendant's Memorandum in Support of Motion for Summary Judgment, October 13, 2005, Exhibit E.
[2] See Defendant's Memorandum in Support of Motion for Summary Judgment, October 13, 2005, Exhibits F-R.
[3] See Defendant's Reply to Opposition to Motion for Summary Judgment, November 8, 2005,

OPPOSITION TO RENEWED MOTION; MOTION FOR EXTENSION OF TIME
Charles v. GEICO, Case No. 4BE-05-55 Pg. 2

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
800 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

In response, the plaintiffs requested a Rule 56(f) extension to supplement their opposition, noting that two motions were pending concerning pertinent and relevant discovery, which GEICO refused to produce prior to filing its motion for summary judgment[4]; ten scheduled and noticed depositions were scheduled of GEICO's claim adjusters, whose notes make up the claims file[5]; and expert reports needed to be finalized[6].

GEICO did not file any opposition to the Rule 56(f) extension, but instead replied by filing an expert report, before the Court's deadline[7]. Plaintiffs requested the opportunity to rebut such report; to conduct discovery; and to obtain rulings from the Court on numerous documents, which GEICO conceded would be relevant to the claims[8].

On November 10, 2005, plaintiffs requested expedited consideration on the motions to compel discovery, in particular requesting that the Court order the claims manual released prior to the depositions scheduled for November 17, 2005[9]. In response, on November 16, 2005, the Court granted the defendant's

---

Exhibit T.

[4] See Plaintiff's Cross Motion Concerning Protective Order, October 31, 2005; and Plaintiff's Motion to Compel, November 7, 2005.

[5] See Exhibit 21, attached to plaintiff's Opposition and Request for Rule 56(f) extension, Oct. 31, 2005.

[6] See Exhibit 20, attached to plaintiff's Opposition and Request for Rule 56(f) extension, Oct. 31, 2005.

[7] See Defendant's Reply to Opposition to Motion for Summary Judgment, November 8, 2005, Exhibit T

[8] Concerning the Claims Manual, GEICO conceded: "GEICO agrees that production of portions of the claims manual could potentially be relevant to the issues associated with the upcoming depositions of GEICO claims personnel on the issue of GEICO's good faith in declining the Charles' policy limit demand and in making its offers to settle. See GEICO's Response and Supplement, Pg. 1-2

[9] See Plaintiffs Motion for Expedited Consideration, November 10, 2005.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

OPPOSITION TO RENEWED MOTION; MOTION FOR EXTENSION OF TIME
Charles v. GEICO, Case No. 4BE-05-55  Pg. 3

motion for summary judgment[10].

From the motion for expedited consideration, the Court was told that the plaintiffs' counsel would be in San Diego taking depositions on November 17, 2005. On that date, the plaintiffs' counsel (who was in San Diego at the time) received the Court's order regarding summary judgment. In response, the undersigned noted on the record the expense to travel; the fact that the motion for a Rule 56(f) extension had not been opposed, was well founded, that the Court's Order was erroneous[11]. In particular, plaintiffs' counsel requested to proceed with the scheduled depositions, but opposing counsel refused and thus the trip was a waste of time and several thousands of dollars in expenditures. Id.; Affidavit of Counsel, exhibit 1.

Plaintiff moved for reconsideration of the Court's order and on December 16, 2005, the Court granted reconsideration, and the Rule 56(f) extension[12]. The order was distributed to plaintiffs' counsel on December 19, 2006. Id.

The Court's order granting reconsideration did not address the pending deadlines for expert disclosures, which under the Pre-Trial Order were due days later, on January 3, 2006[13]. The Court's order granting reconsideration also did not address the pending discovery disputes, including the expedited requests for the claims manual. The Court's order granting expedited consideration did not address dates for rescheduling the depositions of the GEICO agents. The order set a deadline for submitting affidavits of experts and supplementing the

---

[10] See Order of November 16, 2005.
[11] See Transcript of November 17, 2006, depositions, exhibit 2.
[12] See Order of December 16, 2006, and certification as to service stamp.
[13] See Court's Pre-Trial Order, concerning expert disclosure.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

opposition to the motion approximately one month later, on or before the close of discovery, January 26, 2006.

Through the holiday season, from December 19, 2005, to January 5, 2006 the undersigned was out of town on a trip that had been planned for almost a year[14].

On December 22, 2005, GEICO's counsel proposed that depositions occur on January 5 and 6, 2006[15]. On December 27, 2005, GEICO's attorney acknowledged that it knew plaintiffs' counsel would be out of town on these very same dates.[16]

On December 26, 2005, the Court ruled upon the motions to compel discovery, and held that all current and former GEICO agents could only be contacted through opposing counsel; and that the Court would review the claims manual *in camera* and release only those portions likely to lead to admissible evidence[17].

On December 30, 2005, the plaintiffs' counsel sent a letter (which had been dictated over the phone long before) advising GEICO that the depositions could not be scheduled until the Court ruled upon releasing the claims manual, and requesting that the matter be stayed until after the jury's determination on damages[18].

On or about January 5, 2006, plaintiffs' counsel again advised that he was

---

[14] Affidavit of Counsel, Exhibit 1.
[15] See Susan Mack letter of December 22, 2005, exhibit 3.
[16] See Susan Mack letter of December 27, 2005, exhibit 4
[17] See Order of December 26, 2005.
[18] See Letter of December 30, 2005, exhibit 5

OPPOSITION TO RENEWED MOTION; MOTION FOR EXTENSION OF TIME
Charles v. GEICO, Case No. 4BE-05-55  Pg. 5

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

out of town, but again reiterated the need for the claims manual before depositions could be scheduled, and requested GEICO agree to a hearing to discuss the deadlines for experts and supplementing the motion[19].     No immediate response was provided by GEICO, and no agreement given to allow the Court address the deadlines.

On January 9, 2006, plaintiffs filed a motion for reconsideration of the Court's order, noting the law that former employees cannot be deemed privileged, and noting that other admissible discovery exists and had not been produced[20].     Plaintiffs also filed a request for a status hearing requesting additional time for production of experts and affidavits[21]. The request was supported with an affidavit from plaintiffs' bad faith expert, Stan Garlington, who stated that he could not finalize his opinions and produce a report or affidavit until he reviewed the claims manual, other discovery, and reviewed the depositions of the GEICO-agents. Id. Mr. Garlington's affidavit detailed all the relevant reasons for his review of the claims manual. Id. GEICO did not oppose the request.

