CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, Plaintiffs, vs. GEICO GENERAL INSURANCE COMPANY, Defendant. | |
| GEICO CASUALTY COMPANY, Third Party Plaintiff, vs. VALERIE JOE, Third Party Defendant. | Case No. 4BE-05-55 Civil |

### REPLY TO PLAINTIFF'S OPPOSITION TO RENEWED MOTION FOR SUMMARY JUDGMENT AND OBJECTION TO FURTHER EXTENSIONS OF TIME

### Summary judgment should be entered on undisputed counts

GEICO moved for summary judgment on several counts: GEICO met its statutory duty to offer higher UM limits; GEICO had no duty to advise Charles about the sufficiency of his coverage; GEICO did not breach its contract with Charles; GEICO complied with the Unfair Claims

Settlement Act; GEICO did not commit bad faith; and, punitive damages are not appropriate. Plaintiff has only disputed one of the issues: bad faith. GEICO is entitled to summary judgment on the other issues.

**The claims manual and testimony of every GEICO employee whose name appears in the claims file is irrelevant.**

Plaintiffs argue that they need the claims manual and the depositions of all GEICO's employees (including the telephone operator) whose names appear in the claims file before they can address whether GEICO acted in bad faith. This argument is fallacious. First-party bad faith is an intentional tort, requiring proof that the insurer denied policy benefits without any reasonable basis *and* that the insurer knew there was no reasonable basis. *Hillman v. Nationwide Mutual Fire Insurance Co.*, 855 P.2d 1321 (Alaska 1993) (cites omitted.) The standard applies to a specific claim. Here, GEICO did not deny policy benefits to Charles. Rather, GEICO valued plaintiffs' claims lower than the policy limits plaintiffs demanded. An insurance company may still challenge claims which are fairly debatable." *Hillman v. Nationwide Mutual Fire Insurance Co.*, 855 P.2d 1321, 1324 (Alaska 1993). If the insurer was legally justified in litigating the issue, it cannot, *as a matter of law,* be liable for bad faith." *Id.* (emphasis added.) GEICO reiterates: if evidence creates a genuine dispute as to the negligence of an uninsured driver, the comparative fault of the insured, the nature and extent of the insured's injuries, or the value of the insured's damages, a

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

court can almost always decide that the claim was fairly debatable as a matter of law. *Bellville v. Farm Bureau Mut. Ins. Co.*, ___NW2d ___ 2005 WL 1790609 (Iowa 2005). *See also Bushey v. Allstate Insurance Co.*, 670 A.2d 807 (Vt. 1995) (Given the fair dispute over the cause of the injury and plaintiff's demand for policy limits, the claim was "fairly debatable" as a matter of law. *Id.* at 810-811.)

Plaintiffs have the burden of proving the values of their claims were not debatable. The evidentiary focus is on GEICO's knowledge of and disregard of plaintiff's damages as set out in the claims file - not GEICO's general claims policies, practices, procedures, training manuals and internal controls related to claim handling in general. Plaintiffs have not disputed the fact that the only information available to GEICO was the medical billings and records. Plaintiffs do not dispute that they specifically refused to discuss their damages beyond the information contained in the medical records.

**Objections to further extensions of time**

On December 16, the court allowed plaintiffs an extension of time until the close of discovery on January 26, 2006 in which to take depositions. Plaintiffs had ten days to request reconsideration of the December 16th order pursuant to Civil Rule 77(k). They also had the option of filing a motion for extension of time *before* compliance was due. Instead of filing a request for extension of time or reconsideration of the deadline

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

imposed by the court, counsel simply ignored the December 16, 2005 order. Now, he argues that his noncompliance was excusable neglect. GEICO submits that plaintiffs neglect is not excused.

Mr. Valcarce gives a host of excuses why he could not comply with the court's December 16, 2005 discovery order. First, he blames the court for granting summary judgment in November when he was in San Diego prepared to take the depositions of GEICO employees. Then he argues that he needed the claims manual before he could schedule the depositions in January. This excuse ignores the fact that he originally scheduled depositions in November without the claims manual. It also ignores the fact that the claims manual is not relevant to the question whether the Charles' claims are disputable.

