IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

       Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.

GEICO CASUALTY COMPANY,

       Third Party Plaintiff,

vs.

VALERIE JOE,

       Third Party Defendant.

Case No. 4BE-05-55 Civil

## MOTIONS IN LIMINE

### Factual background

    Jack and Bernadette Charles ("Charles") seek uninsured motorist

benefits from GEICO and damages in excess of their UM benefits from

Valerie Joe ("Joe") for personal injuries allegedly caused by Joe, an

uninsured driver. ("Joe"). GEICO joined Joe for subrogation damages.

GEICO has settled its past and future subrogation claims for property and

Page 1

MOTIONS IN LIMINE
Charles v. GEICO, Case No. 4BE-05-55 CI
1101.027

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

bodily injury damages against Joe prior to trial. Tort liability and personal injury damages are at issue. Plaintiffs' statutory, contractual and bad faith claims against GEICO have been bifurcated. Trial is set for the week of March 27, 2006.

**1.    Nature of the case and jury instructions**

The personal injury case must proceed solely as a tort case. Evidence should be limited to liability for the accident and damages. Jury instructions must be restricted to tort rather than contract or statutory instructions. Arguing or presenting evidence of the insurance contract, coverage amounts, premiums paid or adjuster's opinions or conduct should be precluded and the subject of potential sanctions if the court's orders are ignored.

In *Farley v. Allstate Insurance Company*, 733 A.2d 1014 (Ct. App. Maryland 1999), the insureds brought a direct action against the tortfeasor and UIM carrier. They then settled with the tortfeasor. Prior to the start of the trial testimony the trial judge instructed counsel not to divulge to the jury the terms of the insurance contract, including its policy limits, nor the amount of the settlement with the tortfeasor. The Court of Appeals upheld the trial court's ruling. Finding that the case is "functionally a tort case", the amount of UM/UIM coverage was not relevant. *Id.* at 1020.

> To allow coverage amounts into evidence would be more
> prejudicial than probative. Indeed, if the jury were provided with a
> definitive amount of available policy limits the likely result would

Page 2

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

be a distorted jury verdict.

*Id.*

The insurance contract, premiums paid and policy limits are irrelevant to issues of liability and damages.

**2.    Relationship of the parties.**

To avoid confusion and prejudice, the jurors should be advised of the nature of the relationship of the parties.  GEICO's proposed instruction is attached as appendix 1 to this motion.

**3.    Prejudicial references to insurance or lack of insurance.**

Disclosing GEICO as an insurance company is necessary to identify the defendant and its role in this case. However, GEICO's involvement in this case should not open the door to prejudicial comments intended to appeal to the juror's bias or emotions. Trial courts should generally exclude evidence of parties' insurance coverage, so as to prevent such information from distracting or prejudicing the jury. Improper admission of insurance evidence can constitute an abuse of discretion and grounds for a new trial. *See, Marron v.Stromstad,* ___ P.3d ___ (Op. No. 5955, November 10,2005) *(citing Peters v.Benson,* 425 P.2d 149 (Alaska 1967).

Any focus on insurance in general or GEICO as a defendant should be viewed as an impermissible intent to prejudice the jury against GEICO for purposes of obtaining an enhanced award. Intentional reference by plaintiffs'

MOTIONS IN LIMINE
Charles v. GEICO, Case No. 4BE-05-55 CI
1101.027

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

counsel to the "insurance company" or the lawyers for the "insurance company" or reference to Valerie Joe as the "uninsured driver" or any other attempts to emphasize "insurance" should be precluded. Alaska Evidence Rule 411 excludes evidence of insurance upon the issue of whether either driver acted negligently or otherwise wrongfully. The basic public policy for excluding evidence of insurance is obvious: we do not want juries to "be reckless in awarding damages" not to be paid by the defendant "but by a supposedly well-pursed and heartless insurance company that has already been paid for taking the risk." 2 Wigmore, Evidence (Chadbourn Rev. 1979), Sec. 282a at 148.

Plaintiffs should be precluded from commenting about the cost of insurance or the prevalence of uninsured drivers. Any direct or indirect request to "send a message" or otherwise punish insurance companies or uninsured drivers is an appeal to the jury's passion and prejudice and is improper.

