IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES and BERNADETTE CHARLES,
    Plaintiffs,
vs.
GEICO GENERAL INSURANCE COMPANY,
    Defendant

GEICO CASUALTY COMPANY,
    Third Party Plaintiff,
vs.
VALERIE JOE,
    Third Party Defendant.

RECEIVED
FEB 15 2006
Call, Hanson & Kell, P.C.

Case No. 4BE-05-55 CI

## REPLY TO OPPOSITION RE: EXTENSION OF TIME TO OPPOSE S.J. & EXPERT DEADLINE

GEICO does not dispute any of the facts cited in plaintiff's motion for a further extension of time. GEICO does not dispute that plaintiff's experts need to review the claims manual in order to issue opinions, which has not been released by the Court. GEICO does not dispute that plaintiff's experts also need to review the depositions, which for a multitude of uncontested reasons could not occur in the weeks allowed by the Court. Finally, GEICO does not dispute that within the period from December 19 to January 26, the only days GEICO gave to retake the depositions were those when it knew the undersigned was out of town. GEICO cannot show any prejudice in granting a few extra weeks,

COOKE, ROOSA & VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

when, it actually asked for a longer period to complete such discovery if such motion is granted.

GEICO continues to misstate the law on bad faith, argue that summary judgment should be granted because it believes no facts support denial, and that plaintiffs should not be allowed to complete discovery or produce expert reports. Such argument does not address plaintiffs' motion – whether there is good cause to extend the very short deadlines imposed by the Court for expert reports and to again travel to San Diego and take depositions. As to such issue of good cause, GEICO cannot refute the facts stated by the plaintiffs.

GEICO complains that the undersigned should have moved for reconsideration of the January 26 deadline, and argues that the undersigned did nothing to meet it, but the facts show different. Reconsideration could not be sought, as the undersigned was out of town on December 19 (when the order was distributed) and gone until the first week of January. Contrary to GEICO's accusation, the undersigned requested a status hearing with the Court to address the deadlines, and sent numerous letters to GEICO's counsel asking for extension or dates before January 26, which GEICO refused to acknowledge.

For instance, the undersigned asked for dates from GEICO's counsel before January 26, and requested a few more weeks because of counsel's personal and professional conflicts. [See Exhibit 8, attached to plaintiff's opposition]. In response, GEICO refused to give dates, refused the simple, courteous request for an extension, and then renewed its motion when the deadline passed.

REPLY TO OPPOSITION FOR CONTINUANCE
Case No. 4BE-05-55 Civil

2

The correspondence from GEICO's counsel shows that the only dates given by GEICO were: "January 5 and 6 looks best" [See Exhibit 1, attached to plaintiffs' opposition]. Suspiciously these were the same dates that GEICO's counsel confirmed in other correspondence to the undersigned: "We understand you are out of the office until January 5th" [See Exhibit 4, attached to plaintiff's opposition].

As to the issue of prejudice, GEICO argues that if an extension is given, it would have to incur more money by taking depositions, but such costs would have to be incurred anyway. GEICO actually confirmed that if plaintiffs get an extension of time to take depositions and submit expert reports, it wants it to be longer than what plaintiffs requested, and it should be after the trial on damages. Such a position shows there is no prejudice, and the only prejudice it claims are more costs, which would be endured regardless.

From December 19 to January 26, it is uncontested that the undersigned was gone for almost two weeks for Christmas; and then out of town for depositions and mediations in numerous other civil cases for most of January, where these commitments had been made long before the Court's order granting reconsideration. Also during this period, the undersigned dealt with a mother who was hospitalized and sister with cancer.

Good cause exists to grant the undersigned a few more weeks to take the depositions and produce expert reports. The motion should be granted.

REPLY TO OPPOSITION FOR CONTINUANCE
Case No. 4BE-05-55 Civil

3

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

DATED this ___ day of February 2005, at Bethel, Alaska.

COOKE, ROOSA & VALCARCE
Attorneys for Plaintiff

Jim Valcarce
ABA No. 9505011

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744

REPLY TO OPPOSITION FOR CONTINUANCE
Case No. 4BE-05-55 Civil

4

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACK CHARLES & BERNADETTE CHARLES, )
)
Plaintiff, )
)
vs. )
)
GEICO GENERAL INSURACE COMPANY, )
)
Defendant, )
)
_____ )
)
GEICO CASUALTY COMPANY, )
)
Third Party Plaintiff, )
)
vs. )
)
VALERIE JOE, )
)
Third Party Defendant, )   Case No. 4BE-05-055 CI
)

### CERTIFICATE OF SERVICE

LINDA MOCKTA, certifies that she is an authorized agent of Cooke, Roosa & Valcarce, LLC, for the service of papers pursuant to Civil Rule 5, and on the date stated herein she filed the following documents in the above-named court and mailed copies thereof to the person listed below:

Documents:   REPLY TO OPPOSITION RE: EXTENSION OF TIME TO OPPOSE S.J. & EXPERT DEADLINE

Person Served:   Blake H. Call
CALL, HANSON & KELL P.C.
250 H Street
Anchorage, Alaska 99501-2112

Dated this 13th day of February 2006, at Bethel, Alaska

_____
LINDA MOCKTA

COOKE, ROOSA
& VALCARCE, LLC
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559
(907) 543-2744