Blake H. Call
Call, Hanson and Kell, P.C.
250 H Street
Anchorage, AK 99501

bhc@chklaw.net
Phone:     258-8864
Fax:       258-8865

Attorneys for GEICO General Insurance Company

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, <br><br> Plaintiffs, <br><br> vs. <br><br> GEICO GENERAL INSURANCE COMPANY, <br><br> Defendant. | Case No. 4:06-CV-00004 RRB |

**OPPOSITION TO MOTION TO REMAND**

      This case involves an uninsured motorist insurance contract dispute

between plaintiffs and Defendant GEICO CASUALTY COMPANY ("GEICO").

The state case involves liability and damages in an automobile collision in

Bethel. Plaintiffs claims against the alleged tortfeasor was bifurcated from

OPPOSITION TO MOTION TO REMAND
Charles v. GEICO, Case No. 4:06-CV-00004 RRB
Page 1

the contractual and statutory claims against GEICO. The uninsured driver is not a party to the bifurcated claims against GEICO. The state court ordered separate trials. Plaintiffs case for tort damages will be tried March 28, 2006 in Bethel.  Plaintiffs case against Valerie Joe will be heard before a separate jury, with separate evidence and leading to a separate judgment. No trial date has been set on the remaining claims against GEICO for negligent offer of insurance, breach of contract, bad faith, fraud, conspiracy and punitive damages.  Plaintiffs have no right to recover from the Valerie Joe in the separate action against GEICO.

**Severed claims**

In *Mahl Brothers Oil Co., Inc. v. St. Paul Fire & Marine*, 307 F.Supp.2d 474 (W.D.N.Y.,2004.) the State of New York brought an environmental action against Mahl Brothers and two other New York Corporations.  Mahl Brothers then brought a third party action for indemnification and defense against its insurer, St. Paul Fire & Marine, Minnesota Corporation. Subsequently, St. Paul moved to sever the claims against it from the claims asserted against Mahl Bros. After the motion to sever was granted in state court, St. Paul removed the action between it and Mahl Bros. to the federal court. Mahl Bros. filed a motion to remand. The Magistrate determined that the matter was properly removed because complete diversity among the parties existed upon the order severing the

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

third-party insurance coverage action from the underlying action. The parties did not dispute that severance of the claims created complete diversity between the parties in the severed action. Mahl sought remand on the basis of other factors. Nevertheless, the court denied remand. Factors of prejudice to insured and judicial economy did not warrant remand of insured's claim; issues in third-party claim, i.e. notice and coverage, were different from issue in underlying action, namely insured's liability, and insured's discovery in third-party action would remain separate from its discovery in underlying action even in event of remand since insurer was not party to underlying action. Here, the issues are completely separate, discovery is separate and the nondiverse uninsured driver is not a party to the contract dispute between plaintiffs and GEICO.

**Timeliness**

Plaintiffs argue that state law, specifically Rule 3 of Alaska's Rules of Court, dictates when a case is commenced for purposes of removal. Alaska's Civil Rule 3 states that "[A] civil action is commenced by filing a complaint with the court." The rule further provides:

> The complaint, in order to be accepted for filing, must be accompanied by a completed case description form provided by the clerk of the court.

OPPOSITION TO MOTION TO REMAND
Charles v. GEICO, Case No. 4:06-CV-00004 RRB
Page 3

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Civil Rule 4 requires the clerk to issue a summons "forthwith" and Alaska Administrative Rule 9(b) requires a $150.00 filing fee "upon filing any civil case."

GEICO *does not* concede that plaintiffs' complaint was filed on February 14, 2006. That statement was erroneous. This office contacted the Clerk of Court for the Fourth Judicial District in Bethel for the date the complaint was actually filed. See Errata to Notice of Removal.

The original complaint was never stamped with a filing date. The case description form was never dated. The Complaint was not entered on the Bethel log of filed cases until February 22, the summons was not issued until February 23, 2005 and the filing fee was not paid until March 16. (See Errata to Notice of Removal) So even assuming that "a civil action is commenced by filing a complaint with the Court," the complaint was not properly filed until sometime between February 22 and March 16, 2005. GEICO's notice of removal was timely.

                                                  CALL, HANSON & KELL, P.C.
                                                  Attorneys for Defendant

Dated: March 2, 2006                      s/Blake H. Call
                                                  250 H Street
                                                  Anchorage, AK  99501
                                                  Phone:  (907) 258-8864
                                                  Fax: (907) 258-8865
                                                  E-mail: bhc@chklaw.net
                                                  ABA No. 8911051

Certificate of Service

I hereby certify that on March 2, 2006, a copy of the foregoing OPPOSITION TO MOTION TO REMAND was served electronically on Jim Valcarce

s/Blake Call

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865