Jim J. Valcarce, Esq.
COOKE, ROOSA & VALCARCE, LLC
P. O. Box 409
Bethel, Alaska 99559
Phone: (907) 543-2744
Fax: (907) 543-2746
Email: jim@bushlawyers.com
Attorney's for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK CHARLES & BERNADETTE CHARLES, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| GEICO GENERAL INSURANCE COMPANY | ) ) |
| Defendants. | ) ) ) |

Case No.: 4:06—CV-00004 (RRB)

### REPLY TO OPPOSITION TO REMAND

GEICO does not dispute that a local defendant, Valerie Joe, is a party in the State Court action. GEICO does not also dispute that the local defendant was not dismissed, removed or in any way severed from the case. The State Trial Court only ordered bifurcation of the trials, which in no way changes the parties to the lawsuit, and in no way grants federal diversity jurisdiction.

GEICO cites only one case in support of its removal petition, which involved significantly different facts than this case. In Mahl Brothers Oil Co., Inc. v. St. Paul Fire &

Marine, 307 F.Supp.2d 474 the local defendant was "completely severed" from the action and the claims litigated in a separate lawsuit. Id. at 485. Also, the Court noted that no party objected to the magistrate's findings of diversity based upon such severance [at 478], but the plaintiff thereafter argued against removal because of the "involuntary-involuntary rule" prohibiting removal when the non-local defendant caused the severance. Id. at 485.  Such facts are significantly different than this case. Unlike Mahl, Valerie Joe, the local defendant, has not been severed from this case. This case also does not involve a dismissal of Ms. Joe, nor does it involve, as is required, a resident defendant who completely disappeared from the case.

This case involves direct claims against a local defendant and bifurcation of the claims for trial. Similarly, Self v. General Motors Corp., 588 F.2d 655, 658 (9th Cir. 1978) involved a final judgment entered against the local defendant, and thereafter the non-local defendant filed a removal petition to federal court. The Court reversed and remanded the case to state court, finding that the case was not removable to federal court (even after a final judgment) where "plaintiff had neither dismissed nor discontinued case against local citizen, voluntarily or otherwise." Thus, even a final judgment does not remove a local defendant, so long as the claims have not been dismissed or severed.

Lemos v. Fencl, 828 F.2d 616 (9th Cir. 1987) involved an almost identical matter as in this case where the claims against the local and non-local defendants were bifurcated for trial and thereafter removal attempted again by the non-local defendant. The motion to remand to State Court was granted, as well as Rule 11 Sanctions. Id. at 617. The Court

overturned the sanctions, but discussed the rule of <u>American Car and Foundry Co. v. Kettelhake,</u> 236 U.S. 311, 316 (1915): "The resident defendants must have so completely disappeared from the case as to leave the controversy one entirely between the plaintiff and a non-resident corporation." GEICO does nothing to dispute such rule.

GEICO also does not dispute all of the case law cited by plaintiffs that diversity must be complete, and the statute governing removal must be construed strictly <u>against</u> removal. GEICO's attempt to keep part of a case in state court, and remove the other part is inconsistent with such principles, the plain reading of the statute and other sections governing what occurs in State Court once the removal petition is filed. 28 U.S.C. 1446(d) provides that upon filing of the notice of removal, "the State Court shall proceed no further unless and until the case is remanded." GEICO cannot, under such statute, remove part of a case to Federal Court, and continue to litigate part in State Court.

Plaintiffs will not address GEICO's new claims of timeliness, as removal is clearly improper as there is not complete diversity. For all these additional reasons, remand must be granted, and costs and fees awarded, pursuant to 28 U.S.C. 1447(c).

                                              COOKE, ROOSA & VALCARCE
                                              Attorneys for Plaintiff

Dated March 2, 2006                s/ Jim Valcarce
                                              P.O. Box 409
                                              Bethel, AK 99559
                                              Phone: (907) 543-2744
                                              Fax:  (907) 543-2736
                                              E-mail:  jim@bushlawyers.com
                                              ABA No. 9505011

Certificate of Service

I hereby certify that on March 2, 2006, a copy of foregoing Reply to Opposition to Remand was served electronically on Blake Call.

s/ Jim Valcarce