IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK CHARLES and<br>BERNADETTE CHARLES,<br><br>        Plaintiffs,<br><br>vs.<br><br>GEICO GENERAL INSURANCE<br>COMPANY,<br><br>        Defendant. | Case No. 4:06-cv-0004-RRB<br><br>**ORDER DENYING MOTION TO REMAND** |

**I.   INTRODUCTION**

Before the Court are Plaintiffs Jack Charles and Bernadette Charles with a Motion to Remand to State Court (Docket No. 1) pursuant to 28 U.S.C. § 1447.  In particular, Plaintiffs argue there is a local defendant in this action that defeats diversity jurisdiction.  Defendant GEICO General Insurance Company opposes at Docket No. 9 and argues removal is proper because: (1) the State Court bifurcated the bad faith claims against it; and (2) the bifurcated claims generally do not involve the local defendant. The Court agrees.

**II.  FACTS**

This case involves an automobile collision which occurred on May 3, 2004, in Bethel, Alaska.[1] Plaintiffs' State Court Complaint for Damages, filed on February 14, 2005, alleged Uninsured Motorist/Under Insured Motorist (UM/UIM) benefits against Defendant.  The uninsured driver, Valerie Joe ("Joe"), was added as a party on May 31, 2005.[2] She was originally brought into this case by Defendant for subrogation claims and then added by Plaintiffs as a party.[3] Sometime thereafter, the State Court bifurcated Plaintiffs' claims against Joe from Plaintiffs' contractual and statutory claims against Defendant.[4]

**III. STANDARD OF REVIEW**

A defendant removing a case to federal court has the burden of establishing that the removal is proper.[5] A suit may be removed if removal jurisdiction pursuant to 28 U.S.C. § 1441 exists and the procedures for removal at 28 U.S.C. § 1446 are followed. Nevertheless, courts must strictly construe the removal statutes

---

[1]   Clerk's Docket No. 2 at 1 (citation omitted).

[2]   Id. (citations omitted).  Plaintiffs and Joe are Alaska citizens.

[3]   Id. at 3.

[4]   "[Joe] is not a party to the bifurcated claims against [Defendant]."  Clerk's Docket No. 9 at 2 (emphasis added).

[5]   Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

against removal and must reject removal jurisdiction if there is any doubt as to whether the removal is proper.[6]

**IV. DISCUSSION**

      Citing <u>American Car & Foundry Co. v. Kettelhake</u>, 236 U.S. 311, 316 (1915)(holding that "[t]he resident defendants must have so completely disappeared from the case as to leave the controversy one entirely between the plaintiff and a non-resident corporation."); and <u>Lemos v. Fencl</u>, 828 F.2d 616 (9th Cir. 1987)(where a question of law similar to the one presented in this matter was deemed "interesting" but not resolved), Plaintiffs argue 28 U.S.C. § 1332 plainly bars removal because "[t]his case does not involve a dismissal of . . . Joe, nor does it involve, as is required, a resident defendant who <u>completely disappeared</u> from the case."[7]  However, despite Plaintiffs' argument, the Court notes that it has the ability to ignore the citizenship of "nominal or formal parties who have no interest in the action."[8]

      In determining whether Joe is a nominal or formal party without interest, "the Court examines, among other things, the substantiality of her stake in this action and her level of control

---

[6]   <u>Id.</u>

[7]   Clerk's Docket No. 2 at 4 (emphasis added).

[8]   "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." <u>Strotek Corp. v. Air Transport Ass'n. of America</u>, 300 F.3d 1129, 1133 (9th Cir. 2002)(citations omitted).

over the course of the litigation."[9]  Having done so, the Court concludes Joe "is named only as a means to a more substantial end, namely the establishment of her liability for resulting damages to [Plaintiffs] so as to trigger Defendant's inchoate obligation to pay on its [UM/UIM] coverage."[10]  Accordingly, the Court further concludes Joe is a nominal party - at best - whose "citizenship can be disregarded for purposes of the jurisdictional inquiry."

### V. CONCLUSION

For this reason, and because the Court concludes Defendant's notice of removal was timely, see Clerk's Docket No. 8, Affidavit of Karen S. Burns, Plaintiffs' Motion to Remand to State Court (Docket No. 1) is hereby **DENIED**.

ENTERED this 24th day of April, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[9]  Kidd v. Gilfilen, 170 F. Supp. 2d 649, 651 (S.D. W. Va. 2001).  Although not authoritative, the Kidd decision is particularly persuasive.

[10]  Id. at 652 (citation omitted).