On January 10, 2006, GEICO's counsel sent a letter demanding that plaintiffs identify experts in bad faith[22]. Once again, GEICO failed to give dates when its agents would be available before January 26, 2006, but attempted to limit the depositions to only those "you need to clarify the contents of the

---

[19] See Letter to January 5, 2006, exhibit 6.
[20] See Second Motion for Reconsideration, January 9, 2006, together with affidavit from Garlington, attached herewith again as exhibit 11
[21] See Request for Status Hearing, January 9, 2006.
[22] See Letter of January 10, 2006, exhibit 7.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
800 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

OPPOSITION TO RENEWED MOTION; MOTION FOR EXTENSION OF TIME
Charles v. GEICO, Case No. 4BE-05-55 Pg. 6

adjuster file." Id.

Without requesting GEICO respond to the motion for reconsideration, on January 12, 2006, the Court denied the second motion for reconsideration[23].

On January 17, 2006, plaintiffs' counsel discussed the importance of the Court's ruling prohibiting interviews with the agent, which necessitated all of the agents being contacted, and deposed, only through GEICO's counsel.[24] Again, plaintiffs counsel requested dates when all of the GEICO's agents, as listed in the claims log, would be available. But no response was provided by GEICO before the January 26, deadline. Id. Plaintiffs counsel also requested, because of his scheduling conflicts, to dates in February when these agents would be available. Id.

On January 20, 2006, GEICO lodged the claims manual with the Court for its in camera review[25].

Three days before the Court's January 26, deadline, GEICO responded but again failed to answer plaintiffs' January 17 inquiry and provide dates as to when the GEICO agents would be available for depositions.[26]. Instead, GEICO's counsel disingenuously asked who plaintiffs wanted to depose, and stated that it would inquire into their availability. Plaintiffs' counsel responded immediately that counsel should review the letter of January 17. Id.

GEICO did not give any dates before the Court's deadline, but on January 24, 2006, GEICO renewed its motion for summary judgment, stating that the

---

[23] See Order of January 12, 2006.
[24] See Letter of January 17, 2006, exhibit 8
[25] See Notice of Filing GEICO claims manual, January 20, 2006.
[26] See Letter of January 23, 2006, 9

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
800 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

plaintiffs had failed to meet the Court's deadline and supplement its motion with expert affidavits before January 26, 2006[27].

On January 26, 2006, the Court held a status hearing, and heard argument of the facts noted in this motion, that the Court's expert deadline and the January 26 deadline to submit affidavits could not be met[28]. The Court also heard from GEICO's counsel, Blake Call, who agreed to bifurcate the matter, and to reschedule the depositions and discovery issues until after a verdict on damages. Id. Plaintiffs requested the Court rule upon the non-opposed request to deviate from the deadlines, and the Court responded that plaintiffs' counsel should put its request in writing. Id.

One day after the Court's deadline, on January 27, 2006, GEICO finally responded to plaintiffs' request for dates to schedule depositions with the following: "if the Court defers ruling on the motion for summary judgment and gives you an extension of time for discovery, then we will not oppose your request to bifurcate trial. However, February would not be a good time to depose the GEICO employees. We would rather wait until after trial on the person injuries." [29]

This motion is submitted per the Court's January 26, 2006 request to put in writing all the relevant facts and request for an extension.

[27] See Defendant's Renewed Motion, January 26, 2006.
[28] See records of January 26, 2006 hearing.
[29] See Letter of January 27, 2006, exhibit 10.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

## 2. PLAINTIFFS EXPERTS CONTINUE TO BE UNABLE TO PRODUCE THEIR EXPERT DISCLOSURES/AFFIDAVITS: THERE IS NO WAY THE COURT'S DEADLINES COULD BE MET

As noted above, the Court's pre-trial deadline to produce expert disclosures was two weeks from the Court's order granting reconsideration. Eliminating holidays and weekends, after receipt of the Court's order, the plaintiffs had just a few days to produce expert reports. There is no way such deadline could be met, as there was no way the expert could issue opinions without the claims manual and depositions. This matter was discussed in detail by one of the plaintiffs experts, Stan Garlington. Mr. Garlington, in detail, stated as follows:

> I have been unable to finalize my observations, impressions, and opinions because material information has not been made available. Particularly important are GEICO's claim policies, practices, procedures, and internal controls related to claim handling and claim personnel. For example, in order to comprehensively evaluate the paper and computer records of regarding this claim, I must know the context within which each particular document, action, and computer entry was created and exists. The context is provided by GEICO's policies, practices, procedures, and internal controls related to claim handling and claim personnel. In order to evaluate whether or not GEICO adopts and implements reasonable standards for the prompt investigation of claims, I must know the standards that GEICO has adopted and how GEICO has been implementing those standards. Review of an insurer's policies, practices, procedures, and internal controls are a necessary and well recognized requirement for evaluating an insurer's conduct. The National

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Association of Insurance Commissioners' Market Conduct Examiners Handbook provides standards that include review procedures and criteria that consistently start with "Review company policies, practices and procedures regarding . . ." The 14 chapter titles from the GEICO CLAIMS MANUAL unequivocally identify certain policies, practices, procedures, and internal controls that are significant and necessary for me to review before I give my opinions, and this information is likely to lead to admissible evidence. Based upon my extensive experience as a claims professional and as an insurance regulator reviewing many insurer's policies, practices, procedures, and internal controls, I believe that, in addition to the information suggested by the chapters in the GEICO CLAIMS MANUAL, there are numerous other printed, electronic, e-mail, videotaped, and other media materials such as adjuster training materials; dissemination of information on statutory and regulatory changes and court decisions; manuals and instructions for the use of various computer programs and data entry protocols; definitions of all computer fields and what data has been programmed for display on various screens; adjuster, supervisor, manager, etc. training materials, claim meeting discussions, and newsletters or other internal communications; that insurer's routinely utilize and that directly pertain to the handling of this claim. I need these materials to complete my analysis. I have been unable to finalize my observations, impressions, and opinions because the depositions of the claims handlers and other identified in the electronic print-out from computer records provided by GEICO have not been completed. The limited materials produced to date and reviewed by me have raised numerous issues that require clarification and explanation. I need that information to complete my analysis[30].

---

[30] See Exhibit 11.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

The Court's January 26, 2006 deadline to produce expert affidavits was impossible to meet. Other reasons include plaintiff's scheduling conflicts; the experts scheduling conflicts; the experts need for additional discovery, such as the claims manual; and, as noted above, GEICO's refusal to provide dates before the deadline. See Affidavit of Counsel, exhibit 1, attached. The record above shows that GEICO refused to provide dates, other than January 5-6, dates it knew plaintiffs' counsel was unavailable.