He also blames the court for not addressing pending discovery disputes despite the fact that the court *did* address the discovery issues. Then he blames GEICO because he says "GEICO failed to give dates when its agents would be available before January 26." This excuse fails because GEICO suggested January 5, 6, 12 and 13 and GEICO's "preferences." See Exhibit A, letter of December 21, 2005. The court ordered the depositions to take place and GEICO would have accommodated Mr. Valcarce before the close of discovery. Mr. Valcarce made no effort to schedule the depositions in January. GEICO warned Mr. Valcarce that it would renew the motion for summary judgment. See plaintiff's Exhibit 7.

Mr. Valcarce finally admits that he had no intention of complying with the court's order. He was on vacation in "international waters" from December 19 *to* January 5. He offers no excuse why he couldn't go to San Diego before he returned to Bethel on January 5. Then he argues he was "completely booked" in January. "The Undersigned had no time available in January to once again prepare for and travel from Bethel to San Diego and take the depositions of the GEICO agents." See Valcarce Affidavit, p. 3. He offers no excuse for failing to request an extension of time *before* GEICO renewed its motion for partial summary judgment.

**Prejudice to GEICO**

GEICO is prejudiced with the delay in resolving the motion for summary judgment. It incurs costs and fees in prolonging arguments over a summary judgment motion where GEICO is clearly entitled to prevail. Plaintiffs' delay has compelled a bifurcation of the issues. GEICO had no alternative but to agree to a bifurcation – but only if the Court grants a further extension of time.

**Conclusion**

At a minimum, GEICO is entitled to summary judgment on thoseclaims for which there are no factual or legal dispute: GEICO met its statutory duty to offer higher UM limits; GEICO had no duty to advise Charles about the sufficiency of his coverage; GEICO did not breach its contract with Charles; GEICO did not violate the Unfair Claims Settlement

Act; and, there is no evidence of outrageous conduct that would justify punitive damages.

The only remaining issue is the bad faith claim. The court should not be distracted by irrelevant discovery requests and emotional appeals. Resolution of the issue is simple, if the value of plaintiffs' claims is debatable, GEICO was legally justified in litigating the claims. Therefore it cannot, **as a matter of law,** be liable for bad faith. *Hillman.* GEICO is entitled to summary judgment without further delay.

DATED at Anchorage, Alaska, this 9th day of February, 2006.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant

By: _Blake Call_
Blake H. Call
ABA No. 8911051

I hereby certify that a true and correct copy of the foregoing was ☒ faxed ☐ hand delivered and/or ☒ mailed this 9th day of February 2006 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

_Mona Schultz_
Mona Schultz

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Pleadings\Reply Opp to Renewed Mo Summary Jdmt.doc

Reply to Plaintiff's Opposition to Renewed Motion for Summary Judgment
Charles v. GEICO, Case No. 4BE-05-55 CI
Page 6 of 6

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

**Call, Hanson & Kell, P.C.**
250 H Street
Anchorage, Alaska 99501-2112
Telephone (907) 258-8864
Facsimile (907) 258-8865

Blake H. Call
Ak. Bar No. 8911051
Email: bhc@chklaw.net

Michael J. Hanson
Ak. Bar No. 8611115
Email: mjh@chklaw.net

Barry J. Kell
Ak Bar No. 8611120
Email: barry@chklaw.net

OF COUNSEL

Susan D. Mack
Ak Bar No. 8411128
Email: susan@chklaw.net

December 21, 2005

**VIA FACSIMILE (907) 543-2746**

James J. Valcarce, Esq.
Cooke, Roosa & Valcarce
Box 409
Bethel, Alaska 99559-0409

FILE

Re:  *Charles v GEICO v. Joe*
     Case No.     :   4BE-05-55 CI
     Our File No. :   1101.027 (BHC)

Dear Mr. Valcarce:

In light of the court's order granting reconsideration, we need to re-schedule the depositions of those GEICO adjusters that you believe might give testimony that would support your claim of bad faith. Your expert disclosure is due January 17. It is our preference to conduct the depositions on January 5-6 or January 12-13.