**4.    Prejudicial references to counsel**

Plaintiffs' counsel should not be allowed to make comments that appeal to the hometown instincts of the jury by emphasizing either that GEICO's office is out of state and GEICO's counsel is out of town or that plaintiffs' counsel works and lives in Bethel.   There is no legitimate reason to advise the jury about the personal residence or experience of counsel. This case involves

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

a dispute over liability and damages for a car accident in Bethel between people who grew up together in Mt. Village. It is a dispute between local citizens and counsel should be specifically ordered not to argue otherwise. The jury should be instructed that legally the party or parties at fault owe all damages awarded.

4.    **Adjuster's mental impressions and conclusions**

Valerie Joe submitted a claim for property damage to GEICO. After obtaining statements from Valerie Joe and Jack Charles, GEICO's adjuster concluded that Valerie Joe was at fault for the accident. On October 12, 2004, the adjuster wrote a letter to Valerie Joe denying coverage. The letter states, in pertinent part as follows:

> According to the information available to us to date, our investigation indicates the damages occurred because the driver of our vehicle was proceeding through the intersection, after stopping at the stop sign and your vehicle collided with his.
>
> Based on these facts, it does not appear that our insured is legally liable for damages as a result of this loss. We are, therefore, unable to issue any payment at this time.
>
> Please be advised that the Statute of Limitations for property damage that occurred on 05/03/04, at or near Bethel, AK will expire on 05/03/06.

The adjuster's conclusion about liability is not an admission by GEICO because it does not assert a positive fact. Rather, the letter expresses an opinion: "it does not appear that our client is legally liable." The adjuster recognizes that the issue is debatable by advising Ms. Joe of the statute of

Page 5

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

limitations on her property claim. "An insurance company's expression of opinion as to liability and settlement value of a case are not admissible at trial." *Langdon v. Champion,* 752 P.2d 999,fn 14 (Alaska 1988) (citing *Smedley v. Traveler's Insurance,* 53 F.R.D. 591, 592 (D.N.H. 1971) ("Since the basic function of the jury in such a case as this is to determine the question of liability and damages, any expressions of opinion on either or both subjects would not only not be binding on the jury, but could not even be used as a guide.").

**5.    Valerie Joe's opinion of value**

Valerie Joe testified by deposition.  Plaintiffs' counsel was successful in manipulating Ms. Joe to agree with him that plaintiffs' claims could be worth more than $400,000. Plaintiffs should be precluded from presenting argument or evidence of Ms. Joe's opinion of value.  A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence Rule 602.  Likewise, if a witness is not testifying as an expert, any opinion testimony must be rationally based on the perception of the witness and helpful to the jury. Evidence Rule 701. Valerie Joe has no medical expertise nor does she have personal knowledge of the extent of value of plaintiffs' claims.  Her opinion of value is irrelevant and irrelevant evidence is inadmissible. Evidence Rule 402. It is the jury's duty to establish the value of plaintiff's claims.

Page 6

MOTIONS IN LIMINE
Charles v. GEICO, Case No. 4BE-05-55 CI
1101.027

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

**6.    Payment of Expenses**

The adjuster role in both the underlying liability claim and the UIM claim is to investigate and negotiate the validity or amount of a claim. Evidence Rule 408 excludes evidence of furnishing or offering valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. Evidence Rule 408.

GEICO paid plaintiffs for the property damage to their vehicle and made offers to settle the personal injury claims. Valerie Joe also paid plaintiffs money. Evidence of furnishing or offering to pay medical, hospital, or similar expenses is not admissible to prove liability for the injury. Evidence Rule 409. Plaintiffs should be precluded from offering into evidence, the fact that GEICO and Valerie Joe paid or offered to pay all or a portion of plaintiffs' damages.

**7.    Hardship for failure to settle**

Plaintiff may contend plaintiff has experienced financial and emotional hardship because the parties did not settle out-of-court prior to trial, and therefore, plaintiff has been unable to pay substantial expenses incurred. Plaintiff is not entitled to present evidence of hardship, just as plaintiff would not be entitled to present evidence of actual payment of such expenses if defendant had, indeed, agreed to pay them prior to trial.

MOTIONS IN LIMINE
Charles v. GEICO, Case No. 4BE-05-55 CI
1101.027

*(left margin)* CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Evidence Rule 409. The relief accorded plaintiff for loss of use of money

prior to trial is in the form of prejudgment interest prescribed by law.

**8.    Lost wages**

In response to discovery requests and in their depositions, plaintiffs

deny any claim for lost wages. They should be precluded from introducing

evidence on lost wages.

**9.    Loss of Subsistence**

In their initial disclosures plaintiff Bernadette Charles claimed

damages for "loss of subsistence opportunities" in addition to loss of

enjoyment of life. Plaintiff Jack Charles has not made any similar claim

relating to subsistence.