The Court's January 26, 2006 deadline was also not feasible because it failed to take into account the time required to obtain transcripts of depositions and the time necessary for the experts to review these transcripts. The Court's order was distributed right after plaintiffs' counsel left, December 19, 2006, and minus Christmas New Years and other holidays and weekends, just a few weeks remained to travel back to San Diego; obtain transcripts from the depositions and then work with the experts' schedules in obtaining reports and affidavits. See Affidavit of Counsel, exhibit 1. Obtaining transcripts, alone, usually takes a couple of weeks. Id. Similar to the undersigned's schedule, the experts were also unavailable around the holiday season, and thus making such deadline impossible to meet. Id.

The Court's December 16, 2005 Order granting reconsideration was distributed to counsel the same day he left town, December 19, 2005. The Court's order did not adjust the deadline for producing expert disclosures, which expired just days after the order, on January 3, 2006. Although the Court ordered that any affidavits from expert be submitted by January 26, it did not request any

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
800 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

OPPOSITION TO RENEWED MOTION; MOTION FOR EXTENSION OF TIME
Charles v. GEICO, Case No. 4BE-05-55 Pg. 11

input from the plaintiffs or counsel about such deadline, which was particularly difficult to meet given the holiday season.

Plaintiffs could not meet the Court's deadline to produce expert affidavits in weeks, due to counsel's personal and professional conflicts. The attached affidavit discusses these issues:

> The undersigned was out of town and unavailable throughout the Christmas and New Years Holiday season, from approximately December 19, 2005 to January 5, 2006. For much of this time, the undersigned could not be contacted, as he was on a ship in international waters. Once the undersigned returned, his January schedule had been completely booked with numerous pre-existing out of town depositions, mediations and pressing deadlines in numerous other civil and criminal matters. For instance, prior to the Court's reconsideration, the undersigned had the following commitments for out of town travel in January: A deposition in Anchorage, in the case Bergman v. National Casualty, on January 6, 2006; Dillingham interviews/depositions January 18 in Peterson v. Sitsof; two mediations in two civil matters in Anchorage on January 23-26, 2006; and a mediation in Anchorage on February 1, 2006. Each of these matters required an expenditure of significant time for preparation, settlement briefs and work in January. Besides these events, the undersigned's January calendar had been, prior to the Court's ruling granting reconsideration, filled with numerous discovery and expert deadlines in six different civil matters; numerous motion deadlines in various civil matters and many hearings on a variety of criminal and civil matters. The undersigned had no time available in January to once again prepare for and travel from Bethel to San Diego and take the depositions of the GEICO agents. Finally, the Court's deadline to submit expert affidavits before January 26, 2006, could not be

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

OPPOSITION TO RENEWED MOTION; MOTION FOR EXTENSION OF TIME
Charles v. GEICO, Case No. 4BE-05-55 Pg. 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

completed not only because of the travel and commitments noted above, but because of numerous personal issues. The undersigned's sister is fighting cancer, and during the week of January 9, 2006, the undersigned's wife traveled out of state to be with such sibling. The undersigned stayed in Bethel and was the care provider for a seven-year old child, which precluded any additional travel or work. Also in January, the undersigned's mother was hospitalized and required surgery, which also resulted in a significant interference with the pending work commitments and made any travel back to San Diego in January impossible[31].

All of these undisputed facts support good cause to extend the time to produce expert disclosure, and additional time to oppose the motion for summary judgment.

### 3.    GOOD CAUSE EXISTS TO EXTEND THE COURT'S DEADLINES

Alaska Civil Rule 6(b) authorizes the Court to extend any deadline for cause shown. The undisputed facts above show good cause to deviate the Court's deadlines, and GEICO's accusations are unfounded.

GEICO argues in its motion that plaintiffs ignored the Court's order and acted as if they had an open-extension to take depositions, but the record shows that plaintiffs could not produce expert disclosures in the days allowed right after Christmas. As to the depositions, the correspondence above shows that GEICO refused the simple request to make accommodations or provide dates counsel was available before the deadline.

GEICO also argued that plaintiffs clearly have no experts and doubled the

---

[31] Exhibit 1.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
800 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

number of depositions only to harass GEICO, but the affidavit from Stan Garlington clearly refutes such accusations.  The numbers of depositions were increased, but only after the Court disallowed interviews/contact with GEICO agents, and Mr. Garlington advised he needed the information from these agents.

GEICO's renewed motion is simply an attempt to get the unfair advantage of having the Court rule only based upon what GEICO's experts and employees think and say. GEICO should not be rewarded for refusing to act in a courteous manner and work with counsel on reasonable dates where the undersigned could travel once again thousands of miles. GEICO should not be rewarded for its tactic of not answering plaintiffs' inquiry, not accommodating simple scheduling requests, and then attacking plaintiffs when such deadlines could not be met.

Good cause exists to continue the January 3 expert disclosure and January 26 deadlines, and the plaintiffs' motion must be granted.

**4.    THERE IS NO PREJUDICE TO THE DEFENDANT, AS THEY HAVE AGREED TO EXTEND DISCOVERY AND BIFURCATE THE MATTER**

In balancing whether to allow additional time to oppose a motion, the Court should consider the prejudice to the parties. The prejudice to the plaintiffs is clear – if disallowed, plaintiffs will have been denied their rights of due process to obtain discovery, retain experts, and have their matter fairly heard.

The prejudice to GEICO in granting the motion is none. As noted in the

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

affidavit by counsel[32], the January 26 status hearing and in the letter from GEICO's counsel[33], GEICO agreed to bifurcate this matter, and put off the motion and discovery issues for a later date. Such concessions clearly established no prejudice to GEICO in granting plaintiffs motion for an extension.

GEICO conceded that it does not want to give plaintiffs a few more weeks to take the depositions and finalize expert reports, but it wants to put the matter off until <u>after</u> the March trial on damage.  Based upon such stipulation, there would be no prejudice in granting such request and extending the deadlines to take depositions; obtain expert reports and affidavits and grant an extension to oppose the motion until such work is completed.

For all these reasons, the plaintiffs' motion should be granted.

DATED this _____ day of January, 2006, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

_____

Jim J. Valcarce
ABA 9505011

---

[32] Exhibit 1.
[33] Exhibit 10.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

OPPOSITION TO RENEWED MOTION; MOTION FOR EXTENSION OF TIME
<u>Charles v. GEICO</u>, Case No. 4BE-05-55  Pg. 15

affidavit by counsel[32], the January 26 status hearing and in the letter from GEICO's counsel[33], GEICO agreed to bifurcate this matter, and put off the motion and discovery issues for a later date. Such concessions clearly established no prejudice to GEICO in granting plaintiffs motion for an extension.