We understand that the depositions are limited to an analysis of the log notes produced by GEICO, including an explanation of the abbreviations contained in the log. We might save time and expense if you can make a list of abbreviations that are not apparent and we will get a prompt explanation.

Sincerely,

CALL, HANSON & KELL, P.C.

Susan

Susan D. Mack

/sdm

cc: Mr. Lon Grothen (GEICO)

Exhibit A
Page 1 of 1 Pages

G:\00 CHK Law\GEICO\1101 - GEICO\027 - Charles & Gregory UM\Corres\Other Counsel\Valcarce 12-21-05 (reschedule depos).doc

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

        Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.

---

GEICO CASUALTY COMPANY,

        Third Party Plaintiff,

vs.

VALERIE JOE,

        Third Party Defendant.

Case No. 4BE-05-55 Civil

## MOTION FOR EXPEDITED DECISION ON GEICO'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY

COMES NOW GEICO, by and through counsel, and pursuant to Civil Rule 77(g) and moves this Court for an expedited decision on GEICO's renewed motion for partial summary judgment. A decision on the motion is needed before February 16, 2006. This motion is supported by Affidavit of Susan D. Mack.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Motion for Expedited Consideration
Charles v. GEICO, Case No. 4BE-05-55 CI
Page 1

DATED at Anchorage, Alaska, this 9th day of February, 2006.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant

By: /s/ Blake Call
Blake H. Call
ABA No. 8911051

I hereby certify that a true and correct copy of the foregoing was ☒ faxed ☐ hand delivered and/or ☒ mailed this 9th day of February 2006 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

/s/ Mona Schultz
Mona Schultz

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Motion for Expedited Consideration
Charles v. GEICO, Case No. 4BE-05-55 CI
Page 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

    Plaintiffs,

vs.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

---

GEICO CASUALTY COMPANY,

    Third Party Plaintiff,

vs.

VALERIE JOE,

    Third Party Defendant.

Case No. 4BE-05-55 Civil

**AFFIDAVIT OF SUSAN D. MACK**

STATE OF ALASKA     ) ss
THIRD JUDICIAL DISTRICT

    **SUSAN D. MACK**, being first duly sworn upon her oath deposes and states as follows:

    1.    Plaintiffs filed suit against GEICO on February 16, 2005 alleging bodily injury claims "greater than $50,000 but less than $75,000"

Affidavit of Susan D. Mack
Charles v. GEICO, Case No. 4BE-05-55 CI
Page 1

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

for each claimant, thereby blatantly avoiding removal to federal court. GEICO answered the complaint; filed a Third-Party Complaint against Joe; and moved to remand the case to District Court based on the limited amount in controversy. Plaintiffs then blatantly moved to amend their complaint to include Joe as a defendant and amended their allegations to add claims against GEICO.

2. By oral order of the Court on January 30, 2006, all claims against GEICO, with the exception of the claim for uninsured motorist benefits, have been bifurcated from plaintiffs' claims against the uninsured driver, Valerie Joe.

3. GEICO has a limited opportunity to remove the claims against GEICO to federal court. 28 U.S.C.A. Sec. 1446(b) provides that a case may not be removed on the basis of diversity of citizenship more than one year after commencement of the action. The deadline is February 16, 2006.

4. GEICO's summary judgment motion or, alternatively, plaintiffs' motion for an extension of discovery, is ripe for adjudication.

5. GEICO requests expedited consideration on the motion for summary judgment and the motion for an extension of time to conduct discovery.

6. If GEICO prevails on its motion for summary judgment then removal to federal court will be moot. Alternatively, if the court grants plaintiffs an extension of time to conduct further discovery before

Affidavit of Susan D. Mack
Charles v. GEICO, Case No. 4BE-05-55 CI
Page 2

responding to the motion for summary judgment, then GEICO should have the option of removing the claims against GEICO to federal court.