To "subsist" means to remain alive, as on food. Webster's Dictionary.

The State of Alaska recognizes subsistence fishing and hunting in rural

areas. See AS 16.05.940 (30) and (31). "Rural area" means a community or

area of the state in which the noncommercial, customary and traditional

use of fish or game for personal or family consumption is a principal

characteristic of the economy of the community or area. "Subsistence" in

this context is a necessary activity – not a recreational activity. At her

deposition, Bernadette Charles described the impact to her "subsistence

lifestyle" as an inability to pick salmon berries.

Page 8

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Bernadette is a high school graduate with post-secondary training as a dental assistant or dental health aide.  At the time of the accident she was employed full time and living in Bethel, a community with over 6,000 people.  According to Bernadette Charles' social security statement, she had social security wages of $29,351 for the year 2004.  Jack Charles had wages of $27,475 for a combined household income of $56,826 for a family of two.  In response to an interrogatory, Ms. Charles' stated "she generally worked 40 hours a week, began at 8:30 a.m. to 5:30 p.m."

There is no evidence that Bernadette Charles or Jack Charles subsist on salmon berries.  Likewise, there is no evidence that plaintiffs subsist on wild meat and fish.  Neither has been issued a fishing or hunting license or subsistence permits.

Plaintiffs should be precluded from giving testimony or introducing evidence of economic loss due to lost "subsistence opportunities."   To the extent either plaintiff can produce evidence of any impact on recreational activities, those damages must be considered non-economic damages under the category of loss of life's enjoyment.  The use of the word(s) "subsistence" "subsistence opportunities" or "subsistence rights" is too emotionally charged and prejudicial. Plaintiff's claim is not for a loss of "subsistence" or "subsistence rights" but for a loss of life's enjoyment. Plaintiffs and counsel should only refer to these losses as "loss of life's enjoyment."

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

**10.    Voir Dire**

The purpose of voir dire is to discover juror biases and thereby enable the attorneys to make intelligent use of their peremptory challenges. Counsel should be instructed not to use voir dire as a platform to solicit testimony from the jurors or offer the testimony or opinion of counsel. For example, counsel should not ask jurors to agree with his opinion on liability or damages: i.e., that uninsured drivers are more likely to be at fault in an accident; that injured persons don't always seek medical treatment; that subsistence or recreational activities require a strong back and neck; that damages for loss of life's enjoyment are greater than the value of other types of damages; or, any other opinion or argument of counsel.

DATED at Anchorage, Alaska, this 7th day of February, 2006.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant

By: _____
Blake H. Call
ABA No. 8911051

MOTIONS IN LIMINE
Charles v. GEICO, Case No. 4BE-05-55 CI
1101.027

I hereby certify that a true and correct
copy of the foregoing was [X] faxed [ ]
hand delivered and/or [X] mailed this
4th day of February, 2006 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK  99559-0409

_____

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Page 11

MOTIONS IN LIMINE
Charles v. GEICO, Case No. 4BE-05-55 CI
1101.027

## APPENDIX 1 TO MOTIONS IN LIMINE

This action stems from an accident on May 3, 2004, involving Jack and Bernadette Charles and Valerie Joe. The accident happened at an intersection known locally as "Watson's Corner" where three streets converge at the Eddie Hoffman Highway.

Jack Charles is suing Valerie Joe because he believes that Valerie Joe was at fault for the accident and that he suffered injuries as a result of the accident. Valerie Joe denies that she was at fault for the accident.

Bernadette Charles is seeking damages from either Valerie Joe or Jack Charles because she believes that either Valerie Joe or Jack Charles was at fault for the accident.

Valerie Joe did not have insurance coverage at the time of the accident. Jack and Bernadette Charles had uninsured motorist coverage with Government Employees Insurance Company ("GEICO"). Jack and Bernadette Charles are suing Government Employees Insurance Company (GEICO) because GEICO is obligated to pay Jack and Bernadette Charles for damages caused by Valerie Joe.

GEICO does not have a duty to pay Jack and Bernadette Charles unless Valerie Joe is at fault, in whole or in part, for the accident.  GEICO denies that Valerie Joe was 100% at fault for the accident.

The law provides that if GEICO pays all or part of the damages caused by Valerie Joe, then Valerie Joe must repay GEICO.

In other words, the person or persons at fault are ultimately liable to pay the damages.