GEICO conceded that it does not want to give plaintiffs a few more weeks to take the depositions and finalize expert reports, but it wants to put the matter off until _after_ the March trial on damage. Based upon such stipulation, there would be no prejudice in granting such request and extending the deadlines to take depositions; obtain expert reports and affidavits and grant an extension to oppose the motion until such work is completed.

For all these reasons, the plaintiffs' motion should be granted.

DATED this ___ day of January, 2006, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

Jim J. Valcarce
ABA 9505011

---

[32] Exhibit 1.
[33] Exhibit 10.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES,    )
                                        )
        Plaintiffs,                     )
                                        )
vs.                                     )
                                        )
GEICO GENERAL INSURANCE COMPANY &       )
VALERIE JOE,                            )
                                        )
                    Defendants          )
_____ )
                                        )
GEICO CASUALTY COMPANY,                 )
                                        )
    Third Party Plaintiff,              )
                                        )
vs.                                     )
                                        )
VALERIE JOE,                            )
                                        )
    Third Party Defendant.              )
_____ )

Case No. 4BE-04-271 CI

## AFFIDAVIT OF JIM J. VALCARCE

STATE OF ALASKA              )
                             )ss.
FOURTH JUDICIAL DISTRICT     )

Jim J. Valcarce, being first duly sworn, deposes and states as follows:

1. That I am an adult, attorney for the plaintiffs, and all information stated herein is based upon personal knowledge.

2. On August 30, 2005, the undersigned filed a notice to call experts in the above matter. As set forth in the notice, plaintiffs expect to call numerous witnesses to further detail GEICO's liability for the claims asserted in the complaint and for punitive damages. Experts

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
800 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Affidavit Jim Valcarce

EXHIBIT ____1____

PAGE __1__ OF __5__

have been retained in the fields of adjusting, claims and insurance standards and bad faith, as well as accident reconstruction. These experts will provide disputed opinions and facts to preclude summary judgment in GEICO's favor.

4. The plaintiffs originally scheduled numerous depositions of many of these GEICO agents in San Diego, beginning on November 17, 2005. Unfortunately, the Court erroneously and prematurely dismissed the matter, and opposing counsel refused to allow the depositions to proceed. That wasted trip costs the plaintiffs' counsel several thousand dollars, and negatively affected plaintiffs' planned schedule for meeting the Court's deadlines.

5. The Court's December 16, 2006 Order granting reconsideration was distributed to counsel the same day he left town, December 19, 2006. The Court's order did not adjust the deadline for producing expert disclosures, which expired just days after the order, on January 3, 2006. Although the Court ordered that any affidavits from expert be submitted by January 26, it did not request any input from the plaintiffs or counsel about such deadline, which was particularly difficult to meet given the holiday season and due to the facts noted below.

6. The January 26, 2006, deadline could not be met, as plaintiffs retained experts believe the claims file is extremely important in order to issue accurate opinions on bad faith, because such manual sets the policies, procedures and rules which the GEICO agents used, and continue to use, in adjusting plaintiffs' claims. These experts have advised that they cannot issue affidavits, and finalize their reports until its produced, and the claims manual is currently in the Court's possession, and the Court has not yet ruled on whether to release it.

7. The January 26, 2006 deadline could also not be met because the experts have advised that they cannot issue their reports/opinions, until the depositions are completed of the GEICO agents referenced in the claims log. Such statement is supported by the attached affidavit from expert Stan Garlington. Plaintiffs' experts believe that many entries noted in the claims log need

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
800 THIRD AVENUE
P. O. BOX 409
ETHEL, ALASKA 99559
(907) 543-2744

Affidavit Jim Valcarce

Page 2

EXHIBIT ____1____

PAGE __2__ OF __5__

clarification, and they need much further information from the GEICO agents, which can only be obtained through a deposition, because the Court recently precluded the undersigned from obtaining such information in interviews of other informal discovery methods. As detailed below, it was impossible for plaintiff to complete such depositions in the weeks given by the Court.

8. The undersigned was out of town and unavailable throughout the Christmas and New Years Holiday season, from approximately December 19, 2005 to January 5, 2006. For much of this time, the undersigned could not be contacted, as he was on a ship in international waters. Once the undersigned returned, his January schedule had been completely booked with numerous pre-existing out of town depositions, mediations and pressing deadlines in numerous other civil and criminal matters. For instance, prior to the Court's reconsideration, the undersigned had the following commitments for out of town travel in January: A deposition in Anchorage, in the case Bergman v. National Casualty, on January 6, 2006; Dillingham interviews/depositions January 18 in Peterson v. Sitsof; two mediations in two civil matters in Anchorage on January 23-26, 2006; and a mediation in Anchorage on February 1, 2006. Each of these matters required an expenditure of significant time for preparation, settlement briefs and work in January.

9. Besides these events, the undersigned's January calendar had been, prior to the Court's ruling granting reconsideration, filled with numerous discovery and expert deadlines in six different civil matters; numerous motion deadlines in various civil matters and many hearings on a variety of criminal and civil matters. The undersigned had no time available in January to once again prepare for and travel from Bethel to San Diego and take the depositions of the GEICO agents.

10. Finally, the Court's deadline to submit expert affidavits before January 26, 2006,

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
800 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Affidavit Jim Valcarce

EXHIBIT ___1___
PAGE _3_ OF _5_

could not be completed not only because of the travel and commitments noted above, but because of numerous personal issues. The undersigned's sister is fighting cancer, and during the week of January 9, 2006, the undersigned's wife traveled out of state to be with such sibling. The undersigned stayed in Bethel and was the care provider for a seven-year old child, which precluded any additional travel or work. Also in January, the undersigned's mother was hospitalized and required surgery, which also resulted in a significant interference with the pending work commitments and made any travel back to San Diego in January impossible.

11. Finally, the Court's January 26, 2006 deadline was not feasible because it failed to take into account the time required to obtain transcripts of depositions and the time necessary for the experts to review these transcripts. The Court's order was distributed right after the undersigned left, December 19, 2006, and minus Christmas New Years and other holidays and weekends, just a few weeks remained to travel back to San Diego; obtain transcripts from the depositions and then work with the experts' schedules in obtaining reports and affidavits. Obtaining transcripts, alone, usually takes a couple of weeks. Similar to the undersigned's schedule, the experts were also unavailable around the Christmas holiday, and thus making such deadline impossible to meet.