7. A decision is needed before February 16, 2006.

8. Counsel has conferred with plaintiffs' counsel on the motion for expedited consideration. Plaintiffs' counsel opposes expedited consideration.

_____
Susan D. Mack

SUBSCRIBED AND SWORN TO before me this 4th day of February, 2006.

_____
NOTARY PUBLIC in and for Alaska
My Commission Expires: 11/11/08

I hereby certify that a true and correct copy of the foregoing was ☐ faxed ☐ hand delivered and/or ☒ mailed this 4th day of February 2006 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK 99559-0409

_____
Mona Schultz

STATE OF ALASKA
NOTARY PUBLIC
Mona J. Schultz
My Commission Expires:

NSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Affidavit of Susan D. Mack
Charles v. GEICO, Case No. 4BE-05-55 CI
Page 3

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, | |
| Plaintiffs, | |
| vs. | |
| GEICO GENERAL INSURANCE COMPANY, | |
| Defendant. | |
| GEICO CASUALTY COMPANY, | |
| Third Party Plaintiff, | |
| vs. | |
| VALERIE JOE, | |
| Third Party Defendant. | Case No. 4BE-05-55 Civil |

**ORDER ON EXPEDITED CONSIDERATION**

Defendant GEICO's motion for expedited consideration is GRANTED. Plaintiffs have until _____ to file their reply to GEICO's opposition to the motion for extension of time to respond to the outstanding motion for summary judgment. The Court will issue its order on the motion for

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

summary judgment or, alternatively, the motion for extension of time on or before February 15, 2006.

IT IS SO ORDERED this _____ day of _____, 2006.

_____
Judge of the Superior Court

I hereby certify that a true and correct copy of the foregoing was ☒ faxed ☐ hand delivered and/or ☒ mailed this 9th day of February 2006 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK  99559-0409

_____
Mona Schultz

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

LAW OFFICES OF

# CALL, HANSON & KELL, P.C.

250 H Street
Anchorage, Alaska  99501-2112
Telephone: (907) 258-8864

## FACSIMILE TRANSMITTAL

### WARNING:

The information contained in this telefax is intended for the named recipient only, and may be privileged or confidential.  If the reader of this telefax is not the named recipient, they are hereby notified that they are prohibited from distributing, disseminating, or photocopying this telefax without the express consent of the named recipient or the named sender.

Date: February 9, 2006
Our File No. 1101.027

| FROM: | TO: |
|---|---|
| Name: Blake H. Call | Name: Clerk of Court<br>Fax: 1-907-543-4419 |
| Company: Call, Hanson & Kell, P.C. | Name: Jim Valcare<br>Fax: 1-907-543-2746 |
| Phone: (907) 258-8864 | |
| Fax: (907) 258-8865 | In re: Charles v. GEICO<br>Case No. 4BE-05-55 CI |

Total Number of Pages (including this cover sheet): 15

The following documents are being faxed:

1. Reply to Plaintiff's Opposition to Renewed Motion for Summary Judgment and Objection to Further Extension of Time;
2. Motion for Expedited Decision on GEICO's Renewed Motion for Partial Summary Judgment and Plaintiff's Motion for Extension of Discovery;
3. Affidavit of Susan D. Mack; and
4. Order on Expedited Consideration (Proposed)

TRANSMISSION VERIFICATION REPORT

```
TIME  : 02/09/2006 14:48
NAME  : CALL HANSON KELL LAW
FAX   : 9072588865
TEL   : 9072588864
```

```
DATE,TIME            02/09 14:43
FAX NO./NAME         19075432746l101027
DURATION             00:04:09
PAGE(S)              15
RESULT               OK
MODE                 STANDARD
                     ECM
```

TRANSMISSION VERIFICATION REPORT

```
                                              TIME : 02/09/2006 14:43
                                              NAME : CALL HANSON KELL LAW
                                              FAX  : 9072588865
                                              TEL  : 9072588864
```

```
DATE,TIME          02/09 14:39
FAX NO./NAME       19075434419110l027
DURATION           00:03:52
PAGE(S)            15
RESULT             OK
MODE               STANDARD
                   ECM
```