You, the jury, must determine if Jack Charles, Valerie Joe or both of them were at fault for the accident. You will also be asked to determine the extent of damages, if any, suffered by Jack and Bernadette Charles.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES &
BERNADETTE CHARLES,

      Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

      Defendant.

GEICO CASUALTY COMPANY,

      Third Party Plaintiff,

vs.

VALERIE JOE,

      Third Party Defendant.

Case No. 4BE-05-55 Civil

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

## <u>ORDER ON MOTIONS IN LIMINE</u>

    The court having reviewed the pleadings and being duly advised in the premises, hereby grants the Motion in Limine submitted by defendant, GEICO. Counsel shall specifically instruct the parties and any witnesses called at trial as follows:

    1.    Trial on liability and damages will proceed as a tort case.

2.    Witnesses and parties shall be instructed that no reference should be made to the insurance contract, premiums paid or policy limits.

3.    Witnesses and parties shall be instructed that no emphasis shall be placed on insurance or the lack of insurance, including references to the "insurance company" the "uninsured driver" or any other emphasis on insurance. Counsel should advise the court prior to stressing the absence or presence of insurance.

4.    Counsel is ordered that no reference is to be made to the residence of the either counsel or defendant GEICO.

5.    Neither party will offer testimony or opinion of any insurance adjuster as to liability or damages.

6.    Plaintiff is not permitted to solicit Valerie Joe's opinion of the value of plaintiffs' damages.

7.    Witnesses and parties shall be instructed that evidence of furnishing compensation or offering compensation to compromise or attempt to compromise a claim is not admissible.

8.    No reference is to be made to any alleged hardship to plaintiffs by virtue of this case not having settled before trial.

9.    Plaintiffs are precluded from any claims for lost wages.

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

ORDER CONTINUE TRIAL DATE AND DEADLINES, Page 2
Charles v. GEICO, Case No. 4BE-05-55 CI

10.    Witnesses and parties shall be instructed that no reference should be made to "subsistence" "subsistence rights" "subsistence opportunities" or similar phrases.    Plaintiff's loss of recreational opportunities, including fishing and berry picking, are appropriately phrased as "loss of life's enjoyment."

11.    Counsel are precluded from using *voir dire* as an opportunity to argue their case or solicit any juror's agreement with counsel's views on fault, causation or damages.

IT IS SO ORDERED this _____ day of _____, 2006.

_____
Judge of the Superior Court

I hereby certify that a true and correct
copy of the foregoing was ☒ faxed ☐
hand delivered and/or ☒ mailed this
9th day of February, 2006 to:

Jim J. Valcarce
Cooke, Roosa & Valcarce, LLC
P.O. Box 409
Bethel, AK  99559-0409

_____

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

TRANSMISSION VERIFICATION REPORT

```
                                        TIME : 02/09/2006 15:03
                                        NAME : CALL HANSON KELL LAW
                                        FAX  : 9072588865
                                        TEL  : 9072588864
```

```
        DATE,TIME               02/09  14:58
        FAX NO./NAME            190754327461101027
        DURATION               00:04:49
        PAGE(S)                17
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘

                              TIME : 02/09/2006 14:57
                              NAME : CALL HANSON KELL LAW
                              FAX  : 9072588865
                              TEL  : 9072588864


         DATE,TIME              02/09  14:52
         FAX NO./NAME           19075434419110l027
         DURATION               00:04:24
         PAGE(S)                17
         RESULT                 OK
         MODE                   STANDARD
                                ECM
```

LAW OFFICES OF

# CALL, HANSON & KELL, P.C.

250 H Street
Anchorage, Alaska 99501-2112
Telephone: (907) 258-8864

## FACSIMILE TRANSMITTAL

### WARNING:

The information contained in this telefax is intended for the named recipient only, and may be privileged or confidential. If the reader of this telefax is not the named recipient, they are hereby notified that they are prohibited from distributing, disseminating, or photocopying this telefax without the express consent of the named recipient or the named sender.

Date: February 9, 2006
Our File No. 1101.027

| FROM: | TO: |
|---|---|
| Name: Blake H. Call | Name: Clerk of Court<br>Fax: 1-907-543-4419 |
| Company: Call, Hanson & Kell, P.C. | |
| | Name: Jim Valcare<br>Fax: 1-907-543-2746 |
| Phone: (907) 258-8864 | |
| | In re: Charles v. GEICO<br>Case No. 4BE-05-55 CI |
| Fax: (907) 258-8865 | |

Total Number of Pages (including this cover sheet): __17__

The following documents are being faxed:

1. Motions in Limine;
2. Order on Motions in Limine (Proposed)