12. GEICO counsel proposed only January 5 and 6 to take depositions of only some of the GEICO agents, dates which opposing counsel knew the undersigned was not available. The undersigned requested a February deadline to complete such depositions and expert deadlines, but GEICO's counsel refused. Opposing counsel stated that he would oppose any additional time, but if such request were denied by the Court, he would agree to bifurcate the matter, and then have a scheduling conference to determine new expert report and discovery deadlines on the bad faith matter. Such position shows there would be no prejudice in granting such request and extending the deadlines to take depositions; obtain expert reports and affidavits and grant an

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Affidavit Jim Valcarce

Page 4

EXHIBIT ___1___
PAGE 4 OF 5

extension to oppose the motion until such work is completed.

DATED this _____ day of February, 2006 2005, at Bethel, Alaska.

Jim J. Valcarce

SUBSCRIBED AND SWORN to before me on this 10th day of February, 2006 Bethel, Alaska.

Sharon Rodgers
Notary Public in and for Alaska.
My commission expires: 8-19-09

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
500 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Affidavit Jim Valcarce

Page 5

EXHIBIT ___1___
PAGE _5_ OF _5_

```
 1              IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
 2                   FOURTH JUDICIAL DISTRICT AT BETHEL
 3
       - - - - - - - - - - - - - - - -
 4                                       )
      JACK CHARLES & BERNADETTE CHARLES, )
 5                                       )
              Plaintiff,                 )
 6                                       )
           vs.                           )  No. 4BE-05-055 CI
 7                                       )
      GEICO CASUALTY COMPANY,            )      Reporter's
 8                                       )      Transcript
              Third Party Plaintiff,     )
 9                                       )
           vs.                           )
10                                       )
      VALERIE JOE,                       )
11                                       )
              Third Party Defendant.     )
12     - - - - - - - - - - - - - - - -
13
14                     A P P E A R A N C E S
15
      For the Plaintiff:      LAW OFFICES OF
16                            COOKE, ROOSA & VALCARCE, LLC
                                BY:  JIM VALCARCE
17                            3700 Jewel Lake Road
                              Anchorage, Alaska  99502
18                            (907) 543-2744
19
20    For the Defendants:     CALL, HANSON & KELL,
                                BY:  BLAKE HARLOW CALL
21                            250 "H" Street
                              Anchorage, Alaska  99501
22                            (907) 258-8864
23
      Also in Attendance:     LON GROTHEN
24
25
```

Jan White & Associates
619-234-0991~1-800-506-0991    EXHIBIT __2__

PAGE __1__ OF __5__

1                              * * * * *

2              Reporter's Transcript for the taking of the

3     depositions of Margaret Vincent, Lon Grothen, Colrain

4     Ingersoll, Bernie Putman, witnesses herein, taken by

5     plaintiffs, pursuant to the applicable sections of the

6     Code of Civil Procedure, on Thursday, November 17, 2005,

7     before me, Rhonda A. Reid, CSR No. 7141, beginning at

8     the hour of 9:59 a.m., at 14111 Danielson Street, in the

9     City of Poway, County of San Diego, State of California.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT ___2___
                                              PAGE _2_ OF _5_

1                    POWAY, CALIFORNIA,

2              THURSDAY, NOVEMBER 17, 2005, 9:59 A.M.

3

4          MR. VALCARCE:  Pursuant to deposition notices

5     that were issued, I'm here today in San Diego to take

6     numerous depositions of Geico agents.  Pending before

7     the court was a Rule 56(f) extension, which was not

8     opposed, requesting an extension until after discovery

9     requests and experts reports to supplement the summary

10    judgment motion.  We have consulted with several experts

11    who require additional information in these depositions

12    prior to issuing their opinions.  We believe the court

13    was in error, and we believe the court errored and we

14    should proceed with the depositions today.

15          That's it.  Thank you, ma'am.

16          MR. CALL:  And this is Blake Call.  Just also

17    to make the record clear, I'm also here in San Diego to

18    defense these depositions.  It is our opinion and

19    position that we did oppose the Rule 56(f) request by

20    our reply brief wherein we said there are no issues of

21    fact and that the case law is clear.  But we are

22    standing by the court's ruling that summary judgment on

23    bad faith has been granted, and, therefore, the

24    depositions currently noticed are irrelevant and would

25    result in our instructing the witnesses not to answer

Page 4

EXHIBIT  2

PAGE 3  OF 5

1    questions that are nondiscoverable under a case called

2    "Langdon versus Champion."

3            And that's all I have to say.

4            MR. VALCARCE:  Okay.  Thank you.

5            Thank you, Madame Court Reporter.  Have a good

6    day.

7            THE REPORTER:  Thank you.

8            MR. CALL:  Off record.

9            (Whereupon, at 10:01 p.m., the proceeding was

10   adjourned.)

11                    * * * * *

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Jan White & Associates
619-234-0991~1-800-506-0991

EXHIBIT  2
PAGE  4  OF  5

1

2                          REPORTER'S CERTIFICATE

3

4

5            I, Rhonda A. Reid, a Certified Shorthand

6   Reporter for the State of California, do hereby

7   certify that I reported in shorthand the above

8   proceedings on November 17, 2005; and I do further

9   certify that the above and foregoing pages contain a

10  true and correct transcript of all of said proceedings.

11           IN WITNESS WHEREOF, I have subscribed my name

12  this day of December 1, 2005.

13

14

15

16                    *Rhonda a. Reid*
                      _____

                      RHONDA A. REID, CSR NO. 7141

17

18

19

20

21

22

23

24

25

EXHIBIT  2
PAGE  5  OF  5

., Hanson & Kell, P.C.

H Street
:chorage, Alaska 99501-2112
Telephone (907) 258-8864
Facsimile (907) 258-8865

Blake H. Call
Ak. Bar No. 8911051
Email: bhc@chklaw.net

Michael J. Hanson
Ak. Bar No. 8611115
Email: mth@chklaw.net

Barry J. Kell
Ak Bar No. 8611120
Email: barry@chklaw.net

OF COUNSEL

Susan D. Mack
Ak Bar No. 8411128
Email: susan@chklaw.net

December 22, 2005

**_VIA FACSIMILE (907) 543-2746_**

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
Box 409
Bethel, Alaska 99559-0409

Re:  *Charles v GEICO v. Joe*
Case No.          :     4BE-05-55 CI
Our File No.      :     1101.027 (BHC)

Dear Mr. Valcarce:

This follows our letter of December 21 concerning the depositions of
GEICO adjusters. We have checked the adjusters' schedules. Rebecca Caldwell
is out the week of January 9.  Lon Grothen is out of the office on January 2, 3
and 4.

January 5 and 6 look the best.  Let us know what you want to do.

Sincerely,

CALL, HANSON & KELL, P.C.

Susan D. Mack

/sdm

cc:   Mr. Lon Grothen (GEICO)

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Corres\Other Counsel\Valcarce 12-22-05
(reschedule depos).doc

EXHIBIT ___3___

PAGE __1__ OF __1__

# Call, Hanson & Kell, P.C.

250 H Street
Anchorage, Alaska 99501-2112
Telephone (907) 258-8864
Facsimile (907) 258-8865

Blake H. Call
Ak. Bar No. 8911051
Email: bhc@chklaw.net

Michael J. Hanson
Ak. Bar No. 8611115
Email: mjh@chklaw.net

Barry J. Kell
Ak Bar No. 8611120
Email: barry@chklaw.net

OF COUNSEL

Susan D. Mack
Ak Bar No. 8411128
Email: susan@chklaw.net

December 27, 2005

**SENT VIA FAX**

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
Box 409
Bethel, Alaska 99559-0409

> Re:    *Charles v GEICO v. Joe*
> Case No.            :        4BE-05-55 CI
> Our File No.        :        1101.027 (BHC)

Dear Mr. Valcarce:

This morning we received a faxed copy of the court's Order on Plaintiff's Motion to Compel. In compliance with the court's order, we are enclosing a table of contents for the GEICO Claims Manual. This table of contents should facilitate our meeting to discuss the titles and narrow the scope of the discovery request.

We understand that you are out of the office until January 5th . Upon your return to the office, please call Blake Call to discuss those portions of the claims manual you believe are relevant to this lawsuit and, if you still intend to depose GEICO adjusters, please discuss scheduling with Blake.

Sincerely,

CALL, HANSON & KELL, P.C.

Susan D. Mack

/sdm

cc:    Mr. Lon Grothen (GEICO)

EXHIBIT ___4___
PAGE ___1___ OF ___1___

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC
### A LIMITED LIABILITY COMPANY

**ANCHORAGE**
CHRIS COOKE, ESQ.
KENNETH ROOSA, ESQ.
CHESTER GILMORE, ESQ.
DEVINDER BRAR, ESQ.

**BETHEL**
JIM VALCARCE, ESQ.
HEATHER SIA, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744 OR (907) 543-HELP
TOLL FREE (888) 610-2744
TELEFAX 907 543-2746
EMAIL: info@bushlawyers.com

**ANCHORAGE OFFICE**
3900 JEWEL LAKE ROAD
ANCHORAGE, AK 99502
TOLL FREE (888) 376-2744
(907) 276-2744
TELEFAX (907) 276-2746

December 30, 2005

Susan Mack, Esq.
CALL, HANSON & KELL, P.C.
250 H Street
Anchorage, Alaska 99501-2112

> Re: Jack Charles & Bernadette Charles v. GEICO General Insurance
> Company

Dear Ms. Mack:

In regards to your letter of December 21, 2005, we cannot schedule depositions of the GEICO agents until the Court rules on the numerous motions to compel discovery. You are also in error stating that the depositions are limited.

Because of the all the outstanding discovery and expert issues relating to the bad faith claims, I propose we stipulate to stay litigation as to the bad faith and other related claims, until after the verdict is received as to damages. Please let me know.

Best Regards,
COOKE, ROOSA, & VACARCE

Jim Valcarce
Attorney at Law

JJV:sr/01
B2879

EXHIBIT ___5___

PAGE __1__ OF __1__

## COOKE, ROOSA & VALCARCE, LLC
### Attorneys at Law
### 3700 Jewel Lake Road
### Anchorage, Alaska 99502

Christopher R. Cooke
Kenneth S. Roosa
Jim J. Valcarce
Chester Gilmore
Heather Sia
Devinder Brar

Tel: (907) 276-2744 / Fax (907) 276-2746

Bethel Office:
P. O. Box 409
Bethel, Alaska 99559
Tel: (907) 543-2744
Fax:  (907) 543-2746

January 5, 2006

Ms. Susan Mack
Call, Hanson & Kell
250 H. Street
Anchorage, Alaska 99501

Re:  Charles v. GEICO

Dear Ms. Mack

I am in Anchorage this week working on other matters, but wanted to respond to your letters of December 27 and January 4, 2006.  I understand that you now oppose bifurcation of the bad faith and damages claims. Given such position, is indeed unfortunate that Mr. Call did not allow me to simply take such depositions when I was in San Diego, as the record is clear he knew of the Court's error. Nonetheless, I agree we should therefore move quickly so as not to lose the trial date. We need the claims file before we can schedule the depositions, and in reviewing the chapters, we believe the entire claims file is likely to lead to admissible evidence. In the interest of expediting this matter, we recommend you produce it immediately. I thus recommend we agree to a status hearing with the Judge to determine new dates, before trial, for: 1) obtaining the claims manual; and then 2) completing depositions and any other discovery issues; and 3) supplementing our opposition to the motion.

Best Regards,

Jim J. Valcarce

JV:csc
B4007

EXHIBIT _____ 6
PAGE ___ OF ___

# Call, Hanson & Kell, P.C.

*250 H Street*
*Anchorage, Alaska 99501-2112*
*Telephone (907) 258-8864*
*Facsimile (907) 258-8865*

Blake H. Call
Ak. Bar No. 8911051
Email: bhc@chklaw.net

Michael J. Hanson
Ak. Bar No. 8611115
Email: mjh@chklaw.net

Barry J. Kell
Ak Bar No. 8611120
Email: barry@chklaw.net

*OF COUNSEL*

Susan D. Mack
Ak Bar No. 8411128
Email: susan@chklaw.net

January 10, 2006

**VIA FACSIMILE:  907-543-2746**

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
Box 409
Bethel, Alaska  99559-0409

> Re:   *Charles v GEICO v. Joe*
>        Case No.         :       4BE-05-55 CI
>        Our File No.    :       1101.027 (BHC)

Dear Mr. Valcarce:

You represented to the court that you had an expert and that the expert needed to review the testimonies of the GEICO adjusters. The court's order of December 26, 2005 specifically clarifies that your request for a Rule 56(f) extension "was granted to allow Plaintiffs' expert to analyze the produced business log and the depositions of the adjustors who worked on the case." See footnote 2, Order on Plaintiff's Motion to Compel.

Your Expert Disclosures received by us on January 5, 2006 fails to identify an expert in insurance bad faith.

Unless you identify your bad faith expert and schedule any depositions that you need to clarify the contents of the adjuster file, we will renew our motion for summary judgment. The depositions need to be concluded before the close of discovery.

In light of your insistence that all portions of the claims manual may be relevant, we are filing a confidential copy of the entire claims manual for *in camera* inspection. We are confident that the court will find no portion of the claims manual to your clients' claims.

EXHIBIT ____1____

PAGE __1__ OF __1__

LAW OFFICES

## COOKE, ROOSA & VALCARCE, LLC
### A LIMITED LIABILITY COMPANY

**ANCHORAGE**
CHRIS COOKE, ESQ.
KENNETH ROOSA, ESQ.
CHESTER GILMORE, ESQ.
DEVINDER BRAR, ESQ.

**BETHEL**
JIM VALCARCE, ESQ.
HEATHER SIA, ESQ.

900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
TELEPHONE: (907) 543-2744 OR (907) 543-HELP
TOLL FREE (888) 610-2744
TELEFAX 907 543-2746
EMAIL: info@bushlawyers.com

**ANCHORAGE OFFICE**
3100 JEWEL LAKE ROAD
ANCHORAGE, AK 99502
TOLL FREE (888) 376-2744
(907) 276-2744
TELEFAX (907) 276-2746

January 17, 2006

Ms. Susan Mack
Call, Hanson & Kell, P.C.
250 H Street
Anchorage, Alaska 99501-2112

Re: <u>Jack and Bernadette Charles v. GEICO</u>
    Case No.: 4BE-05-55 CI

Dear Susan:

Thank you for your letter of January 10, 2006, demanding the depositions be concluded before January 26, 2006. Given that the Court accepted your representations that you individually represent all the GEICO agents, please advise what dates all of these individuals listed in the electronic claims file will be available at the GEICO office in San Diego. Because of my schedule, I recommend that these depositions occur February 22-25, 2006. However, please determine if that schedule works with each of the individuals, and advise.

Sincerely,
COOKE, ROOSA & VALCARCE

Jim Valcarce
Attorney at Law

JJV:sr
B2879

EXHIBIT ___8___
PAGE __1__ OF __1__

# Call, Hanson & Kell, P.C.

250 H Street
Anchorage, Alaska 99501-2112
Telephone (907) 258-8864
Facsimile (907) 258-8865

Blake H. Call
Ak. Bar No. 6911051
Email: bhc@chklaw.net

Michael J. Hanson
Ak. Bar No. 8511115
Email: mjh@chklaw.net

Barry J. Kell
Ak Bar No. 8611120
Email: barry@chklaw.net

OF COUNSEL

Susan D. Mack
Ak Bar No. 8411128
Email: susen@chklaw.net

January 23, 2006

VIA FACSIMILE: 907-543-2746

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
Box 409
Bethel, Alaska 99559-0409

Re:    Charles v GEICO v. Joe
       Case No.        :    4BE-05-55 CI
       Our File No.    :    1101.027 (BHC)

Dear Mr. Valcarce:    *To Blake    1/23*

I acknowledge and thank you for your correspondence of last week, received at my office Thursday. In that letter, you note a continued desire to depose the claims handling personnel at GEICO. You have inquired as to their availability February 22, 23, and 24. I will inquire as to the availability of personnel on that date. Please advise as soon as possible whom you desire to depose. I note, however, that the dates you proposed are nearly a month after the close of discovery and little more than a month before trial. GEICO does not agree to extending the discovery deadline and without court order, we believe your requested depositions are not allowed. We are filing a motion with the court renewing our request for summary judgment.

The affidavit of your expert fails to address even one aspect of the reasonable basis of GEICO's decision to litigate this matter to a jury and decline your continued demand for policy limits for this minor accident with disputed liability. It would be my preference to bifurcate this matter and have a separate jury trial on the bad faith claims, if they survive summary adjudication. However, I have not been authorized to agree to this without some idea of what, if anything, you intend to do about the clear and concise legal analysis of the undisputed facts of this case in the face of the court's previous grant of summary judgment.

*Mavic Horan; David Horan; Colvain Ingersoll; Kris Hadesty; Mark Hill; Maggie Vincent; Rebecca Cardwell; Rod Rhoads; Deniso Dominso; William Nielsen; Tamara Cazarvo; Victor Yanez; Mark Brown; Bernie Putnam; Mike Stup; Con Grotham*

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
January 21, 2006
Page 2


Therefore, if you are intending to propose an agreement on bifurcation,
please advise as to (1.) when you would propose such a trial; (2) the scope of
discovery – such a suggestion could not, obviously, be agreed to if it exceed the
scope of the court's current limitations on discovery; and (3) any proposed
deadlines regarding reports and related pre-trial issues.

Please let me know your thoughts.

Sincerely,

CALL, HANSON & KELL, P.C.

Blake H. Call

Trial on damages, as scheduled.

Trial on bad faith, to be set by conference.

Discovery on bad faith limited to depositions, experts and any new evidence resulting from depos—

Deadlines, on bad faith to be set during conference —

Please let me know

EXHIBIT  9
PAGE  2  OF  2

# Call, Hanson & Kell, P.C.

*250 H Street*
*Anchorage, Alaska 99501-2112*
*Telephone (907) 258-8864*
*Facsimile (907) 258-8865*

Blake H. Call
Ak. Bar No. 8911051
Email: bhc@chklaw.net

Michael J. Hanson
Ak. Bar No. 8611115
Email: mjh@chklaw.net

Barry J. Kell
Ak Bar No. 8611120
Email: barry@chklaw.net

_____

*OF COUNSEL*

Susan D. Mack
Ak Bar No. 8411128
Email: susan@chklaw.net

January 27, 2006

## VIA FACSIMILE: 907-543-2746

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
Box 409
Bethel, Alaska 99559-0409

|  | Re: | *Charles v GEICO v. Joe* | |
|---|---|---|---|
|  | Case No. | : | 4BE-05-55 CI |
|  | Our File No. | : | 1101.027 (BHC) |

Dear Mr. Valcarce:

This letter follows up on your request to depose GEICO employees next month. Your request presumes the court will allow you a further extension of time for discovery and presumes the court will bifurcate the claims against GEICO from the personal injury claims. Those presumptions may not be correct.

We have renewed our motion for summary judgment. We are opposed to any further extensions of time. The affidavit of Stanley Garlington adds nothing to your theory of liability. You were prepared to depose the GEICO adjusters last November and you could have deposed them before the close of discovery in January. That being said, we want to consider an alternative plan in the event the court does extend your time for discovery and the summary judgment motion remains unresolved.

*If* the court defers a ruling on the motion for summary judgment and gives you an extension of time for discovery, *then* we will not oppose your request to bifurcate the trials. However, February would not be a good time to depose the GEICO employees. We would rather wait until after the trial on the personal injuries.

EXHIBIT ___10

PAGE _1_ OF _1_

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES and BERNADETTE CHARLES, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| GEICO GENERAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant | ) |
| | ) |
| GEICO CASUALTY COMPANY, | ) |
| | ) |
| Third Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| VALERIE JOE, | ) |
| | ) |
| Third Party Defendant. | ) Case No. 4BE-05-055 CI |

## AFFIDAVIT OF STANLEY C. GARLINGTON

| | |
|---|---|
| STATE OF ALASKA | ) |
| | )ss. |
| THIRD JUDICIAL DISTRICT | ) |

STANLEY C. GARLINGTON, being first duly sworn, deposes and says as

follows:

1.    That I am a consulting expert for the plaintiffs in the above-

entitled case and all statements made herein are based upon personal knowledge.

LAW OFFICES
COOKE, ROOSA & VALCARCE, LLC
3700 JEWEL LAKE ROAD
ANCHORAGE, ALASKA 99502
(907) 276-2744

EXHIBIT ___1___
PAGE ___1___ OF ___4___

2. I am an expert in insurance and insurer claim handling. I adjusted insurance claims and supervised claims adjusting for national insurance companies for 18 years, 12 years in California and 6 years in Alaska. I was an insurance regulator for the Alaska Division of Insurance for 11 years where, among other duties, I conducted and supervised as examiner-in-charge market conduct examinations of insurance companies and other licensees and prepared written reports documenting compliance with Alaska laws and regulations and good business practices.

3. I have been reviewing information and have been working on the above matter over several months in an effort to form observations, impressions, and opinions regarding GEICO's good faith conduct towards its policyholders. The information reviewed includes discovery answers, exhibits, and an electronic print-out from computer records provided by GEICO as its electronic claim file.

4. I have been unable to finalize my observations, impressions, and opinions because material information has not been made available. Particularly important are GEICO's claim policies, practices, procedures, and internal controls related to claim handling and claim personnel. For example, in order to comprehensively evaluate the paper and computer records of regarding this claim, I must know the context within which each particular document, action, and computer entry was created and exists. The context is provided by GEICO's policies, practices, procedures, and internal controls related to claim handling and claim personnel. In order to evaluate whether or not GEICO adopts and implements reasonable standards for the prompt investigation of claims, I must know the standards that GEICO has adopted and how GEICO has been

EXHIBIT ____ 11
PAGE 2 OF 4

implementing those standards. Review of an insurer's policies, practices, procedures, and internal controls are a necessary and well recognized requirement for evaluating an insurer's conduct. The National Association of Insurance Commissioners' Market Conduct Examiners Handbook provides standards that include review procedures and criteria that consistently start with "Review company policies, practices and procedures regarding . . ." The 14 chapter titles from the GEICO CLAIMS MANUAL unequivocally identify certain policies, practices, procedures, and internal controls that are significant and necessary for me to review before I give my opinions, and this information is likely to lead to admissible evidence. Based upon my extensive experience as a claims professional and as an insurance regulator reviewing many insurer's polices, practices, procedures, and internal controls, I believe that, in addition to the information suggested by the chapters in the GEICO CLAIMS MANUAL, there are numerous other printed, electronic, e-mail, videotaped, and other media materials such as adjuster training materials; dissemination of information on statutory and regulatory changes and court decisions; manuals and instructions for the use of various computer programs and data entry protocols; definitions of all computer fields and what data has been programmed for display on various screens; adjuster, supervisor, manager, etc. training materials, claim meeting discussions, and newsletters or other internal communications; that insurer's routinely utilize and that directly pertain to the handling of this claim. I need these materials to complete my analysis.

5. I have been unable to finalize my observations, impressions, and opinions because the depositions of the claims handlers and other identified in the electronic print-

EXHIBIT 11

out from computer records provided by GEICO have not been completed. The limited

materials produced to date and reviewed by me have raised numerous issues that require

clarification and explanation. I need that information to complete my analysis.

FURTHER AFFIANT SAYETH NOT.

DATED this ___9___ day of January, 2006, at Anchorage, Alaska



Stanley C. Garlington

SUBSCRIBED AND SWORN to before me on this ___9___ day of January,

2006, at Anchorage, Alaska.

Gayle Michaelson-Paul

Notary Public in and for Alaska.
My commission expires: 12.14.2008

P.04

TOTAL P.04
P.04

96%

JAN-09-2006  13:40    Charles Jack

LAW OFFICES
COOKE, ROOSA & VALCARCE, LLC.
3700 JEWEL LAKE ROAD
ANCHORAGE, ALASKA 99502
(907) 276-2744

JAN-09-2006  13:31

EXHIBIT    11
PAGE __4__ OF __4__

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES, )
                                  Plaintiffs, )
                                                )
vs.                                             )
                                                )
GEICO GENERAL INSURANCE COMPANY,                )
                                  Defendant     )
_____)
                                                )
GEICO CASUALTY COMPANY,                         )
        Third Party Plaintiff,                  )
                                                )
vs.                                             )
                                                )
VALERIE JOE,                                    )
        Third Party Defendant.                  )
_____)

Case No. 4BE-05-55 CI

## ORDER GRANTING EXTENSION OF TIME

IT IS HEREBY ORDERED that the plaintiffs' motion for an extension of time to oppose the motion for summary judgment and renewed motion for summary judgment; and motion for extension of time to take depositions and produce expert reports is GRANTED.

Based upon the stipulation of the parties, this matter is bifurcated with trial in March to be on the issue of damages, and thereafter, a scheduling hearing shall be set to proceed with the bad faith and other claims, and determine deadlines for plaintiffs to complete discovery and depositions; produce expert reports; and oppose the motion for summary judgment.

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
809 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

DATED this _____ day of February 2006, at Bethel, Alaska.

1

2
                                   _____
3                                  Superior Court Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
800 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,                                 )
                                                    )
                                                    )
                           Plaintiffs,              )
                                                    )
vs.                                                 )
                                                    )
GEICO GENERAL INSURANCE COMPANY,                    )
                                                    )
                           Defendant,               )
                                                    )
GEICO CASUALTY COMPANY                              )
                                                    )
            Third Party Plaintiff,                  )
vs.                                                 )
                                                    )
VALERIE JOE,                                        )
                                                    )
            Third Party Defendant,                  )

Case No. 4BE-05-55 CI

## CERTIFICATE OF SERVICE

SHARON RODGERS, certifies that she is an authorized agent of Cooke, Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on the date stated herein she filed the following documents in the above-named court and mailed copies thereof to the person listed below:

Documents:              OPPOSITION TO RENEWED MOTION FOR
                        PARTIAL SUMMARY JUDGMENT AND
                        REQUEST FOR EXTENSION OF TIME

Person Served:          Blake Call, Esq.
                        Call, Hanson & Kell P.C.
                        250 H Street
                        Anchorage, Alaska 99501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

Dated this 6th day of February 2006, at Bethel, Alaska

SHARON RODGERS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559